**CASE NO. 19-5094**
**UNITED STATES COURT OF APPEALS**
**THE TENTH CIRCUIT**

---

**MARK ANTHONY PALZER,**

**Plaintiff/Appellant,**

**v.**

**COXCOM, LLC,**

**Defendant/Appellee.**

---

On Appeal from the United States District Court
for the Northern District of Oklahoma
Honorable Gregory K. Frizzell, District Judge
District Court Case No. 15-CV-564-GKF-JFJ

---

**APPELLANT'S APPENDIX TO THE BRIEFS**
**VOLUME 1**
<span style="color:red">**Book 1 (of 11) • Pages 0001 - 0293**</span>

---

**Christopher Lincoln Camp, OBA #18541**
**CAMP LAW FIRM**
**7122 South Sheridan Road, Suite #2-382**
**Tulsa, Oklahoma  74133**
**Telephone: (918) 200-4871**
**E-mail: camplawfirm@gmail.com**

---

**STATEMENT AS TO ORAL ARGUMENTS**
Oral arguments are not requested.

# INDEX
## BOOK 1

| Tab # | Dist. Ct. Dkt. # | Filing Date | Title | Page |
|---|---|---|---|---|
| 1 | -- | -- | Docket Sheet – U.S. District Court (N.D.Okla.) Case No. 15-CV-564-GKF-JFJ | 0001 |
| 2 | 2 | 10/02/2015 | *Notice of Removal* | 0017 |
|  | *2-1* |  | Ex. 1 | Docket Sheet – Tulsa County District Court Case No. CJ-2015-00243 | 0024 |
|  | *2-2* |  | Ex. 2 | Return of Service | 0031 |
|  | *2-3* |  | Ex. 3 | Return of Service | 0034 |
|  | *2-4* |  | Ex. 4 | Return of Service | 0035 |
|  | *2-5* |  | Ex. 5 | State Court Docket Sheet – Tulsa County District Court Case No. CJ-2015-243 | 0040 |
| 8 | 8 | 10/08/2015 | *Defendants' Motion to Dismiss for Failure to Timely Serve Summons* | 0043 |
| 18 | 18 | 11/03/15 | *Plaintiff's Motion to Strike or, in Lieu Thereof, Response to Defendants' Motion to Dismiss for Failure to Timely Serve Summons* | 0050 |
|  | *18-1* |  | Ex. A | Notice of Disposition Docket | 0057 |
| 19 | 19 | 11/04/15 | Minute Entry | 0058 |
| 20 | 20 | 11/17/15 | *Defendants' Reply Brief in Support of Their Motion to Dismiss* | 0059 |
|  | *20-1* |  | Ex. 1 | State Court Docket | 0071 |
|  | *20-2* |  | Ex. 2 | Original Summons | 0075 |
| 21 | 21 | 01/07/16 | Minute Entry | 0077 |
| 24 | 24 | 01/21/16 | *Plaintiff's Brief on the Issue of Good Cause with Supporting Evidence (Corrected)* | 0078 |
|  | *24-1* |  | Affidavit of N. Kay Bridger-Riley | 0085 |
|  | *24-2* |  | Listings from Secretary of State's Office with Added Column Showing Real Corp Entity | 0091 |
|  | *24-3* |  | Notice of Disposition Docket | 0093 |
|  | *24-4* |  | Service of Summons | 0094 |
| 25 | 25 | 01/27/16 | *Supplement to Dkt. #24-1 To Include Inadvertently-Omitted Notary's Verification* | 0097 |
|  | *25-1* |  | Ex. 1 | Affidavit of Kay Bridger-Riley | 0099 |
| 26 | 26 | 01/27/16 | *Defendant's Response to Plaintiff's Good Cause Brief* | 0105 |
| 27 | 27 | 01/28/16 | *Order* | 0112 |
| 28 | 28 | 01/28/16 | *Judgment* | 0115 |
| 38 | 38 | 11/18/16 | *Order and Judgment* | 0116 |
| 42 | 42 | 12/15/16 | *Order* | 0126 |

| Tab # | Dist. Ct. Dkt. # | Filing Date | Title | Page |
|---|---|---|---|---|
| **43** | 43 | 12/27/16 | *Mandate Issued* | 0128 |
| **52** | 52 | 08/16/17 | *Answer* | 0131 |
| **55** | 55 | 09/06/17 | *Scheduling Order* | 0141 |
| **57** | 57 | 11/21/17 | *Settlement Conference Order* | 0142 |
| **58** | 58 | 01/22/18 | *Change of Address* | 0148 |
| **59** | 59 | 01/22/18 | *Change of Address* | 0150 |
| **63** | 63 | 02/19/18 | *Defendant's Motion to Compel and Brief in Support* | 0152 |
| | *63-1* | | Ex. 1 | Discovery Requests of Defendant CoxCom, LLC to Plaintiff Mark Palzer | 0163 |
| | *63-2* | | Ex. 2 | Email from Margo Shipley to Chris Camp | 0185 |
| **66** | 66 | 02/27/18 | *Defendant's Unopposed Motion to Continue Settlement Conference* | 0186 |
| **68** | 68 | 03/01/18 | *Defendant's Partially Opposed Motion to Extend Deadlines* | 0189 |
| **69** | 69 | 03/02/18 | *Minute Order* | 0194 |
| **70** | 70 | 03/05/18 | *Minute Order* | 0195 |
| **71** | 71 | 03/06/18 | *Plaintiff Mark Palzer's Combined Response to Defendant's Partially Opposed Motion to Extend Deadlines and Counter-Motion to Enlarge Scheduling Order* | 0196 |
| **72** | 72 | 03/07/18 | *Minute Order* | 0201 |
| **73** | 73 | 03/07/18 | *Motion to Enlarge Scheduling Order* | 0202 |
| **75** | 75 | 03/07/18 | *Amended Scheduling Order* | 0203 |
| **76** | 76 | 03/12/18 | *Defendant CoxCom, LLC's Response to Plaintiff Mark Palzer's "Counter-Motion to Enlarge Scheduling Order"* | 0204 |
| | *76-1* | | Ex. 1 | McAlister v. State Farm Fire & Casualty Co. | 0212 |
| | *76-2* | | Ex. 2 | Email from Chris Camp to Margo Shipley | 0219 |
| | *76-3* | | Ex. 3 | Email from Chris Camp to Margo Shipley | 0222 |
| | *76-4* | | Ex. 4 | Email from Margo Shipley to Chris Camp | 0224 |
| | *76-5* | | Ex. 5 | Email from Margo Shipley to Chris Camp | 0226 |
| **77** | 77 | 03/12/18 | *Defendant CoxCom, LLC's Unopposed Motion to Continue to March 16, 2018 Hearing on Defendant's Motion to Compel* | 0227 |
| **79** | 79 | 03/13/18 | *Order* | 0230 |
| **81** | 81 | 03/13/18 | Minute Order | 0231 |
| **82** | 82 | 03/15/18 | *Plaintiff Mark Palzer's Response in Opposition to Defendant's CoxCom, LLC's Motion to Compel* | 0232 |
| **83** | 83 | 03/26/18 | *Defendant CoxCom, LLC's Reply in Support of its Motion to Compel* | 0243 |
| **84** | 84 | 03/28/18 | *Minute Sheet* | 0252 |
| **85** | 85 | 04/03/18 | *Motion Hearing* | 0253 |

| Tab # | Dist. Ct. Dkt. # | Filing Date | Title | Page |
|---|---|---|---|---|
| **87** | 87 | 04/05/18 | *Minute Sheet* | 0283 |
| **88** | 88 | 04/25/18 | *Minute Order* | 0284 |
| **89** | 89 | 04/26/18 | *Defendant's Unopposed Motion to Extend Deadlines* | 0285 |
| **90** | 90 | 04/27/18 | *Second Amended Scheduling Order* | 0289 |
| **91** | 91 | 05/09/18 | *Status Report Regarding Scheduling Conference* | 0291 |

## CERTIFICATE OF COMPLIANCE
## WITH EMERGENCY GENERAL ORDER
## <u>(AS AMENDED MAY 23, 2005)</u>

In accordance with the Emergency General Order Filed October 20, 2004, as Amended May 23, 2005, the undersigned certifies the following:

1.  All required privacy redactions have been made to the attached documents comprising this appendix and, with the exceptions of those redactions, every document submitted in Digital Form or scanned PDF format is an exact copy of the written document filed with the Clerk;

2.  This appendix, as submitted digitally, has been scanned for viruses using the most recent version of a commercial virus scanning program, and according to that program, this brief is free of viruses; and

3.  A true and correct copy of the electronic submission filed via e-mail to this Court is simultaneously served upon counsel of record via the e-mail addresses identified below for each.


**<u>/s/ Christopher L. Camp</u>**

## <u>CERTIFICATE OF SERVICE</u>

I, Christopher L. Camp, hereby certify that on February 10, 2020, I electronically transmitted *Appellant's Appendix to the Briefs* to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

William W. O'Connor, Esq.
Keith Wilkes, Esq.
Margo Shipley, Esq.
William Deveney, Esq.

**/s/ Christopher L. Camp**

### U.S. District Court
### U.S. District Court for the Northern District of Oklahoma (Tulsa)
### CIVIL DOCKET FOR CASE #: 4:15−cv−00564−GKF−JFJ

| | |
|---|---|
| Palzer v. Cox Oklahoma Telcom, LLC et al | Date Filed: 10/02/2015 |
| Assigned to: Judge Gregory K Frizzell | Date Terminated: 09/17/2019 |
| Referred to: Magistrate Judge Jodi F Jayne | Jury Demand: Plaintiff |
| Case in other court:  10th Circuit, 16−05021 (#29) | Nature of Suit: 442 Civil Rights: Jobs |
| 10th Circuit, 19−05094 (#173) | Jurisdiction: Federal Question |
| Tulsa Cty Dist Ct, CJ−15−00243 | |
| Cause: 28:1331 Fed. Question: Employment Discrimination | |

**Plaintiff**

**Mark Anthony Palzer**
*an individual*

represented by **Christopher Lincoln Camp**
Camp Law Firm
7122 S SHERIDAN RD STE 2−382
TULSA, OK 74133
918−200−4871
Fax: 918−550−8337
Email: camplawfirm@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**N Kay Bridger−Riley**
Bridger−Riley & Associates PC
3515 E 74TH ST
TULSA, OK 74136
918−492−4790
Fax: 918−794−9691
Email: kay@bridger−riley.com
*TERMINATED: 10/02/2015*

V.

**Defendant**

**Cox Oklahoma Telcom, LLC**
*previously named as*
Cox Oklahoma Telecom, LLC

represented by **Kevin Paul Simpson**
Newton O'Connor Turner & Ketchum PC
15 W 6TH ST STE 2700
TULSA, OK 74119−5423
918−587−0101
Fax: 918−587−0102
Email: ksimpson@newtonoconnor.com
*TERMINATED: 08/19/2016*
*LEAD ATTORNEY*

**Rachel B Crawford**
Newton O'Connor Turner & Ketchum PC
15 W 6TH ST STE 2700
TULSA, OK 74119−5423
918−587−0101
Fax: 918−587−0102
Email: rcrawford@newtonoconnor.com
*TERMINATED: 12/14/2016*
*LEAD ATTORNEY*

**William Walker O'Connor**
Hall Estill Hardwick Gable Golden &
Nelson (Tulsa)
320 S BOSTON STE 200
TULSA, OK 74103−3706

918–594–0400
Fax: 918–594–0505
Email: boconnor@hallestill.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**CoxCom Inc.**

**Defendant**

**CoxCom, LLC**                                          represented by  **Keith A Wilkes**
*d/b/a Cox Communications Tulsa*                                        Hall Estill Hardwick Gable Golden &
–                                                                       Nelson (Tulsa)
Cox Communications Tulsa                                                320 S BOSTON STE 200
*previously named as*                                                   TULSA, OK 74103–3706
CoxCom, LLC                                                             918–584–0709
                                                                        Fax: 918–584–0505
                                                                        Email: kwilkes@hallestill.com
                                                                        *LEAD ATTORNEY*
                                                                        *ATTORNEY TO BE NOTICED*

                                                                        **Kevin Paul Simpson**
                                                                        (See above for address)
                                                                        *TERMINATED: 08/19/2016*
                                                                        *LEAD ATTORNEY*

                                                                        **Margo Elizabeth Shipley**
                                                                        Hall Estill Hardwick Gable Golden &
                                                                        Nelson (Tulsa)
                                                                        320 S BOSTON STE 200
                                                                        TULSA, OK 74103–3706
                                                                        918–594–0400
                                                                        Fax: 918–594–0505
                                                                        Email: mshipley@hallestill.com
                                                                        *LEAD ATTORNEY*
                                                                        *ATTORNEY TO BE NOTICED*

                                                                        **Rachel B Crawford**
                                                                        (See above for address)
                                                                        *TERMINATED: 12/14/2016*
                                                                        *LEAD ATTORNEY*

                                                                        **William Drummond Deveney**
                                                                        Elarbee Thompson Sapp & Wilson LLP
                                                                        229 Peachtree St NE
                                                                        Ste 800
                                                                        Atlanta, GA 30303
                                                                        404–659–6700
                                                                        Fax: 404–222–9718
                                                                        Email: deveney@elarbeethompson.com
                                                                        *LEAD ATTORNEY*
                                                                        *ATTORNEY TO BE NOTICED*

                                                                        **William Walker O'Connor**
                                                                        (See above for address)
                                                                        *LEAD ATTORNEY*
                                                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**Cox Communications, LLC**

**Defendant**

Cox Communications

**Defendant**

| | |
|---|---|
| **Cox Communications Kansas, LLC** | represented by **Kevin Paul Simpson** |
| | (See above for address) |
| | *TERMINATED: 08/19/2016* |
| | *LEAD ATTORNEY* |
| | |
| | **Rachel B Crawford** |
| | (See above for address) |
| | *TERMINATED: 12/14/2016* |
| | *LEAD ATTORNEY* |
| | |
| | **William Walker O'Connor** |
| | (See above for address) |
| | *LEAD ATTORNEY* |
| | *ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 01/20/2015 | | PETITION/COMPLAINT with Jury Demand filed in State Court against All Defendants by Mark Anthony Palzer (sc, Dpty Clk) (Entered: 10/02/2015) |
| 10/02/2015 | 1 | CIVIL COVER SHEET by CoxCom, LLC (Crawford, Rachel) (Entered: 10/02/2015) |
| 10/02/2015 | 2 | NOTICE of Removal from Tulsa County District Court, case number CJ–2015–00243 (paid $400 filing fee; receipt number 1085–1508397) by CoxCom, LLC (With attachments) (Crawford, Rachel) Modified on 10/5/2015 to delete "with jury demand" (sac, Dpty Clk). (Entered: 10/02/2015) |
| 10/02/2015 | 3 | STATUS REPORT on Removed Action by CoxCom, LLC (Crawford, Rachel) (Entered: 10/02/2015) |
| 10/02/2015 | 4 | ATTORNEY APPEARANCE by Rachel B Crawford on behalf of CoxCom, LLC (Crawford, Rachel) (Entered: 10/02/2015) |
| 10/02/2015 | 5 | ATTORNEY APPEARANCE by William Walker O'Connor on behalf of CoxCom, LLC (O'Connor, William) (Entered: 10/02/2015) |
| 10/02/2015 | 6 | ATTORNEY APPEARANCE by Kevin Paul Simpson on behalf of CoxCom, LLC (Simpson, Kevin) (Entered: 10/02/2015) |
| 10/05/2015 | 7 | MINUTE ORDER by Court Clerk , directing CoxCom, LLC to file a Corporate Disclosure Statement pursuant to FRCvP 7.1 within seven (7) days of this order, if they have not already done so. The parties shall use the form entitled Corporate Disclosure Statement available on the Courts website (please do not refile if already filed on non–court form unless directed to do so). If you have already filed your Corporate Disclosure Statement in this case, you are reminded to file a Supplemental Corporate Disclosure Statement within a reasonable time of any change in the information that the statement requires. (This entry is the Official Order of the Court. No document is attached.) (sc, Dpty Clk) (Entered: 10/05/2015) |
| 10/05/2015 | | NOTICE of Docket Entry Modification; Error: "with jury demand" was selected although it is not present in pleading; Correction: deleted "with jury demand" (Re: 2 Notice of Removal, ) (sac, Dpty Clk) (Entered: 10/05/2015) |
| 10/08/2015 | 8 | MOTION to Dismiss by Cox Communications Kansas, LLC, Cox Oklahoma Telecom, LLC, CoxCom, LLC (Crawford, Rachel) Modified on 10/9/2015 to delete 3 filers selected in error (sac, Dpty Clk). (Entered: 10/08/2015) |
| 10/09/2015 | | NOTICE of Docket Entry Modification; Error: three defendants were selected in error; Correction: deleted those three defendants selected in error (Re: 8 MOTION to Dismiss ) (sac, Dpty Clk) (Entered: 10/09/2015) |
| 10/12/2015 | 9 | CORPORATE DISCLOSURE STATEMENT (identifying: Corporate Parent Cox Communications, Inc. for CoxCom, LLC) by CoxCom, LLC (Simpson, Kevin) |

| | | |
|---|---|---|
| | | (Entered: 10/12/2015) |
| 10/12/2015 | 10 | CORPORATE DISCLOSURE STATEMENT (identifying: Corporate Parent Cox Communications, Inc. for Cox Oklahoma Telecom, LLC) by Cox Oklahoma Telecom, LLC (Simpson, Kevin) (Entered: 10/12/2015) |
| 10/12/2015 | 11 | CORPORATE DISCLOSURE STATEMENT (identifying: Corporate Parent Cox Communications, Inc. for Cox Communications Kansas, LLC) by Cox Communications Kansas, LLC (Simpson, Kevin) (Entered: 10/12/2015) |
| 10/13/2015 | 12 | MINUTE ORDER by Court Clerk , directing Cox Communications Kansas, LLC and Cox Oklahoma Telecom, LLC to file a Corporate Disclosure Statement pursuant to FRCvP 7.1 within seven (7) days of this order, if they have not already done so. The parties shall use the form entitled Corporate Disclosure Statement available on the Courts website (please do not refile if already filed on non–court form unless directed to do so). If you have already filed your Corporate Disclosure Statement in this case, you are reminded to file a Supplemental Corporate Disclosure Statement within a reasonable time of any change in the information that the statement requires. (This entry is the Official Order of the Court. No document is attached.) (sdc, Dpty Clk) (Entered: 10/13/2015) |
| 10/13/2015 | 13 | NOTICE of Party Name Correction by Cox Oklahoma Telecom, LLC (Crawford, Rachel) (Entered: 10/13/2015) |
| 10/13/2015 | 14 | NOTICE of Party Name Correction by CoxCom, LLC (Crawford, Rachel) (Entered: 10/13/2015) |
| 10/14/2015 | 15 | MINUTE ORDER by Court Clerk , directing the party name for Cox Oklahoma Telecom, LLC and CoxCom, LLC be corrected as indicated in the Notice of Party Name Correction. If any other party to this case objects to this Party Name Correction, they shall file a Motion to Reconsider Party Name Correction within seven (7) days of this order. (Re: 14 Notice of Party Name Correction, 13 Notice of Party Name Correction )  (This entry is the Official Order of the Court. No document is attached.) (sc, Dpty Clk) (Entered: 10/14/2015) |
| 10/28/2015 | 16 | Unopposed MOTION for Extension of Time to Respond to Motion (Re: 8 MOTION to Dismiss ) by Mark Anthony Palzer (Camp, Christopher) (Entered: 10/28/2015) |
| 10/29/2015 | 17 | MINUTE ORDER by Chief Judge Gregory K Frizzell ; setting/resetting deadline(s)/hearing(s): ( Responses due by 11/2/2015, Replies due by 11/16/2015); granting 16 Motion for Extension of Time to Respond to Motion (Re: 8 MOTION to Dismiss )  (This entry is the Official Order of the Court. No document is attached.) (hbo, Dpty Clk) (Entered: 10/29/2015) |
| 11/03/2015 | 18 | RESPONSE in Opposition to Motion (Re: 8 MOTION to Dismiss ) by Mark Anthony Palzer ; (With attachments) (Camp, Christopher) Modified on 11/4/2015; this document contains two events and that cannot be properly efiled in one entry – see 19 for Motion to Strike Document(s) (sac, Dpty Clk). (Entered: 11/03/2015) |
| 11/03/2015 | 19 | MOTION to Strike Document(s) *(submitted as part of 18* (Re: 8 MOTION to Dismiss ) by Mark Anthony Palzer (sac, Dpty Clk) (Entered: 11/04/2015) |
| 11/04/2015 | | NOTICE of Docket Entry Modification; Error: this document contains two events and that cannot be properly filed in one entry; Correction: efiled Motion to Strike Document(s) – see 19 (Re: 18 Response in Opposition to Motion, ) (sac, Dpty Clk) (Entered: 11/04/2015) |
| 11/17/2015 | 20 | REPLY to Response to Motion (Re: 8 MOTION to Dismiss ) by CoxCom, LLC ; (With attachments) (Crawford, Rachel) (Entered: 11/17/2015) |
| 01/07/2016 | 21 | MINUTE ORDER by Chief Judge Gregory K Frizzell *Plaintiff's Motion to Strike Defendants' Motion to Dismiss must be denied, as the state trial judge's apparent decision at the disposition docket to allow the case to remain on the docket does not amount to an analysis under 12 O.S. Section 2004(I)* ; denying 19 Motion to Strike Document(s) (This entry is the Official Order of the Court. No document is attached.) (GKFJ, Judge) (Entered: 01/07/2016) |

| 01/14/2016 | 22 | ORDER by Chief Judge Gregory K Frizzell *Plaintiff brief due 1–20–16, Defendants response due 1–27–16.*, setting/resetting deadline(s)/hearing(s): ( Miscellaneous Deadline set for 1/20/2016) (Re: 8 MOTION to Dismiss , 21 Minute Order,, Ruling on Motion to Strike Document(s), ) (hbo, Dpty Clk) (Entered: 01/14/2016) |
| 01/21/2016 | 23 | BRIEF *Showing Good Cause* by Mark Anthony Palzer (Camp, Christopher) (Entered: 01/21/2016) |
| 01/21/2016 | 24 | Amended BRIEF *on the Issue of Good Cause with Supporting Evidence* by Mark Anthony Palzer (With attachments) (Camp, Christopher) (Entered: 01/21/2016) |
| 01/27/2016 | 25 | SUPPLEMENT (Re: 24 Brief ) by Mark Anthony Palzer (With attachments) (Camp, Christopher) Modified on 1/28/2016 to edit docket text to reflect correct event (srt, Dpty Clk). (Entered: 01/27/2016) |
| 01/27/2016 | 26 | RESPONSE (re: 24 Amended BRIEF) by CoxCom, LLC (Crawford, Rachel) Modified on 1/28/2016 to create link (srt, Dpty Clk). (Entered: 01/27/2016) |
| 01/28/2016 | | NOTICE of Docket Entry Modification; Error: link not created; Correction: created link to dkt # 24 (Re: 26 Response ) (srt, Dpty Clk) (Entered: 01/28/2016) |
| 01/28/2016 | | NOTICE of Docket Entry Modification; Error: this was filed using the wrong event (Errata/Correction); Correction: edited docket text to reflect correct event (Supplement) (Re: 25 Errata/Correction to Document ) (srt, Dpty Clk) (Entered: 01/28/2016) |
| 01/28/2016 | 27 | ORDER by Chief Judge Gregory K Frizzell ; dismissing/terminating case ; granting 8 Motion to Dismiss (hbo, Dpty Clk) Modified on 12/28/2016– **VACATED per 44** (srt, Dpty Clk). (Entered: 01/28/2016) |
| 01/28/2016 | 28 | JUDGMENT by Chief Judge Gregory K Frizzell *Judgment of Dismissal*, entering judgment (terminates case) (hbo, Dpty Clk) Modified on 12/28/2016 **– VACATED per 44** (jln, Dpty Clk). (Entered: 01/28/2016) |
| 01/28/2016 | | ***Civil Case Terminated (see document number 28 ) (sac, Dpty Clk) (Entered: 01/29/2016) |
| 02/29/2016 | 29 | NOTICE OF APPEAL to Circuit Court (paid $505 appeal fee; receipt number 1085–1562658) (Re: 27 Order, Dismissing/Terminating Case, Ruling on Motion to Dismiss, 28 Judgment, Entering Judgment ) by Mark Anthony Palzer (Camp, Christopher) (Entered: 02/29/2016) |
| 03/01/2016 | 30 | PRELIMINARY RECORD Sent to Circuit Court (Re: 29 Notice of Appeal to Circuit Court, ) (With attachments) (srt, Dpty Clk) (Entered: 03/01/2016) |
| 03/01/2016 | 31 | APPEAL NUMBER INFORMATION from Circuit Court assigning Case Number 16–5021 (#29) (Re: 29 Notice of Appeal to Circuit Court, ) (jln, Dpty Clk) (Entered: 03/01/2016) |
| 03/29/2016 | 32 | ORDER from Circuit Court *Notice that record is complete by 04/25/2016* (Re: 29 Notice of Appeal to Circuit Court, ) (sc, Dpty Clk) (Entered: 03/29/2016) |
| 03/31/2016 | 33 | CLERK'S RECORD on Appeal Sent to Circuit Court (Re: 29 Notice of Appeal to Circuit Court, ) (sc, Dpty Clk) (Entered: 03/31/2016) |
| 04/05/2016 | 34 | Amended DESIGNATION of Record on Appeal (Re: 29 Notice of Appeal to Circuit Court, ) by Mark Anthony Palzer (Camp, Christopher) (Entered: 04/05/2016) |
| 04/05/2016 | 35 | TRANSCRIPT ORDER FORM (Transcripts are not necessary or are already on file ) (Re: 29 Notice of Appeal to Circuit Court, ) by Mark Anthony Palzer (Camp, Christopher) (Entered: 04/05/2016) |
| 08/18/2016 | 36 | MOTION to Withdraw Attorney(s) *Kevin P. Simpson* by CoxCom, LLC (Simpson, Kevin) (Entered: 08/18/2016) |
| 08/19/2016 | 37 | ORDER by Chief Judge Gregory K Frizzell ; terminating attorney Kevin Paul Simpson ; granting 36 Motion to Withdraw Attorney(s) (kjp, Dpty Clk) (Entered: 08/19/2016) |

| 11/18/2016 | 38 | DECISION from Circuit Court vacating and remanding the Decision of the District Court (awaiting mandate) (Re: 29 Notice of Appeal to Circuit Court, ) (jln, Dpty Clk) (Entered: 11/18/2016) |
| 12/09/2016 | 39 | ATTORNEY APPEARANCE by Keith A Wilkes on behalf of CoxCom, LLC [Note: Attorney Keith A Wilkes added to party CoxCom, LLC(pty:dft).] (Wilkes, Keith) (Entered: 12/09/2016) |
| 12/14/2016 | 40 | MOTION to Withdraw Attorney(s) by CoxCom, LLC (Crawford, Rachel) (Entered: 12/14/2016) |
| 12/14/2016 | 41 | ORDER by Chief Judge Gregory K Frizzell ; terminating attorney Rachel B Crawford ; granting 40 Motion to Withdraw Attorney(s) (kjp, Dpty Clk) (Entered: 12/14/2016) |
| 12/15/2016 | 42 | ORDER from Circuit Court *denying Appellee's petition for rehearing and rehearing en banc* (Re: 29 Notice of Appeal to Circuit Court, ) (jln, Dpty Clk) (Entered: 12/15/2016) |
| 12/27/2016 | 43 | MANDATE from Circuit Court reopening case (Re: 38 Decision from Circuit Court, 29 Notice of Appeal to Circuit Court, ) (jln, Dpty Clk) (Entered: 12/27/2016) |
| 12/28/2016 | 44 | ORDER by Chief Judge Gregory K Frizzell , setting/resetting deadline(s)/hearing(s): *To serve process by 3/28/17* ( Miscellaneous Deadline set for 3/28/2017), vacating/setting aside order(s) (Re: 27 Order, Dismissing/Terminating Case, Ruling on Motion to Dismiss, 28 Judgment, Entering Judgment ) (Documents Terminated: 28 Judgment, Entering Judgment, 27 Order, Dismissing/Terminating Case, Ruling on Motion to Dismiss ) (kjp, Dpty Clk) (Entered: 12/28/2016) |
| 03/16/2017 | 45 | SUMMONS Issued by Court Clerk as to CoxCom, LLC (jln, Dpty Clk) (Entered: 03/17/2017) |
| 04/03/2017 | 46 | MOTION to Dismiss by CoxCom, LLC (With attachments) (O'Connor, William) (Entered: 04/03/2017) |
| 04/24/2017 | 47 | RESPONSE in Opposition to Motion (Re: 46 MOTION to Dismiss ) by Mark Anthony Palzer ; (Camp, Christopher) (Entered: 04/24/2017) |
| 05/08/2017 | 48 | REPLY to Response to Motion (Re: 46 MOTION to Dismiss ) by CoxCom, LLC ; (With attachments) (O'Connor, William) (Entered: 05/08/2017) |
| 07/07/2017 | 49 | ORDER by Chief Judge Gregory K Frizzell ; setting/resetting deadline(s)/hearing(s): ( Miscellaneous Deadline set for 8/7/2017); denying 46 Motion to Dismiss (kjp, Dpty Clk) (Entered: 07/07/2017) |
| 08/09/2017 | 50 | SUMMONS Returned Executed re: CoxCom, LLC *on July 26, 2017* (Re: State Court Petition/Complaint ) by Mark Anthony Palzer (With attachments) (Camp, Christopher) (Entered: 08/09/2017) |
| 08/10/2017 | 51 | ORDER by Chief Judge Gregory K Frizzell , directing parties to file joint status report ( Status Report due by 8/31/2017) (kjp, Dpty Clk) (Entered: 08/10/2017) |
| 08/16/2017 | 52 | ANSWER (Re: State Court Petition/Complaint ) by CoxCom, LLC (O'Connor, William) (Entered: 08/16/2017) |
| 08/17/2017 | 53 | ATTORNEY APPEARANCE by Margo Elizabeth Shipley on behalf of CoxCom, LLC [Note: Attorney Margo Elizabeth Shipley added to party CoxCom, LLC(pty:dft).] (Shipley, Margo) (Entered: 08/17/2017) |
| 08/31/2017 | 54 | JOINT STATUS REPORT by Mark Anthony Palzer (Camp, Christopher) (Entered: 08/31/2017) |
| 09/06/2017 | 55 | SCHEDULING ORDER by Chief Judge Gregory K Frizzell , setting/resetting deadline(s)/hearing(s): ( Motion Hearing set for 6/12/2018 at 01:30 PM before Chief Judge Gregory K Frizzell), setting/resetting scheduling order date(s): ( Discovery due by 3/1/2018, Dispositive Motions due by 3/15/2018, Proposed Pretrial Order due by 6/25/2018, Pretrial Conference set for 7/2/2018 at 01:30 PM before Chief Judge Gregory K Frizzell, Jury Trial set for 7/16/2018 at 09:30 AM before Chief Judge Gregory K Frizzell) (kjp, Dpty Clk) (Entered: 09/06/2017) |

| 09/13/2017 | 56 | MINUTE ORDER *by Court Clerk reassigning the magistrate judge in this case following the resignation of Magistrate Judge Wilson and appointment of Magistrate Judge Jayne*, reassigning case to Magistrate Judge Jodi F Jayne, Magistrate Judge T Lane Wilson no longer assigned to case, changing case number to 15−cv−564−GKF−JFJ  (This entry is the Official Order of the Court. No document is attached.) (crp, Dpty Clk) (Entered: 09/13/2017) |
| --- | --- | --- |
| 11/21/2017 | 57 | SETTLEMENT CONFERENCE ORDER by Magistrate Judge Paul J Cleary , setting/resetting deadline(s)/hearing(s): *before ASJ Vicki Limas* ( Settlement Conference set for 3/9/2018 at 09:30 AM before Adjunct Judge) (sdc, Dpty Clk) (Entered: 11/21/2017) |
| 01/22/2018 | 58 | NOTICE of Change of Address by Margo Elizabeth Shipley by on behalf of CoxCom, LLC (Shipley, Margo) (Entered: 01/22/2018) |
| 01/22/2018 | 59 | NOTICE of Change of Address by William Walker O'Connor by on behalf of CoxCom, LLC (O'Connor, William) (Entered: 01/22/2018) |
| 01/22/2018 | 60 | MOTION for Judgment on the Pleadings by CoxCom, LLC (With attachments) (O'Connor, William) (Entered: 01/22/2018) |
| 02/12/2018 | 61 | RESPONSE in Opposition to Motion (Re: 60 MOTION for Judgment on the Pleadings ) by Mark Anthony Palzer ; (Camp, Christopher) (Entered: 02/12/2018) |
| 02/19/2018 | 62 | REPLY to Response to Motion (Re: 60 MOTION for Judgment on the Pleadings ) by CoxCom, LLC ; (O'Connor, William) (Entered: 02/19/2018) |
| 02/19/2018 | 63 | MOTION to Compel *and Brief in Support* by CoxCom, LLC (With attachments) (O'Connor, William) (Entered: 02/19/2018) |
| 02/23/2018 | 64 | Unopposed MOTION for Attorney(s) William D. Deveney to be Admitted Pro Hac Vice (paid $50 PHV fee; receipt number 1085−1881789) by CoxCom, LLC (With attachments) (O'Connor, William) (Entered: 02/23/2018) |
| 02/23/2018 | 65 | MINUTE ORDER by Chief Judge Gregory K Frizzell ; adding attorney William Drummond Deveney for CoxCom, LLC ; granting 64 Motion for Admission Pro Hac Vice (This entry is the Official Order of the Court. No document is attached.) (kjp, Dpty Clk) (Entered: 02/23/2018) |
| 02/27/2018 | 66 | Unopposed MOTION to Accelerate/Extend/Reset Settlement Deadline(s)/Conference by CoxCom, LLC (O'Connor, William) (Entered: 02/27/2018) |
| 02/27/2018 | | ***Motion(s) Referred to Magistrate Cleary (Re: 66 Unopposed MOTION to Accelerate/Extend/Reset Settlement Deadline(s)/Conference ) (sac−qc, Dpty Clk) (Entered: 02/28/2018) |
| 02/28/2018 | 67 | ATTORNEY APPEARANCE by William Drummond Deveney on behalf of CoxCom, LLC (Deveney, William) (Entered: 02/28/2018) |
| 03/01/2018 | 68 | MOTION to Accelerate/Extend/Reset Hearing(s)/Deadline(s) *Defendant's Partially Opposed Motion to Extend Deadlines* by CoxCom, LLC (O'Connor, William) (Entered: 03/01/2018) |
| 03/02/2018 | 69 | MINUTE ORDER by Chief Judge Gregory K Frizzell *Plaintiff's counsel is directed to respond to Defendant's Partially Opposed Motion to Extend Deadlines on or before 3/6/2018*, setting/resetting deadline(s)/hearing(s): ( Responses due by 3/6/2018) (Re: 68 MOTION to Accelerate/Extend/Reset Hearing(s)/Deadline(s) *Defendant's Partially Opposed Motion to Extend Deadlines* )  (This entry is the Official Order of the Court. No document is attached.) (lah, Chambers) (Entered: 03/02/2018) |
| 03/05/2018 | 70 | MINUTE ORDER by Magistrate Judge Paul J Cleary *striking Settlement Conference, to be reset at a later date* ; striking/terminating deadline(s)/Hearing(s); granting 66 Motion to Accelerate/Extend/Reset Settlement Deadline(s)/Conference (This entry is the Official Order of the Court. No document is attached.) (sdc, Dpty Clk) (Entered: 03/05/2018) |
| 03/06/2018 | 71 | RESPONSE in Opposition to Motion (Re: 68 MOTION to Accelerate/Extend/Reset Hearing(s)/Deadline(s) *Defendant's Partially Opposed Motion to Extend Deadlines* ) by Mark Anthony Palzer ; (Camp, Christopher) Modified on 3/7/2018; this is |

|  |  | multi–event which cannot be processed in CM–ECF – see Motion for Miscellaneous Relief dkt # 73 (srt, Dpty Clk). (Entered: 03/06/2018) |
|---|---|---|
| 03/06/2018 | 73 | MOTION to Enlarge Scheduling Order *(COUNTER)* by Mark Anthony Palzer (srt, Dpty Clk) (Entered: 03/07/2018) |
| 03/07/2018 | 72 | MINUTE ORDER by Chief Judge Gregory K Frizzell *Defendant's Motion to Extend Deadlines by 60 days for the purpose of conducting Plaintiff's deposition and Cox's Rule 30(b)(6) deposition is granted. The Court reserves a decision on Plaintiff's "Counter–Motion" to permit additional depositions pending a response from Cox, which shall be filed on or before Monday, March 12, 2018* ; granting 68 Motion to Accelerate/Extend/Reset Hearing(s)/Deadline(s) (This entry is the Official Order of the Court. No document is attached.) (GKFJ, Judge) (Entered: 03/07/2018) |
| 03/07/2018 |  | NOTICE of Docket Entry Modification; Error: this is a multi–event which cannot be processed in CM–ECF; Correction: efiled Motion (Miscellaneous Relief) to Extend Scheduling Order (COUNTER) dkt # 73 (Re: 71 Response in Opposition to Motion, ) (srt, Dpty Clk) (Entered: 03/07/2018) |
| 03/07/2018 | 74 | MINUTE ORDER by Magistrate Judge Jodi F Jayne *Defendant's Motion to Compel (ECF No. 63) is scheduled for hearing on 3/16/18 at 9:30 a.m. (Magistrate Courtroom No. 2, third floor)*, setting/resetting deadline(s)/hearing(s): ( Motion Hearing set for 3/16/2018 at 09:30 AM before Magistrate Judge Jodi F Jayne) (Re: 63 MOTION to Compel *and Brief in Support* )  (This entry is the Official Order of the Court. No document is attached.) (crp, Dpty Clk) (Entered: 03/07/2018) |
| 03/07/2018 | 75 | SCHEDULING ORDER by Chief Judge Gregory K Frizzell *(Amended Scheduling Order)*, setting/resetting scheduling order date(s): ( Discovery due by 5/1/2018, Dispositive Motions due by 5/15/2018, Motion Hearing set for 8/14/2018 at 09:30 AM before Chief Judge Gregory K Frizzell, Proposed Pretrial due by 8/27/2018, Pretrial Conference set for 9/4/2018 at 10:30 AM before Chief Judge Gregory K Frizzell, Jury Trial set for 9/17/2018 at 09:30 AM before Chief Judge Gregory K Frizzell) (kjp, Dpty Clk) (Entered: 03/07/2018) |
| 03/12/2018 | 76 | RESPONSE in Opposition to Motion (Re: 73 MOTION to Enlarge Scheduling Order *(COUNTER)* ) by CoxCom, LLC ; (With attachments) (O'Connor, William) (Entered: 03/12/2018) |
| 03/12/2018 | 77 | Unopposed MOTION to Accelerate/Extend/Reset Hearing(s)/Deadline(s) (Re: 63 MOTION to Compel *and Brief in Support* ) by CoxCom, LLC (O'Connor, William) (Entered: 03/12/2018) |
| 03/12/2018 | 78 | Unopposed MOTION for Extension of Time to Respond to Motion (Re: 63 MOTION to Compel *and Brief in Support* ) by Mark Anthony Palzer (Camp, Christopher) (Entered: 03/12/2018) |
| 03/12/2018 |  | ***Motion(s) Referred to Magistrate Jayne (Re: 77 Unopposed MOTION to Accelerate/Extend/Reset Hearing(s)/Deadline(s) ) (sac–qc, Dpty Clk) (Entered: 03/13/2018) |
| 03/12/2018 |  | ***Motion(s) Referred to Magistrate Jayne (Re: 78 Unopposed MOTION for Extension of Time to Respond to Motion ) (sac–qc, Dpty Clk) (Entered: 03/13/2018) |
| 03/13/2018 | 79 | ORDER by Magistrate Judge Jodi F Jayne *Defendant CoxCom, LLC's Unopposed Motion to Continue the 3/16/18 Hearing on Defendant's Motion to Compel (ECF No. 77) is GRANTED. The hearing scheduled for 3/16/18 is rescheduled for 3/28/18* ; setting/resetting deadline(s)/hearing(s): ( Motion Hearing set for 3/28/2018 at 09:30 AM before Magistrate Judge Jodi F Jayne); granting 77 Motion to Accelerate/Extend/Reset Hearing(s)/Deadline(s) (Re: 63 MOTION to Compel *and Brief in Support* ) (crp, Dpty Clk) (Entered: 03/13/2018) |
| 03/13/2018 | 80 | MINUTE ORDER by Magistrate Judge Jodi F Jayne *Plaintiff's Unopposed Application for Enlargement of Deadline for Responding to Defendant's Motion to Compel (ECF No. 78) is GRANTED* ; setting/resetting deadline(s)/hearing(s): ( Responses due by 3/15/2018); granting 78 Motion for Extension of Time to Respond to Motion (Re: 63 MOTION to Compel *and Brief in Support* )  (This entry is the Official Order of the Court. No document is attached.) (crp, Dpty Clk) (Entered: 03/13/2018) |

| 03/13/2018 | 81 | MINUTE ORDER by Chief Judge Gregory K Frizzell *Plaintiff's "Counter−Motion to Enlarge Scheduling Order" is denied for the reasons set forth in defendant's response* ; denying 73 Motion for Miscellaneous Relief (This entry is the Official Order of the Court. No document is attached.) (GKFJ, Judge) (Entered: 03/13/2018) |
|---|---|---|
| 03/15/2018 | 82 | RESPONSE in Opposition to Motion (Re: 63 MOTION to Compel *and Brief in Support* ) by Mark Anthony Palzer ; (Camp, Christopher) (Entered: 03/15/2018) |
| 03/26/2018 | 83 | REPLY to Response to Motion (Re: 63 MOTION to Compel *and Brief in Support* ) by CoxCom, LLC ; (O'Connor, William) (Entered: 03/26/2018) |
| 03/28/2018 | 84 | MINUTES of Proceedings – held before Magistrate Judge Jodi F Jayne: Motion Hearing held on 3/28/2018 ; striking/terminating deadline(s)/Hearing(s); granting 63 Motion to Compel (Re: 63 MOTION to Compel *and Brief in Support* ) (Court Reporter: C2) (crp, Dpty Clk) Modified on 4/3/2018 to correct date of hearing (crp, Dpty Clk). (Entered: 03/29/2018) |
| 04/03/2018 | 85 | TRANSCRIPT of Proceedings (Unredacted) of Motion Hearing held on 03−28−2018 before Magistrate Judge Jodi F Jayne (Court Reporter: Greg Bloxom 918−699−4878) (Pages: 1 − 30). NOTICE RE REDACTION OF TRANSCRIPTS: A party must file a Transcript Redaction Request within 21 calendar days. If a party fails to request redaction, this unredacted transcript may be made electronically available to the public without redaction after 90 calendar days. Any party needing a copy of the transcript to review for redaction purposes may view the transcript at the court public terminal at no charge or may purchase a copy from the court reporter. (Re: 84 Minutes of Motion Hearing, Striking/Terminating Deadline(s)/Hearing(s), Ruling on Motion to Compel) (tgb, Crt Rptr) Modified on 7/2/2018 to remove transcript access restriction (sac, Dpty Clk). (Entered: 04/03/2018) |
| 04/04/2018 | 86 | MINUTE ORDER by Magistrate Judge Jodi F Jayne *this matter is set for telephonic hearing on 4/5/18 at 11:30 a.m. for the purpose of the Court issuing rulings on the issues taken under advisement during the March 28, 2018, hearing. Court will initiate conference call*, setting/resetting deadline(s)/hearing(s): ( Discovery Hearing set for 4/5/2018 at 11:30 AM before Magistrate Judge Jodi F Jayne) (Re: 63 MOTION to Compel *and Brief in Support*, 84 Minutes of Motion Hearing,, Striking/Terminating Deadline(s)/Hearing(s),, Ruling on Motion to Compel, ) (This entry is the Official Order of the Court. No document is attached.) (crp, Dpty Clk) (Entered: 04/04/2018) |
| 04/05/2018 | 87 | MINUTES of Proceedings – held before Magistrate Judge Jodi F Jayne: Discovery Hearing held on 4/5/2018 , striking/terminating deadline(s)/Hearing(s) (Re: 63 MOTION to Compel *and Brief in Support* ) (Court Reporter: C2) (crp, Dpty Clk) (Entered: 04/05/2018) |
| 04/25/2018 | 88 | MINUTE ORDER by Magistrate Judge Paul J Cleary *parties are directed to file a Status Report by 5/9/2018 as to weather setting a Settlement Conference in this matter is appropiate at this time and, if so, provide potential dates for the conference to be set*, setting/resetting deadline(s)/hearing(s): ( Status Report due by 5/9/2018) (This entry is the Official Order of the Court. No document is attached.) (sdc, Dpty Clk) (Entered: 04/25/2018) |
| 04/26/2018 | 89 | Unopposed MOTION to Accelerate/Extend/Reset Hearing(s)/Deadline(s) by CoxCom, LLC (O'Connor, William) (Entered: 04/26/2018) |
| 04/27/2018 | 90 | SCHEDULING ORDER by Chief Judge Gregory K Frizzell *(Second Amended Scheduling Order)* ; setting/resetting scheduling order date(s): ( Discovery due by 5/31/2018, Dispositive Motions due by 6/14/2018, Motion Hearing set for 9/11/2018 at 01:30 PM before Chief Judge Gregory K Frizzell, Proposed Pretrial Order due by 9/24/2018, Pretrial Conference set for 10/1/2018 at 01:30 PM before Chief Judge Gregory K Frizzell, Jury Trial set for 10/15/2018 at 09:30 AM before Chief Judge Gregory K Frizzell); granting 89 Motion to Accelerate/Extend/Reset Hearing(s)/Deadline(s) (kjp, Dpty Clk) (Entered: 04/27/2018) |
| 05/09/2018 | 91 | STATUS REPORT by CoxCom, LLC (O'Connor, William) (Entered: 05/09/2018) |
| 05/09/2018 | | *** Status Report regarding settlement conference Referred to Magistrate Cleary (Re: 91 Status Report ) (sac−qc, Dpty Clk) (Entered: 05/10/2018) |

| 05/10/2018 | 92 | NOTICE of Change of Address by Keith A Wilkes by on behalf of CoxCom, LLC (Wilkes, Keith) (Entered: 05/10/2018) |
|---|---|---|
| 05/24/2018 | 93 | Joint MOTION to Accelerate/Extend/Reset Hearing(s)/Deadline(s) by CoxCom, LLC (Wilkes, Keith) (Entered: 05/24/2018) |
| 05/24/2018 | 94 | SCHEDULING ORDER by Chief Judge Gregory K Frizzell *(Third Amended Scheduling Order)* ; setting/resetting scheduling order date(s): ( Discovery due by 7/2/2018, Dispositive Motions due by 7/16/2018, Motion Hearing set for 10/11/2018 at 09:30 AM before Chief Judge Gregory K Frizzell, Proposed Pretrial Order due by 10/29/2018, Pretrial Conference set for 11/5/2018 at 09:30 AM before Chief Judge Gregory K Frizzell, Jury Trial set for 11/19/2018 at 09:30 AM before Chief Judge Gregory K Frizzell); granting 93 Motion to Accelerate/Extend/Reset Hearing(s)/Deadline(s) (kjp, Dpty Clk) (Entered: 05/24/2018) |
| 05/30/2018 | 95 | MINUTE ORDER by Magistrate Judge Paul J Cleary *setting Settlement Conference. Plaintiffs Settlement Conference Statement will be due June 6, 2018. Defendants Settlement Conference Statement will be due June 13, 2018,* setting/resetting deadline(s)/hearing(s): *before ASJ Vicki J. Limas* ( Settlement Conference set for 6/20/2018 at 09:30 AM before Adjunct Judge) (This entry is the Official Order of the Court. No document is attached.) (sdc, Dpty Clk) (Entered: 05/30/2018) |
| 06/20/2018 | 96 | Joint MOTION to Accelerate/Extend/Reset Settlement Deadline(s)/Conference by CoxCom, LLC (O'Connor, William) (Entered: 06/20/2018) |
| 06/20/2018 |  | ***Motion(s) Referred to Magistrate Cleary (Re: 96 Joint MOTION to Accelerate/Extend/Reset Settlement Deadline(s)/Conference ) (sac−qc, Dpty Clk) (Entered: 06/20/2018) |
| 06/21/2018 | 97 | MINUTE ORDER by Magistrate Judge Paul J Cleary *resetting Settlement Conference. Plaintiffs Settlement Conference Statement will be due July 30, 2018. Defendants Settlement Conference Statement will be due August 6, 2018* ; setting/resetting deadline(s)/hearing(s): *before ASJ Vicki J. Limas* ( Settlement Conference set for 8/13/2018 at 09:30 AM before Adjunct Judge); granting 96 Motion to Accelerate/Extend/Reset Settlement Deadline(s)/Conference (This entry is the Official Order of the Court. No document is attached.) (sdc, Dpty Clk) (Entered: 06/21/2018) |
| 06/25/2018 | 98 | MOTION for Attorney Fees *in Accordance with the Court's Order of April 5, 2018* by CoxCom, LLC (With attachments) (O'Connor, William) (Entered: 06/25/2018) |
| 06/25/2018 | 99 | MINUTE ORDER by Chief Judge Gregory K Frizzell , referring motion(s) to Magistrate Jayne (Re: 98 MOTION for Attorney Fees *in Accordance with the Court's Order of April 5, 2018* )  (This entry is the Official Order of the Court. No document is attached.) (lah, Chambers) (Entered: 06/25/2018) |
| 07/02/2018 | 100 | Joint MOTION to Accelerate/Extend/Reset Hearing(s)/Deadline(s) by CoxCom, LLC (Wilkes, Keith) (Entered: 07/02/2018) |
| 07/03/2018 | 101 | SCHEDULING ORDER by Chief Judge Gregory K Frizzell *(Fourth Amended Scheduling Order)* ; setting/resetting scheduling order date(s): ( Discovery due by 9/4/2018, Dispositive Motions due by 9/18/2018, Motion Hearing set for 12/14/2018 at 09:30 AM before Chief Judge Gregory K Frizzell, Proposed Pretrial Order due by 12/28/2018, Pretrial Conference set for 1/8/2019 at 09:30 AM before Chief Judge Gregory K Frizzell, Jury Trial set for 1/22/2019 at 09:30 AM before Chief Judge Gregory K Frizzell); granting 100 Motion to Accelerate/Extend/Reset Hearing(s)/Deadline(s) (kjp, Dpty Clk) (Entered: 07/03/2018) |
| 07/03/2018 | 102 | OPINION AND ORDER by Chief Judge Gregory K Frizzell ; granting in part and denying in part 60 Motion for Judgment on the Pleadings (kjp, Dpty Clk) (Entered: 07/03/2018) |
| 07/10/2018 | 103 | MINUTE ORDER by Magistrate Judge Paul J Cleary *due to a scheduling conflict, the August 13, 2018 Settlement Conference is reset. Plaintiffs Settlement Conference Statement will be due August 3, 2018. Defendants Settlement Conference Statement will be due August 10, 2018,* setting/resetting deadline(s)/hearing(s): *before ASJ Vicki J. Limas* ( Settlement Conference set for 8/17/2018 at 09:30 AM before Adjunct Judge) (This entry is the Official Order of the Court. No document is attached.) (sdc, Dpty Clk) (Entered: 07/10/2018) |

| 07/23/2018 | 104 | ORDER by Magistrate Judge Jodi F Jayne *Defendant's Motion for Fees (ECF No. 98) is GRANTED* ; granting 98 Motion for Attorney Fees (crp, Dpty Clk) (Entered: 07/23/2018) |
|---|---|---|
| 08/09/2018 | 105 | MOTION to Accelerate/Extend/Reset Settlement Deadline(s)/Conference *Motion for Leave to Submit Settlement Conference Statement After Plaintiff Complies With Settlement Conference Order* by CoxCom, LLC (O'Connor, William) (Entered: 08/09/2018) |
| 08/10/2018 | | ***Motion(s) Referred to Magistrate Judge Cleary (Re: 105 MOTION to Accelerate/Extend/Reset Settlement Deadline(s)/Conference *Motion for Leave to Submit Settlement Conference Statement After Plaintiff Complies With Settlement Conference Order* ) (kjp, Dpty Clk) (Entered: 08/10/2018) |
| 08/14/2018 | 106 | MINUTE ORDER by Magistrate Judge Paul J Cleary *at the request of the Adjunct Settlement Judge, the Settlement Conference set for August 17, 2018 is stricken, to be reset at a later date*, striking/terminating deadline(s)/Hearing (This entry is the Official Order of the Court. No document is attached.) (sdc, Dpty Clk) (Entered: 08/14/2018) |
| 09/07/2018 | 107 | Joint MOTION for Protective Order by CoxCom, LLC (With attachments) (O'Connor, William) (Entered: 09/07/2018) |
| 09/12/2018 | 108 | PROTECTIVE ORDER by Magistrate Judge Jodi F Jayne ; granting 107 Motion for Protective Order (crp, Dpty Clk) (Entered: 09/12/2018) |
| 09/17/2018 | 109 | Unopposed MOTION for Leave to Exceed Page Limitation by CoxCom, LLC (O'Connor, William) (Entered: 09/17/2018) |
| 09/17/2018 | 110 | MOTION to Compel *Designation of 30(b)(6) Witness Competent to Fully Testify Regarding Topic Nos. 3, 5−6, 9, 13, 15, 23 & 25−26* by Mark Anthony Palzer (With attachments) (Camp, Christopher) Modified on 9/18/2018; this is a two−part motion of which only one part was efiled – see 111 for Motion to Expedite Ruling (sac−qc, Dpty Clk). (Entered: 09/17/2018) |
| 09/17/2018 | 111 | MOTION to Expedite Ruling *(submitted as part of 110 )* (Re: 110 MOTION to Compel *Designation of 30(b)(6) Witness Competent to Fully Testify Regarding Topic Nos. 3, 5−6, 9, 13, 15, 23 & 25−26* ) by Mark Anthony Palzer (sac−qc, Dpty Clk) (Entered: 09/18/2018) |
| 09/17/2018 | | ***Motion(s) Referred to Magistrate Jayne (Re: 111 MOTION to Expedite Ruling *(submitted as part of 110 )* ) (sac−qc, Dpty Clk) (Entered: 09/18/2018) |
| 09/18/2018 | | NOTICE of Docket Entry Modification; Error: this is a two−part motion of which only one part was efiled; Correction: efiled Motion to Expedite Ruling – see 111 (Re: 110 MOTION to Compel *Designation of 30(b)(6) Witness Competent to Fully Testify Regarding Topic Nos. 3, 5−6, 9, 13, 15, 23 & 25−26* ) (sac−qc, Dpty Clk) (Entered: 09/18/2018) |
| 09/18/2018 | 112 | ORDER by Chief Judge Gregory K Frizzell ; granting 109 Motion for Leave to Exceed Page Limitation (kjp, Dpty Clk) (Entered: 09/18/2018) |
| 09/18/2018 | 113 | MOTION in Limine *to Exclude Various Evidence* by CoxCom, LLC (With attachments) (O'Connor, William) (Entered: 09/18/2018) |
| 09/18/2018 | 114 | MOTION for Summary Judgment *and Brief in Support* by CoxCom, LLC (With attachments) (O'Connor, William) Modified on 9/20/2018 to seal PDF of the Main Document and Attachments 1, 2 and 4, as they were filed unredacted; counsel will file the redacted version using the Errata/Correction event. (jln, Dpty Clk). (Entered: 09/18/2018) |
| 09/19/2018 | 115 | MINUTE ORDER by Chief Judge Gregory K Frizzell *Counsel for Defendant is directed to provide a three−ring binder notebook for use by the Court containing a paper copy of the document, with tabbed exhibits, as filed at Doc. # 114. Said paper copy shall be a complete and exact duplicate of the document after it was filed with the Court, including the case and docket number information at the top of each page.* (This entry is the Official Order of the Court. No document is attached.) (lah, Chambers) (Entered: 09/19/2018) |

| 09/19/2018 | 116 | MINUTE ORDER by Magistrate Judge Jodi F Jayne *Plaintiff's request for expedited consideration (ECF No. 111) is granted. Defendant shall file a response to Plaintiff's Motion to Compel (ECF No. 110) no later than one week from the date of this Order, or by September 26, 2018. No reply will be permitted. The matter is set for telephonic hearing on 9/28/18 at 11:00 a.m. Counsel, Christopher Camp, is directed to arrange the conference call and notify Judge Jayne's courtroom deputy at Cport @oknd.uscourts.gov, and all counsel of the conference call number* ; setting/resetting deadline(s)/hearing(s): ( Responses due by 9/26/2018, Motion Hearing set for 9/28/2018 at 11:00 AM before Magistrate Judge Jodi F Jayne); granting 111 Motion to Expedite Ruling (Re: 110 MOTION to Compel *Designation of 30(b)(6) Witness Competent to Fully Testify Regarding Topic Nos. 3, 5−6, 9, 13, 15, 23 & 25−26* ) (This entry is the Official Order of the Court. No document is attached.) (crp, Dpty Clk) (Entered: 09/19/2018) |
| 09/21/2018 | 117 | ERRATA/CORRECTION (Re: 114 MOTION for Summary Judgment *and Brief in Support* ) by CoxCom, LLC (With attachments) (Shipley, Margo) (Entered: 09/21/2018) |
| 09/25/2018 | 118 | MINUTE ORDER by Magistrate Judge Jodi F Jayne *the telephonic hearing scheduled for 9/28/18 is rescheduled for 10/2/18. Counsel, Christopher Camp, is directed to arrange the conference call and notify Judge Jayne's courtroom deputy at Cport @oknd.uscourts.gov, and all counsel of the conference call number* , setting/resetting deadline(s)/hearing(s): ( Motion Hearing set for 10/2/2018 at 09:30 AM before Magistrate Judge Jodi F Jayne) (Re: 110 MOTION to Compel *Designation of 30(b)(6) Witness Competent to Fully Testify Regarding Topic Nos. 3, 5−6, 9, 13, 15, 23 & 25−26* ) (This entry is the Official Order of the Court. No document is attached.) (crp, Dpty Clk) (Entered: 09/25/2018) |
| 09/26/2018 | 119 | RESPONSE in Opposition to Motion (Re: 110 MOTION to Compel *Designation of 30(b)(6) Witness Competent to Fully Testify Regarding Topic Nos. 3, 5−6, 9, 13, 15, 23 & 25−26* ) by CoxCom, LLC ; (With attachments) (Wilkes, Keith) (Entered: 09/26/2018) |
| 09/27/2018 | 120 | MINUTE ORDER by Magistrate Judge Jodi F Jayne *due to a Court conflict, the telephonic hearing scheduled for 10/2/18 is rescheduled for 10/3/18 at 9:30 a.m. (Court will initiate conference call)*, setting/resetting deadline(s)/hearing(s): ( Motion Hearing set for 10/3/2018 at 09:30 AM before Magistrate Judge Jodi F Jayne) (Re: 110 MOTION to Compel *Designation of 30(b)(6) Witness Competent to Fully Testify Regarding Topic Nos. 3, 5−6, 9, 13, 15, 23 & 25−26* ) (This entry is the Official Order of the Court. No document is attached.) (crp, Dpty Clk) (Entered: 09/27/2018) |
| 10/03/2018 | 121 | MINUTES of Proceedings – held before Magistrate Judge Jodi F Jayne: Motion Hearing held on 10/3/2018 ; striking/terminating deadline(s)/Hearing(s); denying 110 Motion to Compel (Re: 110 MOTION to Compel *Designation of 30(b)(6) Witness Competent to Fully Testify Regarding Topic Nos. 3, 5−6, 9, 13, 15, 23 & 25−26* ) (Court Reporter: C2) (crp, Dpty Clk) (Entered: 10/03/2018) |
| 10/09/2018 | 122 | MINUTE ORDER by Magistrate Judge Paul J Cleary *setting Settlement Conference. Plaintiffs Settlement Conference Statement will be due November 29, 2018. Defendants Settlement Conference Statement will be due December 6, 2018*, setting/resetting deadline(s)/hearing(s): ( Settlement Conference set for 12/13/2018 at 01:30 PM before Magistrate Judge Paul J Cleary (This entry is the Official Order of the Court. No document is attached.) (sdc, Dpty Clk) (Entered: 10/09/2018) |
| 10/09/2018 | 123 | Unopposed MOTION for Extension of Time to Respond to Motion (Re: 114 MOTION for Summary Judgment *and Brief in Support* ) by Mark Anthony Palzer (Camp, Christopher) (Entered: 10/09/2018) |
| 10/09/2018 | 124 | RESPONSE in Opposition to Motion (Re: 113 MOTION in Limine *to Exclude Various Evidence* ) by Mark Anthony Palzer ; (Camp, Christopher) (Entered: 10/09/2018) |
| 10/10/2018 | 125 | MINUTE ORDER by Chief Judge Gregory K Frizzell *extending deadline to respond to Defendant's motion for summary judgment* ; setting/resetting deadline(s)/hearing(s): ( Responses due by 10/19/2018, Replies due by 11/2/2018); granting 123 Motion for Extension of Time to Respond to Motion (Re: 114 MOTION for Summary Judgment *and Brief in Support* ) (This entry is the Official Order of the Court. No document is |

| | | |
|---|---|---|
| | | attached.) (kjp, Dpty Clk) (Entered: 10/10/2018) |
| 10/18/2018 | 126 | OBJECTION to Magistrate Judge's Order (Re: 121 Minutes of Motion Hearing,, Striking/Terminating Deadline(s)/Hearing(s),, Ruling on Motion to Compel, ) by Mark Anthony Palzer (Camp, Christopher) Modified on 10/19/2018 to change event (sac−qc, Dpty Clk). (Entered: 10/18/2018) |
| 10/19/2018 | | NOTICE of Docket Entry Modification; Error: wrong event selected (Motion to Reconsider); Correction: changed event (Objection to Magistrate Judge's Order) (Re: 126 OBJECTION to Magistrate Judge ) (sac−qc, Dpty Clk) (Entered: 10/19/2018) |
| 10/19/2018 | 127 | MINUTE ORDER by Chief Judge Gregory K Frizzell *Defendant shall file a Response to Plaintiff's Objection to Magistrate Judge's October 3rd Order [Doc. #126] by 10/30/2018 and Plaintiff's Reply shall be filed by 11/6/2018,* setting/resetting deadline(s)/hearing(s): ( Responses due by 10/30/2018, Replies due by 11/6/2018) (Re: 126 OBJECTION to Magistrate Judge ) (This entry is the Official Order of the Court. No document is attached.) (kjp, Dpty Clk) (Entered: 10/19/2018) |
| 10/19/2018 | 128 | Unopposed MOTION for Extension of Time to Respond to Motion *until Monday, October 22, 2018* (Re: 114 MOTION for Summary Judgment *and Brief in Support* ) by Mark Anthony Palzer (Camp, Christopher) (Entered: 10/19/2018) |
| 10/22/2018 | 129 | MINUTE ORDER by Chief Judge Gregory K Frizzell *Plaintiff is granted until 10/22/18 to file his brief in response to Defendant's Motion for Summary Judgment* ; granting 128 Motion for Extension of Time to Respond to Motion (This entry is the Official Order of the Court. No document is attached.) (lah, Chambers) (Entered: 10/22/2018) |
| 10/22/2018 | 130 | MOTION for Leave to Exceed Page Limitation by Mark Anthony Palzer (Camp, Christopher) (Entered: 10/22/2018) |
| 10/23/2018 | 131 | MINUTE ORDER by Chief Judge Gregory K Frizzell ; granting 130 Motion for Leave to Exceed Page Limitation (This entry is the Official Order of the Court. No document is attached.) (lah, Chambers) (Entered: 10/23/2018) |
| 10/23/2018 | 132 | REPLY to Response to Motion (Re: 113 MOTION in Limine *to Exclude Various Evidence* ) by CoxCom, LLC ; (With attachments) (O'Connor, William) (Entered: 10/23/2018) |
| 10/30/2018 | 133 | RESPONSE (Re: 126 OBJECTION to Magistrate Judge ) by CoxCom, LLC (Wilkes, Keith) (Entered: 10/30/2018) |
| 10/30/2018 | 134 | MOTION to Enforce *Magistrate Judge's Order and Brief in Support* by CoxCom, LLC (With attachments) (O'Connor, William) (Entered: 10/30/2018) |
| 10/31/2018 | | ***Motion(s) Referred to Magistrate Judge Jayne (Re: 134 MOTION to Enforce *Magistrate Judge's Order and Brief in Support* ) (kjp, Dpty Clk) (Entered: 10/31/2018) |
| 10/31/2018 | 135 | RESPONSE in Opposition to Motion (Re: 114 MOTION for Summary Judgment *and Brief in Support* ) by Mark Anthony Palzer ; (With attachments) (Camp, Christopher) Modified on 5/2/2019– **STRICKEN and sealed per** 165 (sac−qc, Dpty Clk). (Entered: 10/31/2018) |
| 11/01/2018 | 136 | MINUTE ORDER by Chief Judge Gregory K Frizzell *Counsel for Plaintiff is directed to provide forthwith a three−ring binder notebook for use by the Court containing a paper copy of the document, with tabbed exhibits, as filed at Doc. 135. Said paper copy shall be a complete and exact duplicate of the filing after it was filed with the Court, including the case and docket number information at the top of each page.* (This entry is the Official Order of the Court. No document is attached.) (lah, Chambers) (Entered: 11/01/2018) |
| 11/02/2018 | 137 | MOTION to Accelerate/Extend/Reset Hearing(s)/Deadline(s) *to File Reply in Support of Summary Judgment* by CoxCom, LLC (Wilkes, Keith) (Entered: 11/02/2018) |
| 11/02/2018 | 138 | ORDER by Chief Judge Gregory K Frizzell ; setting/resetting deadline(s)/hearing(s): ( Replies due by 11/19/2018); granting 137 Motion to Accelerate/Extend/Reset Hearing(s)/Deadline(s) (Re: 114 MOTION for Summary Judgment *and Brief in Support* ) (kjp, Dpty Clk) (Entered: 11/02/2018) |

| 11/09/2018 | 139 | ERRATA/CORRECTION (Re: 135 Response in Opposition to Motion ) by Mark Anthony Palzer (With attachments) (Camp, Christopher) Modified on 5/2/2019 – **STRICKEN and sealed per 165** (sac−qc, Dpty Clk). (Entered: 11/09/2018) |
|---|---|---|
| 11/09/2018 | 140 | SUPPLEMENT *Exhibit Nos. 14, 75, 79, 80, 83 & 85* (Re: 135 Response in Opposition to Motion ) by Mark Anthony Palzer (With attachments) (Camp, Christopher) Modified on 5/2/2019 – **STRICKEN and sealed per 165** (sac−qc, Dpty Clk). (Entered: 11/09/2018) |
| 11/13/2018 | 141 | MOTION to Strike Document(s) *Plaintiff's Response to Defendant's Motion for Summary Judgment* (Re: 140 Supplement, 139 Errata/Correction to Document, 135 Response in Opposition to Motion ) by CoxCom, LLC (With attachments) (Wilkes, Keith) (Entered: 11/13/2018) |
| 11/14/2018 | 142 | MINUTE ORDER by Chief Judge Gregory K Frizzell *The court finds good cause to strike the remaining deadlines included in the Fourth Amended Scheduling Order [Doc. 101], in light of defendant's Motion to Strike Plaintiff's Response to Defendant's Motion for Summary Judgment [Doc. 141], and plaintiff's Objection to Magistrate Judge's October 3rd Order Denying Motion to Compel Compliance with Fed. R. Civ. P. 30(b)(6) [Doc. 126]. Accordingly, the remaining deadlines and dates included in the Fourth Amended Scheduling Order, including the dispositive motion hearing scheduled for December 14, 2018, are stricken to be reset by order of this court upon resolution of the pending motions.* (This entry is the Official Order of the Court. No document is attached.) (GKF2, Chambers) (Entered: 11/14/2018) |
| 11/14/2018 | 143 | MOTION to Strike Hearing(s)/Deadline(s) *Defendant's Motion to Stay Deadline to File Its Reply in Support of Summary Judgment* by CoxCom, LLC (Wilkes, Keith) (Entered: 11/14/2018) |
| 11/14/2018 | 144 | ORDER by Chief Judge Gregory K Frizzell *Defendant CoxCom's 11/19/18 reply date in support of its Motion for Summary Judgment [Doc. 114] is stricken to be reset by the Court upon resolution of Defendant's Motion to Strike [Doc. 141] and Plaintiff's Objection to Magistrate Order [Doc. 126]* ; setting/resetting deadline(s)/hearing(s): ; granting 143 Motion to Strike Hearing(s)/Deadline(s) (lah, Chambers) (Entered: 11/14/2018) |
| 11/19/2018 | 145 | MOTION to Accelerate/Extend/Reset Settlement Deadline(s)/Conference by CoxCom, LLC (Wilkes, Keith) (Entered: 11/19/2018) |
| 11/19/2018 | 146 | RESPONSE in Opposition to Motion (Re: 134 MOTION to Enforce *Magistrate Judge's Order and Brief in Support* ) by Mark Anthony Palzer ; (Camp, Christopher) (Entered: 11/19/2018) |
| 11/20/2018 | | ***Motion(s) Referred to Magistrate Judge Cleary (Re: 145 MOTION to Accelerate/Extend/Reset Settlement Deadline(s)/Conference ) (kjp, Dpty Clk) (Entered: 11/20/2018) |
| 11/28/2018 | 147 | REPLY to Response to Motion (Re: 134 MOTION to Enforce *Magistrate Judge's Order and Brief in Support* ) by CoxCom, LLC ; (Wilkes, Keith) (Entered: 11/28/2018) |
| 11/29/2018 | 148 | MINUTE ORDER by Magistrate Judge Paul J Cleary *striking Settlement Conference, to be reset at a later date* ; striking/terminating deadline(s)/Hearing(s); granting 145 Motion to Accelerate/Extend/Reset Settlement Deadline(s)/Conference (This entry is the Official Order of the Court. No document is attached.) (sdc, Dpty Clk) (Entered: 11/29/2018) |
| 11/29/2018 | 149 | MOTION for Leave to File Surreply to Reply Brief Supporting Defendant's Motion to Enforce [Dkt. #147] by Mark Anthony Palzer (Camp, Christopher) (Entered: 11/29/2018) |
| 11/29/2018 | 150 | MINUTE ORDER by Chief Judge Gregory K Frizzell , referring motion(s) to Magistrate Judge Jayne (Re: 149 MOTION for Leave to File Surreply to Reply Brief Supporting Defendant's Motion to Enforce [Dkt. #147] ) (This entry is the Official Order of the Court. No document is attached.) (lah, Chambers) (Entered: 11/29/2018) |
| 11/29/2018 | 151 | MINUTE ORDER by Magistrate Judge Jodi F Jayne *Plaintiff's Motion for Leave to File Surreply to Defendant's Motion to Enforce (ECF No. 149) is GRANTED* ; |

| | | granting 149 Motion for Leave to File Document(s) (Re: 134 MOTION to Enforce *Magistrate Judge's Order and Brief in Support* ) (This entry is the Official Order of the Court. No document is attached.) (crp, Dpty Clk) (Entered: 11/29/2018) |
|---|---|---|
| 12/06/2018 | 152 | SURREPLY to Motion (Re: 134 MOTION to Enforce *Magistrate Judge's Order and Brief in Support* ) by Mark Anthony Palzer ; (With attachments) (Camp, Christopher) (Entered: 12/06/2018) |
| 12/06/2018 | 153 | MOTION for Extension of Time to Respond to Motion (Re: 141 MOTION to Strike Document(s) *Plaintiff's Response to Defendant's Motion for Summary Judgment* ) by Mark Anthony Palzer (Camp, Christopher) (Entered: 12/06/2018) |
| 12/07/2018 | 154 | MINUTE ORDER by Chief Judge Gregory K Frizzell *Plaintiff Mark Palzer's Application for Enlargement of Deadline to Respond to Defendant's Motion to Strike is granted. Plaintiff has until 12/14/18 to file his response; Defendant has until 12/28/18 to file its reply. No further extensions shall be granted.* ; setting/resetting deadline(s)/hearing(s): ( Responses due by 12/14/2018, Replies due by 12/28/2018); granting 153 Motion for Extension of Time to Respond to Motion (Re: 141 MOTION to Strike Document(s) *Plaintiff's Response to Defendant's Motion for Summary Judgment* ) (This entry is the Official Order of the Court. No document is attached.) (lah, Chambers) (Entered: 12/07/2018) |
| 12/07/2018 | 155 | MOTION to Seal Document *(Exhibit B to Dkt. #152)* and for Leave to File Same by Conventional Means by Mark Anthony Palzer (Camp, Christopher) (Entered: 12/07/2018) |
| 12/07/2018 | 156 | MINUTE ORDER by Chief Judge Gregory K Frizzell , referring motion(s) to Magistrate Judge Jayne (Re: 155 MOTION to Seal Document *(Exhibit B to Dkt. #152) and for Leave to File Same by Conventional Means* ) (This entry is the Official Order of the Court. No document is attached.) (lah, Chambers) (Entered: 12/07/2018) |
| 12/07/2018 | 157 | MINUTE ORDER by Magistrate Judge Jodi F Jayne *granting motion to file exhibit under seal* ; granting 155 Motion to Seal Document(s) (This entry is the Official Order of the Court. No document is attached.) (sdc, Dpty Clk) (Entered: 12/07/2018) |
| 12/07/2018 | 158 | SEALED DOCUMENT (jln, Dpty Clk) (Entered: 12/07/2018) |
| 12/14/2018 | 159 | Second MOTION for Extension of Time to Respond to Motion (Re: 141 MOTION to Strike Document(s) *Plaintiff's Response to Defendant's Motion for Summary Judgment* ) by Mark Anthony Palzer (Camp, Christopher) (Entered: 12/14/2018) |
| 12/17/2018 | 160 | ORDER by Chief Judge Gregory K Frizzell ; denying 159 Motion for Extension of Time to Respond to Motion (kjp, Dpty Clk) (Entered: 12/17/2018) |
| 12/17/2018 | 161 | RESPONSE in Opposition to Motion (Re: 141 MOTION to Strike Document(s) *Plaintiff's Response to Defendant's Motion for Summary Judgment* ) by Mark Anthony Palzer ; (With attachments) (Camp, Christopher) Modified on 12/19/2018 – **STRICKEN per** 162 (sac−qc, Dpty Clk). (Entered: 12/17/2018) |
| 12/18/2018 | 162 | MINUTE ORDER by Chief Judge Gregory K Frizzell *Pursuant to the Order entered on 12/17/2018 [Doc. 160], Plaintiff's Response in Opposition to Defendant's Motion to Strike Plaintiff's Response to Defendant's Motion for Summary Judgment [Doc. 161] is hereby STRICKEN.*, striking/withdrawing document(s) (Re: 161 Response in Opposition to Motion, 160 Order, Ruling on Motion for Extension of Time to Respond to Motion ) (Documents Terminated: 161 Response in Opposition to Motion ) (This entry is the Official Order of the Court. No document is attached.) (kjp, Dpty Clk) (Entered: 12/18/2018) |
| 04/19/2019 | 163 | ORDER by Magistrate Judge Jodi F Jayne ; denying 134 Motion to Enforce (sdc, Dpty Clk) (Entered: 04/19/2019) |
| 04/26/2019 | 164 | ORDER by Judge Gregory K Frizzell ; denying 126 Objection to Magistrate Judge's Order (kjp, Dpty Clk) (Entered: 04/26/2019) |
| 05/01/2019 | 165 | ORDER by Judge Gregory K Frizzell ; striking/withdrawing document(s); granting 141 Motion to Strike Document(s) (Re: 140 Supplement, 139 Errata/Correction to Document, 135 Response in Opposition to Motion ) (Documents Terminated: 140 Supplement, 139 Errata/Correction to Document, 135 Response in Opposition to |

| | | Motion ) (kjp, Dpty Clk) (Entered: 05/01/2019) |
|---|---|---|
| 05/31/2019 | 166 | MOTION for Attorney Fees *Pursuant to the Court's Order of May 1, 2019 [Doc. 165]* by CoxCom, LLC (With attachments) (Wilkes, Keith) (Entered: 05/31/2019) |
| 06/21/2019 | 167 | RESPONSE in Opposition to Motion (Re: 166 MOTION for Attorney Fees *Pursuant to the Court's Order of May 1, 2019 [Doc. 165]* ) by Mark Anthony Palzer ; (With attachments) (Camp, Christopher) (Entered: 06/22/2019) |
| 07/03/2019 | 168 | REPLY to Response to Motion (Re: 166 MOTION for Attorney Fees *Pursuant to the Court's Order of May 1, 2019 [Doc. 165]* ) by CoxCom, LLC ; (Wilkes, Keith) (Entered: 07/03/2019) |
| 07/24/2019 | 169 | MOTION for Leave to File Surreply to Defendant's Reply in Support of Application for Attorney Fees [Dkt. #168] by Mark Anthony Palzer (Camp, Christopher) (Entered: 07/24/2019) |
| 07/24/2019 | 170 | ORDER by Judge Gregory K Frizzell ; denying 169 Motion for Leave to File Document(s) (lah, Chambers) (Entered: 07/24/2019) |
| 09/17/2019 | 171 | ORDER by Judge Gregory K Frizzell ; granting 114 Motion for Summary Judgment (kjp, Dpty Clk) (Entered: 09/17/2019) |
| 09/17/2019 | 172 | JUDGMENT by Judge Gregory K Frizzell , entering judgment in favor of Defendant CoxCom, LLC and against Plaintiff (terminates case) (Documents Terminated: 113 MOTION in Limine *to Exclude Various Evidence* ) (kjp, Dpty Clk) (Entered: 09/17/2019) |
| 09/17/2019 | | ***Civil Case Terminated (see document number 172 ) (sac, Dpty Clk) (Entered: 09/18/2019) |
| 10/17/2019 | 173 | NOTICE OF APPEAL to Circuit Court (paid $505 appeal fee; receipt number AOKNDC–2123419) (Re: 171 Order, Ruling on Motion for Summary Judgment, 172 Judgment, Entering Judgment, 165 Order,, Striking/Withdrawing Document(s),, Ruling on Motion to Strike Document(s), 164 Order, Ruling on Objection to Magistrate Judge's Order ) by Mark Anthony Palzer (Camp, Christopher) (Entered: 10/17/2019) |
| 10/18/2019 | 174 | PRELIMINARY RECORD Sent to Circuit Court (Re: 173 Notice of Appeal to Circuit Court, ) (With attachments) (sac, Dpty Clk) (Entered: 10/18/2019) |
| 10/18/2019 | 175 | APPEAL NUMBER INFORMATION from Circuit Court assigning Case Number 19–5094 (#173) (Re: 173 Notice of Appeal to Circuit Court, ) (sc, Dpty Clk) (Entered: 10/18/2019) |
| 11/01/2019 | 176 | TRANSCRIPT ORDER FORM (Transcripts are not necessary or are already on file ) (Re: 173 Notice of Appeal to Circuit Court, ) by Mark Anthony Palzer (Camp, Christopher) (Entered: 11/01/2019) |
| 11/20/2019 | 177 | ORDER from Circuit Court *notice due that record is complete by 11/27/2019 for Mark C. McCartt, Clerk of Court* (Re: 173 Notice of Appeal to Circuit Court, ) (alg, Dpty Clk) (Entered: 11/21/2019) |
| 11/22/2019 | 178 | CLERK'S RECORD on Appeal Sent to Circuit Court (Re: 173 Notice of Appeal to Circuit Court, ) (sc, Dpty Clk) (Entered: 11/22/2019) |
| 12/19/2019 | 179 | ORDER by Judge Gregory K Frizzell ; granting in part and denying in part 166 Motion for Attorney Fees (lah, Chambers) (Entered: 12/19/2019) |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) MARK ANTHONY PALZER, <br> an individual, <br><br>      Plaintiff, <br><br> vs. <br><br> (1) COX OKLAHOMA TELECOM, LLC, <br> a Delaware corporation, <br> (2) CoxCom, Inc. <br> (3) CoxCom, LLC <br> (4) Cox Communications, LLC, or <br> (5) Cox Communications, or <br> (6) Cox Communications Kansas, LLC <br><br>      Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> )    Case No. 15-CV-564-GKF-TLW <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendants[1] hereby remove

the above-captioned action from the District Court of Tulsa County, State of Oklahoma,

to the United States District Court for the Northern District of Oklahoma.  In support of

removal, Defendants state as follows:

---

[1] The correct defendant to this action is Plaintiff Mark Anthony Palzer's former employer, CoxCom, LLC d/b/a Cox Communications Tulsa.  Defendants Cox Communications Kansas, LLC and Cox Oklahoma Telcom, both of which are wholly-owned subsidiaries of CoxCom, LLC are correctly identified, but are not proper party defendants inasmuch as neither ever employed Plaintiff.  The purported entities – "CoxCom, Inc." and "Cox Communications" – are incorrectly identified, although CoxCom, LLC is a wholly-owned subsidiary of Cox Communications, Inc.

### INTRODUCTION

1.      This case involves four claims arising out of the former employment of Plaintiff by CoxCom, LLC d/b/a Cox Communications Tulsa: (1) discrimination on the basis of age in violation of the Oklahoma Anti-Discrimination Act, 25 O.S. (2011) §§ 1101 *et seq*. ("OADA"), and The Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq*. ("ADEA"); (2) discrimination on the basis of race in violation of the OADA and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. ("Title VII"); retaliatory discharge in violation of the OADA, the ADEA, and Title VII; and (4) breach of contract. Therefore, this Court has federal-question jurisdiction over this case pursuant to 28 U.S.C. § 1331.

2.      Moreover, Plaintiff is a citizen of the State of Oklahoma, and each of the Defendants (to the extent they, in fact, constitute an actual entity) is a corporation organized under the laws of the State of Delaware with its principal place of business in Atlanta, Georgia. As such, there is complete diversity between Plaintiff and all Defendants. In addition, the amount in controversy exceeds the sum or value of $75,000. Therefore, this Court also has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332.

3.      On or about January 20, 2015, Plaintiff, an individual, filed a Petition in the District Court in and for Tulsa County, State of Oklahoma, Case No. CJ-2015-00243. Pursuant to LCvR81.2, true and correct copies of the Petition and all other documents

filed in the Tulsa County District Court, together with a certified copy of the docket sheet, are attached hereto as Exhibits "1" through "5."

4.      The Northern District of Oklahoma includes the state judicial district in which Plaintiff filed his Petition.

5.      Plaintiff is a citizen of the State of Oklahoma. *See* 28 U.S.C. § 1332(a).  Each of the Defendants (to the extent they, in fact, constitute an actual entity) is a citizen of the States of Delaware and Georgia inasmuch as each is a foreign corporation incorporated under the laws of the State of Delaware with its principal places of business in Atlanta, Georgia. *See* 28 U.S.C. § 1332(c)(1). Accordingly, the parties are completely diverse.

6.      Plaintiff's first three claims allege violations of federal law: the ADEA and Title VII. (*See* Ex. 1, Petition, filed January 20, 2015, pp. 4, 4-5, and 5-6.)

7.      Plaintiff's fourth claim alleges breach of contract under Oklahoma common law. (*See* Ex. 1, Petition, filed January 20, 2015, p. 6.)

8.      Plaintiff's Petition seeks various forms of relief, including, but not limited to, the following:

> Past due wages in the approximate amount of One Hundred Two Thousand Dollars ($102,000.00) and against Defendant [*sic*] awarding reinstatement, his monetary damages including front-pay accruing at the rate of approximately Sixty Five Thousand per year ($65,000.00) and back-pay, compensatory and liquidated damages, as well as the costs incurred in this case, a reasonable attorney fee, and such further equitable and legal relief as the Court deems just and proper.

(*See* Ex. 1, Petition, filed January 20, 2015, pp. 6-7.)

9.      Accordingly, the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

10.     Therefore, Defendants file this Notice of Removal.

**I.      This Court Has Jurisdiction Pursuant to 28 U.S.C. § 1331.**

11.     Plaintiff asserts claims for relief under laws of the United States; *to wit*, the ADEA and Title VII. (*See* Ex. 1, Petition, filed January 20, 2015, pp. 4, 4-5, and 5-6.)

12.     "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331.

**II.     This Court Has Jurisdiction Pursuant to 28 U.S.C. § 1332.**

13.     Plaintiff asserts claims for relief under the laws of Oklahoma; *to wit*, the OADA and breach of contract. (*See* Ex. 1, Petition, filed January 20, 2015, p. 6.)

14.     "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states."  *See* 28 U.S.C. § 1332(a)(1).

15.     The only proper party defendant here is Plaintiff's former employer, CoxCom, LLC d/b/a Cox Communications Tulsa. Nevertheless, none of the other named Defendants (to the extent they, in fact, constitute actual entities) are domiciled in the State of Oklahoma under 28 U.S.C. § 1332(c)(1) inasmuch as each actual entity is a

foreign corporation incorporated under the laws of the State of Delaware with its principal place of business in Atlanta, Georgia. Plaintiff, on the other hand, is a citizen of the State of Oklahoma. *See* 28 U.S.C. § 1332(a). Therefore, the matter in controversy "is between citizens of different states." *See* 28 U.S.C. § 1332(a)(1).

16.    In addition, the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(a)(1); LCvR81.3(a)(1).  The Petition, on its face, reveals that Plaintiff seeks, among other forms of relief, "past due wages in the approximate amount of One Hundred Two Thousand Dollars ($102,000.00)."  (*See* Ex. 1, Petition, filed January 20, 2015, pp. 6-7.)

17.    Therefore, this Court has subject matter jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. 1332(a)(1).

## III.    **Defendants Have Satisfied The Procedural Requirements for Removal.**

18.    Defendants file this Notice of Removal within thirty (30) days after receipt through service of a copy of the Summons and Petition setting forth the claims for relief upon which Plaintiff's action is based, and the time for filing this Notice of Removal pursuant to 28 U.S.C. § 1446(b) has not yet expired.

19.    Defendants will this day serve written notice to Plaintiff of the filing of the Notice of Removal with this Court, as provided by 28 U.S.C. § 1446(d).

20.     Defendants likewise will this day file a true and correct copy of its Notice of Removal with the Clerk of the District Court in and for Tulsa County, State of Oklahoma, as provided by 28 U.S.C. § 1446(d).

## CONCLUSION

Therefore, this Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1332, and removal is appropriate.

Respectfully submitted,

**NEWTON, O'CONNOR, TURNER & KETCHUM
A PROFESSIONAL CORPORATION**

/s/ Rachel B. Crawford
William W. O'Connor, OBA No. 13200
Rachel B. Crawford, OBA No. 20662
Kevin P. Simpson, OBA No. 32120
NEWTON, O'CONNOR, TURNER & KETCHUM, PC
15 West Sixth Street, Suite 2700
Tulsa, OK  74119
(918) 587-0101 – Telephone
(918) 587-0102 – Facsimile
boconnor@newtonoconnor.com
rcrawford@newtonoconnor.com
ksimpson@newtonoconnor.com

**ATTORNEYS FOR DEFENDANTS,
COXCOM, LLC
d/b/a COX COMMUNICATIONS TULSA,
COX COMMUNICATIONS KANSAS, LLC, AND
COX OKLAHOMA TELECOM**

## <u>CERTIFICATE OF SERVICE</u>

☒ I hereby certify that on October 2, 2015, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

N. Kay Bridger Riley
BRIDGER RILEY & ASSOCIATES
rob@rekellylaw.com

Christopher L. Camp
CAMP LAW FIRM
ccamp@camplawtulsa.com

☐ I hereby certify that on _____, I served the foregoing document by mail on the following, who are not registered participants of the ECF System:

(None)

/s/ *Rachel B. Crawford*
Rachel B. Crawford


*1028257310*

DISTRICT COURT
**FILED**

JAN 20 2015

**IN THE DISTRICT COURT OF TULSA COUNTY**
**STATE OF OKLAHOMA**

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

MARK ANTHONY PALZER, an individual,            )
                                               )
                        Plaintiff,             )
                                               )    **CJ-2015-00243**
vs.                                            )
                                               )    Judge:_____
COX OKLAHOMA TELECOM, LLC , a Delaware         )    **DANA LYNN KUEHN**
corporation, CoxCom, Inc., CoxCom, LLC,        )
Cox Communications, LLC or Cox                 )
Communications, or Cox Communications          )    **JURY TRIAL DEMANDED**
Kansas, LLC.                                   )    **ATTORNEY LIEN CLAIMED**
                                               )
                        Defendant.             )

**PETITION FOR WRONGFUL TERMINATION**
**AND DISCRIMINATION IN EMPLOYMENT**

The Plaintiff, Mark Anthony Palzer, by and through his counsel of record, and for his

Complaint against Defendant Cox Oklahoma Telecom, LLC, alleges and states as follows:

**JURISDICTION**

1.      This action arises under the Oklahoma Anti-Discrimination Act, 25 O.S. (2011) §§

1101 through 1706 ("OADA"), the Age Discrimination in Employment Act of 1967, 29 U.S.C. §

621 *et seq.*, as amended ("ADEA"), Title VII of the Civil Rights Act of 1964, as amended, 42

U.S.C. § 2000e *et seq.*("Title VII"),   and Oklahoma Common law based on breach of

employment agreement.

2.      Jurisdiction is invoked pursuant to Tit. 25 Okla, Stat. (2011) §1350.

3.      The Plaintiff is a resident of Tulsa County, Oklahoma.

4.      The Defendant is a Delaware for-profit corporation operating and registered to do

business in Oklahoma, but, according to the records of the Oklahoma Secretary of State, it uses and

has used numerous names for its corporations and their entities, and Plaintiff reserves the right to

dismiss entities that are improperly named or add the proper entity.

5.     This Court has jurisdiction over the Parties and the subject matter of this action

6.     In compliance with the OADA, Title VII and ADEA, the Plaintiff timely caused to be filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff received a Notice of Right to Sue letter which was issued by the EEOC with respect to all charges, prior to instituting this action. This action is timely filed following receipt of such Notice of Right to Sue.

## PARTIES

7.     Plaintiff is, and at all times hereinafter referenced was, domiciled in and a resident of the City of Tulsa, State of Oklahoma. Plaintiff is, and during all times relevant to this action was, within that class of individuals over age 40 and is protected from age-based discrimination by the ADEA and the OADA. Further, the Plaintiff is Caucasian and is not a member of a minority race, but suffered and has been subjected to reverse race discrimination in his employment in that CoxCom treated him less favorably than non-white employees in making its decisions effecting his work conditions of employment and in their termination decision.

8.     Defendant, CoxCom, Inc. was a Delaware corporation registered to and doing business within the state of Oklahoma, which on September 19, 2011, after the termination of Plaintiff, converted to CoxCom, LLC, and then on November 19, 2014 began doing business as Cox Communications, LLC, or Cox Communications, or Cox Communications Kansas, LLC. which employs more than five hundred regular employees. Defendant is an employer within the meaning of the OADA, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and and is located and does business within the jurisdiction of this Court.

2

## FACTS COMMON TO ALL COUNTS

9.     At the time of his termination, Plaintiff was employed by Defendant working in the Tulsa, Oklahoma area in Cox Businesses's Small/Medium Sales group.

10.    Plaintiff performed his duties from the time he was hired as a Customer Service Representative in September 2005 throughout his promotions to Sales and until his termination on June 10, 2013.

11.    Prior to his termination at age 51, Plaintiff was reassigned to a manager who commented early on that they had too many older white men in the department, and that she wanted to hire a black man. During the time he worked for this manager, she changed the manner in which assignments of sales territories were made, and she refused to give him any territories wherein he could generate new sales, but rather assigned those territories to young black male recruits.

12.    Prior to his termination, Defendant's manager insisted on knowing the Plaintiff's age.

13.    Defendant is and was aware of Plaintiff's age, and his age was a motivating, and in fact the primary, factor in Defendant's termination decision.

14.    Plaintiff performed his job satisfactorily during his employment with Defendant and prior to his assignment to the new manager, Plaintiff had received corporate commendations for that performance.

15.    Plaintiff complained to HR of the manager's actions, but his complaints were ignored.

# 19-5094 / 0026

## FIRST CAUSE OF ACTION
### (Discrimination based on Age of Plaintiff in violation of the OADA and the ADEA )

16.    For the first cause of action of this Petition, Plaintiff incorporates herein by reference all of the allegations heretofore made, and further alleges and states as follows:

17.    Plaintiff was, maliciously and in reckless disregard of his rights, discriminated against in his employment by Defendant and its managing agents or employees on the basis of his age, over 40.  Defendant knew or should have known of this discrimination.

18.    Plaintiff has been injured by said discrimination through loss of past wages and benefits, future wages and benefits, emotional distress, and is entitled to actual, anticipated, and liquidated damages and any other damages allowed under the OADA and the ADEA.

## SECOND CAUSE OF ACTION
### (Discrimination based on Race of Plaintiff in violation of the OADA and Title VII of the The Civil Rights Act of 1964)

19.    For the second cause of action of this Petition, Plaintiff incorporates herein by reference all of the allegations heretofore made, and further alleges and states as follows:

20.    There is direct and indirect evidence that supports an inference that the Defendant Cox is one of those unusual employers who discriminates against the majority; that in this case the Defendant Cox took adverse employment actions against Plaintiff on the basis of his race (Caucasian); and Defendant Cox subjected Plaintiff to disparate treatment among similarly situated employees because he was *not a* minority.

22.    Defendant's actions were performed in bad faith and are contrary to public policy founded in the State of Oklahoma's Constitution, statutes, and/or case law.

# 19-5094 / 0027

21.    As a result of Defendant's actions, Plaintiff has sustained damages including loss of wages and benefits, future wages and benefits, and emotional distress.

22.    Plaintiff has been injured by said discrimination through loss of past wages and benefits, future wages and benefits, emotional distress, and is entitled to actual, anticipated, and liquidated damages and any other damages allowed under the OADA and Title VII. Defendant's actions were malicious and in reckless disregard for Plaintiff's rights.  Therefore Plaintiff is entitled to punitive and liquidated damages.

### THIRD CAUSE OF ACTION
### (Retaliatory Discharge in violation
### of the OADA, the ADEA, and Title VII of the Civil Rights Act of 1984, as amended)

23.    For the third cause of action of this Petition, Plaintiff incorporates herein by reference all of the allegations heretofore made, and further alleges and states as follows:

24.    The Defendant retaliated against the Plaintiff in response to the complaints he brought against his manager for failing to treat him the same as his co-workers.  Defendant is entitled to lodge such a complaint, and his rights to do so are guaranteed protection under both state and federal anti-discrimination statutes.

25.    The Defendant Cox, knew or should have known of this retaliation against Defendant for the complaints lodged by him against his supervisor.

26.    Plaintiff has been injured by said retaliation through loss of past wages and benefits, future wages and benefits, emotional distress, and is entitled to actual, anticipated, and liquidated damages and any other damages allowed under the OADA and/or the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and/or the Age Discrimination in Employment Act of 1967,

5

29 U.S.C. § 621 *et seq.*, as amended ("ADEA"). Defendant's actions were malicious and in reckless

disregard for Plaintiff's rights. Therefore Plaintiff is entitled to liquidated damages.

## FOURTH CAUSE OF ACTION
## (BREACH OF CONTRACT)

27.    For the fourth cause of action of his Petition, Plaintiff incorporates herein by

reference all of the allegations heretofore made, and further alleges and states as follows:

28.    The Defendant Cox had a progressive discipline plan for those who were not

meeting standards. Prior to the new manager being assigned to his sales team, the Plaintiff had

never been placed on a Performance Improvement Plan ("PIP"). Under the new manager, the

Plaintiff was put on such a plan because the Defendant's manager refused to assign him territory

that was available for assignment and which would generate the sales expected. Nonetheless, the

Plaintiff successfully completed said PIP. Nonetheless, the Defendant terminated Plaintiff's

employment without complying with and in direct violation of their own Policies & Procedures.

30.    This violation of their own policies and procedures by the Defendant constitutes a

breach of the employment contract between the parties.

31.    Plaintiff has suffered lost wages, back pay, front pay, and consequential damages

and is entitled to a judgment against the Defendant for this same.

WHEREFORE, Plaintiff demands judgment in his favor in the amount of his past due

wages in the approximate amount of One Hundred Two Thousand Dollars ($102,000.00) and

against Defendant awarding reinstatement, his monetary damages including front-pay accruing at

the rate of approximately Sixty Five Thousand per year ($65,000.00) and back-pay,

compensatory and liquidated damages, as well as the costs incurred in this case, a reasonable

6

attorney fee, and such further equitable and legal relief as the Court deems just and proper.

Respectfully submitted:

N. Kay Bridger-Riley, OBA #1121
**Bridger-Riley & Associates, a sole proprietorship**
**3515 E. 74th Street**
**Tulsa, OK   74136**
**(918) 492-4790**
**(918) 933-9047 – cell**
kay@bridger-riley.com

Christopher L. Camp, OBA #1854
**Camp Law Firm**
**7122 South Sheridan Rd Suite #2-382**
**Tulsa OK 74133**
**(918) 200-4871**
ccamp@camplawtulsa.com

**Attorneys for Plaintiff Mark Palzer**



**CORPORATION SERVICE COMPANY®**

# Notice of Service of Process

HZC / ALL
**Transmittal Number: 14239318**
**Date Processed: 09/14/2015**

| | |
|---|---|
| **Primary Contact:** | Sharron Vines<br>Cox Enterprises, Inc<br>6205 Peachtree Dunwoody Road NE<br>Atlanta, GA 30328 |
| **Copy of transmittal only provided to:** | Kristen Weathersby<br>Heather Chapman<br>Dorcas Morris |

| | |
|---|---|
| **Entity:** | CoxCom, LLC<br>Entity ID Number  1896480 |
| **Entity Served:** | Coxcom, LLC |
| **Title of Action:** | Mark Anthony Palzer vs. Cox Oklahoma Telecom, LLC; CoxCom, Inc.; CoxCom, LLC; Cox Communications, LLC; Cox Communications; Cox Communications Kansas, LLC |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Tulsa County District Court, Oklahoma |
| **Case/Reference No:** | CJ-2015-00243 |
| **Jurisdiction Served:** | Oklahoma |
| **Date Served on CSC:** | 09/14/2015 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | N Kay Bridger-Riley<br>918-492-4790 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

ORIGINAL SUMMONS
## IN THE DISTRICT COURT IN AND FOR TULSA COUNTY

Mark Anthony Palzer,     )

                        )

       Plaintiff,    )

                        )

v.                     )

                        )

<u>Cox Oklahoma Telecom, LLC,</u>  )

CoxCom, Inc., CoxCom LLC,  )

Cox Communications, LLC or  )

Cox Communications Kansas,  )

LLC                  )

       Defendant.  )

Case No.

Attorney(s) for Plaintiff(s)

Name:      Christopher Camp, OBA #18541

Address:   7122 S. Sheridan Rd, Ste #2-382

              Tulsa, OK 74133

Telephone: (918) 200-4871

## SUMMONS

You have been sued by the above-named plaintiff(s) and you are directed to file a written answer to the attached petition in the court at the above address within twenty (20) days after service of this summons upon you, exclusive of the day of service. Within the same time, a copy of your answer must be delivered or mailed to the attorney for the plaintiff.

Unless you answer the petition within the time stated, judgment will be rendered against you with costs of this action.

Issued this 10th day of September, 2015,

SALLY HOWE SMITH, COURT CLERK
_____County Court Clerk

By _____ Deputy Court Clerk

(Seal)

This summons was served on _____

_____

Signature of person serving summons

**YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER. SUCH ATTORNEY SHOULD BE**

**CONSULTEDNIMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THE SUMMONS.**

### RETURN OF SERVICE BY SHERIFF
### PERSONAL SERVICE

I certify that I received the foregoing summons on the __ day of _____ 20____, and that I delivered a copy of said summons with a copy of the petition attached to each of the following named defendants personally in _____ county at the address nd on the date set forth opposite each name, to wit:

| Name of Defendant | Address | Date of Service |
| --- | --- | --- |
| _____ | _____ | _____ |

### USUAL PLACE OF RESIDENCE

I certify that I received the foregoing summons on the __ day of _____ 20____, and that on _____ I served _____ by serving a copy of said summons with a copy of the petition attached at _____ which is his usual place of residence with _____, a member of his family fifteen (15) years of age or older.

### CORPORATION RETURN

Received this summons this _____ day of _____ 20____ and as commanded therein, I summoned within _____ named defendant, as follows , to wit:

_____

_____

a corporation, on the _____ day of _____ 20____ by delivering a true and correct copy of within summons hereof with endorsements thereon and a copy of the petition, to _____ _____ he being the _____ of said corporation, and the _____ President, Vice-President, Secretary, Treasurer or other chief officer not being found in said county.

### NOT FOUND

Received this summons this _____ day of _____ 20____ I certify that the following persons of the defendant _____ within named not found in county: _____

### FEES

Fee for service $_____.    Mileage $_____    Total $_____

Dated this _____ day of _____ 20____

_____ Sheriff

By _____ Deputy

County, Oklahoma

### CERTIFICATE OF SERVICE BY MAIL

I certify that I mailed copies of the foregoing summons with a copy of the petition attached to the following named defendant(s) at the address shown by certified mail, addressee only, return receipt requested, on the _____ day of _____ 20____ and receipt thereof on the dates shown:

| **Defendant** | **Address Where Served** | **Date Receipted** |
| --- | --- | --- |
| CoxCom, Inc. | Corporation Service Company<br>115 SW 89th Street<br>Oklahoma City, OK   73139-8511 | |

_____



**CORPORATION SERVICE COMPANY®**

HZC / ALL
**Transmittal Number: 14239344**
**Date Processed: 09/14/2015**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Sharron Vines<br>Cox Enterprises, Inc<br>6205 Peachtree Dunwoody Road NE<br>Atlanta, GA 30328 |
| **Copy of transmittal only provided to:** | Kristen Weathersby<br>Heather Chapman<br>Dorcas Morris |

| | |
|---|---|
| **Entity:** | CoxCom, LLC<br>Entity ID Number  1896480 |
| **Entity Served:** | Cox Com, Inc. |
| **Title of Action:** | Mark Anthony Palzer vs. Cox Oklahoma Telecom, LLC; CoxCom, Inc.; CoxCom, LLC; Cox Communications, LLC; Cox Communications; Cox Communications Kansas, LLC |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Tulsa County District Court, Oklahoma |
| **Case/Reference No:** | CJ-2015-00243 |
| **Jurisdiction Served:** | Oklahoma |
| **Date Served on CSC:** | 09/14/2015 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | N Kay Bridger-Riley<br>918-492-4790 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

ORIGINAL SUMMONS
## IN THE DISTRICT COURT IN AND FOR TULSA COUNTY

Mark Anthony Palzer,     )
                         )     Case No.
         Plaintiff,    )
                         )     Attorney(s) for Plaintiff(s)
v.                       )     Name:      Christopher Camp, OBA #18541
                         )     Address:    7122 S. Sheridan Rd, Ste #2-382
Cox Oklahoma Telecom, LLC,     )                 Tulsa, OK 74133
CoxCom, Inc., CoxCom LLC,    )
Cox Communications, LLC or    )     Telephone:  (918) 200-4871
Cox Communications Kansas,    )
LLC                       )
        Defendant.   )

### SUMMONS

You have been sued by the above-named plaintiff(s) and you are directed to file a written answer to the attached petition in the court at the above address within twenty (20) days after service of this summons upon you, exclusive of the day of service. Within the same time, a copy of your answer must be delivered or mailed to the attorney for the plaintiff.

Unless you answer the petition within the time stated, judgment will be rendered against you with costs of this action.

Issued this 10th day of September, 2015,

                   SALLY HOWE SMITH, COURT CLERK
              _____County Court Clerk

              By_____Deputy Court Clerk

(Seal)

This summons was served on _____

              _____
              Signature of person serving summons

**YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER. SUCH ATTORNEY SHOULD BE**

**CONSULTEDNIMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THE SUMMONS.**

### RETURN OF SERVICE BY SHERIFF
### PERSONAL SERVICE

I certify that I received the foregoing summons on the _ day of _____ 20____, and that I delivered a copy of said summons with a copy of the petition attached to each of the following named defendants personally in _____ county at the address nd on the date set forth opposite each name, to wit:

| Name of Defendant | Address | Date of Service |
| --- | --- | --- |
| | | |

### USUAL PLACE OF RESIDENCE

I certify that I received the foregoing summons on the _ day of _____ 20____, and that on _____ I served _____ by serving a copy of said summons with a copy of the petition attached at _____ which is his usual place of residence with _____, a member of his family fifteen (15) years of age or older.

### CORPORATION RETURN

Received this summons this ____ day of _____ 20____ and as commanded therein, I summoned within _____ named defendant, as follows , to wit:

_____

_____

a corporation, on the ____ day of _____ 20____ by delivering a true and correct copy of within summons hereof with endorsements thereon and a copy of the petition, to _____ _____ he being the _____ of said corporation, and the _____ President, Vice-President, Secretary, Treasurer or other chief officer not being found in said county.

### NOT FOUND

Received this summons this ____ day of _____ 20____ I certify that the following persons of the defendant _____ within named not found in county: _____

_____

### FEES

Fee for service $_____.   Mileage $_____   Total $_____
Dated this _____day of _____ 20____

_____ Sheriff
By _____ Deputy
County, Oklahoma

### CERTIFICATE OF SERVICE BY MAIL

I certify that I mailed copies of the foregoing summons with a copy of the petition attached to the following named defendant(s) at the address shown by certified mail, addressee only, return receipt requested, on the _____ day of _____ 20____ and receipt thereof on the dates shown:

| Defendant | Address Where Served | Date Receipted |
| --- | --- | --- |
| CoxCom, LLC . | Corporation Service Company<br>115 SW 89th Street<br>Oklahoma City, OK   73139-8511 | |

_____



**CORPORATION SERVICE COMPANY®**

HZC / ALL
**Transmittal Number: 14239312**
**Date Processed: 09/14/2015**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Sharron Vines<br>Cox Enterprises, Inc<br>6205 Peachtree Dunwoody Road NE<br>Atlanta, GA 30328 |
| **Copy of transmittal only provided to:** | Dorcas Morris<br>Heather Chapman<br>Kristen Weathersby |

| | |
|---|---|
| **Entity:** | Cox Communications Kansas, L.L.C.<br>Entity ID Number  1965111 |
| **Entity Served:** | Cox Communications Kansas, LLC |
| **Title of Action:** | Mark Anthony Palzer vs. Cox Oklahoma Telecom, LLC; CoxCom, Inc.; CoxCom, LLC; Cox Communications, LLC; Cox Communications; Cox Communications Kansas, LLC |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Tulsa County District Court, Oklahoma |
| **Case/Reference No:** | CJ-2015-00243 |
| **Jurisdiction Served:** | Oklahoma |
| **Date Served on CSC:** | 09/14/2015 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | N Kay Bridger-Riley<br>918-492-4790 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

ORIGINAL SUMMONS
## IN THE DISTRICT COURT IN AND FOR TULSA COUNTY

| | | |
|---|---|---|
| Mark Anthony Palzer, | ) | |
| | ) | Case No. |
| Plaintiff, | ) | |
| | ) | Attorney(s) for Plaintiff(s) |
| v. | ) | Name:      Christopher Camp, OBA #18541 |
| | ) | Address:   7122 S. Sheridan Rd, Ste #2-382 |
| Cox Oklahoma Telecom, LLC, | ) |             Tulsa, OK 74133 |
| CoxCom, Inc., CoxCom LLC, | ) | Telephone:  (918) 200-4871 |
| Cox Communications, LLC or | ) | |
| Cox Communications Kansas, | ) | |
| LLC | ) | |
| Defendant. | ) | |

## SUMMONS

You have been sued by the above-named plaintiff(s) and you are directed to file a written answer to the attached petition in the court at the above address within twenty (20) days after service of this summons upon you, exclusive of the day of service. Within the same time, a copy of your answer must be delivered or mailed to the attorney for the plaintiff.

Unless you answer the petition within the time stated, judgment will be rendered against you with costs of this action.

Issued this 10th day of September, 2015,

SALLY HOWE SMITH, COURT CLERK
_____County Court Clerk

By_____Deputy Court Clerk

(Seal)

This summons was served on _____

_____
Signature of person serving summons

**YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER. SUCH ATTORNEY SHOULD BE**

**CONSULTEDNIMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THE SUMMONS.**

## RETURN OF SERVICE BY SHERIFF
### PERSONAL SERVICE

I certify that I received the foregoing summons on the _ day of _____ 20____, and that I delivered a copy of said summons with a copy of the petition attached to each of the following named defendants personally in _____ county at the address nd on the date set forth opposite each name, to wit:

| Name of Defendant | Address | Date of Service |
| --- | --- | --- |
| _____ | _____ | _____ |

### USUAL PLACE OF RESIDENCE

I certify that I received the foregoing summons on the _ day of _____ 20____, and that on _____ I served _____ by serving a copy of said summons with a copy of the petition attached at _____ which is his usual place of residence with _____, a member of his family fifteen (15) years of age or older.

### CORPORATION RETURN

Received this summons this _____ day of _____ 20____ and as commanded therein, I summoned within _____ named defendant, as follows , to wit:

_____

_____

a corporation, on the _____ day of _____ 20____ by delivering a true and correct copy of within summons hereof with endorsements thereon and a copy of the petition, to _____ _____ he being the _____ of said corporation, and the _____ President, Vice-President, Secretary, Treasurer or other chief officer not being found in said county.

### NOT FOUND

Received this summons this _____ day of _____ 20____ I certify that the following persons of the defendant _____ within named not found in county: _____

_____

### FEES

Fee for service $_____.    Mileage $_____    Total $_____
Dated this _____ day of _____ 20____

_____ Sheriff
By _____ Deputy
_____ County, Oklahoma

### CERTIFICATE OF SERVICE BY MAIL

I certify that I mailed copies of the foregoing summons with a copy of the petition attached to the following named defendant(s) at the address shown by certified mail, addressee only, return receipt requested, on the _____ day of _____ 20____ and receipt thereof on the dates shown:

| **Defendant** | **Address Where Served** | **Date Receipted** |
| --- | --- | --- |
| Cox Communications Kansas, LLC | Corporation Service Company 115 SW 89th Street Oklahoma City, OK   73139-8511 | |

_____



**OKLAHOMA**
State Courts Network

The information on this page is NOT an official record. Do not rely on the correctness or completeness of this information. Verify all information with the official record keeper. The information contained in this report is provided in compliance with the Oklahoma Open Records Act, 51 O.S. 24A.1. Use of this information is governed by this act, as well as other applicable state and federal laws.

## IN THE DISTRICT COURT IN AND FOR TULSA COUNTY, OKLAHOMA

| | |
|---|---|
| MARK ANTHONY PALZER, <br>　　　Plaintiff, <br>v. <br>COX OKLAHOMA TELECOM LLC, <br>　　　Defendant, and <br>COX COM INC, <br>　　　Defendant, and <br>COXCOM LLC, <br>　　　Defendant, and <br>COX COMMUNICATIONS, <br>　　　Defendant, and <br>COX COMMUNICATIONS KANSAS LLC, <br>　　　Defendant. | **No. CJ-2015-243** <br>**(Civil relief more than $10,000: WRONGFUL** <br>**TERMINATION)** <br><br>Filed: 01/20/2015 <br><br><br>Judge: Kuehn, Dana |

## PARTIES

COX COM INC, Defendant
COX COMMUNICATIONS, Defendant
COX COMMUNICATIONS KANSAS LLC, Defendant
COX OKLAHOMA TELECOM LLC, Defendant
COXCOM LLC, Defendant
PALZER,  MARK  ANTHONY, Plaintiff

## ATTORNEYS

**Attorney**

Camp,  Christopher (Bar #18541)
7122 S. SHERIDAN RD., STE. #2-382
TULSA, OK 74133

**Represented Parties**

PALZER,   MARK  ANTHONY

## EVENTS

| Event | Party | Docket | Reporter |
|---|---|---|---|
| Thursday, September 10, 2015 at 13:30 PM | | Dana Kuehn | |
| DISPOSITION HEARING DOCKET | | | |

## ISSUES

For cases filed before 1/1/2000, ancillary issues may not appear except in the docket.

**Issue # 1.**  Issue: WRONGFUL TERMINATION (TERMINATE)
Filed By: PALZER, MARK ANTHONY
Filed Date: 01/20/2015

| Party Name | Disposition Information |
|---|---|
| **Defendant:** | |
| COX COMMUNICATIONS KANSAS LLC | |
| **Defendant:** COX COM INC | |
| **Defendant:** COXCOM LLC | |
| **Defendant:** | |
| COX OKLAHOMA TELECOM LLC | |
| **Defendant:** COX COMMUNICATIONS | |

## DOCKET

| Date | Code | Description | Count | Party | Amount |
|---|---|---|---|---|---|
| 01-20-2015 | TEXT | CIVIL RELIEF MORE THAN $10,000 INITIAL FILING. | 1 | | |
| 01-20-2015 | TERMINATE | WRONGFUL TERMINATION | | | |
| 01-20-2015 | DMFE | DISPUTE MEDIATION FEE | | | $ 2.00 |
| 01-20-2015 | PFE1 | PETITION<br>*Document Available (#1028257310)* 📄 *TIFF*  📄 *PDF* | | | $ 163.00 |
| 01-20-2015 | PFE7 | LAW LIBRARY FEE | | | $ 6.00 |
| 01-20-2015 | OCISR | OKLAHOMA COURT INFORMATION SYSTEM REVOLVING FUND | | | $ 25.00 |
| 01-20-2015 | CCADMIN02 | COURT CLERK ADMINISTRATIVE FEE ON $2 COLLECTIONS | | | $ 0.20 |
| 01-20-2015 | OCJC | OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND | | | $ 2.00 |
| 01-20-2015 | OCASA | OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES | | | $ 5.00 |
| 01-20-2015 | CCADMIN04 | COURT CLERK ADMINISTRATIVE FEE ON COLLECTIONS | | | $ 0.50 |
| 01-20-2015 | LTF | LENGTHY TRIAL FUND | | | $ 10.00 |
| 01-20-2015 | TEXT | OCIS HAS AUTOMATICALLY ASSIGNED JUDGE KUEHN, DANA TO THIS CASE. | | | |

| Date | Code | Description | Count | Party | Amount |
|------|------|-------------|-------|-------|--------|
| 01-20-2015 | ACCOUNT | RECEIPT # 2015-3013079 ON 01/20/2015.<br>PAYOR:BRIDGER RILEY & ASSO TOTAL AMOUNT PAID: $213.70.<br>LINE ITEMS:<br>CJ-2015-243: $163.00 ON AC01 CLERK FEES.<br>CJ-2015-243: $6.00 ON AC23 LAW LIBRARY FEE.<br>CJ-2015-243: $0.70 ON AC31 COURT CLERK REVOLVING FUND.<br>CJ-2015-243: $5.00 ON AC58 OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES.<br>CJ-2015-243: $2.00 ON AC59 OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND.<br>CJ-2015-243: $2.00 ON AC64 DISPUTE MEDIATION FEES.<br>CJ-2015-243: $25.00 ON AC79 OCIS REVOLVING FUND.<br>CJ-2015-243: $10.00 ON AC81 LENGTHY TRIAL FUND. | | | |
| 08-20-2015 | CTFREE | KUEHN, DANA: NOTICE OF DISPOSITION DOCKET HEARING IS SET ON 9-10-15 AT 1:30 PM, COURTROOM 701. NOTICE MAILED TO MARK PALZER. | | | |
| 08-24-2015 | NODD | NOTICE OF DISPOSITION DOCKET / CERT OF MAILING<br>*Document Available (#1030706877)* 📄 *TIFF*  📄 *PDF* | | | |
| 09-10-2015 | SMF | SUMMONS FEE (CLERKS FEE)-6 | | | $ 30.00 |
| 09-10-2015 | SMIMA | SUMMONS ISSUED - MAILED BY ATTORNEY-6 | | | |
| 09-10-2015 | ACCOUNT | RECEIPT # 2015-3170560 ON 09/10/2015.<br>PAYOR:BRIDGER RILEY & ASSO TOTAL AMOUNT PAID: $30.00.<br>LINE ITEMS:<br>CJ-2015-243: $30.00 ON AC01 CLERK FEES. | | | |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

MARK ANTHONY PALZER, )
an individual, )
 )
  Plaintiff, )
 )
vs. )  Case No. 15-CV-564-GKF-TLW
 )
COX OKLAHOMA TELECOM, LLC, )
a Delaware corporation, CoxCom, Inc., )
CoxCom, LLC, Cox Communications, )
LLC, or Cox Communications, or Cox )
Communications Kansas, LLC, )
 )
  Defendants. )

## DEFENDANTS' MOTION TO DISMISS FOR
## FAILURE TO TIMELY SERVE SUMMONS

Pursuant to Federal Rule of Civil Procedure 12(b)(5) and OKLA. STAT. tit. 12, § 2004(I), Defendants[1] move to dismiss Plaintiff Mark Anthony Palzer's ("Plaintiff") Petition because Plaintiff failed to timely serve—and with respect to certain purported entities has still yet to serve—summons upon Defendants. In support of this Motion, Defendants state as follows:

---

[1] Plaintiff has named a total of six entities, real or fictitious, in the caption of the case. As discussed more fully below, only three Defendants—CoxCom, LLC d/b/a Cox Communications Tulsa, Cox Communications Kansas, LLC, and Cox Oklahoma Telcom (which the caption incorrectly spells as "TeleCom")—are real entities.

Appellate Case: 19-5094   Document: 010110302479   Date Filed: 02/10/2020   Page: 50

## BACKGROUND FACTS

Plaintiff initiated this action by filing his Petition in the District Court for Tulsa County, State of Oklahoma, on January 20, 2015. *See* Petition [Dkt. No. 2-1]. The Petition alleges Defendants discriminated and retaliated against Plaintiff in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634 ("ADEA"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and the Oklahoma Anti-Discrimination Act, OKLA. STAT. tit. 25, § 1301 *et seq.* ("OADA").  (Petition, ¶¶ 16-18, 19-22, 23-26.) Plaintiff further alleges Defendants breached an alleged contract of employment with Plaintiff. (*Id.*, ¶¶ 27-31.)

Of the six Defendants named in the case caption, only three are real entities: Cox Oklahoma Telcom, LLC, CoxCom, LLC, and Cox Communications Kansas, LLC. Of those three entities, Defendant CoxCom, LLC, Plaintiff's former employer, acknowledges service of process upon it; Defendant Cox Communications Kansas, LLC also acknowledges service of process upon it, but denies that it is a proper party defendant to Plaintiff's claims because it did not employ Plaintiff; and Defendant Cox Oklahoma Telcom, LLC denies both that it is a proper party defendant to Plaintiff's claims—because it was not Plaintiff's employer—and that it has been properly served. Purported Defendants "CoxCom, Inc.," "Cox Communications, LLC," and "Cox Communications" are not real legal entities recognized by the Oklahoma Secretary of State.

On September 14, 2015—238 days after filing the Petition—Plaintiff served summons on Defendants CoxCom, LLC and Cox Communications Kansas, LLC.[2] Because this excessive delay exceeded Plaintiff's 180-day window within which summons must be served under OKLA. STAT. tit. 12, § 2004(I), his Petition should be dismissed.

### ARGUMENTS AND AUTHORITY

This action should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(5)[3] because Plaintiff failed to timely serve summons upon Defendants. Because Plaintiff served summons upon Defendants before this action was removed, Oklahoma law governs the issue of Plaintiff's untimely service. *See Wallace v. Microsoft Corp.*, 596 F.3d 703, 706 (10th Cir. 2010) ("[F]ederal courts in removed cases look to the law of the forum state . . . to determine whether service of process was perfected prior to removal."); *see also Brown v. K-MAC Enters.*, 897 F. Supp. 2d 1098, 1106 (N.D. Okla. 2012) ("The validity of service of process in an action before it is removed to federal court is determined by the law of the state pursuant to which service was made.") (citation omitted).

---

[2] Plaintiff also served summons on CoxCom, Inc. on September 14, 2015, but, as discussed above, CoxCom, Inc. is not a real entity.

[3] "Rule 12(b)(5) is a more apt basis for Defendant's motion as it challenges the sufficiency of the *service* of process, i.e., the mode of delivery or the **lack of delivery** of the summons and complaint." *Bruce v. United Parcel Servs.*, 2007 U.S. Dist. LEXIS 86702 at *1 (W.D. Okla. Nov. 26, 2007) (emphasis added).

Under Oklahoma law, a plaintiff must serve a summons upon the defendant within 180 days of filing the petition. *See* OKLA. STAT. tit. 12, § 2004(I). In particular, the statute provides:

> If service of process is not made upon a defendant within one hundred eighty (180) days after the filing of the petition and the plaintiff cannot show good cause why such service was not made within that period, the action shall be deemed dismissed as to that defendant without prejudice.

*Id.* "The language of § 2004(I), as amended in 2009, is mandatory rather than permissive." *Brown*, 897 F. Supp. 2d at 1107. Accordingly, unless Plaintiff can show "good cause" for serving summons upon Defendants CoxCom, LLC and Cox Communications Kansas, LLC 58 days after the deadline, the action "shall be dismissed" without prejudice. *See id.*; *see also* § 2004(I). The rule is applied strictly; Oklahoma courts have held that missing the deadline by even *one day* warrants dismissal. *See Colclazier & Assocs. v. Stephens*, 2012 OK CIV APP 45, ¶ 14,  277 P.3d 1285.

In deciding the "good cause" question under § 2004(I), federal courts rely upon the interpretation of that term under Oklahoma case law. *See Brown*, 897 F. Supp. 2d at 1107; *Wallace*, 596 F.3d at 706. Under Oklahoma law, "[t]he burden rests upon the plaintiff who resists dismissal to demonstrate good cause why service on the defendant was not made within the prescribed 180-day period." *Brown*, 897 F. Supp. 2d at 1107 (quoting *Willis v. Sequoyah House, Inc.*, 2008 OK 87, 194 P.3d 1285).

Plaintiff's burden to show good cause for his untimely service is onerous. "Excuses for failing to serve a party, such as inadvertence, omission, or neglect, do not

4

constitute good cause." *Ennis v. Donahoe*, 2014 U.S. Dist. LEXIS 2304, at *15-16 (N.D. Okla. Jan. 9, 2014).[4] Moreover, "neither actual notice nor lack of prejudice alone equates to good cause." *Kingsley v. City of Okla. City*, 2006 U.S. Dist. LEXIS 64172, at *9 (W.D. Okla. Sept. 7, 2006) (citing *Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1439 (10th Cir. 1994)). In sum, the good-cause provision "should be read narrowly to protect only those plaintiffs who have been meticulous in their efforts to comply with the Rule." *Despain*, 13 F.3d at 1438 (construing the federal rule that parallels § 2004(I)). Plaintiff cannot show good cause for his failure to timely serve Defendants CoxCom, LLC and Cox Communications Kansas, LLC (or any other purported entity that he alleges is correctly named and served), and Plaintiff's claims should be dismissed.

Finally, the third real entity named in the case caption, Cox Oklahoma Telcom, LLC, has not been properly served as of the date of this Motion. Even if service were effected today, such service would fall even further beyond the 180-day deadline than the untimely service on CoxCom, LLC and Cox Communications Kansas, LLC. Accordingly, for the same reasons set forth above, Plaintiff's claims with respect to Cox Oklahoma Telcom, LLC (or any other purported entity that he alleges is correctly named but not served) should be dismissed.

---

[4] Although Oklahoma case law governs the interpretation of § 2004(I), "[t]he Oklahoma Supreme Court has indicated that federal cases may be helpful in interpreting Oklahoma's service of process statute." *Brown*, 897 F. Supp. 2d at 1107 n.8 (citing *Mott v. Carlson*, 1990 OK 10, 786 P.2d 1247).

## CONCLUSION

Plaintiff failed to serve a summons on Defendants within 180 days of filing his Petition, in violation of Oklahoma law. As Plaintiff cannot show good cause for his untimely service of process, his Petition should be dismissed pursuant to OKLA. STAT. tit. 12, § 2004(I).

Respectfully submitted,

NEWTON, O'CONNOR, TURNER & KETCHUM
A PROFESSIONAL CORPORATION


/s/ Rachel B. Crawford
William W. O'Connor, OBA No. 13200
Rachel B. Crawford, OBA No. 20662
Kevin P. Simpson, OBA No. 32120
NEWTON, O'CONNOR, TURNER & KETCHUM, PC
15 West Sixth Street, Suite 2700
Tulsa, OK  74119
(918) 587-0101 – Telephone
(918) 587-0102 – Facsimile
boconnor@newtonoconnor.com
rcrawford@newtonoconnor.com
ksimpson@newtonoconnor.com

ATTORNEYS FOR DEFENDANTS,
COXCOM, LLC
d/b/a COX COMMUNICATIONS TULSA,
COX COMMUNICATIONS KANSAS, LLC, AND
COX OKLAHOMA TELCOM

# 19-5094 / 0048

## CERTIFICATE OF SERVICE

☒    I hereby certify that on <u>October 8, 2015</u>, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

N. Kay Bridger Riley
BRIDGER RILEY & ASSOCIATES
rob@rekellylaw.com

Christopher L. Camp
CAMP LAW FIRM
ccamp@camplawtulsa.com

☐    I hereby certify that on _____, I served the foregoing document by mail on the following, who are not registered participants of the ECF System:

(None)

*/s/ Rachel B. Crawford*
Rachel B. Crawford

# 19-5094 / 0049

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MARK ANTHONY PALZER, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No. 15-CV-564-GKF-TLW |
| COX OKLAHOMA TELECOM, LLC , a Delaware | ) | |
| corporation, CoxCom, Inc., CoxCom, LLC, | ) | |
| Cox Communications, LLC or Cox | ) | |
| Communications, or Cox Communications | ) | JURY TRIAL DEMANDED |
| Kansas, LLC. | ) | ATTORNEY LIEN CLAIMED |
| | ) | |
| Defendant. | ) | |

### PLAINTIFF'S MOTION TO STRIKE OR, IN LIEU THEREOF, RESPONSE TO DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO TIMELY SERVE SUMMONS

Comes now the Plaintiff, Mark Anthony Palzer, and for his *Response to the Defendants' Motion to Dismiss for Failure to Timely Serve Summons* [**Dkt. 8**], would show this Court as follows.

Defendants herein complain that it was not served timely and therefore request the Court to dismiss Plaintiff's removed action.  The Defendants in this case, however, have failed to present ***any evidence to support this request***, and ignore the fact that the decision to grant additional time to obtain service for good cause to the Plaintiffs was made in this matter by Judge Kuehn of the Tulsa County District Court, in the exercise of her discretion, on September 10, 2015.

As **Plaintiff's Exhibit A** shows, the matter was set on a disposition docket for September 10, 2015.  The Order to Appear clearly stated:

**"THIS CASE WILL BE DISMISSED WITHOUT PREJUDICE** by the Court unless counsel appears and shows good cause why this case should remain on the docket."

1

This is a pre-removal issue of late service, and the trial judge found good cause at

the September 10, 2015 disposition docket, at a time when Defendants had not been served and

were not yet parties to the case.  Defendants correctly cite the standard by which this matter

should be decided when they said **[Dkt. 8, p.3]**

> Because Plaintiff served summons upon Defendants before this action was
> removed, Oklahoma law governs the issue of Plaintiff's untimely service. *See Wallace
> v. Microsoft Corp.*, 596 F.3d 703, 706 (10th Cir. 2010) ("[F]ederal courts in removed
> cases look to the law of the forum state . . . to determine whether service of process was
> perfected prior to removal."); *see also Brown v. K-MAC Enters.*, 897 F. Supp. 2d 1098,
> 1106 (N.D. Okla. 2012) ("The validity of service of process in an action before it is
> removed to federal court is determined by the law of the state pursuant to which service
> was made.") (citation omitted).
>
> Under Oklahoma law, a plaintiff must serve a summons upon the defendant
> within 180 days of filing the petition. *See* OKLA. STAT. tit. 12, § 2004(I). In particular,
> the statute provides:
>
>> If service of process is not made upon a defendant within one hundred
>> eighty (180) days after the filing of the petition ***and the plaintiff cannot
>> show good cause why such service was not made within that period[1]***,
>> the action shall be deemed dismissed as to that defendant without
>> prejudice.
>
> *Id.* "The language of § 2004(I), as amended in 2009, is mandatory rather than
> permissive." *Brown*, 897 F. Supp. 2d at 1107.

Emphasis added.

But after that citation, the Defendants' arguments fail, because Defendants thereafter

act as if the emphasized part of Okla. Stat. tit 12, §2004(I) above isn't part of that statute and

they apparently also "assume" that there was no finding of good cause by Judge Kuehn.  It would

be inappropriate for Defendants to assume such a thing, since the Defendants were not involved

at that stage and the case clearly was NOT dismissed without prejudice as it would have been

had Judge Kuehn NOT found good cause.   Plaintiff's undersigned counsel spoke directly with

the Court about the reasons that service had not been obtained, and the Court exercised her

discretion in granting the Plaintiffs an additional 30 days to obtain service.  Since, as the

---

[1] Emphasis added

# 19-5094 / 0051

Defendants agreed, the "validity of service of process in an action before it is removed to federal court is determined by the law of the state pursuant to which service was made", we must next look to Oklahoma law.

Cox Defendants did not file a Motion to Reconsider the Trial Court's failure to dismiss or her discretionary granting of an additional 30 days at the Disposition Docket, rather, the Cox Defendants chose to ignore the Notice of Disposition docket that promised there would be a dismissal if counsel did not appear and show good cause.  Instead, the Defendants simply filed a Motion to Dismiss, ignoring the fact that the State Court made *pre-removal decision* and has already found good cause.  Under Oklahoma law, "A trial judge's decision comes to a court of review clothed with a presumption of correctness." *Willis v. Sequoyah House, Inc.* 2008 OK 87, ¶15, 194 P.3d 1285 ,citing *U.S. Mortgage v. Laubach,* 2003 OK 67, ¶30, 73 P.3d 887, 900 ("On review, we must always indulge in the presumption that a trial court's decision is correct.") and *KMC Leasing, Inc. v. Rockwell-Standard Corp.*, 2000 OK 51, ¶13, 9 P.3d 683, 688-689; *Okla. Turnpike Auth. v. New Life Pentecostal Church of Jenks*, 1994 OK 9, ¶15 n.24, 870 P.2d 762, 768 n.24; (The trial court's decision is presumptively deemed to include a finding of every fact necessary to support it.) and *Carpenter v. Carpenter,* 1982 OK 38, ¶10, 645 P.2d 476, 480 (trial court's decision is presumed to include a finding favorable to the successful party upon every fact necessary to support it); *Cox v. Warford*, 1912 OK 540, ¶1, 126 P. 1026, 1027.  Nonetheless, Defendants filed a Motion to Dismiss, ignoring the prior pre-removal decision of Judge Kuehn so that they could shift the burden of the Motion to the Plaintiffs.   On a proper Motion to Reconsider, the burden would be on the Defendants, but on a Motion to Dismiss, even though dismissal had been considered by the state court a mere 6 days before this case was removed, the burden would be on this Plaintiff to show good cause once again.   Plaintiff asserts that the

Appellate Case: 19-5094   Document: 010110302479   Date Filed: 02/10/2020   Page: 59

Defendants herein are the one with the burden, since this is a ***post-removal case*** in which the trial court has already found that good cause existed.

Under Oklahoma law "Whether good cause has been demonstrated is left largely to the discretion of the trial court." *Willis v. Sequoyah House, Inc.* 2008 OK 87, ¶10, 194 P.3d 1285. Ironically, the good cause in this matter not only dealt with 1) the undersigned counsel's schedule, it dealt with 2) the injuries of co-counsel, N. Kay Bridger-Riley, wherein she tripped on a hidden crack in a downtown parking lot causing her to suffer compound fractures, breaking both legs in multiple places, which required surgery and insertion of rods & screws, 2 weeks of hospitalization, 3 months immobilization, and debilitating pain medications for almost four (4) months after the event, and 3) the utter confusion that was caused by the duplicitous and multiple corporations listed with the Secretary of State for the Plaintiff's employer.

If the Court requires the Plaintiff in this case to once again show good cause, the his counsel are more than willing and able to come forth with the evidence, they will present this same testimony, but as stated earlier, Plaintiffs assert that this Motion to Dismiss should be stricken or taken by the Court to be a motion to reconsider.  In such case the burden would be on the Defendants to show that the trial court abused her discretion in deciding that there was good cause to allow more time to obtain service.

It should be said that now that the Plaintiff knows that Defendant CoxCom, LLC was indeed Plaintiff's former employer and that it "acknowledges service of process", Plaintiff consents to and will take proper action to immediately dismiss all of the other Defendants herein.

While the Defendants herein acknowledge some of the principles set out in *Brown v. K-MAC Enterprises*, 897 F.Supp.2d 1098 (2012), the Plaintiff would point out the similarities of this case and his case.  When deciding whether the state Court correctly granted a Motion to

# 19-5094 / 0053

Vacate her dismissal for failure to timely serve in that case, the Court wrote:

> In the Motion to Vacate filed in state court, Plaintiff identified reasons that granting her motion was in furtherance of justice—namely, that *some of her federal claims would be untimely if she was forced to file a new lawsuit.* Although the state court did not explain its reasoning, it granted the motion "for good cause shown." This Court concludes that the state court was within its discretion to vacate the Rule 9(a) Order pursuant to § 1031(3).[6] Any other result would mean that an Oklahoma court was powerless to vacate its own Rule 9(a) dismissal in order to protect a plaintiff's right to sue, unless the motion to vacate was filed within 30 days of dismissal. Such a result seems inconsistent with ordinary judicial discretion, with the Oklahoma Supreme Court's explanation of "irregularity" set forth above, and with the general preference for deciding cases on their merits. *See generally Boston v. Buchanan,* 89 P.3d 1034, 1042 (Okla.2003) (addressing whether a plaintiff had shown "good cause" as to why case should not be dismissed for failure to prosecute pursuant to Rule 9(b) of the Oklahoma Supreme Court Rules for District Courts) (reasoning that, *"when the substance of a trial court disposition-docket dismissal of a claim at issue will have the necessary result of barring a merits adjudication upon that claim's refiling, the trial court should take a hard look at the circumstances before it"* and that "[c]ircumstances which would support a finding of lack of 'good cause' and dismissal without prejudice might well not support such a finding when the dismissal is terminal"). Therefore, the Court concludes that the Vacation Order is not clearly erroneous and did not result in any manifest injustice. To the contrary, the Vacation Order prevented manifest injustice by allowing Plaintiff to pursue claims that would have been time-barred had she been forced to file a new lawsuit.
>
> The Court further finds that the Vacation Order is consistent with federal rules and principles. In federal court, a judge may grant relief from a final order[7] for "any other reason that justifies relief." *See* Fed.R.Civ.P. 60(b). This Court would be well within its discretion to vacate a dismissal without prejudice in order to prevent a plaintiff from forfeiting claims. Based on the reasons set forth in the Motion to Vacate and specifically in order to protect Plaintiff's right to assert certain claims, this Court would have exercised its own discretion to permit Plaintiff to file an amended pleading rather than file a new lawsuit. Thus, even giving no deference whatsoever to the state court judge's decision and applying federal standards, the Court would still deny the motion to reconsider.

*Brown v. K-MAC Enterprises* at 1105-1106.   In the case at hand,  all of Mr. Palzer's

federal claims would be barred as federal law holds that the state Court savings statute

does not apply to employee discrimination cases.  And, indeed, as shown on Exhibit A,

all of the claims were subject to dismissal without the discretionary finding of good cause

# 19-5094 / 0054

at the September 10, 2015 disposition docket – just as in the *Boston v. Buchannon* case where the issue arose on a

Therefore, the Plaintiff submits that this Court strike the Defendant's Motion to Dismiss in that the trial court at the disposition docket on September 10, 2015 clearly decided that there was good cause to grant additional time for service and that this decision was made pre-removal.   Thus, the Defendants should have filed a Motion to Reconsider since their Motion is pursuant to OKLA. STAT. tit. 12, § 2004(I)

## CONCLUSION

Plaintiff did fail to serve a summons on Defendants within 180 days of filing his Petition, but has already been required to show "good cause" for his untimely service of process pursuant to OKLA. STAT. tit. 12, § 2004(I) under the specific threat of dismissal in the State Court before this case was removed.  As Plaintiff has already shown good cause and a pre-removal decision was made that the case would NOT be dismissed, the Defendants should have filed a Motion to Reconsider this decision.  However, under Oklahoma law and Federal law, this Court would find that good cause existed for the delay.

  _/c/ Christopher L. Camp_____
Christopher L. Camp, OBA #18541
Camp Law Firm
7122 South Sheridan Rd Suite #2-382
Tulsa OK 74133
(918) 200-4871
ccamp@camplawtulsa.com
Attorney for Plaintiff, Mark Anthony Palzer

6

**CERTIFICATE OF SERVICE**

I hereby certify that on November 2, 2015, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

William W. O'Connor,
Rachel B. Crawford,
Kevin P. Simpson

_/s/Christopher L. Camp_____
Christopher L. Camp

# 19-5094 / 0056



**F I L E D**

AUG 2 4 2015

**SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY**

TO:

CHRISTOPHER CAMP
7122 S. SHERIDAN RD., STE. #2-382
TULSA, OK 74133



## IN THE DISTRICT COURT OF TULSA COUNTY
## STATE OF OKLAHOMA

MARK ANTHONY PALZER,
Plaintiff,
vs.
COX OKLAHOMA TELECOM LLC, et al,
Defendant(s).

Case #: CJ-2015-243

Judge: Dana Kuehn

### NOTICE OF DISPOSITION DOCKET

Pursuant to 12 Oklahoma Statutes Section 1083, **NOTICE IS HEREBY GIVEN** that the above case
is scheduled for disposition for failure to prosecute on the above Judge's disposition docket to be
held on **September 10, 2015** at **1:30 PM** in **Courtroom 701**.

**THIS CASE WILL BE DISMISSED WITHOUT PREJUDICE** by the Court unless counsel appears
and shows good cause why the case should be allowed to remain on the docket.

8-24-15

Dated

**DANA LYNN KUEHN**

Judge of the District Court

CERTIFICATE OF MAILING

I hereby certify that on _____ 8-24 _____, 20 15, I mailed a true and correct copy of this
Notice to the following persons, and filed a true and correct copy in this case.
To: Christopher Camp, 7122 S. Sheridan Rd., Ste. #2-382, Tulsa, OK 74133.

Deputy Court Clerk

**United States District Court**
**Northern District of Oklahoma**

**Notice of Electronic Filing**

**Notice of Electronic Filing**

The following transaction was entered on 11/4/2015 at 1:28 PM CST and filed on
11/3/2015

| | |
|---|---|
| **Case Name:** | Palzer v. Cox Oklahoma Telcom, LLC et al |
| **Case Number:** | 4:15-cv-00564-GKF-TLW |
| **Filer:** | Mark Anthony Palzer |
| **Document Number:** | 19(No document attached) |

**Docket Text:**
**MOTION to Strike Document(s)** *(submitted as part of [18]* **(Re: [8] MOTION
to Dismiss ) by Mark Anthony Palzer (sac, Dpty Clk)**

**4:15-cv-00564-GKF-TLW Notice has been electronically mailed to:**

Christopher Lincoln Camp     camplawfirm@gmail.com

Kevin Paul Simpson     ksimpson@newtonoconnor.com,
lmcpherson@newtonoconnor.com, sholland@newtonoconnor.com

N Kay Bridger-Riley     kay@bridger-riley.com

Rachel B Crawford     rcrawford@newtonoconnor.com,
LMcPherson@newtonoconnor.com, mhughes@newtonoconnor.com,
sholland@newtonoconnor.com

William Walker O'Connor     BOConnor@newtonoconnor.com,
lwilliams@newtonoconnor.com, tbridges@newtonoconnor.com

**4:15-cv-00564-GKF-TLW Notice has not been electronically mailed to:**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

MARK ANTHONY PALZER,    )
an individual,    )
    )
    Plaintiff,    )
    )
vs.    )    Case No. 15-CV-564-GKF-TLW
    )
COX OKLAHOMA TELECOM, LLC,    )
a Delaware corporation, CoxCom, Inc.,    )
CoxCom, LLC, Cox Communications,    )
LLC, or Cox Communications, or Cox    )
Communications Kansas, LLC,    )
    )
    Defendants.    )

## DEFENDANTS' REPLY BRIEF IN SUPPORT
## OF THEIR MOTION TO DISMISS

Pursuant to Federal Rule of Civil Procedure 12(b)(5) and OKLA. STAT. tit. 12, § 2004(I), Defendants[1] respectfully submit this reply brief in support of their Motion to Dismiss Plaintiff's Petition [Dkt. No. 8] for failing to timely serve summons upon Defendants.

In response to Defendants' Motion to Dismiss, Plaintiff argues the state court from which this action was removed ruled in Plaintiff's favor on the "good cause" issue under OKLA. STAT. tit. 12, § 2004(I), and, therefore, the issue of Plaintiff's untimely service is not properly before this Court. However, because Plaintiff presents <u>no</u>

---

[1] With regard to the proper and improper parties to this action, Defendants incorporate the same objections and clarifications presented in their opening brief.

<u>evidence</u> the state court did, in fact, find good cause for his failure to timely serve process on Defendants, the issue of untimely service is properly before this Court.  Even assuming the state court made any ruling on "good cause," that ruling related only to good cause under OKLA. STAT. tit. 12, § 1083, and not under § 2004(I).  Similarly, because Plaintiff's cursory "good cause" arguments wholly lack evidentiary support and would be legally insufficient to justify a 238-day lapse in service even if assumed to be true, Defendants respectfully request the Court dismiss Plaintiff's Petition for failure to timely serve summons.

## I.  Plaintiff Presents No Competent Evidence that the State Court Ruled on the "Good Cause" Issue or Extended Plaintiff's Deadline to Serve Summons.

Plaintiff's argument against dismissal hinges on a single, unsupported assertion: "that the [state] trial court at the disposition docket on September 10, 2015 clearly decided that there was good cause to grant additional time for service and that this decision was made pre-removal."  *See* Plaintiff's Motion to Strike or, in Lieu thereof, Response to Defendant's Motion to Dismiss for Failure to Timely Serve Summons [Dkt. No. 18] ("Plaintiff's Response"), at 6.  In furtherance of his argument, Plaintiff attaches a "Notice of Disposition Docket" which notified Plaintiff of the Court's disposition docket to be held on September 10, 2015, stating the case "will be dismissed without prejudice by the Court unless counsel appears and shows good cause why the case should be allowed to remain on the docket."  *See* Plaintiff's Response, Exhibit A.  Critically,

2

Plaintiff provides *no evidence* regarding what transpired in the state court proceedings following the Court's issuance of the Notice of Disposition Docket.

**A. The Notice of Disposition Docket Does Not Support Plaintiff's Assertions.**

The Notice of Disposition Docket, standing alone, does not substantiate Plaintiff's claims that (1) the state court ruled in Plaintiff's favor on the issue of good cause under OKLA. STAT. tit. 12, § 2004(I), and (2) the state court "exercised her discretion in granting the Plaintiffs [*sic*] an additional 30 days to obtain service." *See* Plaintiff's Response, at 2. All the notice shows is that Plaintiff was required to appear on September 10, 2015 to show good cause why the case should not be dismissed. The notice does *not* show that the court granted Plaintiff an additional 30 days to obtain service or that the court ruled on the good cause issue under § 2004(I). Plaintiff fails to attach any written response he submitted in response to the court's show cause order. Nor does Plaintiff attach a written order memorializing any order the court may have issued from the bench or a transcript or minutes of the show-cause hearing. Finally, the state court docket sheet does not contain any entry reflecting the outcome of the show-cause hearing. *See* Exhibit 1, Certified State Court Docket Sheet of *Palzer v. Cox Oklahoma Telecomm, LLC, et al.*, No. CJ-2015-243.

Accordingly, the only "evidence" of what transpired in state court during or after the show-cause hearing is the unsworn representations of Plaintiff's counsel in Plaintiff's Response. But in the context of § 2004(I), these bald assertions are insufficient

3

as a matter of law for Plaintiff to show good cause.  See *Jacks v. CMH Homes, Inc.*, 2015

U.S. Dist. LEXIS 58601, at *3 (W.D. Okla. May 5, 2015) (citing *Willis v. Sequoyah House,*

*Inc.*, 2008 OK 87, 194 P.3d 1285, 1290 (Okla. 2008)) ("Plaintiffs must show good cause for

the occasioned delay by more than a lawyer's conclusory references in an argument to

the court. Counsel's unsworn representations do not rise to the level of proof of good

cause contemplated by the terms of [section] 2004(I).").  Although the unsworn

representations in *Jacks* related to the substantive cause for plaintiff's delay, the

principle of the holding applies with equal force here.  Plaintiff's counsel cannot simply

assert, without evidence, what rulings or findings the state court made.  This Court

should not be bound by the rulings of other courts without proof such rulings were

actually made.

### B.  Any Alleged Ruling on Good Cause Related Only to OKLA. STAT. tit. 12, § 1083.

Having failed to offer competent evidence reflecting the state court's rulings,

Plaintiff resorts to flawed deductive reasoning.  If the court had not ruled in his favor

on the good cause issue, Plaintiff argues, the case would have been dismissed pursuant

to the show-cause order.  But this logic wrongly conflates two separate issues of "good

cause."   The show-cause order required Plaintiff to show "good cause why the case

should be allowed to remain on the docket."  *See* Plaintiff's Response, Exhibit A.  That is

a different requirement from the good cause provision in § 2004(I).  Even assuming the

state court ruled there was good cause not to dismiss the case, there is *no indication* the

4

court conducted the exacting good cause analysis required under § 2004(I).  Indeed, the

Notice of Disposition Docket suggests otherwise, as the notice was issued "pursuant to

12 Oklahoma Statutes Section 1083."  *See* Plaintiff's Response, Exhibit A.  That statute

provides:

> [a]ny action in which **no pleading has been filed or other action taken for a year and in which no motion or demurrer has been pending during any part of said year** shall be dismissed without prejudice by the court on its own motion after notice to the parties or their attorneys of record; providing, the court may upon written application and for good cause shown, by order in writing allow the action to remain upon its docket.

OKLA. STAT. tit. 12, § 1083 (emphasis added).  The state court's show-cause order was

thus plainly triggered by the case's general lack of activity, and not by Plaintiff's specific

failure to timely effect service.  Accordingly, even if the Court presumes the state court

ruled on the good cause question (without any order so indicating) pursuant to the

show-cause order, that finding would relate only to the good-cause requirement under

§ 1083, and not that under § 2004(I).

    In nearly identical circumstances, this Court held a state court's good-cause

finding is not binding on a federal court when the good cause pertains to a different

issue.  *See Brown v. K-MAC Enters.*, 897 F. Supp. 2d 1098, 1107 (N.D. Okla. 2012) (holding

the state court's finding of good cause related to "Plaintiff's failure to issue summons

within 90 days of filing the Petition, not Plaintiff's failure to timely serve process within

180 days of filing the Petition").  Accordingly, the good-cause issue under § 2004(I) has

not been adjudicated and remains live for a ruling by this Court.

# 19-5094 / 0063

**II.      Plaintiff Has Failed to Show Good Cause under § 2004(I).**

Plaintiff states if he is required to show good cause for his failure to timely serve

Defendants, "his counsel is more than willing and able to come forth with the evidence,

[and] they will present this same testimony" as was allegedly presented to the state

court. *See* Plaintiff's Response, at 4.  But the forum for presenting such evidence was

Plaintiff's Response, and he wholly failed to do so.

Plaintiff alleges his counsel delayed serving Defendants because of (1) his

counsel's schedule, (2) the injuries sustained by one of Plaintiff's co-counsel, and (3)

confusion over Defendants' corporate structure.   But Plaintiff fails to attach a sworn

affidavit from himself or either of his attorneys validating these assertions, and there is

thus no competent evidence to support them. *See Jacks*, 2015 U.S. Dist. LEXIS 58601, at

*3 ("Plaintiffs must show good cause for the occasioned delay by more than a lawyer's

conclusory references in an argument to the court. Counsel's unsworn representations

do not rise to the level of proof of good cause contemplated by the terms of § 2004(I).").

Even if Plaintiff's unsupported assertions are true, they do not amount to good

cause under § 2004(I).  Plaintiff's first argument—that he untimely served Defendants

because of "the undersigned counsel's schedule"—is utterly devoid of detailed facts or

reasoning.  There is no explanation how or why Plaintiff's counsel's schedule, in fact,

prevented Plaintiff from serving Defendants for a time period of six months.

# 19-5094 / 0064

The second reason—that Plaintiff's co-counsel sustained serious injuries that required her to take debilitating pain medication for four months—is equally insufficient.  Plaintiff offers no explanation why his *other* counsel, who signed Plaintiff's Response and to whom the state court issued the show-cause notice, could not effect service on Defendants while co-counsel recovered.  Surely service of summons does not require two lawyers working tirelessly for 238 days.  Tellingly, Plaintiff's Response is vague regarding *when* within the 180-day service window his co-counsel was injured.

Plaintiff's third excuse for failing to timely serve summons is no more compelling than the first two.  Plaintiff asserts delay was justified because of the "utter confusion that was caused by the duplicitous[2] and multiple corporations listed with the Secretary of State for the Plaintiff's employer."  Plaintiff's Response, at 4.  First, even assuming Plaintiff's counsel had difficulty determining which Cox entity employed Plaintiff, this is no excuse for the extended delay in timely service.  To begin with, Plaintiff's counsel brought suit against and served a Cox entity in 2009 which Plaintiff also named in this action: CoxCom, Inc.  *See* Exhibit 2, Summons issued October 1, 2009 in *Laub v. Cox Communications, Inc., et al.*, Case No. CJ-2009-3148.  Plaintiff's counsel was thus on notice of and familiar with Cox's corporate structure.

---

[2] Presumably Plaintiff meant the entities are "duplicative" and not "duplicitous."  To the extent Plaintiff contends any of the entities associated with Defendant are duplicitous, Plaintiff offers no support for that offensive and unfounded assertion.

Moreover, despite his professed confusion, Plaintiff served summons on Defendants a mere *four days* after the show-cause hearing (the same day, Plaintiff also obtained summons from the court clerk).  *See* Summons Served upon CoxCom, Inc., on September 14, 2015 [Dkt. No. 2-3].  Plaintiff's ability to serve Defendants within four days of obtaining summons from the clerk demonstrates there is no good cause for the 238-day lapse between filing the Petition and serving Defendants.

Finally, this Court has previously rejected the exact argument Plaintiff makes here.  *See Brown*, 897 F. Supp. 2d at 1108 (rejecting plaintiff's good-cause argument that "at the time of filing, Plaintiff was unsure of the proper defendant in the action due to the complexities of the relationship between K-MAC Enterprises and Taco Bell of America, Inc."); *see also McKee v. Osage Nursing Homes, Inc.* (rejecting argument that "there was good cause for the delay [in service], because of confusion caused by the name under which [defendant] operated").  Accordingly, even if Plaintiff truly was confused by Cox's corporate structure, that alone is insufficient to demonstrate good cause for failing to timely serve Defendants.

## III.    The Practical Effect of a Dismissal Without Prejudice Does Not Outweigh Plaintiff's Failure to Show Good Cause.

Plaintiff urges the Court to proceed cautiously in dismissing his Petition without prejudice.  He notes that his federal claims would be time-barred if he were required to re-file his Petition, citing *Brown v. K-MAC Enters.*, 897 F. Supp. 2d 1098, 1108 (N.D. Okla. 2012), for the proposition that "when the substance of a trial court disposition-docket

dismissal of a claim at issue will have the necessary result of barring a merits adjudication upon that claim's refiling, the trial court should take a hard look at the circumstances before it."

But Plaintiff neglects to note that the holding of *Brown* is directly adverse to his position. The lengthy portion cited by Plaintiff relates to this Court's ruling on whether the state court in that case properly vacated its own order dismissing plaintiff's petition for failure to issue summons within 90 days after filing of the petition. This Court held the state court was within its discretion to vacate its dismissal order. It was in this context that the Court referred to the "hard look" principle, under which the state court could reasonably have found good cause on the facts before it.

The issue of good cause under § 2004(I), however, still remained for this Court to decide. The Court concluded plaintiff had not met his burden, holding defendant's allegedly confusing corporate structure did not amount to good cause for untimely service of process. The Court reached that holding *despite* its acknowledgement that courts should take a "hard look" at the circumstances before effectively dismissing federal claims with prejudice. *Brown*, 897 F. Supp. at 1108.

Here, as in *Brown*, Plaintiff makes inadequate good cause arguments that lack evidentiary support. Accordingly, notwithstanding the effect on Plaintiff's federal claims of dismissal without prejudice, the Court should hold Plaintiff has not shown good cause and dismiss his Petition.

# 19-5094 / 0067

**IV.    Plaintiff's Response Should Not Be Construed as a Motion to Strike.**

Plaintiff urges that Defendant's Motion to Dismiss should be "stricken or taken by the Court as a motion to reconsider." Plaintiff's Response, at 4. Plaintiff argues this approach is warranted because the state court has already ruled on the good-cause issue, and Defendants have improperly shifted the burden to show good cause to Plaintiff. As discussed above, however, the state court did *not* rule on the good-cause issue under § 2004(I). Indeed, Plaintiff has failed to present competent evidence that the state court issued a ruling *at all*. There is nothing for this Court to reconsider, and there is no justification for striking Defendant's Motion to Dismiss. Plaintiff's request for the Court to strike Cox's Motion to Dismiss is also improper, as requests for relief cannot be made in response briefs in this District. *See* N.D. LCvR7.2(e); *see also Hayes v. Smithkline Beecham Corp.*, 2008 U.S. Dist. LEXIS 94697, at *n.1 (N.D. Okla. Nov. 20, 2008).

**IV.    Conclusion**

Plaintiff has failed to prove the state court ruled in his favor on the good cause issue under § 2004(I), and that issue is thus properly before this court. Plaintiff has also failed to demonstrate good cause exists for his failure to timely serve Defendants. The unsworn statements of Plaintiff's counsel are incompetent evidence as a matter of law. But even taking those assertions as true, Plaintiff has not meet the good-cause requirement set forth in 2004(I). Accordingly, Defendants respectfully request the Court dismiss Plaintiff's Petition.

Respectfully submitted,

NEWTON, O'CONNOR, TURNER & KETCHUM
A PROFESSIONAL CORPORATION


/s/ Rachel B. Crawford
William W. O'Connor, OBA No. 13200
Rachel B. Crawford, OBA No. 20662
Kevin P. Simpson, OBA No. 32120
NEWTON, O'CONNOR, TURNER & KETCHUM, PC
15 West Sixth Street, Suite 2700
Tulsa, OK  74119
(918) 587-0101 – Telephone
(918) 587-0102 – Facsimile
boconnor@newtonoconnor.com
rcrawford@newtonoconnor.com
ksimpson@newtonoconnor.com

**ATTORNEYS FOR DEFENDANTS,**
**COXCOM, LLC**
**d/b/a COX COMMUNICATIONS TULSA,**
**COX COMMUNICATIONS KANSAS, LLC, AND**
**COX OKLAHOMA TELCOM**

**CERTIFICATE OF SERVICE**

☒ I hereby certify that on <u>November 17, 2015</u>, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

N. Kay Bridger Riley
BRIDGER RILEY & ASSOCIATES
rob@rekellylaw.com

Christopher L. Camp
CAMP LAW FIRM
ccamp@camplawtulsa.com

☐ I hereby certify that on _____, I served the foregoing document by mail on the following, who are not registered participants of the ECF System:

(None)

<u>/s/ Rachel B. Crawford   </u>
Rachel B. Crawford


# OKLAHOMA
## State Courts Network

The information on this page is NOT an official record. Do not rely on the correctness or completeness of this information. Verify all information with the official record keeper. The information contained in this report is provided in compliance with the Oklahoma Open Records Act, 51 O.S. 24A.1. Use of this information is governed by this act, as well as other applicable state and federal laws.

## IN THE DISTRICT COURT IN AND FOR TULSA COUNTY, OKLAHOMA

MARK ANTHONY PALZER,
    Plaintiff,

v.

COX OKLAHOMA TELECOM LLC,
    Defendant, and

COX COM INC,
    Defendant, and

COXCOM LLC,
    Defendant, and

COX COMMUNICATIONS,
    Defendant, and

COX COMMUNICATIONS KANSAS LLC,
    Defendant.

**No. CJ-2015-243**
**(Civil relief more than $10,000: WRONGFUL TERMINATION)**

Filed: 01/20/2015
Closed: 10/16/2015

Judge: Kuehn, Dana

## PARTIES

COX COM INC, Defendant
COX COMMUNICATIONS, Defendant
COX COMMUNICATIONS KANSAS LLC, Defendant
COX OKLAHOMA TELECOM LLC, Defendant
COXCOM LLC, Defendant
PALZER, MARK ANTHONY, Plaintiff

## ATTORNEYS

**Attorney**

Camp, Christopher (Bar #18541)
7122 S. SHERIDAN RD., STE. #2-382
TULSA, OK 74133

**Represented Parties**

PALZER, MARK ANTHONY

## EVENTS

**EXHIBIT 1**
# 19-5094 / 0071

| Event | Party | Docket | Reporter |
|---|---|---|---|
| Thursday, September 10, 2015 at 13:30 PM | | | |
| DISPOSITION HEARING DOCKET | | Dana Kuehn | |

## ISSUES

For cases filed before 1/1/2000, ancillary issues may not appear except in the docket.

**Issue # 1.** Issue: WRONGFUL TERMINATION (TERMINATE)
Filed By: PALZER, MARK ANTHONY
Filed Date: 01/20/2015

| Party Name | Disposition Information |
|---|---|
| <u>Defendant:</u> COX COMMUNICATIONS | **Disposed: TRANSFERRED TO ANOTHER JURISDICTION, 10/16/2015. Dismissed-Transferred to Another Jurisdiction** |
| <u>Defendant:</u> COX OKLAHOMA TELECOM LLC | **Disposed: TRANSFERRED TO ANOTHER JURISDICTION, 10/16/2015. Dismissed-Transferred to Another Jurisdiction** |
| <u>Defendant:</u> COXCOM LLC | **Disposed: TRANSFERRED TO ANOTHER JURISDICTION, 10/16/2015. Dismissed-Transferred to Another Jurisdiction** |
| <u>Defendant:</u> COX COMMUNICATIONS KANSAS LLC | **Disposed: TRANSFERRED TO ANOTHER JURISDICTION, 10/16/2015. Dismissed-Transferred to Another Jurisdiction** |
| <u>Defendant:</u> COX COM INC | **Disposed: TRANSFERRED TO ANOTHER JURISDICTION, 10/16/2015. Dismissed-Transferred to Another Jurisdiction** |

## DOCKET

| Date | Code | Description | Count | Party | Amount |
|---|---|---|---|---|---|
| 01-20-2015 | TEXT | CIVIL RELIEF MORE THAN $10,000 INITIAL FILING. | 1 | | |
| 01-20-2015 | TERMINATE | WRONGFUL TERMINATION | | | |
| 01-20-2015 | DMFE | DISPUTE MEDIATION FEE | | | $ 2.00 |
| 01-20-2015 | PFE1 | PETITION<br>Document Available (#1028257310) ⧉TIFF ⧉PDF | | | $ 163.00 |
| 01-20-2015 | PFE7 | LAW LIBRARY FEE | | | $ 6.00 |

| Date | Code | Description | Count | Party | Amount |
|------|------|-------------|-------|-------|--------|
| 01-20-2015 | OCISR | OKLAHOMA COURT INFORMATION SYSTEM REVOLVING FUND | | | $ 25.00 |
| 01-20-2015 | CCADMIN02 | COURT CLERK ADMINISTRATIVE FEE ON $2 COLLECTIONS | | | $ 0.20 |
| 01-20-2015 | OCJC | OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND | | | $ 2.00 |
| 01-20-2015 | OCASA | OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES | | | $ 5.00 |
| 01-20-2015 | CCADMIN04 | COURT CLERK ADMINISTRATIVE FEE ON COLLECTIONS | | | $ 0.50 |
| 01-20-2015 | LTF | LENGTHY TRIAL FUND | | | $ 10.00 |
| 01-20-2015 | TEXT | OCIS HAS AUTOMATICALLY ASSIGNED JUDGE KUEHN, DANA TO THIS CASE. | | | |
| 01-20-2015 | ACCOUNT | RECEIPT # 2015-3013079 ON 01/20/2015. PAYOR:BRIDGER RILEY & ASSO TOTAL AMOUNT PAID: $213.70. LINE ITEMS: CJ-2015-243: $163.00 ON AC01 CLERK FEES. CJ-2015-243: $6.00 ON AC23 LAW LIBRARY FEE. CJ-2015-243: $0.70 ON AC31 COURT CLERK REVOLVING FUND. CJ-2015-243: $5.00 ON AC58 OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES. CJ-2015-243: $2.00 ON AC59 OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND. CJ-2015-243: $2.00 ON AC64 DISPUTE MEDIATION FEES. CJ-2015-243: $25.00 ON AC79 OCIS REVOLVING FUND. CJ-2015-243: $10.00 ON AC81 LENGTHY TRIAL FUND. | | | |
| 08-20-2015 | CTFREE | KUEHN, DANA: NOTICE OF DISPOSITION DOCKET HEARING IS SET ON 9-10-15 AT 1:30 PM, COURTROOM 701. NOTICE MAILED TO MARK PALZER. | | | |
| 08-24-2015 | NODD | NOTICE OF DISPOSITION DOCKET / CERT OF MAILING Document Available (#1030706877) 📄TIFF 📄PDF | | | |
| 09-10-2015 | SMF | SUMMONS FEE (CLERKS FEE)-6 | | | $ 30.00 |
| 09-10-2015 | SMIMA | SUMMONS ISSUED - MAILED BY ATTORNEY-6 | | | |

| Date | Code | Description | Count | Party | Amount |
|------|------|-------------|-------|-------|--------|
| 09-10-2015 | ACCOUNT | RECEIPT # 2015-3170560 ON 09/10/2015. PAYOR:BRIDGER RILEY & ASSO TOTAL AMOUNT PAID: $30.00. LINE ITEMS: CJ-2015-243: $30.00 ON AC01 CLERK FEES. | | | |
| 09-25-2015 | ACCOUNT | RECEIPT # 2015-3180452 ON 09/25/2015. PAYOR:INSUFFICIENT CHECK FOR RECEIPT #3170560. TOTAL AMOUNT PAID: $-30.00. LINE ITEMS: CJ-2015-243: $-30.00 ON AC01 CLERK FEES. | | | |
| 10-16-2015 | NORM | NOTICE OF REMOVAL TO FEDERAL COURT (15-CV-564-GKF-TLW) Document Available (#1030903396) ▤TIFF ▤PDF | | | |
| 10-16-2015 | DISPTFR | NOTICE OF REMOVAL | 1 | COX COM INC | |
| 10-16-2015 | DISPTFR | NOTICE OF REMOVAL | 1 | COX COMMUNICATIONS | |
| 10-16-2015 | DISPTFR | NOTICE OF REMOVAL | 1 | COX COMMUNICATIONS KANSAS LLC | |
| 10-16-2015 | DISPTFR | NOTICE OF REMOVAL | 1 | COX OKLAHOMA TELECOM LLC | |
| 10-16-2015 | DISPTFR | NOTICE OF REMOVAL | 1 | COXCOM LLC | |

I, Sally Howe Smith, Court Clerk, for Tulsa County, Oklahoma, hereby certify that the foregoing is a true, correct and full copy of the instrument herewith set out as appears on record in the Court Clerk's Office of Tulsa County, Oklahoma, this

NOV 1 7 2015

By _____
Deputy



## ORIGINAL SUMMONS

### IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA, 500 SOUTH DENVER, TULSA, OKLAHOMA 74103

Jan Laub

Plaintiff(s)

vs.

Cox Communication, Inc., Cox
Enterprises, Inc., and CoxCom, Inc.

Defendant(s)

Case No. CJ-2009-3148

Attorney(s) for Plaintiff(s)
Name N. Kay Bridger-Riley
Address 4528 South Sheridan Rd #216
Tulsa, OK 74145
(918) 269-7422
Telephone (918) 794-9690

**DISTRICT COURT**
# FILED

OCT - 1 2009

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

Lisa Remi

Appointed to serve. PSL # 09-18

Authorized by

CoxCom, Inc.

To the above-named Defendant(s)
c/o Corporation Service Company
115 S.W. 89th St.
OKC, OK 73139-8511

You have been sued by the above named plaintiff(s), and you are directed to file a written answer to the attached petition and order in the court at the above address within twenty (20) days after service of this summons upon you exclusive of the day of service. Within the same time, a copy of your answer must be delivered or mailed to the attorney for the plaintiff. Unless you answer the petition within the time stated judgment will be rendered against you with costs of the action.

Issued this 29 day of Sept, 20 09

Sally Howe Smith, Court Clerk

By _____ Deputy Court Clerk

(Seal)

2009 OCT -1 PM 4: 18
SALLY HOWE SMITH
COURT CLERK

This summons and order was served on _____ 9-30-09

(date of service)

_____
(Signature of person serving summons)

YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER. SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THIS SUMMONS.



**Return ORIGINAL for filing.**

Form 2290 (Rev. 11-00) Page 1 of 5 CB

EXHIBIT 2
# 19-5094 / 0075

2004   LS0997201

### PROOF OF SERVICE AFFIDAVIT

ORIGIN: **TULSA COUNTY**         CASE NUMBER:   **CJ 09 3148**

Plaintiff/In Re:   **JAN LAUB**

Defendant(s):   **COX COMMUNICATIONS, INC., ET AL**

---

I, _____Lisa Raines_____, being duly sworn, certify that I received the foregoing, to wit:

Summons/Petition                 Discovery Request

For service upon: *COXCOM, INC.*

And that on  Sep 30, 2009  at  4:04 pm , I served the same on the above named by delivering copies of the same to:   **THE CORPORATION SERVICE COMPANY C/O MARK MILLER** , who identified himself / herself as a/the   Service Agent / Person Authorized To Accept Service   at an address of  115 SW 89TH STREET, OKLAHOMA CITY, OK 73139-8511  which is identified as a

I completed the above service in the following manner:

- ☐ **PERSONAL SERVICE:** By delivering said process to the above named person(s).
- ☐ **RESIDENTIAL SERVICE:** By leaving a copy of said process for the above named, at their usual place of abode or dwelling, with an individual who identified himself / herself as a resident / family member fifteen years of age or older.
- ☐ **PERSONAL / RESIDENTIAL SERVICE:** By personally delievering a copy of said process to the above indicated person and, additionally, by leaving a copy for _____ with said individual who identified himself / herself as a resident / family member fifteen years of age or older.
- ☒ **CORPORATION / PARTNERSHIP / UNICORPORATED ASSOCIATION, ETC. :** By delivering a copy of said process for the above named enity, with the person indicated, as required by law.
- ☐ **POSTED SERVICE:** By affixing a copy of said process at the address indicated, which is believed to be in the possession of the above named individual / enity, in a conspicuous manner as required by law.
- ☐ **SERVICE BY MAIL:** By mailing a copy of said process to the above named at the address indicated as required by law in the following manner:
  - ☐ First Class Mail   ☐ Certified Mail   ☐ Restricted Delivery   ☐ Return Receipt Requested
- ☐ **OTHER INFORMATION:**

Subscribed and sworn to before me this 30 day of _____ 2009 in Oklahoma County.

_____
Notary Public

(SEAL)

# 08010154
EXP. 10/21/12

Undersigned declares under penalty of perjury that the foregoing is true and correct.

_____
Signature of Server      PS #

PSS 09 78

Jerry M. Freeland's

**LEGAL SUPPORT SERVICES OF OKLAHOMA, INC.**
217 N. Harvey, Suite 405 ♦ Oklahoma City, Oklahoma 73102 ♦ (405) 232-1025
*** 33 Years of Service ***

Rev. 1/03/07

# U.S. District Court

## U.S. District Court for the Northern District of Oklahoma

## Notice of Electronic Filing

The following transaction was entered on 1/7/2016 at 6:29 PM CST and filed on 1/7/2016
**Case Name:**      Palzer v. Cox Oklahoma Telcom, LLC et al
**Case Number:**     4:15-cv-00564-GKF-TLW
**Filer:**
**Document Number:** 21(No document attached)

**Docket Text:**

**MINUTE ORDER by Chief Judge Gregory K Frizzell** *Plaintiff's Motion to Strike Defendants' Motion to Dismiss must be denied, as the state trial judge's apparent decision at the disposition docket to allow the case to remain on the docket does not amount to an analysis under 12 O.S. Section 2004(I)* **; denying [19] Motion to Strike Document(s)** (This entry is the Official Order of the Court. No document is attached.) (GKFJ, Judge)


**4:15-cv-00564-GKF-TLW Notice has been electronically mailed to:**

Christopher Lincoln Camp      camplawfirm@gmail.com

Kevin Paul
Simpson      ksimpson@newtonoconnor.com, lmcpherson@newtonoconnor.com, sholland@newtono connor.com

N Kay Bridger-Riley      kay@bridger-riley.com

Rachel B
Crawford      rcrawford@newtonoconnor.com, LMcPherson@newtonoconnor.com, mhughes@newto noconnor.com, sholland@newtonoconnor.com

William Walker
O'Connor      BOConnor@newtonoconnor.com, lwilliams@newtonoconnor.com, tbridges@newtonoc onnor.com

**4:15-cv-00564-GKF-TLW Notice has not been electronically mailed to:**

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OKLAHOMA

MARK ANTHONY PALZER,    )
    )
       **Plaintiff,**    )
    )    **Case No. 15-CV-564-GKF-TLW**
**v.**    )
    )
**COXCOM, LLC,**    )
    )
    )
       **Defendant.**    )

### PLAINTIFF'S BRIEF ON THE ISSUE OF GOOD CAUSE
### WITH SUPPORTING EVIDENCE
### (CORRECTED)

Plaintiff Mark Palzer ("Plaintiff"), pursuant to this Court's *Order* filed on January 14, 2016 **[Dkt. #22]**, hereby submits the following brief and attached evidentiary materials demonstrating good cause for obtaining service on Defendant CoxCom, LLC ("Cox") outside the 180-day time period imposed by 12 O.S. § 2004(I).

### ARGUMENTS AND AUTHORITIES[1]

I.    **Prior to removal, and upon satisfying the statutory mandate that he first make an adequately-supported showing of good cause, Plaintiff obtained an order from the Tulsa County District Court judge granting a brief extension of the service deadline imposed by 12 O.S. § 2004(I).**

OKLA. STAT. tit. 12 § 2004(I) provides, in pertinent part:

SUMMONS: TIME LIMIT FOR SERVICE.  If service of process is not made upon a defendant within one hundred eighty (180) days after the filing of the petition and the plaintiff cannot show good cause why such service was not made within that period, the action shall be deemed dismissed as to that defendant without prejudice.

The language of 12 O.S. § 2004(I), as amended in 2009, is mandatory rather than

---

[1]    Plaintiff incorporates by reference, as if fully set forth herein, the arguments and legal authorities previously presented to this Court by way of Plaintiff's *Response to Defendant's Motion to Dismiss for Failure to Timely Serve Summons*. **[Dkt. #18]**

permissive. *See Colclazier & Assocs. v. Stephens,* 277 P.3d 1285, 1289 (Okla.Civ.App. 2012) (explaining history of § 2004(I) and that current version uses mandatory "shall be deemed dismissed" language). Under the revised statute, when service is effected out of time, the Oklahoma Court of Civil Appeals has held that an action "shall be deemed dismissed as of 181 days following [relevant filing date,] **if** it [is] determined … that [the plaintiff] did not have good cause for the delay in service." *See id.* Thus, Oklahoma courts appear to lack discretion to grant permissive extensions of the service period in the absence of some showing of good cause. *Brown v. K-MAC Enterprises*, 897 F.Supp.2d 1098 (N.D.Okla. 2012).  If, however, a plaintiff makes "some showing of good cause," the court's enlargement of the service period constitutes a proper exercise of the court's discretion. *See id.*

In the instant matter, Plaintiff filed his *Petition* on January 20, 2015.  Thereafter, on August 24, 2015, Oklahoma District Court Judge Dana Kuehn issued a *Notice of Disposition Docket* that provided, in pertinent part:

> **THIS CASE WILL BE DISMISSED WITHOUT PREJUDICE** by the Court unless counsel appears [at 1:30 p.m. on September 10, 2015] and shows good cause why the case should be allowed to remain on the docket.

As reflected by the state court docket,[2] Plaintiff's case was **not** dismissed by Judge Kuehn following the September 10th setting.  In light of the same, and recognizing that Judge Kuehn would have lacked discretion to grant a permissive extension of time to effectuate service in the event that counsel had, in fact, failed to show good cause, one may only conclude that with the issue squarely before her, Judge Kuehn found that Plaintiff satisfied the good cause requirement of Section 2004(I) following a proper

---

[2]    *See*  http://www.oscn.net/dockets/GetCaseInformation.aspx?db=tulsa&cmid=2803566&number=CJ-2015-243

presentation of the circumstances that counsel supported with sufficient evidence and adequate explanation (as opposed to conclusory references and unsworn representations).

Plaintiff would note that unlike some other statutes (*see, e.g.,* 12 O.S. § 2011(C)(3), Section 2004(I) does **not** require the Court to issue an order specifically setting forth its factual findings or the basis for its ruling.  As such, the absence of such an order in the record should in no way be interpreted as an indication that Judge Kuehn failed to "take an especially hard look at the circumstances before [her]" before ruling on Plaintiff's request.

**II.     Plaintiff has come forward with evidence warranting a finding by this Court that there was a reasonable basis for his delay in serving Defendant, which was in good faith and *not* the product of mere inadvertence.**

While the Federal Rules of Civil Procedure do not define "good cause," case law is instructive.  Simply put, "[g]ood cause means a valid reason for delay...." *Coleman v. Milwaukee Bd. of Sch. Directors,* 290 F.3d 932, 934 (7th Cir. 2002).  Good cause" within the meaning of Rule 4(m) is tantamount to "excusable neglect" under FED.R.CIV.P. 6(b)(1)(B), which requires "a demonstration of **good faith** on the part of the party seeking an enlargement and **some reasonable basis** for noncompliance within the time specified in the rules." *MCI Telecomms. Corp. v. Teleconcepts, Inc.,* 71 F.3d 1086, 1097 (3rd Cir. 1995); *quoting Petrucelli v. Bohringer & Ratzinger,* 46 F.3d 1298, 1312 (3rd Cir. 1995); *Putnam v. Morris,* 833 F.2d 903, 904 (10th Cir. 1987); *Madison v. B.P. Oil Co.,* 928 F.Supp. 1132, 1137 (S.D.Ala. 1996) (holding that good cause requires a showing of good faith, and exists when an outside factor such as reliance on faulty advice, catastrophe, or illness, rather than mere inadvertence, prevented timely service).

"[G]ood cause determinations under Rule 4[(m)] [and thus under its state

counterpart, Section 2004(I),][3] entail discretionary conclusions by the district court that will not be disturbed absent an abuse of discretion." *see Floyd v. United States,* 900 F.2d 1045, 1046 (7th Cir. 1990); *citing Geiger v. Allen,* 850 F.2d 330, 333 (7th Cir. 1988). The service deadline was not meant to be enforced harshly or inflexibly. *Id.* at 1049. The harsh sanction of Rule 4(m) is appropriate to those cases in which non-service resulted solely from mere inadvertence. *Geller v. Newell,* 602 F.Supp. 501, 502 (S.D.N.Y.1984). The rule was intended to be "a useful tool for docket management, **not** as an instrument of oppression." *Floyd,* 900 F.2d at 1049; *quoting United States v. Ayer,* 857 F.2d 881, 885–86 (1st Cir. 1988).

Ill health has been found to constitute good cause, particularly where, as here, counsel provides sufficient information regarding her ill health and its incapacitating nature. *Matasareanu v. Williams*, 183 F.R.D. 242 (C.D.Cal. 1998); *citing LeMaster v. City of Winnemucca,* 113 F.R.D. 37, 39 (D.Nev. 1986) (holding plaintiff's counsel's illness constituted good cause for 8-month delay in effectuating service); *Moorehead v. Miller,* 102 F.R.D. 834, 836 (D.Vi. 1984) (same); *Islamic Republic of Iran v. Boeing Co.*, 739 F.2d 464, 465 (9th Cir. 1984) (under "excusable neglect" standard of Fed.R.App.P. 4(a)(5), the illness of counsel "may amount to extraordinary circumstances when the illness is sufficiently physically and/or mentally disabling); *Estate of Zachery v. Questcare, Inc.,* 895 F.Supp. 1472 (M.D.Ala. 1995); *Floyd,* 900 F.2d at 1047; *Varela v.*

---

[3]       In *Cornett v. Carr,* 302 P.3d 769 (Okla. 2013), the Oklahoma Supreme Court noted:

According to the 1984 Committee Comments, 12 O.S.Supp.1984 § 2004(I) was modeled after Fed.R.Civ.P. 4(j). This Court has routinely relied upon federal case law to assist with interpretation of the corresponding sections of the Oklahoma Pleading Code. *See Fanning v. Brown,* 85 P.3d 841, 847 (Okla. 2004) (looking to federal decisions weighing Fed.R.Civ.P. 8 to guide our interpretation of 12 O.S. § 2008); *Graff v. Kelly,* 814 P.2d 489, 493–494 (Okla. 1991) (considering federal case law to evaluate a legal issue arising under § 2004 of the Oklahoma Pleading Code).

*Sanchez,* 814 F.2d 821, 823–24 (1ˢᵗ Cir. 1987).

In *Board of Education v. Aetna Casualty & Surety Co.,* 48 F.R.D. 402 (S.D.N.Y. 1969), counsel's injuries left him fully disabled for three weeks and created a backlog of work. Under these circumstances, it was more than "mere inadvertence" when he overlooked the 10–day deadline for filing a notice of jury demand under Fed.R.Civ.P. 38(b)). The court further explained:

> The morale of our bar has to be a matter of steady concern. The public interest commands that we be rigorous in penalizing unexplained neglect, especially where it results in prejudice or injury to opposing parties or counsel. On the other hand, the good temper of the profession, upon which all are dependent, requires that we be solicitous concerning the human frailties and mishaps that afflict lawyers no less than the generality of mankind, especially when regard for such misfortunes is not indulged at a high cost in prejudice or injury to others.

> It is in these terms a matter of weight when a lawyer is driven to plead on oath that personal injuries leading to disability and a backlog resulting therefrom account for brief tardiness in making demand for his client's constitutional right to a jury trial. The court is not disposed to weigh with a jeweler's precision the physical and emotional pressures upon counsel against the few days of grace at stake herein.

*Id.* at 403.

As set forth in detail in the sworn *Affidavit of Kay Bridger-Riley,* attached hereto, Plaintiff has demonstrated that the severe injury suffered by his attorney, followed by a hospital stay, a lengthy recovery period (during which she was heavily medicated for several months, was not ambulatory, and was unable to work, clearly think, or productively function for much of that time), and an oppressive backlog of work, constitutes "more than mere inadvertence," satisfying the good cause requirement as defined above. **[*See* Ex. 1]**

**III.    Since a dismissal without prejudice would, in effect, constitute a dismissal <u>with</u> prejudice in this case, this Court should resolve any doubt in favor of a finding that Plaintiff has made a sufficient showing of good cause.**

In *Boston v. Buchanan*, 89 P.3d 1034, 1042 (Okla. 2003), the Oklahoma Supreme Court cautioned:

> [W]hen the substance of a trial court disposition-docket dismissal of a claim at issue will have the necessary result of barring a merits adjudication upon that claim's re-filing, the trial court should take a hard look at the circumstances before it.  **Circumstances which would support a finding of lack of "good cause" and dismissal without prejudice <u>might well *not* support such a finding when the dismissal is terminal due to § 100</u>.**

In the instant matter, an order dismissing Plaintiff's claims "without prejudice" would still have the effect of terminating Plaintiff's case for all time. Thus, while the determination of whether Plaintiff has sufficiently demonstrated "good cause" is a matter left to the sound discretion of the Court, in exercising such discretion, the Court should nevertheless be guided by the above-quoted principle (which, in turn, is consistent with the universally favored policy of affording parties every opportunity to have their claims heard and resolved on the merits).

**WHEREFORE, premises considered,** Plaintiff Mark Palzer respectfully requests that this Court enter an order denying Defendant's *Motion to Dismiss* in its entirety, and granting Plaintiff all other relief (whether legal, equitable, or both) to which he may be entitled or that the Court deems just and proper.

Respectfully submitted:

CAMP LAW FIRM

By: _____
Christopher L. Camp, OBA #18541
7122 South Sheridan Road, Suite #2-382
Tulsa, Oklahoma  74133
Telephone: (918) 200-4871
Facsimile: (918) 550-8337
E-mail: camplawfirm@gmail.com

**Attorney for Plaintiff**

## CERTIFICATE OF SERVICE

I hereby certify that on January 21, 2016, I electronically transmitted the foregoing instrument to the Clerk of Court using the ECF Sysem for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

William W. O'Connor, Esq.
Rachel B. Crawford, Esq.
Kevin P. Simpson, Esq.

_____
Christopher L. Camp, OBA #18540

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

MARK ANTHONY PALZER, an individual,     )
         )
         Plaintiff,     )
         )
vs.         )
         )    Case No. 15-CV-564-GKF-TLW
COX OKLAHOMA TELECOM, LLC ,  a Delaware   )
corporation, CoxCom, Inc., CoxCom, LLC,   )
Cox Communications, LLC or Cox   )
Communications, or Cox Communications   )    JURY TRIAL DEMANDED
Kansas, LLC.        )    ATTORNEY LIEN CLAIMED
         )
         Defendant.    )


STATE OF OKLAHOMA    )
         ) SS:
COUNTY OF TULSA    )

**AFFIDAVIT OF N. KAY BRIDGER-RILEY**

     I, N. Kay Bridger-Riley, being of lawful age, sound mine, and duly sworn, do upon my

oath state as follows:

     1.    I am a licensed attorney, in good standing with the State of Oklahoma, and have

been since 1979.  I am also a former member of this Court.  In 2006, I resigned my admission to

the United States District Court for the Northern District of Oklahoma.

     2.    I was the attorney hired by Mark Palzar to bring this lawsuit.  I explained to Mark

that I would file his discrimination claims in State Court, but that it was possible that the

Defendants would remove the case to Federal Court, and that if they did, Mr. Chris Camp would

take over the representation because I no longer practice in federal court.

     3.    Mr. Camp and I had an agreement that he would be counsel of record, but only in

the event of removal would his services be required.  Under those conditions, he was listed as

additional counsel in the state court action.

4.      Mark Palzar contacted my office shortly after he received his October 22, 2014 Right to Sue letter from the EEOC.  My office explained to him that I was in the hospital and could not take his call.

5.      On October 14, 2014, I was on my way to a mediation at the offices of Dan Holeman and while walking across the parking lot at 3rd & Boston, I tripped on a deep depression in the parking lot level which was undetectable from my view.  Both of my legs were broken in multiple places.  The left leg femur had actually broken through the skin and was sticking out in the parking lot before they got me into the ambulance. They did surgery the day of the fall and inserted a metal rod in my left leg.  Initially I was told that it was a compound fracture of the tibia along with two fractures of the fibia in the left leg... plus two broken bones in the right foot.   I was in the hospital for almost 2 weeks.  In November, at a follow up visit, in response to my complaints of pain in the right leg, my Orthopedic Surgeon did an xray of both legs and found another break in the right leg (fibia broken and detached from ankle) which is the leg that I'd been using to get around.  My Doctor insisted that I stay totally off my feet for another 4 weeks at that time.  And while I generally live alone, I was ordered by my Doctors to have round-the-clock assistance during this time.  That Order was only lifted on December 2, 2014.  At that time I was still on pain patches that released 25mcg per hour of Fentanyl; 10 mg of Hydrocodone (Vicodine) every 4 hours; 7.5 mg of Percocet prn; and a 10 mg of Xanax before bed each night.  I was not only very loopy, as much as I tried, it was with great difficulty that I got any work done at all.  I got out of the office only five or six times before the end of the year.  My doctor had given me strict orders to stay off my legs and to take all of the pain meds he had prescribed until I finally was able to *begin reducing the Fentanyl* in mid-January of 2016… and

that was a two (2) month process.  The Doctor did not allow me to even start the process of going off of the other meds until I was safely off the Fentanyl which was sometime in March. For several months after that (well into Spring) I was ordered to continue on high doses of the other pain medications.  I still have substantial pain from this accident, but have just learned to live with it.

6.      On January 13, at the time that Mr. Palzar hired me in this matter, the deadline for filing his claim was looming. Since he had called my office just after the accident while I was in the hospital and someone had apparently told him they were sure I could help him after I got out of the hospital, and I was worried that he might miss his deadline for filing within the 90-day filing deadline in his Right to Sue letter.  To my recollection (and after review all of my new matters) Mr. Palzar was the **only** new client I took until this past month. Upon taking his case wherein it *seriously* took me a whole week to draft his rather simple 7-page Petition (filed on January 20, 2015), I realized that I just couldn't take on any more new clients, so I didn't.

6.      In addition to taking no new cases, I also had to call upon nearly all of my close lawyer friends to assist me in Court appearances, review of my drafting, legal research and other matters.  I referred several of my clients who had issues arise to other counsel, and asked other counsel to take over other cases that I was involved in prior to the accident. The reason I only started accepting new cases/clients this past month was because I have only recently felt like I was finally caught up.

7.      On the day that I filed the Petition, I had searched and searched online for his employer contact information for his employer.  But, as shown on **Exhibit A**[1], Cox

---

[1]  Exhibit B is a "cut & paste" of the Business Entities Listed for Cox Communications with a column that I added showing what actual entity you are taken to when you click on the listed entity.

Communications has created numerous entities, making it EXTREMELY difficult to determine who should be served.  I had to have my client check his paycheck to see who should be sued, but then when I went to the Secretary of States office online, the companies were so confusing that (in my diminished capacity) I was unable to determine which of the entities to serve, so I told my assistant to add this to the list of things to do when I was back to normal.  That obviously, either didn't get done, or at least was not calendared as it should have been.  If I would have been able to, I would have served the other side, dismissed the case and refiled, but there is case law that does not allow the Oklahoma savings clause to be used in discrimination cases.

8.     It was early Spring before I was actually doing any legal work of consequence, and even then, not really full time.  From May to this past month I felt like I was in a constant state of catch up. From the time of my accident in mid-October of 2014 up to May of 2015 (when I was really off the pain meds), I called on many of my lawyer friends to help me with cases, attend hearings, and review all of the pleadings I drafted.  When I actually jumped back into my cases, I was so far behind that it took me forever to get caught up, and as mentioned, I took no new clients until that time.

9.     Ironically, Judge Kuehn's office sent the Notice of Disposition Docket to Chris Camp, and NOT to me (*See* **Exhibit B).**  The only reason I can think that she might have done this is that I had called our Chief Judge, Jefferson Sellers, from the hospital because I was worrying about my cases.  It is my understanding that he sent an email to the Judges in all of my cases, informing them of my situation and asking them to notify my office of any hearings and determine whether or not I could attend.  I later learned that he had even sent an email to a Judge in Washington County on a case that I had pending there.

9.      Chris Camp had never met with and didn't know Mark Palzar at all.  I had done all of the investigation and legal work in the matter.  Thankfully, however, he called the day before the disposition docket was set on September 10, to make sure that I was attending the disposition docket.  I had no idea what he was talking about because the Court had not sent me a copy.  I then began again trying to determine to whom I should issue the summons, and (even without the medications) I was still *so confused* as to who should be served that I decided to be safe rather than sorry, and the summons were mailed on September 10, 2014 I issued them to all of the possible Defendants.  Attached hereto are the Receipts showing the mailings of our Summons, along with a copy of the follow up letter I sent to the Secretary of State. **Exhibit C.**

10.      I had an important meeting with an expert witness that was scheduled on September 10, 2015, I asked Mr. Camp to attend the disposition docket for me.

11.      All facts contained herein are ones that I have personal knowledge of and are true and accurate to the best of my knowledge and belief.

Further, Affiant sayeth not.

_____

N. KAY BRIDGER-RILEY

<u>**VERIFICATION**</u>

Now on this 20th day of January, 2016, N. Kay Bridger-Riley, who is personally known to me to be the person she claims to be, voluntarily appeared before me, was sworn, and did inform me that she was doing this of her free act and that all statements made herein are of his/her personal knowledge, and are true and correct to the best of his/her knowledge and belief.

_____

NOTARY PUBLIC,

My Commission Expires:

(SEAL)

Exhibit A
Listings from Secretary of State's office
With added Column Showing Real Corp Entity

Total Results: 11

| Filing Number | Name | Entity Type | Registered Agent | Name Type & Status | What is actually shown on the Page that you go to for Corp Information |
|---|---|---|---|---|---|
| 3700585179 | COX COMMUNICATIONS | Foreign Limited Liability Company | CORPORATION SERVICE COMPANY OKC   OK | Tradename *Active* | **COX OKLAHOMA TELCOM, L.L.C.** |
| 2300584289 | COX COMMUNICATIONS TULSA | Foreign For Profit Business Corporation | CORPORATION SERVICE COMPANY OKC   OK | Tradename *Inactive* | **COXCOM, INC.** |
| 3712328929 | COX COMMUNICATIONS TULSA | Foreign Limited Liability Company | CORPORATION SERVICE COMPANY OKLAHOMA CITY   OK | Tradename *Inactive* | **COXCOM, LLC** |
| 1900455435 | COX COMMUNICATIONS, INC. | Domestic For Profit Business Corporation | DAVID OPP OKLAHOMA CITY   OK | Legal *Former* | **COX SYSTEMS TECHNOLOGY, INC.** |
| 2300639024 | COX COMMUNICATIONS TULSA | Foreign For Profit Business Corporation | SECRETARY OF STATE OKLAHOMA CITY   OK | Tradename *Inactive* | **COX COMMUNICATIONS CENTRAL II, INC.** |
| 3712328929 | COX COMMUNICATIONS OKLAHOMA CITY | Foreign Limited Liability Company | CORPORATION SERVICE COMPANY OKLAHOMA CITY   OK | Tradename *Inactive* | **COXCOM, LLC** |
| 2300584289 | COX COMMUNICATIONS OKLAHOMA CITY | Foreign For Profit Business Corporation | CORPORATION SERVICE COMPANY OKC   OK | Tradename *Inactive* | **COXCOM, INC.** |
| 3700689149 | COX COMMUNICATIONS KANSAS, L.L.C. | Foreign Limited Liability Company | CORPORATION SERVICE COMPANY OKC   OK | Legal *In use* | **COX COMMUNICATIONS KANSAS, L.L.C.** |

1

| 3712328929 | COX COMMUNICATIONS MIDDLE AMERICA | Foreign Limited Liability Company | CORPORATION SERVICE COMPANY OKLAHOMA CITY   OK | Tradename *Withdrawn* | **COXCOM, LLC** |
| 2300584289 | COX COMMUNICATIONS MIDDLE AMERICA | Foreign For Profit Business Corporation | CORPORATION SERVICE COMPANY OKC   OK | Tradename *Withdrawn* | **COXCOM, INC.** |
| 2300639024 | COX COMMUNICATIONS CENTRAL II, INC. | Foreign For Profit Business Corporation | SECRETARY OF STATE OKLAHOMA CITY   OK | Legal *Expired* | **COX COMMUNICATIONS CENTRAL II, INC.** |

2

**FILED**

AUG 2 4 2015

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

TO:

CHRISTOPHER CAMP
7122 S. SHERIDAN RD., STE. #2-382
TULSA, OK 74133

## IN THE DISTRICT COURT OF TULSA COUNTY
## STATE OF OKLAHOMA

MARK ANTHONY PALZER,
Plaintiff,
vs.
COX OKLAHOMA TELECOM LLC, et al,
Defendant(s).

Case #: CJ-2015-243

Judge: Dana Kuehn

### NOTICE OF DISPOSITION DOCKET

Pursuant to 12 Oklahoma Statutes Section 1083, **NOTICE IS HEREBY GIVEN** that the above case is scheduled for disposition for failure to prosecute on the above Judge's disposition docket to be held on **September 10, 2015** at **1:30 PM** in **Courtroom 701**.

**THIS CASE WILL BE DISMISSED WITHOUT PREJUDICE** by the Court unless counsel appears and shows good cause why the case should be allowed to remain on the docket.

_____8-24-15_____          **DANA LYNN KUEHN**
Dated                          Judge of the District Court

### CERTIFICATE OF MAILING

I hereby certify that on _____8-24_____, 20_15_, I mailed a true and correct copy of this Notice to the following persons, and filed a true and correct copy in this case.
To: Christopher Camp, 7122 S. Sheridan Rd., Ste. #2-382, Tulsa, OK 74133.

_____
Deputy Court Clerk

























# *Bridger-Riley & Associates*

N. Kay Bridger-Riley

kay@bridger-riley.com

**A SOLE PROPRIETORSHIP**
3515 E. 74th Street
Tulsa, OK   74136
www.bridger-riley.com

Office: (918) 492-4790
Fax: (918) 492-4790
Cell: (918) 933-9047

Secretary of State
2300 N. Lincoln Blvd, Ste 101
Oklahoma City, OK  73105-4897

     re:  *Mark Palzer v. Cox Oklahoma Telecom, LLC, a Delaware Corporation,* Tulsa County
        District Court Case #CJ-2015-00243
        Service of Summons pursuant to 12 O.S. §2004 and 18 O.S. §1136

Dear Sir:

     I am enclosing two (2) copies of a Summons & Petition issued for Cox Oklahoma Telecom, LLC, a Delaware corporation, which I could not find a listing for on your website as being qualified to conduct business within the state pursuant to 18 O.S. §1136, although this is the company that issued payroll checks to my client who was employed with Cox in Tulsa, OK.

     I am also enclosing a check for $25 Service of Summons fee.    If you need any additional fees or information, please contact me so that we can get this served as soon as possible.

                      Very truly yours,

                      N. Kay Bridger-Riley

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **MARK ANTHONY PALZER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Case No. 15-CV-564-GKF-TLW** |
| **v.** ) | |
| ) | |
| **COXCOM, LLC,** ) | |
| ) | |
| ) | |
| **Defendant.** ) | |

**SUPPLEMENT TO DKT. #24-1**
**TO INCLUDE INADVERTENTLY-OMITTED NOTARY'S VERIFICATION**

Plaintiff Mark Palzer ("Plaintiff") hereby submits the attached *Affidavit of Kay Bridger-Riley* for the purpose of replacing and superseding Exhibit "1" [Dkt. #24-1] to *Plaintiff's Brief on the Issue of Good Cause* [Dkt. #24].   After the filing of Plaintiff's brief, the undersigned counsel learned that the notary's *Verification* page (the sixth and final page of the *Affidavit* as originally prepared) had inadvertently been omitted from the PDF file that was submitted via CM/ECF as Dkt. #24-1.   Aside from restoring the sixth page bearing the notary's *Verification,* the document attached hereto as Exhibit "1 is identical in all other respects to Dkt. #24-1.

Respectfully submitted,

CAMP LAW FIRM

By:  *Christopher L. Camp*
Christopher L. Camp, OBA #18541
7122 South Sheridan Road, Suite #2-382
Tulsa, Oklahoma  74133
Telephone: (918) 200-4871
Facsimile: (918) 550-8337
E-mail: camplawfirm@gmail.com

**Attorney for Plaintiff**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 27, 2016, I electronically transmitted the foregoing instrument to the Clerk of Court using the ECF Sysem for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

William W. O'Connor, Esq.
Rachel B. Crawford, Esq.
Kevin P. Simpson, Esq.

**Christopher L. Camp, OBA #18540**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

MARK ANTHONY PALZER, an individual,      )
     )
                Plaintiff,      )
     )
vs.      )
     )     Case No. 15-CV-564-GKF-TLW
COX OKLAHOMA TELECOM, LLC , a Delaware      )
corporation, CoxCom, Inc., CoxCom, LLC,      )
Cox Communications, LLC or Cox      )
Communications, or Cox Communications      )     JURY TRIAL DEMANDED
Kansas, LLC.      )     ATTORNEY LIEN CLAIMED
     )
                Defendant.      )


STATE OF OKLAHOMA      )
                         ) SS:
COUNTY OF TULSA      )

## AFFIDAVIT OF N. KAY BRIDGER-RILEY

I, N. Kay Bridger-Riley, being of lawful age, sound mine, and duly sworn, do upon my

oath state as follows:

1.       I am a licensed attorney, in good standing with the State of Oklahoma, and have

been since 1979.  I am also a former member of this Court.  In 2006, I resigned my admission to

the United States District Court for the Northern District of Oklahoma.

2.       I was the attorney hired by Mark Palzar to bring this lawsuit.  I explained to Mark

that I would file his discrimination claims in State Court, but that it was possible that the

Defendants would remove the case to Federal Court, and that if they did, Mr. Chris Camp would

take over the representation because I no longer practice in federal court.

3.       Mr. Camp and I had an agreement that he would be counsel of record, but only in

the event of removal would his services be required.  Under those conditions, he was listed as

additional counsel in the state court action.

4.      Mark Palzar contacted my office shortly after he received his October 22, 2014 Right to Sue letter from the EEOC.  My office explained to him that I was in the hospital and could not take his call.

5.      On October 14, 2014, I was on my way to a mediation at the offices of Dan Holeman and while walking across the parking lot at 3rd & Boston, I tripped on a deep depression in the parking lot level which was undetectable from my view.  Both of my legs were broken in multiple places.  The left leg femur had actually broken through the skin and was sticking out in the parking lot before they got me into the ambulance. They did surgery the day of the fall and inserted a metal rod in my left leg.  Initially I was told that it was a compound fracture of the tibia along with two fractures of the fibia in the left leg... plus two broken bones in the right foot.   I was in the hospital for almost 2 weeks.  In November, at a follow up visit, in response to my complaints of pain in the right leg, my Orthopedic Surgeon did an xray of both legs and found another break in the right leg (fibia broken and detached from ankle) which is the leg that I'd been using to get around.  My Doctor insisted that I stay totally off my feet for another 4 weeks at that time.  And while I generally live alone, I was ordered by my Doctors to have round-the-clock assistance during this time.  That Order was only lifted on December 2, 2014.  At that time I was still on pain patches that released 25mcg per hour of Fentanyl; 10 mg of Hydrocodone (Vicodine) every 4 hours; 7.5 mg of Percocet prn; and a 10 mg of Xanax before bed each night.  I was not only very loopy, as much as I tried, it was with great difficulty that I got any work done at all.  I got out of the office only five or six times before the end of the year. My doctor had given me strict orders to stay off my legs and to take all of the pain meds he had prescribed until I finally was able to *begin reducing the Fentanyl* in mid-January of 2016… and

that was a two (2) month process.  The Doctor did not allow me to even start the process of

going off of the other meds until I was safely off the Fentanyl which was sometime in March.

For several months after that (well into Spring) I was ordered to continue on high doses of the

other pain medications.  I still have substantial pain from this accident, but have just learned to

live with it.

6.     On January 13, at the time that Mr. Palzar hired me in this matter, the deadline for

filing his claim was looming. Since he had called my office just after the accident while I was in

the hospital and someone had apparently told him they were sure I could help him after I got out

of the hospital, and I was worried that he might miss his deadline for filing within the 90-day

filing deadline in his Right to Sue letter.  To my recollection (and after review all of my new

matters) Mr. Palzar was the **only** new client I took until this past month. Upon taking his case

wherein it *seriously* took me a whole week to draft his rather simple 7-page Petition (filed on

January 20, 2015), I realized that I just couldn't take on any more new clients, so I didn't.

6.     In addition to taking no new cases, I also had to call upon nearly all of my close

lawyer friends to assist me in Court appearances, review of my drafting, legal research and other

matters.  I referred several of my clients who had issues arise to other counsel, and asked other

counsel to take over other cases that I was involved in prior to the accident. The reason I only

started accepting new cases/clients this past month was because I have only recently felt like I

was finally caught up.

7.     On the day that I filed the Petition, I had searched and searched online for his

employer contact information for his employer.  But, as shown on **Exhibit A**[1], Cox

---

[1]   Exhibit B is a "cut & paste" of the Business Entities Listed for Cox Communications with a
column that I added showing what actual entity you are taken to when you click on the listed
entity.

Communications has created numerous entities, making it EXTREMELY difficult to determine

who should be served.  I had to have my client check his paycheck to see who should be sued,

but then when I went to the Secretary of States office online, the companies were so confusing

that (in my diminished capacity) I was unable to determine which of the entities to serve, so I

told my assistant to add this to the list of things to do when I was back to normal.  That

obviously, either didn't get done, or at least was not calendared as it should have been.  If I

would have been able to, I would have served the other side, dismissed the case and refiled, but

there is case law that does not allow the Oklahoma savings clause to be used in discrimination

cases.

8.     It was early Spring before I was actually doing any legal work of consequence,

and even then, not really full time.  From May to this past month I felt like I was in a constant

state of catch up. From the time of my accident in mid-October of 2014 up to May of 2015

(when I was really off the pain meds), I called on many of my lawyer friends to help me with

cases, attend hearings, and review all of the pleadings I drafted.  When I actually jumped back

into my cases, I was so far behind that it took me forever to get caught up, and as mentioned, I

took no new clients until that time.

9.     Ironically, Judge Kuehn's office sent the Notice of Disposition Docket to Chris

Camp, and NOT to me (*See* **Exhibit B).**  The only reason I can think that she might have done

this is that I had called our Chief Judge, Jefferson Sellers, from the hospital because I was

worrying about my cases.  It is my understanding that he sent an email to the Judges in all of my

cases, informing them of my situation and asking them to notify my office of any hearings and

determine whether or not I could attend.  I later learned that he had even sent an email to a Judge

in Washington County on a case that I had pending there.

9.     Chris Camp had never met with and didn't know Mark Palzar at all.  I had done all of the investigation and legal work in the matter.  Thankfully, however, he called the day before the disposition docket was set on September 10, to make sure that I was attending the disposition docket.  I had no idea what he was talking about because the Court had not sent me a copy.  I then began again trying to determine to whom I should issue the summons, and (even without the medications) I was still *so confused* as to who should be served that I decided to be safe rather than sorry, and the summons were mailed on September 10, 2014 I issued them to all of the possible Defendants.  Attached hereto are the Receipts showing the mailings of our Summons, along with a copy of the follow up letter I sent to the Secretary of State.  **Exhibit C.**

10.     I had an important meeting with an expert witness that was scheduled on September 10, 2015, I asked Mr. Camp to attend the disposition docket for me.

11.     All facts contained herein are ones that I have personal knowledge of and are true and accurate to the best of my knowledge and belief.

Further, Affiant sayeth not.

_N. Kay Bridger-Riley_

## VERIFICATION

Now on this 20th day of January, 2016, N. Kay Bridger-Riley, who is personally known to me to be the person she claims to be, voluntarily appeared before me, was sworn, and did inform me that she was doing this of her free act and that all statements made herein are of his/her personal knowledge, and are true and correct to the best of his/her knowledge and belief.

04-17-2018

NOTARY PUBLIC,

My Commission Expires:

(SEAL)

Notary Public
State of Oklahoma
GENA C. HAMILTON
TULSA COUNTY
COMMISSION #14003808
Comm. Exp. 04-17-2018

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

MARK ANTHONY PALZER,                )
an individual,                      )
                                    )
      Plaintiff,                    )
                                    )
vs.                                 )    Case No. 15-CV-564-GKF-TLW
                                    )
COX OKLAHOMA TELECOM, LLC,          )
a Delaware corporation, CoxCom, Inc., )
CoxCom, LLC, Cox Communications,    )
LLC, or Cox Communications, or Cox  )
Communications Kansas, LLC,         )
                                    )
      Defendants.                   )

## DEFENDANTS' RESPONSE TO PLAINTIFF'S GOOD CAUSE BRIEF

Pursuant to the Order of the Court dated January 14, 2016 [Dkt. No. 22] ("Order"), Defendants[1] (collectively, "Cox") submit this Response to Plaintiff Mark Anthony Palzer's Brief on the Issue of Good Cause (Corrected) [Dkt. No. 24] ("Plaintiff's Brief").[2]  Because Plaintiff has failed to show good cause for his failure to timely serve summons upon Cox, his Petition should be dismissed pursuant to FED. R. CIV. P. 12(b)(5) and OKLA. STAT. tit. 12, § 2004(I).

Plaintiff's attempt to demonstrate good cause falls well short of the standard under § 2004(I).  Despite the Court's prior holding that Plaintiff's three "good cause" arguments were inadequate, *see* Order at 2, Plaintiff's Brief simply reasserts those same arguments.  Plaintiff's Brief also attempts to re-argue his positon that the state court already found good cause under

---

[1] With regard to the proper and improper parties to this action, Defendants incorporate the same objections and clarifications presented in their Motion to Dismiss [Dkt. No. 8].

[2] Plaintiff filed two briefs on December 21, 2016 (beyond the Court's December 20 deadline): one at 12:03 a.m. [Dkt. No. 23], and a "Corrected" brief at 2:06 a.m. [Dkt. No. 24].  For clarity, this Response pertains and cites only to Dkt. No. 24.  Plaintiff's lack of regard for timely filing a brief in defense of his *prior* failure to meet a deadline casts additional doubt on whether good cause existed for that failure.

§ 2004(I)—a position the Court has expressly rejected twice.  Plaintiff has been given two opportunities to show good cause, and he has failed to do so both times.  Consequently, his Petition should be dismissed.

**I.     The Court has Already Ruled the State Court did not Make a Good Cause Finding under § 2004(I).**

The first three pages of Plaintiff's Brief are devoted to an issue already decided by this Court: whether the state court made a good cause finding under § 2004(I).  This Court has twice held the state court did not address—much less dispositively address—good cause under § 2004(I).  *See* Order at 1-2 ("This court has since determined that the state court's decision did 'not amount to an analysis [of good cause] under [§] 2004(I).'") (quoting the Court's Minute Order dated January 7, 2016.  Indeed, the principal—if not the sole—reason the Court afforded Plaintiff another opportunity to show good cause is that Plaintiff may have *wrongly* believed that issue was decided by the state court.

Wholly ignoring this Court's prior rulings, Plaintiff argues that "one may only conclude that with the issue squarely before her, Judge Kuehn found that Plaintiff satisfied the good cause requirement of Section 2004(I)."  Plaintiff's Brief at 2.  To the extent the Court is inclined to reexamine its prior holding, Cox incorporates by reference and reasserts its arguments from its Reply in Support of Its Motion to Dismiss [Dkt. No. 20] at 2-5.  In particular, the state court Notice of Disposition Docket plainly shows that court's good cause finding, if any, was made only under OKLA. STAT. tit. 12, § 1083.  Thus, the good cause issue is properly before this Court to decide in the first instance.

**II.    Bridger-Riley's Health Conditions Do Not Constitute Good Cause.**

The thrust of Plaintiff's good cause argument is that the injuries sustained by one of his attorneys, N. Kay Bridger-Riley, should excuse his failure to serve Cox within 180 days of filing

his Petition.  The Court has already considered and rejected the main facts underlying Plaintiff's good cause argument, and Plaintiff's Brief and Ms. Bridger-Riley's affidavit (Exhibit 1 to Plaintiff's Brief[3]) add little factual substance to those general assertions.  On those facts initially presented, the Court held "[t]he fact that Ms. Bridger-Riley was injured—while unfortunate—is also inadequate, as Palzer is represented not only by Ms. Bridger-Riley, but also by Christopher Camp."  Order at 2.

Not only do the new facts offered in Plaintiff's Brief and Ms. Bridger-Riley's affidavit fail to establish why Mr. Camp could not have properly served Cox, they conflict with and undermine Plaintiff's original argument.

To begin, Plaintiff's filings are inconsistent in their descriptions of the role played by Mr. Camp, Ms. Bridger-Riley's co-counsel.  In Plaintiff's Response to Cox's Motion to Dismiss [Dkt. No. 18], Plaintiff's first excuse for his delay in serving Cox was "the undersigned counsel's schedule," referring to Mr. Camp.  *Id.* at 4, 6.  The implication is that Mr. Camp would have been able to timely serve summons upon Cox if not for his busy schedule.  Plaintiff's Brief, however, tells a different story: "Mr. Camp and I had an agreement that he would be counsel of record, but **only in the event of removal would his services be required**.  Under those conditions, he was listed as **additional** counsel in the state court action."[4]  Plaintiff's Brief, Ex. 1, ¶ 3 (emphasis added).  Indeed, Plaintiff now asserts that, as of September 10, 2015—more

---

[3]As originally submitted in Plaintiff's January 21, 2016 filing, Ms. Bridger-Riley's affidavit was unverified.  However, six days following that filing and on the date Cox's Response Brief was due, Plaintiff filed an "Errata/Correction" [Dkt. No. 25] attaching a verification page for Ms. Bridger-Riley's affidavit.  Whether the Court determines to treat Ms. Bridger-Riley's affidavit as verified or unverified, the allegations contained within her affidavit fail to establish good cause.

[4] To the contrary, the state court docket sheet reflects that Mr. Camp is the *only* counsel of record listed for Plaintiff.  *See* Dkt. No. 20-1.  That fact resolves the supposed "irony" that "Judge Kuehn's office sent the Notice of Disposition Docket to Chris Camp, and NOT to [Ms. Bridger-Riley]." *Id.* ¶ 9.

# 19-5094 / 0107

than 50 days past the service deadline—"Chris Camp had never met with and didn't know Mark Palzar [*sic*] at all." *Id.* ¶ 10. This description of Mr. Camp's role is contrary to Plaintiff's prior claim that Mr. Camp's "schedule" prevented him from timely serving Cox.

Moreover, the additional facts asserted by Plaintiff regarding Ms. Bridger-Riley's injuries and associated health conditions undercut his prior assertion that it was Ms. Bridger-Riley's "incapacitation" that prevented timely service of summons upon Cox. Plaintiff alleges Ms. Bridger-Riley was injured on October 14, 2014—three months before Plaintiff retained her and three months before the Petition was filed. This timing is significant for two reasons. First, Ms. Bridger-Riley's affidavit suggests she both suffered her injury and bore the brunt of her recovery *before* the Petition was filed. *Id.* ¶¶ 5-6. The 180-day service deadline did not begin to run until *after* she deemed herself healthy enough to file the Petition. Second, despite Plaintiff's assertions regarding Ms. Bridger-Riley's limited ability to work, she nonetheless agreed to represent Plaintiff *and* filed the Petition during that period.

Ms. Bridger-Riley asserts she was fully able to work by, at the very latest, May of 2015. *Id.* ¶ 8. She thus had over a month to serve summons upon Cox—or at least *attempt* to effect service—before the 180-day deadline for serving Cox expired on July 20, 2015. Yet her affidavit is conspicuously silent regarding any activity in this case between May, June and July, and up until August 24, 2015, when the state court issued its Notice of Disposition Docket.

Finally, notwithstanding Plaintiff's assertions regarding Mr. Camp's alleged limited role, he was listed as counsel for Plaintiff in the Petition filed in January 2015. *See* Petition [Dkt. No. 2-1]. There is no indication Mr. Camp was incapacitated in any way during the subsequent 180 days. In sum, Plaintiff's own version of the facts fails to meet the high burden to establish good cause under § 2004(I). "Excuses for failing to serve a party, such as inadvertence, omission, or

neglect, do not constitute good cause." *Ennis v. Donahoe*, 2014 U.S. Dist. LEXIS 2304, at *15-16 (N.D. Okla. Jan. 9, 2014); *see also Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1438 (10th Cir. 1994) (holding exceptions for failure to timely serve "should be read narrowly to protect only those plaintiffs who have been **meticulous** in their efforts to comply with the Rule") (emphasis added). The facts before this Court demonstrate *no* effort to timely serve Cox—much less meticulous efforts.

### III.   Plaintiff's Confusion Regarding Cox's Corporate Structure does not Constitute Good Cause.

The Court has already held "Palzer's argument based on confusion as to the defendants' corporate structure is also inadequate." Order at 2 (citing *Brown v. K-MAC Ent.*, 897 F.Supp.2d 1098, 1108 (N.D. Okla. 2012)). While Plaintiff does not expressly reassert this argument in his Brief, Ms. Bridger-Riley's affidavit mentions her confusion as part of her explanation of her failure to timely serve summons upon Cox. *See* Plaintiff's Brief, Ex. 1, ¶ 7.[5]

Plaintiff's Brief introduces no new evidence or arguments that would merit disturbing the Court's prior holding on this issue. Cox incorporates by reference and reasserts its arguments made in its Reply in Support of Its Motion to Dismiss [Dkt. No. 20] at 7-8. Moreover, despite Ms. Bridger-Riley's inability to attend the September 10 hearing because of an "important meeting with an expert witness," *see id.* ¶ 10, she and/or Mr. Camp were nonetheless able to issue summons for all six named Defendants that same day. That short turnaround conflicts with Plaintiff's allegations regarding the confusion over Cox's supposedly complex corporate structure. For that reason and those incorporated by reference from Cox's earlier briefing, the Court should dismiss Plaintiff's Petition.

---

[5] Plaintiff's Brief also attaches Exhibit 2, which is referenced only in Ms. Bridger-Riley's affidavit. Cox objects to this exhibit, as its authenticity cannot be verified and Plaintiff's counsel admits to having modified it. *See* Ex. 1, ¶ 7 n.1.

Appellate Case: 19-5094   Document: 010110302479   Date Filed: 02/10/2020   Page: 116

## <u>CONCLUSION</u>

Plaintiff failed to serve a summons on Defendants within 180 days of filing his Petition, in violation of Oklahoma law. As Plaintiff has not shown good cause for his untimely service of process, his Petition should be dismissed pursuant to OKLA. STAT. tit. 12, § 2004(I).

Respectfully submitted,

NEWTON, O'CONNOR, TURNER & KETCHUM
A PROFESSIONAL CORPORATION

*/s/ Rachel B. Crawford*
William W. O'Connor, OBA No. 13200
Rachel B. Crawford, OBA No. 20662
Kevin P. Simpson, OBA No. 32120
NEWTON, O'CONNOR, TURNER & KETCHUM, PC
15 West Sixth Street, Suite 2700
Tulsa, OK  74119
(918) 587-0101 – Telephone
(918) 587-0102 – Facsimile
boconnor@newtonoconnor.com
rcrawford@newtonoconnor.com
ksimpson@newtonoconnor.com

**ATTORNEYS FOR DEFENDANTS,
COXCOM, LLC
d/b/a COX COMMUNICATIONS TULSA,
COX COMMUNICATIONS KANSAS, LLC, AND
COX OKLAHOMA TELCOM**

# 19-5094 / 0110

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 27, 2016, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

N. Kay Bridger Riley
BRIDGER RILEY & ASSOCIATES
rob@rekellylaw.com

Christopher L. Camp
CAMP LAW FIRM
ccamp@camplawtulsa.com

/s/ Rachel B. Crawford
Rachel B. Crawford

Appellate Case: 19-5094   Document: 010110302479   Date Filed: 02/10/2020   Page: 118

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

MARK ANTHONY PALZER,      )
                              )
         Plaintiff,       )
                              )
v.                            )
                              )
COX OKLAHOMA TELECOM, LLC,   )    Case No. 15-CV-564-GKF-TLW
a Delaware corporation, CoxCom, Inc.,  )
CoxCom, LLC, Cox Communications,  )
LLC, or Cox Communications, or Cox  )
Communications Kansas, LLC,     )
                              )
        Defendants.    )

## <u>ORDER</u>

Before the court is the Motion to Dismiss—for failure to timely serve—filed by defendants (collectively "Cox") [Dkt. #8].  In the initial briefing on Cox's Motion to Dismiss, plaintiff Mark Anthony Palzer ("Palzer") argued that, in a pre-removal disposition docket proceeding, a state court judge concluded Palzer had shown good cause to extend the period of service.  Consistent with that position, Palzer did not offer independent evidence demonstrating good cause for failure to serve.  This court rejected Palzer's interpretation of the state court's action.  [Dkt. #21 ("the state trial judge's apparent decision at the disposition docket to allow the case to remain on the docket does not amount to an analysis under [the statute requiring good cause for extension of time to serve,] 12 O.S. Section 2004(I)")].  Having determined that Palzer needed to establish good cause here, the court ordered additional briefing by the parties.  [Dkt. #22, p. 3].  That additional briefing is now before the court.  [*See* Dkt. ##23-26].

In Palzer's "Brief on the Issue of Good Cause" [Dkt. #24], Palzer first argues the state court's disposition docket determination was, in fact, a finding of good cause under § 2004(I).

[Dkt. #24, p. 2].  As noted above, the court has already rejected that argument, and Palzer's brief offers no reason to reconsider that conclusion.

Second, Palzer offers additional evidence that one of his attorneys in state court, Ms. Kay Bridger-Riley, was severely injured during the time period for service, requiring extensive recovery.  In an affidavit, Ms. Bridger-Riley explains that as a result of her injury she had a significant backlog of work and was unable to effectuate timely service.  In its earlier order, the court noted that Ms. Bridger-Riley's injury was inadequate to establish good cause because Palzer was also represented by Christopher Camp, and Palzer had not explained why Camp could not have effectuated service.  Ms. Bridger-Riley explains that she and Mr. Camp "had an agreement that he would be counsel of record, but only in the event of removal would his services be required."  [Dkt. #24-1, p. 1].  Ms. Bridger-Riley further states that Mr. Camp "had never met with and didn't know" Palzer.  [*Id.* at 6].  This does not explain why, in light of Ms. Bridger-Riley's injury, Mr. Camp could not have effectuated service.  In fact, Ms. Bridger-Riley notes in her affidavit that the state court enlisted Mr. Camp to represent Palzer at the disposition docket because of Ms. Bridger-Riley's injury and resulting backlog.  [Dkt. #24-1, p. 5].

Finally,[1] Palzer argues that the court should not dismiss the case because Palzer's federal claims would now be time-barred, and thus the dismissal would be, in effect, with prejudice.  As the court noted in its earlier order, such situations call for a "hard look at the circumstances." [Dkt. #22, p. 2].  For that reason the court ordered additional briefing.  And yet, Palzer's brief and Ms. Bridger-Riley's affidavit—which largely reiterate arguments already rejected by the court—do not establish good cause for failure to timely serve.  Palzer was represented during the

---

[1] In her affidavit, Ms. Bridger-Riley notes her confusion regarding Cox's corporate structure during the time period for service.  [Dkt. #24-1, p. 5].  The court previously rejected this argument, [Dkt. #22, p. 2], and Palzer does not reassert it in his brief.

entirety of the service period by at least one attorney who could have effectuated service.

Because Palzer has not established good cause for failure to timely serve, the court hereby grants

Cox's Motion to Dismiss.

IT IS SO ORDERED this 28th day of January, 2016.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Appellate Case: 19-5094   Document: 010110302479   Date Filed: 02/10/2020   Page: 121

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

MARK ANTHONY PALZER,       )
                              )
           Plaintiff,       )
                              )
v.                                )
                              )
COX OKLAHOMA TELECOM, LLC,    )     Case No. 15-CV-564-GKF-TLW
a Delaware corporation, CoxCom, Inc.,    )
CoxCom, LLC, Cox Communications,    )
LLC, or Cox Communications, or Cox    )
Communications Kansas, LLC,       )
                              )
           Defendants.      )

## **JUDGMENT**

Pursuant to the court's order of January 28, 2016, it is ordered that plaintiff Mark

Anthony Palzer recover nothing, and the action be dismissed without prejudice.

ENTERED this 28th day of January, 2016.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

FILED
United States Court of Appeals
Tenth Circuit

**November 18, 2016**

Elisabeth A. Shumaker
Clerk of Court

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

---

MARK ANTHONY PALZER,

    Plaintiff - Appellant,

v.

COX OKLAHOMA TELECOM, LLC,
a Delaware corporation, CoxCom, Inc.,
CoxCom, LLC, Cox Communications,
LLC, or Cox Communications, or Cox
Communications Kansas, LLC,

    Defendant - Appellee.

No. 16-5021
(D.C. No. 4:15-CV-00564-GKF-TLW)
(N.D. Okla.)

---

### ORDER AND JUDGMENT[*]

---

Before **KELLY**, **GORSUCH**, and **MATHESON**, Circuit Judges.

---

Mark Anthony Palzer appeals the district court's dismissal of his employment discrimination suit for failure to timely obtain service. Exercising jurisdiction under 28 U.S.C. § 1291, we reverse.

After receiving his right-to-sue letter from the Equal Employment Opportunity Commission, Mr. Palzer sought the services of attorney N. Kay Bridger-Riley, who

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Case 4:15-cv-00564-GKF-tlw   Document 38 Filed in USDC ND/OK on 11/18/16   Page 2 of 10

Appellate Case: 19-5094   Document: 010110302479   Date Filed: 12/10/2020   Page: 2
Appellate Case: 19-5094   Document: 010110737470   Date Filed: 11/18/2016   Page: 123

had recently suffered an accident that resulted in multiple broken bones.

Ms. Bridger-Riley filed a petition in state court on Mr. Palzer's behalf against his

former employer, Cox Communications, on January 20, 2015. Due to the suite of

medications she was taking as a result of her accident, however, she neglected to

effect service on any of the Cox entities named as defendants. Because

Ms. Bridger-Riley had previously resigned her admission to the Northern District of

Oklahoma bar, she listed her former colleague Christopher Camp as counsel on the

case as a contingency if the case was removed to federal court pursuant to an

agreement between them.

On August 24, the state court issued a "Notice of Disposition Docket" in

connection with this case pursuant to Okla. Stat. tit. 12, § 1083, indicating that the

court would dismiss the case without prejudice "unless counsel appears and shows

good cause why the case should be allowed to remain on the docket." Aplt. App.

at 65. Mr. Camp received the notice but Ms. Bridger-Riley did not. Mr. Camp

forwarded the notice to Ms. Bridger-Riley, after which she sent the petition and

summons to the defendants via certified mail. Mr. Camp appeared before the

state-court judge on September 10 and explained how Ms. Bridger-Riley's medical

issues led to her failure to effect service. The state court granted Mr. Palzer an

additional 30 days to complete service. Cox was served on September 14.

On October 2, Cox removed the action to federal court and moved to dismiss

for failure to timely serve summons under Federal Rule of Civil Procedure 12(b)(5).

Mr. Palzer moved to strike the motion, arguing that the state court had already found

# 19-5094 / 0117

that good cause existed at the disposition docket hearing.  The district court

determined that the state court's decision to extend at the hearing "did not amount to

an analysis of good cause under [Okla. Stat. tit. 12,] § 2004(I)."  Aplt. App. at 67

(brackets and internal quotation marks omitted).  Accordingly, the court ordered

Mr. Palzer to file a brief stating his good cause so it could consider in the first

instance whether he met his burden.  Mr. Palzer did so, recounting

Ms. Bridger-Riley's medical issues and how they obstructed her ability to timely

serve the defendants.  In a decision citing no legal authority, the district court

concluded that Mr. Palzer failed to establish good cause for failure to timely serve

because he "was represented during the entirety of the service period by at least one

attorney who could have effectuated service," referring to Mr. Camp.  Aplt. App.

at 110–11.  The court reasoned that, despite the agreement between

Ms. Bridger-Riley and Mr. Camp, Mr. Palzer did "not explain why . . . Mr. Camp

could not have effectuated service."  Aplt. App. at 110.

    We review the district court's dismissal of the case for failure of proper

service, and consequently its determination of good cause, for an abuse of discretion.

*See Constien v. United States*, 628 F.3d 1207, 1213 (10th Cir. 2010).  "Under the

abuse of discretion standard, a trial court's decision will not be disturbed unless the

appellate court has a definite and firm conviction that the lower court made a clear

error of judgment or exceeded the bounds of permissible choice in the

circumstances."  *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).  "When

we apply the 'abuse of discretion' standard, we defer to the trial court's judgment

Appellate Case: 19-5094  Document: 010110302479  Date Filed: 11/18/2016  Page: 4

because of its firsthand ability to view the witness or evidence and assess credibility and probative value." *Brown v. Presbyterian Healthcare Servs.*, 101 F.3d 1324, 1331 (10th Cir. 1996) (internal quotation marks omitted).  Discretion "means a sound discretion, that is to say, a discretion exercised not arbitrarily or willfully, but with regard to what is right and equitable under the circumstances and the law, and directed by the reason and conscience of the judge to a just result." *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1152 (10th Cir. 2007) (internal quotation marks omitted).

This case occurs at a curious intersection of state and federal law.  Where service is effected prior to removal to federal court, we look to state law to determine if service was perfected.  *Wallace v. Microsoft Corp.*, 596 F.3d 703, 706 (10th Cir. 2010).  Section 2004 provides that, "[i]f service of process is not made upon a defendant within one hundred eighty (180) days after the filing of the petition and the plaintiff cannot show good cause why such service was not made within that period, the action shall be deemed dismissed . . . without prejudice."  Okla. Stat. tit. 12, § 2004(I).  But when "process served *proves to be defective*," 28 U.S.C. § 1448 (emphasis added), our looking to state law "does not foreclose service being effected in the federal district court."  *Wallace*, 596 F.3d at 706 (brackets and internal quotation marks omitted).  Here, though service was perfected prior to removal, the district court invalidated service in finding that Mr. Palzer did not establish good cause.  Federal Rule of Civil Procedure 4(m) thus gives "the plaintiff [90] days from the date defendant removes the case to federal court in which the imperfect or

4

defective service may be cured." *Id*. at 707 (internal quotation marks omitted). Accordingly, the district court abused its discretion in dismissing the suit instead of giving Mr. Palzer the opportunity to effect service under federal law.

We are further assured of our decision in light of the district court's manifest disregard for the state court's September 10 decision. To be sure, the district court may dissolve or alter prior state court orders after removal, *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 437 (1974), but we do not take lightly the notion that Cox can avoid this suit in federal court after the state court expressly allowed the case to proceed, whether its decision amounted to a good cause finding or not. Such a result is not "a just result," *see Rogers*, 502 F.3d at 1152, because it is inequitable as it is incompatible with our discouragement of forum-shopping, *see Hanna v. Plumer*, 380 U.S. 460, 468 (1965) (observing that "discouragement of forum-shopping" is one of "the twin aims of the Erie rule."). Any deference we owe the district court is lessened in situations such as this where there were no witnesses called and no credibility assessed. *See Brown*, 101 F.3d at 1331. To reach its decision without citation to any authority confirms for us that the district court "made a clear error of judgment [and] exceeded the bounds of permissible choice in the circumstances." *See Phelps*, 122 F.3d at 1324.

We therefore vacate the judgment of the district court and remand the case to the district court with instructions to allow Mr. Palzer 90 days to serve process in accordance with the dictates of 28 U.S.C. § 1448 and Rule 4(m).

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

# UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT
## OFFICE OF THE CLERK
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157

| | | |
|---|---|---|
| Elisabeth A. Shumaker<br>Clerk of Court | November 18, 2016 | Chris Wolpert<br>Chief Deputy Clerk |

Ms. N. Kay Bridger-Riley
Bridger-Riley & Associates
4528 S. Sheridan
Suite 216
Tulsa, OK 74145-0000

Mr. Christopher Lincoln Camp
Camp Law Firm
7122 South Sheridan Road
Suite 2-382
Tulsa, OK 74133

**RE:** **16-5021, Palzer v. Cox Oklahoma Telecom**
Dist/Ag docket: 4:15-CV-00564-GKF-TLW

Dear Counsel:

Attached is a copy of the order and judgment issued today in this matter. The court has entered judgment on the docket pursuant to Fed. R. App. P. Rule 36.

Pursuant to Fed. R. App. P. Rule 40, any petition for rehearing must be filed within 14 days after entry of judgment. Please note, however, that if the appeal is a civil case in which the United States or its officer or agency is a party, any petition for rehearing must be filed within 45 days after entry of judgment. Parties should consult both the Federal Rules and local rules of this court with regard to applicable standards and requirements. In particular, petitions for rehearing may not exceed 15 pages in length, and no answer is permitted unless the court enters an order requiring a response. If requesting rehearing en banc, the requesting party must file 8 paper copies with the clerk, in addition to satisfying all Electronic Case Filing requirements. *See* Fed. R. App. P. Rules 35 and 40, and 10th Cir. R.35 and 40 for further information governing petitions for rehearing.

Case 4:15-cv-00564-GKF-tlw   Document 38 Filed in USDC ND/OK on 11/18/16   Page 8 of 10

Appellate Case: 19-5094   Document: 010110302479   Date Filed: 02/10/2020   Page: 129
Appellate Case: 16-5021   Document: 010119737411   Date Filed: 11/18/2016   Page: 2

Please contact this office if you have questions.

Sincerely,

Elisabeth A. Shumaker
Clerk of the Court

cc:     Rachel B. Crawford
        William D. Deveney
        William Walker O'Connor

EAS/at

# 19-5094 / 0123



### 16-5021 Palzer v. Cox Oklahoma Telecom "Case termination for order and judgment" (4:15-CV-00564-GKF-TLW)

ca10_cmecf_notify   to: CM-ECFIntake_OKND                                    11/18/2016 09:49 AM

From:   ca10_cmecf_notify@ca10.uscourts.gov
To:     CM-ECFIntake_OKND@oknd.uscourts.gov

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.**

### Tenth Circuit Court of Appeals

**Notice of Docket Activity**

The following transaction was entered on 11/18/2016 at 8:47:44 AM MST and filed on 11/18/2016

| | |
|---|---|
| **Case Name:** | Palzer v. Cox Oklahoma Telecom |
| **Case Number:** | 16-5021 |
| **Document(s):** | Document(s) |

**Docket Text:**
[10423037] Reversed and Remanded. Terminated on the merits after submissions without oral hearing. Written, signed, and unpublished. Judges Kelly(authoring judge), Gorsuch, and Matheson. Mandate to issue. [16-5021]

**Notice will be electronically mailed to:**

Ms. N. Kay Bridger-Riley: kay@bridger-riley.com, nkbrlaw@gmail.com
Mr. Christopher Lincoln Camp: camplawfirm@gmail.com, christopherlincolncamp@gmail.com
Ms. Rachel B. Crawford: rcrawford@newtonoconnor.com, sandrew@newtonoconnor.com
Mr. William D. Deveney: deveney@elarbeethompson.com, susan@elarbeethompson.com
Mr. William Walker O'Connor: BOConnor@newtonoconnor.com,
lwilliams@newtonoconnor.com, tbridges@newtonoconnor.com


The following document(s) are associated with this transaction:
**Document Description:** Order and Judgment
**Original Filename:** 16-5021.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1104938855 [Date=11/18/2016] [FileNumber=10423037-0]
[752b9e2129dd071ac8f87691f7a6b95d4c7ccba722874366e945b02448257dd5f846b961b296311
93297159c369d11d4d91133e00e7d35d81b6f7783473038bc]]

**Document Description:** Order Judgment Cover Letter
**Original Filename:** /opt/ACECF/live/forms/anthony_trujillo_165021_10423037_136.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1104938855 [Date=11/18/2016] [FileNumber=10423037-1]
[7ca310d04d4f4cedf4a7aed82a0886e33e7835e5d821d6daf13a4f1dccb05e0cddb41a16a30ee46b7
5df3704cee7a240d3e0706b9bb88d8fcd65ba5e67f9c352]]
**Recipients:**

- <u>Ms. N. Kay Bridger-Riley</u>
- <u>Mr. Christopher Lincoln Camp</u>
- <u>Ms. Rachel B. Crawford</u>
- <u>Mr. William D. Deveney</u>
- <u>Mr. William Walker O'Connor</u>

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**December 15, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

———————————————————

MARK ANTHONY PALZER,

    Plaintiff - Appellant,

v.

    No. 16-5021

COX OKLAHOMA TELECOM, LLC, a
Delaware corporation, CoxCom, Inc.,
CoxCom, LLC, Cox Communications,
LLC, or Cox Communications, or Cox
Communications Kansas, LLC,

    Defendant - Appellee.

———————————————————

### ORDER
———————————————————

Before **KELLY**, **GORSUCH**, and **MATHESON**, Circuit Judges.
———————————————————

    Appellee's petition for rehearing is denied.

    The petition for rehearing en banc was transmitted to all of the judges of the court

who are in regular active service.  As no member of the panel and no judge in regular

active service on the court requested that the court be polled, that petition is also denied.

            Entered for the Court

            *Elisabeth A. Shumaker*

            ELISABETH A. SHUMAKER, Clerk



**16-5021 Palzer v. Cox Oklahoma Telecom "Petition for rehearing disposed "
(4:15-CV-00564-GKF-TLW)**
ca10_cmecf_notify   to: CM-ECFIntake_OKND                    12/15/2016 12:26 PM

From:      ca10_cmecf_notify@ca10.uscourts.gov
To:        CM-ECFIntake_OKND@oknd.uscourts.gov

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States
policy permits attorneys of record and parties in a case (including pro se litigants) to
receive one free electronic copy of all documents filed electronically, if receipt is required
by law or directed by the filer. PACER access fees apply to all other users. To avoid later
charges, download a copy of each document during this first viewing.**

### Tenth Circuit Court of Appeals

**Notice of Docket Activity**

The following transaction was entered on 12/15/2016 at 11:25:50 AM MST and filed on
12/15/2016

| | |
|---|---|
| **Case Name:** | Palzer v. Cox Oklahoma Telecom |
| **Case Number:** | 16-5021 |
| **Document(s):** | Document(s) |

**Docket Text:**
[10429556] Order filed by Judges Kelly, Gorsuch and Matheson denying petition for rehearing
and rehearing en banc filed by Appellee Cox Oklahoma Telecom, LLC. [16-5021]

**Notice will be electronically mailed to:**

Ms. N. Kay Bridger-Riley: kay@bridger-riley.com, nkbrlaw@gmail.com
Mr. Christopher Lincoln Camp: camplawfirm@gmail.com, christopherlincolncamp@gmail.com
Ms. Rachel B. Crawford: rcrawford@newtonoconnor.com, sandrew@newtonoconnor.com
Mr. William D. Deveney: deveney@elarbeethompson.com, susan@elarbeethompson.com
Mr. William Walker O'Connor: BOConnor@newtonoconnor.com,
lwilliams@newtonoconnor.com, tbridges@newtonoconnor.com
Mr. Keith A. Wilkes: kwilkes@newtonoconnor.com, eandrew@newtonoconnor.com


The following document(s) are associated with this transaction:
**Document Description:** Order
**Original Filename:** 16-5021 order deny pet rhrg.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1104938855 [Date=12/15/2016] [FileNumber=10429556-0]
[dc8e4db3eef6429692d45113c1b57743e21795ad1f68c66aeed53486650ac0e98cef7e79a51b0668
4f0ca0148960fb75a5b42a921a637922781ac1f7696d302c]]

# UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT
## OFFICE OF THE CLERK

Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157

Elisabeth A. Shumaker
Clerk of Court

December 27, 2016

Chris Wolpert
Chief Deputy Clerk

Mr. Mark C. McCartt
U.S. District Court for the N. District of Oklahoma
333 W. Fourth Street
Room 411 United States Courthouse
Tulsa, OK 74103

**RE:      16-5021, Palzer v. Cox Oklahoma Telecom**
          Dist/Ag docket: 4:15-CV-00564-GKF-TLW

Dear Clerk:

Please be advised that the mandate for this case has issued today. Please file accordingly in the records of your court or agency.

Please contact this office if you have questions.

Sincerely,

*Elisabeth A. Shumaker*

Elisabeth A. Shumaker
Clerk of the Court

cc:      N. Kay Bridger-Riley
         Christopher Lincoln Camp
         William D. Deveney
         William Walker O'Connor
         Keith A. Wilkes

EAS/na



**16-5021 Palzer v. Cox Oklahoma Telecom "Mandate issued"
(4:15-CV-00564-GKF-TLW)**

ca10_cmecf_notify   to: CM-ECFIntake_OKND                    12/27/2016 11:36 AM

From:     ca10_cmecf_notify@ca10.uscourts.gov
To:       CM-ECFIntake_OKND@oknd.uscourts.gov

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States
policy permits attorneys of record and parties in a case (including pro se litigants) to
receive one free electronic copy of all documents filed electronically, if receipt is required
by law or directed by the filer. PACER access fees apply to all other users. To avoid later
charges, download a copy of each document during this first viewing.**

**Tenth Circuit Court of Appeals**

**Notice of Docket Activity**

The following transaction was entered on 12/27/2016 at 10:34:17 AM MST and filed on
12/27/2016

| | |
|---|---|
| **Case Name:** | Palzer v. Cox Oklahoma Telecom |
| **Case Number:** | 16-5021 |
| **Document(s):** | Document(s) |

**Docket Text:**
[10431653] Mandate issued. [16-5021]

**Notice will be electronically mailed to:**

Ms. N. Kay Bridger-Riley: kay@bridger-riley.com, nkbrlaw@gmail.com
Mr. Christopher Lincoln Camp: camplawfirm@gmail.com, christopherlincolncamp@gmail.com
Mr. William D. Deveney: deveney@elarbeethompson.com, susan@elarbeethompson.com
Mr. Mark C. McCartt, Clerk of Court: CM-ECFIntake_OKND@oknd.uscourts.gov
Mr. William Walker O'Connor: BOConnor@newtonoconnor.com,
lwilliams@newtonoconnor.com, tbridges@newtonoconnor.com
Mr. Keith A. Wilkes: kwilkes@newtonoconnor.com, eandrew@newtonoconnor.com

The following document(s) are associated with this transaction:
**Document Description:** Regular Mandate Letter - OJ
**Original Filename:** /opt/ACECF/live/forms/nicole_allison_165021_10431653_258.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1104938855 [Date=12/27/2016] [FileNumber=10431653-0]
[55ffe1863e102e570bd2abe77670f666ce70c3b296b52e6f580dbc8d19de535e22f196279784576e
05359e225e94e9ebfad0f109d322a393f2a541e986edd84c]]
**Recipients:**

- Ms. N. Kay Bridger-Riley
- Mr. Christopher Lincoln Camp
- Mr. William D. Deveney
- Mr. Mark C. McCartt, Clerk of Court
- Mr. William Walker O'Connor
- Mr. Keith A. Wilkes

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

MARK ANTHONY PALZER,     )
                )
    Plaintiff,       )
                )
    v.            )     Case No. 15-CV-564-GKF-TLW
                )
COXCOM, LLC,       )
                )
    Defendant.     )

## ANSWER

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant CoxCom, LLC d/b/a Cox Communications Tulsa hereby files its Answer to Plaintiff Mark Anthony Palzer's Petition for Wrongful Termination and Discrimination in Employment (hereinafter, the "Complaint").[1]

## JURISDICTION

1.    Answering Paragraph 1 of the Complaint, Defendant admits that Plaintiff has filed this action pursuant to certain provisions of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq*. ("ADEA"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. ("Title VII"), the Oklahoma Anti-Discrimination Act, OKLA. STAT. tit. 25 § 1301 *et seq*. ("OADA"), and Oklahoma common law.  Answering further, Defendant denies any liability to Plaintiff or any wrongdoing whatsoever under either federal or state law.  Except as specifically admitted herein, Defendant denies Paragraph 1 of the Complaint.

2.    Defendant denies Paragraph 2 of the Complaint.

---

[1] Plaintiff's state court filing was styled a "Petition" in conformance with state court practice. This filing is referred to herein as a "Complaint" in accordance with federal practice.

1

3.     Defendant is without sufficient knowledge or information at this time to form a belief as to the truth of Paragraph 3 of the Complaint, and, therefore, denies the same.

4.     Answering Paragraph 4 of the Complaint, Defendant admits that it is a Delaware corporation with its principal places of business in Atlanta, Georgia.  Except as specifically admitted herein, Defendant denies Paragraph 4 of the Complaint.

5.     Answering Paragraph 5 of the Complaint, Defendant admits that this Court has personal jurisdiction over Defendant CoxCom, LLC d/b/a Cox Communications Tulsa.  Except as specifically admitted herein, Defendant denies Paragraph 5 of the Complaint.

6.     Answering Paragraph 6 of the Complaint, Defendant admits that Plaintiff filed an intake questionnaire, which was assigned charge number 564-2013-00348, with the U.S. Equal Employment Opportunity Commission ("EEOC") on or about December 20, 2012, but that the charge was withdrawn by the EEOC on January 29, 2013, for Plaintiff's failure to respond to communications from the EEOC.  Answering further, Defendant admits that Plaintiff filed another intake questionnaire, which was assigned charge number 564-2014-00643, with the EEOC on or about March 19, 2014, but the EEOC issued a Dismissal and Notice of Rights with regard to that charge on or about October 22, 2014.  Except as specifically admitted herein, Defendant denies Paragraph 6 of the Complaint.

**PARTIES**

7.     Answering Paragraph 7 of the Complaint, Defendant admits that Plaintiff is a Caucasian male who was over 40 years old when he filed EEOC Charge Numbers 564-2013-00348 and 564-2014-00643.  Defendant is without sufficient knowledge or information at this time to form a belief as to the truth of the allegation in Paragraph 6 regarding Plaintiff's domicile

1387703-1

2

and residency, and, therefore, denies the same. Except as specifically admitted herein, Defendant denies Paragraph 7 of the Complaint.

8. Answering Paragraph 8 of the Complaint, Defendant admits that it is a Delaware corporation with its principal place of business in Atlanta, Georgia. Answering further, Defendant admits that it is an "employer" as defined by Title VII, the ADEA and the OADA; that it does business within the Northern District of Oklahoma; and that it employed Plaintiff from on or about September 19, 2005, through the date of his discharge on or about June 10, 2013. Except as specifically admitted herein, Defendant denies Paragraph 8 of the Complaint.

## FACTS COMMON TO ALL COUNTS

9. Answering Paragraph 9 of the Complaint, Defendant admits that it employed Plaintiff in Small & Medium Sales – Cox Business at the time of the termination of Plaintiff's employment on or about June 10, 2013. Except as specifically admitted herein, Defendant denies Paragraph 9 of the Complaint.

10. Answering Paragraph 10 of the Complaint, Defendant admits that it hired Plaintiff on or about September 19, 2005, and that it terminated Plaintiff's employment on or about June 10, 2013. Except as specifically admitted herein, Defendant denies Paragraph 10 of the Complaint.

11. Defendant denies Paragraph 11 of the Complaint.

12. Defendant denies Paragraph 12 of the Complaint.

13. Defendant denies Paragraph 13 of the Complaint.

14. Defendant denies Paragraph 14 of the Complaint.

15.     Answering Paragraph 15 of the Complaint, Defendant admits that Plaintiff was interviewed by a representative in its Human Resources Department in June 2012.  Except as specifically admitted herein, Defendant denies Paragraph 15 of the Complaint.

**FIRST CAUSE OF ACTION**
**(Discrimination based on Age of Plaintiff**
**in violation of the OADA and the ADEA)**

16.     Answering Paragraph 16 of the Complaint, Defendant hereby incorporates by reference, as if fully set forth herein, each of its defenses and responses to Paragraphs 1 through 15 of the Complaint.  Except as specifically admitted therein, Defendant denies Paragraph 16 of the Complaint.

17.     Defendant denies Paragraph 17 of the Complaint, and further denies any discrimination alleged therein.

18.     Defendant denies Paragraph 18 of the Complaint, and further denies any discrimination alleged therein.

**SECOND CAUSE OF ACTION**
**(Discrimination based on Race of Plaintiff**
**in violation of the OADA and Title VII of the Civil Rights Act of 1964)**

19.     Answering Paragraph 19 of the Complaint, Defendant hereby incorporates by reference, as if fully set forth herein, each of its defenses and responses to Paragraphs 1 through 18 of the Complaint.  Except as specifically admitted therein, Defendant denies Paragraph 19 of the Complaint.

20.     Defendant denies Paragraph 20 of the Complaint.

22.     Defendant denies Paragraph 22 of the Complaint.[2]

---

[2] The first Paragraph 22 of the Complaint, at page 4 of the Complaint, is misnumbered.

# 19-5094 / 0134

21.     Defendant denies Paragraph 21 of the Complaint, and further denies any discrimination or other unlawful action alleged therein.

22.     Defendant denies Paragraph 22 of the Complaint, and further denies any discrimination or other unlawful action alleged therein.

## THIRD CAUSE OF ACTION
### (Retaliatory Discharge in violation of the OADA, the ADEA, and Title VII of the Civil Rights Act of 1984, as amended)

23.     Answering Paragraph 23 of the Complaint, Defendant hereby incorporates by reference, as if fully set forth herein, each of its defenses and responses to Paragraph 1 through the second numbered Paragraph 22 of the Complaint.  Except as specifically admitted herein, Defendant denies Paragraph 23 of the Complaint.

24.     Defendant denies Paragraph 24 of the Complaint.

25.     Defendant denies Paragraph 25 of the Complaint, and any retaliation alleged therein.

26.     Defendant denies Paragraph 26 of the Complaint, and any retaliation alleged therein.

## FOURTH CAUSE OF ACTION
### (Breach of Contract)

27.     Answering Paragraph 27 of the Complaint, Defendant hereby incorporates by reference, as if fully set forth herein, each of its defenses and responses to Paragraphs 1 through 26 of the Complaint.  Except as specifically admitted herein, Defendant denies Paragraph 27 of the Complaint.

28.     Answering Paragraph 28 of the Complaint, Defendant admits that Plaintiff's employment was terminated on or about June 10, 2013.  Except as specifically admitted herein, Defendant denies Paragraph 28 of the Complaint.

# 19-5094 / 0135

30.     Defendant denies Paragraph 30 of the Complaint.[3]

31.     Defendant denies Paragraph 31 of the Complaint, and any contract or breach of contract alleged therein.

32.     Answering the unnumbered paragraph immediately following Paragraph 31 of the Complaint, Defendant hereby incorporates by reference, as if fully set forth herein, each of its defenses and responses to Paragraphs 1 through 31 of the Complaint.   Except as specifically admitted therein, Defendant denies the unnumbered paragraph immediately following Paragraph 32 of the Complaint.

33.     Except as specifically admitted above, Defendant denies each and every claim and allegation of any wrongdoing or liability to Plaintiff in the Complaint.

## ADDITIONAL DEFENSES

34.     Plaintiff's Complaint fails to state a claim upon which relief may be granted.

35.     Plaintiff's claims are barred to the extent he failed to file his civil action within the applicable statute of limitations and/or to the extent he failed to satisfy any and all statutory conditions precedent to suit required by applicable law.   This Court lacks subject matter jurisdiction over Plaintiff's claims under the ADEA and Title VII, and lacks standing under the OADA to the extent he failed to exhaust any and all administrative remedies.

Upon information and belief, Plaintiff did not file any charge of discrimination with the Oklahoma Attorney General's Office of Civil Rights Enforcement (OCRE).   However, to the extent Plaintiff did, his claims under the OADA are barred to the extent any employment practice on which such claims are based occurred more than 180 days before the filing of any charge of discrimination with the OCRE, and/or to the extent any such employment practice was not the

---

[3] The Complaint does not contain a Paragraph Number 29.

# 19-5094 / 0136

Appellate Case: 19-5094   Document: 010110302479   Date Filed: 02/10/2020   Page: 143

subject of or was otherwise outside the scope of his OCRE charge. Plaintiff's claims under the OADA are also barred to the extent he has not been issued a notice of right to sue on any charge of discrimination filed with the OCRE, and/or to the extent he failed to file this civil action within 90 days of his receipt of any Notice of Rights issued by the OCRE.

Plaintiff's claims under the ADEA and Title VII are barred to the extent any employment practice on which such claims are based occurred more than 300 days before the filing of his EEOC charge and/or to the extent any such employment practice was not the subject of or was otherwise outside the scope of his EEOC charge.  Plaintiff's claims are also barred to the extent they were the subject of a charge of discrimination that was withdrawn for Plaintiff's failure to respond to communications from the EEOC, and/or because he has not been issued a notice of right to sue on any charge of discrimination filed with the EEOC or he failed to file this civil action within 90 days of his receipt of any Notice of Rights issued by the EEOC.  Although Plaintiff filed an intake questionnaire, which was assigned charge of discrimination number 564-2013-00348, with the EEOC on or about December 20, 2012, that charge was withdrawn by the EEOC on January 29, 2013, for Plaintiff's failure to respond to communication from the EEOC, and Plaintiff failed to file a civil action within 90 days of the withdrawal or his receipt of any notice of right to sue issued pursuant to EEOC Charge Number 564-2013-00348.  Plaintiff's claims under the ADEA and Title VII are likewise barred to the extent any employment action on which they were based occurred more than 300 days before the filing of his intake questionnaire on March 19, 2014, and/or to the extent any such employment practice was not the subject of or was otherwise outside the scope of his EEOC charge.

36.    Any challenged employment action(s) taken (or allegedly taken) by Defendant regarding Plaintiff were taken for legitimate, non-discriminatory and non-retaliatory reasons,

# 19-5094 / 0137

and, as such, did not violate any legal rights possessed by him; however, even if Plaintiff could prove by a preponderance of the evidence that any alleged protected status or activity played a motivating part in any employment action(s) at issue, which they did not, Defendant would have taken that same employment action(s) for legitimate, non-discriminatory and non-retaliatory reasons.  Neither any alleged protected status nor activity was the but-for cause of any such employment action(s).

37.     Plaintiff is not entitled to any of the damages or relief – legal, equitable or otherwise – requested in the Complaint; however, to the extent he is entitled to any damages or other relief, which he is not, any damages or other relief are barred or limited by the applicable provisions of Title VII, the ADEA, the OADA, and/or other federal or state law.

38.     Defendant has at all times made good-faith effort to comply with Title VII; however, even if Plaintiff could prove by a preponderance of the evidence that any alleged protected status or activity played a motivating part in or was the but-for cause of any employment action(s) at issue, which he cannot, Defendant did not engage in any discriminatory or retaliatory action(s) with malice or reckless indifference to such rights.  Defendant cannot be held vicariously liable for punitive damages under Title VII for employment decisions by its managerial agents that were contrary to Defendant's own good-faith efforts to comply with Title VII.

39.     Defendant has at all times made good-faith efforts to comply with the ADEA and the OADA; however, even if Plaintiff could prove by a preponderance of the evidence that any alleged protected status or activity played a motivating part in or was the but-for cause of any employment action(s) at issue, which he cannot, Defendant did not engage in any intentional,

willful or wantonly discriminatory or retaliatory action(s).  Plaintiff is not entitled to an award of liquidated damages under either the ADEA or the OADA.

40.     Plaintiff's claims are barred by the doctrines of after-acquired evidence, avoidance (or avoidable consequences), bankruptcy (and/or discharge in bankruptcy), estoppel, laches, unclean hands, waiver, and/or such other additional defense(s) as may arise during these proceedings.

41.     Defendant denies any causal connection between any alleged employment action by (or omission of) Defendant and any injury and/or resulting damages claimed by Plaintiff, the existence of which Defendant expressly denies.  Any damages that Plaintiff suffered were the direct and proximate result of his own acts (or omissions), or resulted from the acts (or omissions) of others for whom Defendant is not liable.

42.     Plaintiff has failed to comply with his duty to mitigate any alleged damages, his entitlement to which Defendant expressly denies.

43.     Plaintiff's claim for punitive damages violates the safeguards due Defendant under the Constitution of the United States, including, but not limited to, the protections against the denial of due process, denial of equal protection under the law, excessive fines, and/or cruel and unusual punishment.

44.     Defendant hereby reserves its right, under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of Oklahoma, and any Orders issued by this Court pursuant thereto, to amend its Answer to add or withdraw any defenses, as may be deemed warranted after a reasonable opportunity for appropriate discovery or as may otherwise arise during these proceedings.

WHEREFORE, having fully answered the allegations and causes of actions set forth in the Complaint, Defendant hereby requests that the Court enter judgment for Defendant and dismiss, with prejudice, the Complaint in its entirety and award Defendant its costs and expenses (including reasonable attorneys' fees) as well as such other relief as this Court deems just and proper.

Respectfully submitted,

s/William W. O'Connor
William W. O'Connor, OBA No. 13200
Keith A. Wilkes, OBA No. 16750
**NEWTON, O'CONNOR, TURNER & KETCHUM, PC**
15 West Sixth Street, Suite 2700
Tulsa, Oklahoma  74119
(918) 587-0101  Telephone
(918) 587-0102  Facsimile
boconnor@newtonoconnor.com
kwilkes@newtonoconnor.com

**ATTORNEYS FOR DEFENDANT, COXCOM, LLC d/b/a COX COMMUNICATIONS TULSA**

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of August, 2017, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Christopher L. Camp
**ATTORNEY FOR PLAINTIFF**

s/William W. O'Connor
William W. O'Connor

10

# 19-5094 / 0140

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OKLAHOMA

MARK ANTHONY PALZER,

Plaintiff,

vs.                                                    Case Number: 15-cv-564-GKF-tlw

COX OKLAHOMA TELCOM, LLC, et al.,

Defendants.

**SCHEDULING ORDER**

| | | |
|---|---|---|
| **1.** | 9-15-2017 | INITIAL DISCLOSURE Under Federal Procedure 26(a)(1) (Not Filed of Record) |
| 2. | 9-29-2017 | MOTIONS FOR JOINDER OF ADDITIONAL PARTIES &/OR AMENDMENT TO THE PLEADINGS |
| 3. | 1-5-2018 | EXCHANGE OF PRELIMINARY WITNESS LISTS AND EXHIBITS (Not Filed of Record) |
| 4. | 1-19-2018 | PLAINTIFF'S EXPERT IDENTIFICATION & REPORTS Under Federal Rule Civil Procedure 26(a)(2) (Not Filed of Record) |
| 5. | 2-2-2018 | DEFENDANT'S EXPERT IDENTIFICATION & REPORTS Under Federal Rule Civil Procedure 26(a)(2) (Not Filed of Record) |
| 6. | 3-1-2018 | DISCOVERY CUTOFF (Interrogatories and Rule 34 requests must be made 30 days in advance of this date) |
| **7.** | X | **SETTLEMENT CONFERENCE REQUESTED AFTER __12/1/2017__** |
| 8. | 3-15-2018 | DISPOSITIVE MOTIONS AND DAUBERT MOTIONS |
| 9. | 3-15-2018 | MOTIONS IN LIMINE (Attorney meeting to resolve issues required before filing) |
| 10. | 6-1-2018 | DEPOSITION/VIDEOTAPED/INTERROGATORY DESIGNATIONS (File pleading with deponent name, page and line designations) |
| 11. | 6-8-2018 | COUNTER-DESIGNATIONS (File pleading with deponent name, page and line designations) |
| 12. | 6-15-2018 | TRANSCRIPTS ANNOTATED WITH OBJECTIONS & BRIEFS ON UNUSUAL OBJECTIONS FILED (Attorney Meeting to resolve objections required before filing) |
| **13.** | **6-12-2018** | **HEARING ON DISPOSITIVE MOTIONS at __1:30 p.m.__** |
| 14. | 6-18-2018 | PRETRIAL DISCLOSURE Under Federal Rule Civil Procedure 26(a)(3) |
| 15. | 6-25-2018 | AGREED PROPOSED PRETRIAL ORDER - Including Final Witness & Exhibit Lists with Objections |
| **16.** | **7-2-2018** | **PRETRIAL CONFERENCE at __1:30 p.m.__** |
| 17. | 7-9-2018 | REQUESTED JURY INSTRUCTIONS, REQUESTED VOIR DIRE & TRIAL BRIEFS |
| **18.** | **7-16-2018** | **TRIAL DATE: [x] JURY at 9:30 a.m. *** Estimated time of Trial __3 days__ |

IT IS ORDERED that no date set by this Order can be changed except for good cause and upon written Order of this Court.

This Order is entered this 6th day of September, 2017.

_Gregory K. Frizzell_ (signature)

_____

Gregory K. Frizzell, U.S. Chief District Judge
United States District Court

\* Scheduling conflicts must be resolved in accordance with General Order M-128-Q dated September 30, 1998, available on the Court's website in the General Orders section at www.oknd.uscourts.gov.

## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

Mark Anthony Palzer ,

                     Plaintiff(s),            Case No.: 15-cv-00564-GKF-JFJ

v.

Cox Oklahoma Telcom, LLC., et al.,

                     Defendant(s).

### SETTLEMENT CONFERENCE ORDER

This case is scheduled for a Settlement Conference before **Adjunct Settlement Judge Vicki Limas** on **3/9/2018** at **9:30 a.m.**. The Parties shall report to the Page Belcher Federal Courthouse, 333 West Fourth Street, Courtroom #2, Third Floor, Tulsa, Oklahoma. General information about the Settlement Conference process in this Court, as well as specific information about the Parties' obligations and responsibilities and dates for compliance are set forth on the following pages. Counsel **must** be familiar with the provisions of this Order.

### I.

### *CONFERENCE OBLIGATIONS*

Counsel are directed to discuss the Settlement Conference, the requirement of full settlement authority and parameters of settlement with their clients and insurance representatives before the Conference. Counsel should discuss settlement with their clients and with each other so that all settlement issues have been identified and the elements of a settlement have been explored well in advance of the Conference.

**(A)**    **Settlement Conference Statement**

Prior to the Settlement Conference, each side must provide a written Settlement Conference Statement outlining the Party's position on settlement of the case. These statements shall be no more than five (5) pages in length and are **not to be filed.**  All communications related to the Settlement Conference Statements and the Conference itself are strictly confidential. The Statements should be submitted directly to the Judge(s) indicated below:

**United States Magistrate Judge Paul J. Cleary**
333 W 4th Street, U.S. Courthouse
Tulsa, OK 74103
Fax: 918-699-4794

**Adjunct Settlement Judge Vicki Limas**
University of Tulsa College of Law
3120 East 4th Street
Tulsa, OK 74104

In the Settlement Conference Statement each side should outline its view of the material legal and factual issues that it believes will determine the outcome of the case; however, the purposes of the Settlement Conference are not served when counsel makes statements of the type generally expected during closing argument.

**Plaintiff:** On or before **2/23/2018**, the Plaintiff must provide to all opposing counsel, the Assigned Settlement Judge(s) (listed above) a Settlement Conference Statement. This Statement **must** also include the following:

- The name and role of each person expected to attend the Conference;
- The name and title of the person expected to attend with settlement authority[1]
- A summary of claims;
- An itemization of damages;
- A discussion of liability and damages; and
- The Plaintiff's settlement demand and explanation.

**Defendant:** On or before **3/2/2018**, the Defendant must provide to all opposing counsel, the Assigned Settlement Judge(s) (listed above)  a Settlement Conference Statement.  The Statement **must** include the following:

- The name and role of each person expected to attend the Conference;
- The name and title of the person expected to attend with settlement authority[2];
- A summary of defenses;
- Discussion of liability and damages; and
- The Defendant's settlement offer and explanation.

**(B)**    **Attendance of the Parties and Counsel; Settlement Authority; Insurance**

Unless excused by the Settlement Judge, all Parties must attend the Settlement Conference. The Lead Counsel who will try the case must appear at the Conference along with an individual who has authority to settle the case. Having a client with such authority available by telephone is generally not an acceptable alternative. The purpose of this requirement is to have a person present

---

[1]    The Court expects that either the named person, or, in the event of unforeseen events, a different person of equivalent organization rank will attend.

[2]    See note 1, *supra*.

Settlement Conference Order (SC-02.1)

# 19-5094 / 0143

for each party who can, in his or her discretion, settle the case during the Conference without consulting a superior.

In order for the Settlement Conference to be successful, the Parties must have someone present at the Conference with **Settlement Authority**. This requires the following:

- Corporation or other such entity. A corporation must be represented by a person (other than outside counsel) who is authorized to settle the case, can exercise independent negotiation and settlement judgment, and knows the facts of the case.

- Government entity. A governmental unit or agency must be represented by a person who has, to the greatest extent feasible, authority to settle, and who knows the facts of the case, the governmental unit's positions, and the procedures and policies under which the governmental unit decides whether or not to accept a proposed settlement.  In addition, the person attending the Conference on behalf of the government must, prior to the Conference, ascertain the ultimate decision-maker in the agency and ensure that that person is fully versed on the issues in the case. If the action is brought by the government on behalf of one or more individuals, at least one such individual must also attend.

If the person attending the Settlement Conference does not have settlement authority this must be made clear to all Parties and the settlement judge **before** the Settlement Conference with an explanation as to why the person appearing lacks full authority and why the Settlement Conference should still go forward.

If Board approval is required to authorize settlement, attendance of the entire Board is requested. The attendance of at least one sitting Board member (preferably the Chairman) is **absolutely required.**

An insured party shall appear with a representative of the insurer who is authorized to negotiate and to settle the matter within policy limits. Counsel of record will be responsible for timely advising any involved non-party insurance company of the requirements of this Order.

## II.

### *GENERAL BACKGROUND ON THE COURT'S ADR PROGRAM*

**(A)**        **Assignment for Settlement Conference**

This case has been assigned for a Settlement Conference through the Court-sponsored Alternative Dispute Resolution (ADR) program. Specific requirements imposed by this Court are set forth in its Local Rules.  *See* LCvR16.2. Counsel must familiarize themselves with the Local Rule and this Settlement Conference Order. More information on the Court's ADR program is contained in an excellent law journal article, Cheryl L. Baber, "Alternative Dispute Resolution in

the United States District Court for the Northern District of Oklahoma," 36 Tulsa L.J. 819 [Summer 2001]. A link to the article is available on the Court's web site: http://www.oknd.uscourts.gov.

**(B)**      **Confidentiality**

All communications regarding the Settlement Conference are confidential. Communications between the Parties may not be used for any purpose except, perhaps, in proceedings to enforce a settlement agreement. The terms of any settlement offer or response are confidential and may not be used for any purpose in the litigation. This is a fundamental concept of the Settlement Conference. Violation of this rule may result in a significant sanction by the Court.

**(C)**      **Settlement Judge**

Your Settlement Conference will be held before either a United States Magistrate Judge or one of the Court's Adjunct Settlement Judges. LCvR16.2(c). Adjunct Settlement Judges are private attorneys who have been selected by the Court to serve on its panel of mediators based on their experience, demeanor and expertise. An Adjunct Settlement Judge should be treated with the same respect that parties and counsel afford a U.S. Magistrate Judge or other judicial officer.

**(D)**      **Court Order**

This is an Order of the U.S. District Court. Failure to comply with the terms of this Order could subject a party or counsel to sanctions or even contempt proceedings. All Parties and Lead Counsel are **ORDERED TO APPEAR** at the Page Belcher Federal Courthouse, 333 West Fourth St., Courtroom # 2, Third Floor, Tulsa, OK, or at such other location as is noted herein, on the date and time set forth herein. The following are obligations of the Parties and Counsel and the Court's expectations with regard to the Conference. These obligations are mandatory. Failure to comply with this Settlement Conference Order may result in an award of sanctions against the non-compliant Party/Counsel.

**(E)**      **Preparation**

All civil cases set on a trial docket in this District are scheduled for Settlement Conference. The vast majority of civil cases settle before trial. Therefore, Parties and Counsel need to prepare for the Settlement Conference as seriously as they prepare for trial. That means counsel must discuss the possible terms of a settlement with the client and engage opposing counsel in a discussion of the subject. It requires counsel to analyze and assess the reasonable settlement value of the case and to be prepared to explore these issues in detail at the Settlement Conference. Counsel must advise the Court should the case settle or is otherwise disposed of before the scheduled Settlement Conference.

**(F)**      **Rescheduling a Settlement Conference Is Disfavored**

Settlement Conferences require the reservation of large blocks of time and scheduling

adjustments by the Court and the Settlement Judge. The administrative burden of rescheduling a Conference is significant; thus, motions for the continuance of a Settlement Conference are discouraged.  If it becomes apparent that the Conference as scheduled will likely be a waste of time, the **attorneys must immediately notify** Magistrate Judge Paul J. Cleary and the assigned Adjunct Settlement Judge so that appropriate action can be taken. This should be done well before the scheduled Conference.

A Motion to reschedule a Conference for the convenience of any Party will ordinarily not be entertained unless the Motion is submitted to the Settlement Judge and filed with the Court at least seven (7) days prior to the Conference. Any such Motion must contain both a statement setting forth good cause for a continuance and a recitation of whether or not the continuance is opposed by any other party.

**NOTE:** Parties and counsel are reminded that Settlement Conferences are scheduled separately from the trial judge's trial deadlines. Thus, if the trial schedule is amended, the Settlement Conference schedule is ***not*** automatically amended. Requests to revise the Settlement Conference schedule must be made separately from a request to amend the trial judge's Scheduling Order.

## III.

### *PROCEDURE AT THE CONFERENCE*

Generally, the Settlement Conference will follow a typical mediation format.  Each side will be given an opportunity to explain its view of the case. This will be followed by joint discussion and private caucuses. Among the issues the Parties should be prepared to discuss are their objective(s) in the litigation; any issues outside the lawsuit that need to be resolved; the strengths and weaknesses of the case; agreements and disagreements as to facts and law; impediments to settlement; available remedies; and any creative possibilities that might settle the case.

The written Settlement Conference statements and oral statements made during the Settlement Conference may not be used for any purpose outside of the Conference or a proceeding to enforce a settlement agreement that is reached at the Conference. Therefore, Parties are encouraged to speak openly and frankly about the issues in the case.

For many clients this will be their first experience with a Settlement Conference; therefore, counsel shall provide the client or insurance representative with a copy of this Order and the Court's ADR brochure (available at the Court's web site) and discuss the Party's obligations before the Conference. The Court expects that both the lawyers and party representatives will be fully prepared to participate meaningfully in the process.

### IV.

### *STRIKING A SETTLEMENT CONFERENCE IS RARELY DONE*

All civil cases filed in this District are expected to go through the settlement process. If the Parties believe that exceptional circumstances exist making a Settlement Conference inappropriate, they should file a Motion advising the assigned trial judge of these circumstances and requesting that the Conference be stricken. This must be done well before the scheduled Conference and the circumstances justifying such action must be truly exceptional.

**V.**

### *CONSEQUENCES OF NON-COMPLIANCE WITH THIS ORDER*

This is a Court Order. Upon certification by the Settlement Judge or Adjunct Settlement Judge of circumstances showing non-compliance with this Order the trial judge or the assigned Magistrate Judge may take any corrective action permitted by law. Such action may include contempt proceedings and/or assessment of costs, expenses and attorney fees, together with any additional measures deemed by the Court to be appropriate under the circumstances.

**SO ORDERED** this 21st day of November, 2017.

_____

Paul J. Cleary
United States Magistrate Judge

Settlement Conference Order (SC-0261...

# 19-5094 / 0147

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

MARK ANTHONY PALZER,      )
                        )
      Plaintiff,         )
                        )
v.                  )     Case No. 15-cv-564-GKF-JFJ
                        )
COXCOM, LLC,         )
                        )
      Defendant.      )

## CHANGE OF ADDRESS

      To the Clerk of this court and all parties of record: Please note my change of address as

counsel in the above styled case for Defendant CoxCom, LLC d/b/a Cox Communications Tulsa.

                Respectfully submitted,

                **HALL, ESTILL, HARDWICK, GABLE,**
                **GOLDEN & NELSON, P.C.**

                *s/Margo E. Shipley*
                William W. O'Connor, OBA No. 13200
                Margo E. Shipley, OBA No. 32118
                320 South Boston Avenue, Suite 200
                Tulsa, Oklahoma  74103
                (918) 594-0400 – Telephone
                (918) 594-0505 – Facsimile
                boconnor@hallestill.com
                mshipley@hallestill.com

                **ATTORNEYS FOR DEFENDANT,**
                **COXCOM, LLC**

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on this 22nd day of January, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

    Christopher L. Camp
    **ATTORNEY FOR PLAINTIFF**


                   *s/Margo E. Shipley*
                   Margo E. Shipley

# 19-5094 / 0149

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

MARK ANTHONY PALZER,      )
                         )
      Plaintiff,        )
                         )
      v.             )     Case No. 15-cv-564-GKF-JFJ
                         )
COXCOM, LLC,        )
                         )
      Defendant.    )

## CHANGE OF ADDRESS

      To the Clerk of this court and all parties of record: Please note my change of address as

counsel in the above styled case for Defendant CoxCom, LLC d/b/a Cox Communications Tulsa.

                 Respectfully submitted,

                 **HALL, ESTILL, HARDWICK, GABLE,**
                 **GOLDEN & NELSON, P.C.**

                 *s/William W. O'Connor*
                 William W. O'Connor, OBA No. 13200
                 Margo E. Shipley, OBA No. 32118
                 320 South Boston Avenue, Suite 200
                 Tulsa, Oklahoma  74103
                 (918) 594-0400 – Telephone
                 (918) 594-0505 – Facsimile
                 boconnor@hallestill.com
                 mshipley@hallestill.com

                 **ATTORNEYS FOR DEFENDANT,**
                 **COXCOM, LLC**

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on this 22nd day of January, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

    Christopher L. Camp
    **ATTORNEY FOR PLAINTIFF**


                                    *s/William W. O'Connor*
                                      William W. O'Connor

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

MARK ANTHONY PALZER,

      Plaintiff,

v.                                  Case No. 15-cv-GKF-TLW

COXCOM, LLC,

      Defendant.

### DEFENDANT'S MOTION TO COMPEL AND BRIEF IN SUPPORT

Defendant CoxCom, LLC ("Cox") respectfully submits this Motion to Compel discovery responses and document production from, and request for sanctions against, Plaintiff Mark Anthony Palzer ("Plaintiff") and his counsel, Christopher L. Camp ( "Plaintiff's counsel"). Cox served Interrogatories and Requests for Production on Plaintiff on December 7, 2017. Plaintiff's discovery responses and document production were due on January 9, 2018. Almost six (6) weeks later, Cox has received nothing. Nor has Plaintiff's counsel responded to multiple communications from Cox's counsel regarding the long overdue discovery. Plaintiff has also failed to supply a Preliminary Witness and Exhibit List, which was due January 5, 2018. Plaintiff's refusal to respond to discovery requests and to supply a Preliminary Witness and Exhibit List has obstructed and impeded the progress of litigation and discovery. Therefore, Cox respectfully requests that the Court grant its Motion to Compel and assess sanctions against Plaintiff and his counsel.

In further support of this Motion, Cox states as follows:

### BACKGROUND FACTS

This case arises out of Plaintiff Mark Anthony Palzer's claim that his employer, Cox, discriminated against him in violation of the Oklahoma Anti-Discrimination Act, 25 O.S. (2011) §§ 1101-1706 ("OADA"), the Age Discrimination in Employment Act of 1967, as amended, 29

U.S.C. § 621, *et seq.* ("ADEA"), and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and wrongfully terminated him in an alleged breach of an employment agreement in violation of Oklahoma common law. *See* Doc. No. 2, Exhibit 1, Plaintiff's Complaint, at ¶ 1.[1]

On December 7, 2017, Cox served its First Interrogatories and Requests for Production of Documents and Things on Plaintiff. (*See* Exhibit 1). Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Plaintiff's discovery responses and document production were due on January 9, 2018. Plaintiff failed to produce a single document or otherwise respond to Cox's discovery requests. Nor has Plaintiff's counsel ever contacted counsel for Cox to request an extension or to articulate any objections to the requested discovery. Plaintiff also failed to supply a Preliminary Witness and Exhibit List which, according to the Court's Scheduling Order, was due January 5, 2018. (Doc. No. 55).

On January 16, 2018, counsel for Cox emailed Plaintiff's counsel advising that Plaintiff's discovery requests and document production were overdue. Cox's counsel asked that Plaintiff supply the requested discovery on or before January 30, 2018, and stated that if Plaintiff failed to respond, Cox would move to compel the discovery responses and documents. (*See* January 16, 2018 Email from M. Shipley to C. Camp, attached as Exhibit 2). In the email, counsel for Cox also asked Plaintiff's counsel to please supply Plaintiff's overdue Preliminary Witness and Exhibit List. The same day, counsel for Cox also left Plaintiff's counsel a voicemail message regarding the overdue discovery and Preliminary Witness and Exhibit List and requested a return call.

---

[1] Plaintiff's initial filing was styled a "Petition" in conformance with state court practice. This pleading is referred to herein as a "Complaint" in accordance with federal practice and procedure.

Plaintiff's counsel never responded to Cox's counsel's communications.  On January 31, 2018, counsel for Cox made yet another effort to reach Plaintiff's counsel via telephone.  Again, Cox's counsel received no response.  Therefore, Cox certifies that it has attempted to confer with Plaintiff to secure the discovery responses without Court involvement pursuant to FED. R. CIV. P. 37 and LCvR 37.1.

Cox respectfully submits that Plaintiff's complete failure to respond to discovery or to supply a Preliminary Witness and Exhibit List, as well as his failure to respond to Cox's attempted efforts to meet and confer, completely disregards the Federal Rules and violates Plaintiff's fundamental discovery obligations.  To date, Plaintiff has not produced a single document and otherwise completely failed to respond to discovery.  Plaintiff has never raised any objections to Cox's discovery requests or sought an extension to respond to that discovery.  Moreover, Plaintiff's counsel has entirely ignored every request from Cox's counsel to resolve these discovery issues informally.  Plaintiff's refusal to participate in the discovery process has significantly prejudiced Cox's ability to defend itself against Plaintiff's claims in this litigation, especially given that discovery closes on March 1, 2018.

Therefore, Cox respectfully asks the Court to grant this Motion to Compel and order Plaintiff to supply the discovery responses and document production.  Cox also asks the Court to award Cox its reasonable fees and costs incurred with respect to this Motion, preclude Plaintiff from presenting at any trial witnesses and exhibits not timely disclosed from Plaintiff to Cox, and prevent Plaintiff from conducting further discovery.

## STANDARD OF REVIEW

FED. R. CIV. P. 26(b)(1) provides the scope of discovery in civil actions:

[T]he scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at

stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Such discovery rules warrant "broad and liberal treatment." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). When the requested discovery appears relevant, **the party opposing discovery has the burden of establishing a lack of relevance** by demonstrating that the requested discovery is outside of the scope of relevance under the Federal Rules, or that it is of such marginal relevance that its potential harm would outweigh the ordinary presumption in favor of broad disclosure. *AG Equip. Co. v. AIG Life Ins. Co.*, 2008 WL 5205192, *1 (N.D. Okla. Dec. 10, 2008) (emphasis added) (internal quotations omitted) (citing *Gen. Elec. Cap. Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2003)). Moreover, "[a]ny ground not stated in a timely objection [to an interrogatory] is waived unless the court , for good cause, excuses the failure." FED. R. CIV. P. 33(b)(4); *see also* FED. R. CIV. P. 34(b)(2)(A) ("The party to whom the request is directed must respond in writing within 30 days after being served …").

## ARGUMENT AND AUTHORITY

Plaintiff's failure to produce any documents or otherwise respond to Cox's discovery requests is inexcusable. Plaintiff has similarly failed to supply a Preliminary Witness and Exhibit List, in derogation of this Court's express orders. As the discovery cutoff is less than two weeks away, Plaintiff's unwillingness to participate in discovery has unduly prejudiced Cox's ability to adequately defend itself in this litigation. Plaintiff has not sought an extension of time to respond to discovery and has not responded to Cox's counsel's multiple communications requesting the deficient discovery responses and document production. Therefore, Cox respectfully requests that the Court grant its Motion to Compel, order Plaintiff to respond to the subject discovery and produce the requested documents, and assess sanctions against Plaintiff and his counsel.

# 19-5094 / 0155

I.      **Cox Respectfully Asks the Court to Order Plaintiff to Respond to Cox's Discovery Requests and Produce the Requested Documents.**

Cox respectfully requests that the Court order Plaintiff to respond to Cox's discovery requests and produce the requested documents.  It is fundamental that Cox may obtain discovery regarding any non-privileged matter that is "relevant to any party's claim or defense and proportional to the needs of the case."  *See* FED. R. CIV. P. 26(b)(1).  Pursuant to FED. R. CIV. P. 37, a party may move for an order compelling discovery if another party fails to answer interrogatories or to produce documents, and if the moving party has conferred or attempted to confer with the party resisting discovery.  *Id*.

As discussed above, on December 7, 2017, Cox served its First Interrogatories and Requests for Production of Documents and Things on Plaintiff. (Exhibit 1).  Cox's Interrogatories seek fundamental information regarding Plaintiff's claims, such as the amount of Plaintiff's damages, facts supporting allegations in the Complaint, and identities of potential fact and expert witnesses. Similarly, Cox's document requests seek, *inter alia*, documents supporting allegations in the Complaint, copies of communications between Plaintiff and Cox, and documents supporting Plaintiff's alleged damages.

Pursuant to Rules 33 and 34, Plaintiff's responses were due on January 9, 2018.  Plaintiff never sought an extension of time to respond to these discovery requests, nor did he object to Cox's Interrogatories and Requests for Production of Documents and Things.  After a week had passed with no production, communication, or request for an extension from Plaintiff, Cox's counsel notified Plaintiff of the overdue discovery and requested discovery responses and document production by the close of business on January 30, 2018.  Plaintiff has never responded. Almost six (6) weeks have passed since the discovery responses and document production were due. Plaintiff has similarly failed to respond to Cox's multiple email and telephone communications

regarding the discovery requests.  Plaintiff has also failed to supply his Preliminary Witness and Exhibit List, due January 4, 2018.  (Doc. No. 55).

Plaintiff's failure to respond to discovery has unduly prejudiced Cox's ability to defend against Plaintiff's allegations and to effectively conduct such additional discovery as warranted. Plaintiff's failure to respond to discovery is blatant and unexcused. Therefore, pursuant to FED. R. CIV. P. 37, Cox respectfully requests that the Court compel Plaintiff to respond to Cox's discovery requests, produce all requested documents, and supply a Preliminary Witness and Exhibit List.

**II.    Cox Respectfully Asks the Court to Assess Sanctions Against Plaintiff and His Counsel For Plaintiff's Failure to Respond to Discovery and to Supply a Preliminary Witness and Exhibit List.**

Cox respectfully asks the Court to assess sanctions against Plaintiff and his counsel for Plaintiff's failure to respond to discovery and failure to supply a Preliminary Witness and Exhibit List as ordered by the Court.

**A.    Cox Respectfully Seeks Its Costs and Fees Associated with the Preparation and Prosecution of This Motion.**

In light of Plaintiff's blatant and unexcused failure to respond to discovery, Cox respectfully requests sanctions against Plaintiff and his counsel pursuant to FED. R. CIV. P. 37(a)(5):

> If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii) other circumstances make an award of expenses unjust.

6

"Courts have very broad discretion to use sanctions where necessary to insure that lawyers and parties fulfill their high duty to insure the expeditious and sound management of the preparation of cases for trial." *Porter Bridge Loan Co. v. Hentges*, 2013 U.S. Dist. LEXIS 50210, *4 (N.D. Okla. Apr. 8, 2013) (citation and quotation omitted) (upholding magistrate judge's award of sanctions due to a litigant's failure to fully respond to discovery). "A party who prevails on a motion to compel is presumptively awarded its expenses, including reasonable attorney fees unless one of the three conditions set forth in Rule 37(a)(5)(A)(i)-(iii) is present." *Leisure Hospitality, Inc. v. Hunt Props., Inc.*, 2010 U.S. Dist. LEXIS 93680 (N.D. Okla. Sept. 8, 2010) (awarding sanctions pursuant to FED. R. CIV. P. 37(a)(5)(A) where a party failed to adequately respond to discovery).

Cox respectfully submits that due to Plaintiff's non-compliance with the Federal Rules of Civil Procedure and the resulting prejudice to Cox, sanctions are appropriate. As shown above, Cox attempted in good faith to obtain discovery from Plaintiff multiple times, to no avail. The discovery cutoff is less than two weeks away, and Cox has received no written discovery responses or document production and Plaintiff has not disclosed his witnesses or exhibits. Plaintiff's failure to participate in discovery is not "substantially justified," and no circumstances are present that make an award of expenses unjust. Consequently, Cox respectfully requests that the Court grant its Motion to Compel and award Cox its reasonable expenses incurred in preparing and prosecuting this Motion.

**B.** **Cox Respectfully Requests that the Court Impose Sanctions on Plaintiff and His Counsel Pursuant to FED. R. CIV. P. 37(d), Including Prohibiting Plaintiff From Introducing Into Evidence Witnesses or Exhibits Plaintiff Failed to Timely Disclose.**

In addition to requesting its fees and costs associated in preparing and prosecuting this Motion to Compel, Cox also respectfully requests that the Court assess sanctions against Plaintiff and his counsel pursuant to FED. R. CIV. P. 37(d), including prohibiting Plaintiff from introducing into evidence witnesses or exhibits not timely disclosed by Plaintiff to Cox and precluding Plaintiff from conducting discovery.

Pursuant to FED. R. CIV. P. 37(d)(1)(A), "[t]he court where the action is pending may, on motion, order sanctions if . . . a party, after being properly served with interrogatories under Rule 33 . . . fails to serve its answers, objections, or written response." Such sanctions may include:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or

*See* FED. R. CIV. P. 37(d)(3), 37(b)(2)(A)(i)-(vi).

Rule 37(d)(3) further provides,

> Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Given that discovery closes in less than two weeks, the prejudice to Cox caused by Plaintiff's failure to respond to discovery is plain. For this reason, in addition to the fact that Plaintiff has never supplied his Preliminary Witness and Exhibit List due January 5, 2018, it is particularly appropriate to enter sanctions against both Plaintiff and his counsel preventing the

presentation at trial of witnesses and exhibits not timely disclosed to Cox, if trial is determined by the Court to be necessary.  Cox also respectfully asks that the Court sanction Plaintiff and his counsel by precluding Plaintiff from seeking written or deposition discovery at this untimely date. *See Oklahoma Federated Gold & Numismatics, Inc. v. Blodgett*, 24 F.3d 136, 139 (10th Cir. 1994) (upholding a sanction preventing a party from presenting any witnesses, exhibits, testimony or evidence in the case where he had failed to timely respond to discovery, failed to timely provide a list of witnesses and exhibits, and failed to present any reason for his non-compliance); *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 763-764 (1980) (holding that a party and his counsel may both be held personally liable for expenses incurred in failing to comply with discovery orders and noting "Rule 37 sanctions must be applied diligently both to penalize those whose conduct may be deemed to warrant such a sanction, and to deter those who might be tempted to such conduct in the absence of such a deterrent"); *Porter Bridge Loan Co., Inc. v. Northrop*, 566 Fed. Appx. 753 (10th Cir. 2014) (upholding sanctions assessed against counsel for failure to timely respond to post-judgment discovery).

Therefore, Cox respectfully asks that the Court assess sanctions against Plaintiff and his counsel based on Plaintiff's failure to respond to Cox's discovery or to produce a Preliminary Witness and Exhibit List.

## **CONCLUSION**

Defendant CoxCom, LLC respectfully requests that this Motion to Compel discovery responses and document production from Plaintiff Mark Anthony Palzer be granted and that the Court assess sanctions against Plaintiff and his counsel, including an award of Cox's fees and costs incurred with respect to this Motion to Compel, precluding Plaintiff from presenting at any trial any witnesses or exhibits not timely disclosed by Plaintiff to Cox, and preventing Plaintiff from conducting any further discovery.

# 19-5094 / 0160

Dated:          February 19, 2018                    Respectfully submitted,

                                                     **HALL, ESTILL, HARDWICK, GABLE,**
                                                     **GOLDEN & NELSON, P.C.**

                                           By:       *s/William W. O'Connor*_____
                                                     William W. O'Connor, OBA No. 13200
                                                     Margo E. Shipley, OBA No. 32118
                                                     320 South Boston Avenue, Suite 200
                                                     Tulsa, OK  74103-3706
                                                     Telephone:  (918) 594-0400
                                                     Facsimile:  (918) 594-0505
                                                     Email:  boconnor@hallestill.com
                                                     Email: mshipley@hallestill.com

                                                     **ATTORNEYS FOR DEFENDANT,**
                                                     **COXCOM, LLC**


## CERTIFICATE OF SERVICE

        I hereby certify that on the 19th day of February, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Christopher L. Camp

**ATTORNEY FOR PLAINTIFF**


                                                     *s/William W. O'Connor*_____
                                                     William W. O'Connor

# 19-5094 / 0161

# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

MARK ANTHONY PALZER,     )
     )
    Plaintiff,     )
     )
    v.     )    Case No. 15-cv-564-GKF-TLW
     )
COXCOM, LLC,     )
     )
    Defendant.     )

## DISCOVERY REQUESTS OF DEFENDANT COXCOM, LLC
## TO PLAINTIFF MARK PALZER

Defendant, CoxCom, LLC ("Cox"), pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure and LCvR33.1, propounds to Plaintiff, Mark Palzer, and directs Plaintiff to answer the following interrogatories and produce for inspection and copying the documents and things requested below within 30 days to William W. O'Connor, c/o HALL ESTILL, 320 South Boston, Suite 200, Tulsa, OK 74103-3706.

### I.  DEFINITIONS

A.    "Palzer," "you," or "your" means the Plaintiff, Mark Palzer, and any agent or other person or legal entity acting for or on your behalf.

B.    "Cox" means the Defendant, CoxCom, LLC, or any other entity that you claim in this action to be your former employer, and any director, officer, agent, servant or employee, independent contractor, and any other person or legal entity acting for or on Cox's behalf.

C.    "All documents" means every document, whether an original or copy, known to you, and every such document that can be located or discovered by reasonably diligent efforts.

1

    D.    "Communication" shall refer to writings, oral conversations, electronic forms of communication, such as e-mail, telephonic conversations, and any other forms or methods of conversing or conveying ideas or messages.

    E.    The term "document" is used in the broad sense as defined in FED. R. CIV. P. 34, and includes without limitation, any written, recorded, graphic, electronic, digital, or other matter whether produced, reproduced or stored on papers, cards, tapes, discs, belts, charts, film, databases, hard drives, e-mail, or any other medium, including matter in the form of correspondence, telegrams, telexes, books, reports, studies, statements, notebooks, applications, agreements, appointment calendars, accountants' or clients' work papers, opinions or reports of consultants, graphs, checks (back and front), contracts, memoranda, notes, records, diaries, telephone logs, vouchers, journals, bookkeeping entries, purchase or sale orders, financial statements, price sheets, trade letters, circulars, brochures, e-mail, electronic files, and any published material, including originals, copies (with or without notes or changes thereon), and drafts, and all other documents or writings of whatever description.

    F.    "Factual basis" means all statements, documents, actions, inactions and other factual matter that may either directly or inferentially support the belief, contention, opinion or conclusion with regard to which the factual basis is requested to be given. An interrogatory requesting that you state the "factual basis" for a given subject means to (i) give a detailed statement, separately itemizing each evidentiary fact of which you are aware that supports the contention, belief or response for which the factual basis is requested. "Factual basis" does not refer to ultimate or conclusory facts, but refers to the evidentiary facts giving rise to your belief, contention or opinion. An interrogatory requesting that you state the "factual basis" for statements, representations and warranties means to separately describe each such statement,

representation and warranty, identify the person making it, identify all persons who heard or received it, state the date it was made, as well as all other requested information constituting your "factual basis."

G.      "Identity," "identify," or "identification," when used with reference to an individual person, means to state his or her full name, current business and residential addresses, and his or her present or last known position and business affiliation.

H.      "Identity," "identify," or "identification," when used in reference to a writing, means to state the date, author, addressee, the nature of the writing (*e.g.*, letter, memoranda, telegram, chart, prospectus, report, or the like), and its present location or custodian.   If any such writing was, but no longer is, in your possession or control, state what disposition was made of it, the date thereof, the person responsible for making the decision as to such disposition, and the person responsible for carrying out such disposition.

I.      "Identity," "identify," or "identification," when used in reference to a meeting or conference, means to state the date of the meeting or conference; the place of the meeting or conference; the full name, and the present or last known position, business affiliation, and current residential address of each person attending the meeting or conference; and telephone number of each person.

J.      "Identity," "identify," or "identification," when used in reference to a telephonic conversation, means to state the full name, business affiliation and business address at the time, present or last known position, business affiliation, and residential address of each party to the telephonic conversation; the location of each such party at the time the telephonic conversation took place; which of the parties initiated the telephonic call; and when such telephonic conversation took place.

K.    "Identity," "identify," or "identification," when used in reference to an oral conversation other than telephonic conversation, means to state when such conversation took place, where such conversation took place, and the full name, present or last known position, business affiliation, and business address at the time of each party to such conversation.

L.    "Legal contention" and "legal basis" means the legal theory and citations of authority for your asserted claims.

M.    "Person" or "party" shall refer to any natural person, firm, association, joint venture, limited or general partnership, corporation, or other form of legal business entity.

N.    "Possession, custody, or control" means actual possession, custody or control; or the right to possession, custody, or control by you, giving full breadth to that phrase as used in FED. R. CIV. P. 34.

O.    "Relating to" includes the meanings:    constituting, comprising, containing, discussing, reflecting, setting forth, showing, disclosing, describing, explaining, summarizing, concerning, or referring to in any way, directly to indirectly, and is meant to include documents underlying, supporting, necessary for the understanding of, now or previously attached or appended to, or used in the preparation of any documents called for by each request.

P.    "Writing" shall refer to any written material, whether typed, handwritten, printed or otherwise, or any photograph, photostat, microfilm or any other reproduction thereof, and including, without limitation, each note, memorandum, letter, telegram, circular, release, article, report, analysis, chart, account, book, draft, summary, diary, transcript, computer printout or data base, agreement, and contract.

# 19-5094 / 0166

## II.  **INSTRUCTIONS**

A.     When a document is withheld on grounds of privilege or other immunity from discovery, please provide the information required by FED. R. CIV. P. 26(b)(5) and LCvR26.4(a).

B.     If you refuse to respond to a Request for Production of Documents and Things based on the ground of burdensomeness, please identify (1) the number and nature of documents needed to be searched, (2) the location of the documents, and (3) the number of the persons, hours, and costs required to conduct the search.

C.     The time period for the requests and interrogatories herein, except as otherwise specifically indicated, shall be the period September 19, 2005 to the present.

## III.  **INTERROGATORIES**

**INTERROGATORY NO. 1.:**     Please identify all names you have used or have been known by, whether legal or otherwise, during the ten-year period immediately preceding the date of your Complaint[1], and list all Social Security numbers you have used during such time period.

**INTERROGATORY NO. 2.:**     Please identify each person who you believe can or will corroborate one or more of the allegations contained in your Complaint, and with respect to each such person please list each specific fact tending to prove the allegations contained in your Complaint which the person can or will corroborate.

**INTERROGATORY NO. 3.:**     Please  identify  each  person  who  personally witnessed the alleged discrimination and/or retaliation alleged in your Complaint, and with respect

---

[1]  When referencing Plaintiff's "Complaint," Cox is referring to Plaintiff's Petition for Wrongful Termination and Discrimination in Employment filed in the District Court of Tulsa County, Oklahoma, on January 20, 2015.

5

to each such person, please describe in complete detail each incident of alleged discrimination which the person witnessed.

**INTERROGATORY NO. 4.:**      Please identify each person other than your attorney and government agency representatives with whom you have discussed the allegations contained in your Complaint, and for each such person identified, please state the date of each conversation or communication; the purpose of each conversation or communication; and the substance of each conversation or communication.

**INTERROGATORY NO. 5.:**      Please identify each person who has provided statements, documents, or other things which support, negate or relate in any way to your lawsuit against Cox, and describe with particularity each such matter provided by each such person.

**INTERROGATORY NO. 6.:**      Please identify each person you have contacted or plan to contact about providing statements, documents, or other things in support of your lawsuit against Cox, and for each such person identified please state the date of each conversation or communication and the substance of each conversation or communication.

**INTERROGATORY NO. 7.:**      Please identify all health care providers and professionals from whom you have sought or obtained services or advice for any physical, mental, or emotional reasons since September 19, 2005, to the present, including for example doctors, physicians, nurses, psychiatrists, psychotherapists, therapists, counselors, or other such persons and with respect to each please state the date of each contact or consultation with or treatment by such person; the reason for each contact, consultation, or treatment; and the result of each contact, consultation, or treatment.

**INTERROGATORY NO. 8.:**      Please identify and list all non-prescription drugs and medications and all prescription drugs and medications you have taken since September 19, 2005,

6

to the present, and with respect to each such drug or medication state the reason for taking such drug or medication, the dosage taken, and the frequency that each such drug or medication was taken.

**INTERROGATORY NO. 9.:**     Please identify all pastors, priests, elders, deacons, or other such spiritual or religious advisors or counselors with whom you have met or from whom you have obtained or sought counseling since September 19, 2005, to the present and with respect to each please state the date of each contact or consultation with such person; the reason for each contact or consultation; and the result of each contact or consultation.

**INTERROGATORY NO. 10.:**     Please identify each internet service provider you have used for personal access to the internet and each complete e-mail address you have used for sending and receiving e-mail from September 19, 2005, to the present, including all complete e-mail addresses you have used for such period of time.

**INTERROGATORY NO. 11.:**     Please identify each social media platform, including, but not limited to, Facebook and Twitter, you have used from September 19, 2005, through the date of your response to this interrogatory. Please include in your response any and all account names, handles, and other identifiers through which you utilized these platforms.

**INTERROGATORY NO. 12.:**     Please identify all sources of income or other monies you have received from June 10, 2013, to the present, and with respect to each source please state the reason such amount was paid or given to you and state the total amount received from the source through the date of your response to these discovery requests.

**INTERROGATORY NO. 13.:**     Please identify each person, including each expert witness, you intend to call as a witness at trial, and with respect to each person please describe the substance of the testimony you expect to elicit.

7

**INTERROGATORY NO. 14.:**    Please explain both the factual basis and the legal basis for each distinct component of the total damages you seek to recover in this litigation, including the dollar amount of each distinct component, and set forth the entire mathematical calculation you use showing how you arrive at the aggregate amount of damages you believe you have suffered and should recover.

**INTERROGATORY NO. 15.:**    Please identify all current and former employers, including dates of employment, job title(s), supervisors, and reason(s) for separation.

**INTERROGATORY NO. 16.:**    Please identify all academic institutions you attended after graduating from high school.

**INTERROGATORY NO. 17.:**    Please identify all applications you have filed for disability benefits from any governmental agency, including Social Security Disability Insurance. In your response, please identify the date each application was filed and the outcome of each application.

**INTERROGATORY NO. 18.:**    If you have ever been a party to (including, but not limited to, a defendant in)—or otherwise testified or provided a deposition, affidavit, declaration or other written statement as part of)—any civil, criminal or administrative proceeding, grievance procedure or other similar proceeding (including, but not limited to, any bankruptcy or divorce proceeding),

(a) please set forth the complete caption of the case or other proceeding (i.e., the body before which the case or proceeding was brought (e.g., United States District Court, U.S. Equal Employment Opportunity Commission, Oklahoma state court, etc.), the parties to the same, and the docket or other similar identification number assigned to it); and

8

(b) please state the date of filing or initiation of any such case or other proceeding.

**INTERROGATORY NO. 19.:**      With regard to the allegations contained in Paragraph 11 of your Complaint, please identify each change in "the manner in which assignments of sales territories were made," any territories Plaintiff's manager refused to give to him, and each of the "young black male recruits" to whom those territories were assigned.

**INTERROGATORY NO. 20.:**      Please identify, by year, the total amount of revenue or other monies generated since June 10, 2013, by operation of Palzer Promotions.

## IV.   <u>REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS</u>

**<u>REQUEST NO. 1.</u>:**  Please produce for inspection and copying all documents, writings, or other things in your possession, custody, or subject to your control that relate to or support your response to Interrogatory No. 2.

**<u>REQUEST NO. 2.</u>:**  Please produce for inspection and copying all documents, writings, or other things in your possession, custody, or subject to your control that relate to or otherwise support your responses to Interrogatory Nos. 3 and 4.

**<u>REQUEST NO. 3.</u>:**  Please produce for inspection and copying all documents, writings, or other things in your possession, custody, or subject to your control that relate to or otherwise support your response to Interrogatory No. 5.

**<u>REQUEST NO. 4.</u>:**  Please produce for inspection and copying all statements, documents, or other things in your possession, custody, or subject to your control provided by each person identified in your response to Interrogatory No. 6.

**<u>REQUEST NO. 5.</u>:**  Please produce for inspection and copying all medical records relating to the Plaintiff, including but not limited to hospital medical charts, x-rays, admission sheets, admitting physical and history reports, doctor's order sheets, lab sheets, nurses' notes, emergency room reports, physical therapy reports, clinic notes, pathology reports, operative reports, post-operative reports, prescription drug logs, and any other such records and/or reports generated by or delivered to each of the persons or entities identified in response to Interrogatory No. 7 for the period January 1, 2007, to the present.

**<u>REQUEST NO. 6.</u>:**  Please produce for inspection and copying all documents in your possession, custody, or subject to your control that reflect all drugs and medications you identified in response to Interrogatory No. 8.

# 19-5094 / 0172

**REQUEST NO. 7.:**  Please produce for inspection and copying all documents, writings, or other things in your possession, custody, or subject to your control that were generated by, received from, or provided to each person you identified in response to Interrogatory No. 9.

**REQUEST NO. 8.:**  Please produce for inspection and copying all documents, writings, electronically stored information, or other things in your possession, custody, or subject to your control that relate to or support your response to Interrogatory No. 10 concerning your internet service providers and e-mail addresses.

**REQUEST NO. 9.:**  Please produce for inspection and copying all documents, writings, electronically stored information, or other things in your possession, custody, or subject to your control that relate to or support your response to Interrogatory No. 11 concerning your use of social media platforms. In particular, include with this production all social media activity that relates in any way to your employment with Cox or any of the claims or defenses at issue in this lawsuit.

**REQUEST NO. 10.:**  Please produce for inspection and copying documentation of any and all income or other monies received by you by each source identified in response to Interrogatory Nos. 12 and 20, including but not limited to payroll stubs or other such payroll records; invoices, statements or other such records; bank statements to which such sums have been deposited; your State and Federal income tax returns, W-2's, 1099's, Unemployment Compensation checks and stubs; and other such forms for tax years 2013 through the present; and any other documents evidencing income or monies received by you for such period.

**REQUEST NO. 11.:**  Please produce for inspection and copying any and all expert witness reports that relate to this litigation and that you have obtained from each expert identified in response to Interrogatory No. 13 and from any other experts utilized by you, including all documents, writings, or other evidence reviewed and/or relied upon by each such expert in

11

preparing such reports.

**REQUEST NO.  12.:**        Please produce for inspection and copying all documents or things relating to and supporting your response to Interrogatory No. 14 concerning your calculation of the damages you seek to recover.

**REQUEST NO.  13.:**        Please produce for inspection and copying each application, letter, resume, or other such documentation prepared by you for the purpose of securing alternative employment from June 10, 2013 through the date of your response to these discovery requests.

**REQUEST NO.  14.:**        Please produce for inspection and copying all documents, writings, and other things you have caused to be delivered to prospective employers from June 10, 2013, through the date of your response to these discovery requests.

**REQUEST NO.  15.:**        Please produce for inspection and copying all documents, writings, and other things you have received from prospective or former employers other than Cox from June 10, 2013, through the date of your response to these discovery requests.

**REQUEST NO.  16.:**        Please print and produce for inspection and copying all internet-based applications, profiles, resumes, and other such job search related information or materials that you have provided to or received from prospective employers and job search web sites from June 10, 2013, through the date of your response to these discovery requests.

**REQUEST NO.  17.:**        Please produce certified transcripts reflecting your academic performance from each educational institution you attended after graduating from high school.

**REQUEST NO. 18.:**      Please produce for inspection and copying all e-mail that you have sent or received from September 19, 2005, through the date of your response to these discovery requests (excluding any correspondence to or from your attorney) that relates in any way to any of the allegations asserted in your Complaint. In particular, include with this production all e-mails sent to and from all e-mail addresses identified in response to Interrogatory No. 10.

**REQUEST NO. 19.:**      With regard to the Fourth Cause of Action of your Complaint, please produce the "progressive discipline plan" that you contend constitutes a contract between you and Defendant, and any other alleged agreement and/or contract, including any modification thereof, between you and Defendant.

**REQUEST NO. 20.** Please produce for inspection and copying all correspondence between you (and your attorney) and the Equal Employment Opportunity Commission ("EEOC") and the Oklahoma Attorney General's Office, Office of Civil Rights Enforcement ("OCRE") relating in any way to your employment with Cox or any of the allegations asserted in your Complaint. In particular, include with this production all correspondence between you and the EEOC or the OCRE relating to any Intake Questionnaire(s) and/or Charge(s) of Discrimination filed in 2012 and/or 2014.

**REQUEST NO. 21.:**      Please produce any and all memoranda, reports, diaries, calendars, notes, journals, or other writings or things in your possession, custody, or subject to your control that contain information or other items supporting, negating or relating in any way to any of the allegations contained in your Complaint.

**REQUEST NO. 22.:**      Please produce any and all audio or video recordings, including any transcripts thereof, in your possession, custody, or subject to your control that relate to one or more of the allegations contained in your Complaint.

13

**REQUEST NO. 23.:**        Please produce copies of all exhibits and other demonstrative evidence you intend to introduce at the trial of this matter.

**REQUEST NO. 24.:**        Please produce for inspection and copying all other documents or evidence in your possession, custody, or subject to your control that support, negate or relate in any way to one or more of your allegations in the Complaint and which you have not yet produced in response to any prior requests set forth herein.

**REQUEST NO. 25.:**        Please produce all documents and things required to be produced pursuant to FED. R. CIV. P. 26(a)(1) and LCvR26.1(a).

**REQUEST NO. 26.:**        Please produce the privilege log required by FED. R. CIV. P. 26(b) and LCvR26.4 with respect to all documents and things withheld on the ground of privilege.

**REQUEST NO. 27.:**        Please produce the original, fully executed *Medical Authorization* appended hereto as Exhibit "A."

**REQUEST NO. 28.:**        Please produce the original, fully executed *Authorization to Release Employment Records* appended hereto as Exhibit "B."

**REQUEST NO. 29.:**        Please produce the original, fully executed Waiver of Confidentiality appended hereto as Exhibit "C."

**REQUEST NO. 30.:**        Please produce for inspection and copying all documents, writings, applications, or other things in your possession, custody, or subject to your control that relate to or otherwise support your response to Interrogatory No. 18.   As part of your response, please produce the original, fully executed *Consent for Release of Information* appended hereto as Exhibit "D."

14

Dated:    December 7, 2017        Respectfully submitted,

                **HALL, ESTILL, HARDWICK, GABLE,
GOLDEN & NELSON, P.C.**

By:    *Margo Shipley*

William W. O'Connor, OBA #13200
Margo E. Shipley, OBA #32118
320 South Boston Avenue, Suite 200
Tulsa, OK  74103-3706
Telephone:  (918) 594-0400
Facsimile:  (918) 594-0505
Email:  boconnor@hallestill.com
Email:  mshipley@hallestill.com

**ATTORNEYS FOR DEFENDANTS,
LIBERTY MUTUAL INSURANCE
COMPANY AND OHIO SECURITY
INSURANCE COMPANY**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 7th day of December, 2017, a true and correct copy of the foregoing was served via U.S. Mail, postage prepaid, to:

Christopher L. Camp
CAMP LAW FIRM
7122 South Sheridan Road, Suite 2-382
Tulsa, Oklahoma 74133


Margo E. Shipley

**EXHIBIT "A"**

| **Request for an Individual's Health Information** |
|---|

| Last:  Palzer | First:  Mark | Middle:  A. |
|---|---|---|

Other Names Used:          Date of Birth:                    SS#:

Address:

Home Phone:  (          )                    Work Phone:  (          )

[X]   I hereby request any and all health records created or maintained by the following provider listed below.

| Progress Notes | [ X ]   Immunization Records |
|---|---|
| [ X ]   Pathology/Lab Reports | [ X ]   Entire Health Record |
| [ X ]   X-rays Reports | [ X ]   Other     as requested |
| [ X ]   Billing Records | [ X ]   Release/Discharge Summary |

[ X ]   Drug/Alcohol Records Evaluation/Assessment:

[X] Psychological      [X]   Nursing        [X]   Psychological
[X]   Psychiatric      [X]   Physical       [X]   After Care

[X]   Treatment Plans    [X]   Dr. Orders      [X]   Progress Notes
[X]   Medications        [X]   Discharge Plans
[X]   Letters of admits & release dates

[  ]   I will pick up the copies of my records

[  ]   Hall Estill will pick up my records

[ X ]   Mail copies of my records to the individual noted below :

| **Records From:** | **Records To:** |
|---|---|
| Name: | Name:   Hall Estill |
| Address: | Address:   320 South Boston, Suite 200, Tulsa, Oklahoma 74103 |
| Phone: | Phone:  (918) 594-0400 |
| Fax: | Fax:   (918) 594-0505 |

Purpose of Request:      patient's request        dispute        referral        other: Litigation

**I understand:**

I may revoke this authorization at any time by providing my written revocation to Hall Estill., 320 South Boston, Suite 200, Tulsa, Oklahoma 74103. My revocation will not apply to information already retained, used or disclosed in response to this   authorization.   Unless revoked, the automatic expiration date will be twelve (12) months from the date of signature.

Information used or disclosed under this authorization may be subject to re-disclosure by the recipient and no longer protected by   federal privacy regulations.     Persons this authorization may be re-disclosed to include those only involved with this litigation matter.

- **THE INFORMATION AUTHORIZED FOR RELEASE MAY INCLUDE RECORDS WHICH MAY INDICATE THE PRESENCE OF A COMMUNICABLE DISEASE OR NONCOMMUNICABLE DISEASE.**

- The information authorized for release also may include protected health information related to mental health.

- The information authorized for release also may include drug/alcohol abuse treatment records.   This category of medical information/ records is protected by Federal confidentiality rules (42 CFR Part 2).   The Federal rules prohibit anyone receiving this information or records from making further release unless further release is expressly permitted by the written authorization of the person to whom it  pertains or as otherwise permitted by 42 CFR Part 2. A general authorization for the release of medical or other information is not  sufficient for this purpose. The Federal rules restrict any use of the information to criminally investigate or prosecute any alcohol or drug  abuse patient. As a result, by signing below I specifically authorize any such records included in my health information to be released.

- I understand that signing this authorization is voluntary. My treatment, payment, enrollment in a health plan, or eligibility for benefits will  not be conditioned upon my authorization of this disclosure.

Signature of Patient, Parent, or Legally Authorized Representative          Relationship to Patient                    Date

Witness                                                                                    Date

Exhibit "B"

## AUTHORIZATION FOR RELEASE OF EMPLOYMENT RECORDS

TO: _____
    _____
    _____
    _____

You are hereby authorized to furnish and release to William O'Connor of Hall Estill, 320 South Boston, Suite 200, Tulsa, Oklahoma 74103, (918) 594-0400, fax (918) 594-0505, or their agents, all employment information and records they request, both past and present, including without limitation, job applications, resumes, references or histories; personnel evaluations; job performance reviews and evaluations; performance or personality tests and results; grievances and Petitions; licenses and licensing requirements, checklists or records; memberships in professional organizations; personnel files; tax, withholding, and payroll forms and records; benefits records; time sheets and records; advances; commissions, or any other employment-related activity or record of or relating to:

**Name:**          **Palzer, Mark**
**Date of Birth:**
**SSN:**

You are authorized and directed to discuss such records with William O'Connor of Hall Estill, or their agents, should they desire to discuss same.

DATED this ____ day of _____, 20 ___.

                                    _____
                                    Mark Palzer

## A PHOTOCOPY OF THIS AUTHORIZATION SHALL HAVE THE SAME FORCE AND EFFECT AS AN ORIGINAL.

### EXHIBIT "C"

### <u>WAIVER OF CONFIDENTIALITY</u>
#### (Claimant Information)

**STATE OF OKLAHOMA**   )                  SSN:
                                            ) SS.
<u>**COUNTY OF TULSA**    </u>    )

     I, Mark Palzer, hereby state that I waive the confidentiality of the records, documents, and information maintained by the Oklahoma Employment Security Commission regarding my claim for unemployment benefits or Employment Service application. By this document, I authorize the Oklahoma Employment Security Commission to retrieve and reproduce the documents identified below and deliver them to:

     **Name:** <u>Hall Estill</u>
             <u>c/o William O'Connor, Margo Shipley</u>

     **Address:** <u>320 South Boston, Suite 200</u>
             <u>Tulsa, Oklahoma 74103</u>

     **Telephone:** <u>918-594-0400</u>

It is requested that the following documents be retrieved and reproduced:
*<u>Any and all information and records pertaining to a claim for unemployment compensation benefits made by</u>* <u>Mark Palzer .</u>        *<u>against CoxCom, LLC.</u>*

Please produce these documents by the following date: _____

(Note: A minimum of twenty days is required for a claim file or appeal file and a minimum of forty-five days are required for copies of specific weekly claim cards and/or benefit checks).

     **Signature:** _____

     **Print Name:** _____

     Subscribed and sworn to before me this_____day    of_____, 20____.

My Commission Expires: _____          _____
                                       Notary Public

| Social Security Administration | Form Approved |
|---|---|
| **Consent for Release of Information** | OMB No. 0960-0566 |

### Instructions for Using this Form

Complete this form only if you want us to give information or records about you, a minor, or a legally incompetent adult, to an individual or group (for example, a doctor or an insurance company). If you are the natural or adoptive parent or legal guardian, acting on behalf of a minor child, you may complete this form to release only the minor's non-medical records. We may charge a fee for providing information unrelated to the administration of a program under the Social Security Act.

**NOTE:** Do not use this form to:

• Request the release of medical records on behalf of a minor child. Instead, visit your local Social Security office or call our toll-free number, 1-800-772-1213 (TTY-1-800-325-0778), or

• Request detailed information about your earnings or employment history. Instead, complete and mail form SSA-7050-F4. You can obtain form SSA-7050-F4 from your local Social Security office or online at www.ssa.gov/online/ssa-7050.pdf.

### How to Complete this Form

We will not honor this form unless all required fields are completed. An asterisk (*) indicates a required field. Also, we will not honor blanket requests for "any and all records" or the "entire file." You must specify the information you are requesting and you must sign and date this form. We may charge a fee to release information for non-program purposes.

• Fill in your name, date of birth, and social security number or the name, date of birth, and social security number of the person to whom the requested information pertains.

• Fill in the name and address of the person or organization where you want us to send the requested information.

• Specify the reason you want us to release the information.

• Check the box next to the type(s) of information you want us to release including the date ranges, where applicable.

• For non-medical information, you, the parent or the legal guardian acting on behalf of a minor child or legally incompetent adult, must sign and date this form and provide a daytime phone number.

• If you are not the individual to whom the requested information pertains, state your relationship to that person. We may require proof of relationship.

### PRIVACY ACT STATEMENT

Section 205(a) of the Social Security Act, as amended, authorizes us to collect the information requested on this form. We will use the information you provide to respond to your request for access to the records we maintain about you or to process your request to release your records to a third party. You do not have to provide the requested information. Your response is voluntary; however, we cannot honor your request to release information or records about you to another person or organization without your consent. We rarely use the information provided on this form for any purpose other than to respond to requests for SSA records information. However, the Privacy Act (5 U.S.C. § 552a(b)) permits us to disclose the information you provide on this form in accordance with approved routine uses, which include but are not limited to the following:

1. To enable an agency or third party to assist Social Security in establishing rights to Social Security benefits and or coverage;
2. To make determinations for eligibility in similar health and income maintenance programs at the Federal, State, and local level;
3. To comply with Federal laws requiring the disclosure of the information from our records; and,
4. To facilitate statistical research, audit, or investigative activities necessary to assure the integrity of SSA programs.

We may also use the information you provide when we match records by computer. Computer matching programs compare our records with those of other Federal, State, or local government agencies. We use information from these matching programs to establish or verify a person's eligibility for Federally-funded or administered benefit programs and for repayment of incorrect payments or overpayments under these programs. Additional information regarding this form, routine uses of information, and other Social Security programs is available on our Internet website, www.socialsecurity.gov, or at your local Social Security office.

### PAPERWORK REDUCTION ACT STATEMENT

This information collection meets the requirements of 44 U.S.C. § 3507, as amended by section 2 of the Paperwork Reduction Act of 1995. You do not need to answer these questions unless we display a valid Office of Management and Budget control number. We estimate that it will take about 3 minutes to read the instructions, gather the facts, and answer the questions. **SEND OR BRING THE COMPLETED FORM TO YOUR LOCAL SOCIAL SECURITY OFFICE. You can find your local Social Security office through SSA's website at** www.socialsecurity.gov. **Offices are also listed under U.S. Government agencies in your telephone directory or you may call 1-800-772-1213 (TTY 1-800-325-0778).** You may send comments on our time estimate above to: SSA, 6401 Security Blvd., Baltimore, MD 21235-6401. *Send only comments relating to our time estimate to this address, not the completed form.*

Form SSA-3288 (11-2016) uf
Destroy Prior Editions

DEPOSITION
EXHIBIT
D
PENGAD 800-631-6989

Social Security Administration                                                    Form Approved
**Consent for Release of Information**                                            OMB No. 0960-0566

You must complete all required fields. We will not honor your request unless all required fields are completed. (*Signifies a required field. **Please complete these fields in case we need to contact you about the consent form).

**TO:  Social Security Administration**

Mark Anthony Palzer
       **\*My Full Name**                 **\*My Date of Birth**         **\*My Social Security Number**
                                  **(MM/DD/YYYY)**

I authorize the Social Security Administration to release information or records about me to:

**\*NAME OF PERSON OR ORGANIZATION:**      **\*ADDRESS OF PERSON OR ORGANIZATION:**

Hall Estill

**\*I want this information released because:**   Litigation purposes
   We may charge a fee to release information for non-program purposes.

**\*Please release the following information selected from the list below:**
**Check at least one box. We will not disclose records unless you include date ranges where applicable.**

1. [x] Verification of Social Security Number
2. [x] Current monthly Social Security benefit amount
3. [x] Current monthly Supplemental Security Income payment amount
4. [x] My benefit or payment amounts from date all_____ to date all_____
5. [x] My Medicare entitlement from date all_____ to date all_____
6. [x] Medical records from my claims folder(s) from date all_____ to date all_____
      If you want us to release a minor child's medical records, do not use this form.  Instead, contact your local Social Security office.
7. [x] Complete medical records from my claims folder(s)
8. [x] Other record(s) from my file (We will not honor a request for "any and all records" or "the entire file." You must specify other records; e.g., consultative exams, award/denial notices, benefit applications, appeals, questionnaires, doctor reports, determinations.)

    Applications, questionnaires and determinations

**I am the individual, to whom the requested information or record applies, or the parent or legal guardian of a minor, or the legal guardian of a legally incompetent adult. I declare under penalty of perjury (28 CFR § 16.41(d)(2004) that I have examined all the information on this form and it is true and correct to the best of my knowledge. I understand that anyone who knowingly or willfully seeking or obtaining access to records about another person under false pretenses is punishable by a fine of up to $5,000. I also understand that I must pay all applicable fees for requesting information for a non-program-related purpose.**

**\*Signature:** _____    **\*Date:** _____

**\*\*Address:** _____    **\*\*Daytime Phone:** _____

**Relationship (if not the subject of the record):** _____    **\*\*Daytime Phone:** _____

Witnesses must sign this form ONLY if the above signature is by mark (X). If signed by mark (X), two witnesses to the signing who know the signee must sign below and provide their full addresses. Please print the signee's name next to the mark (X) on the signature line above.

| 1.Signature of witness | 2.Signature of witness |
|---|---|
| Address(Number and street,City,State, and Zip Code) | Address(Number and street,City,State, and Zip Code) |

**Form SSA-3288** (11-2016) uf

# EXHIBIT 2

**From:** Margo E. Shipley
**Sent:** Tuesday, January 16, 2018 11:08 AM
**To:** 'camplawfirm@gmail.com' <camplawfirm@gmail.com>
**Cc:** 'William D. Deveney' <deveney@elarbeethompson.com>; William W. O'Connor <boconnor@HallEstill.com>
**Subject:** Palzer v. Cox

Chris,

Please be advised that Plaintiff's discovery responses are deficient. Cox served discovery requests on Plaintiff on December 7, 2017. Plaintiff's discovery responses and document production were due a week ago, on January 9; however, I have received nothing. Please immediately supply Plaintiff's discovery responses and document production. I have been instructed to file a Motion to Compel if I do not receive the discovery responses and document production by close of business on January 30, 2018.

Additionally, Plaintiff's Preliminary Witness and Exhibit List was due January 5, 2018. Again, I have received nothing. Please immediately supply Plaintiff's Preliminary Witness and Exhibit List.

Regards,
Margo Shipley



**Margo E. Shipley | Attorney**
320 S. Boston Ave., Suite 200
Tulsa, OK 74103
**T:** 918-594-0590 | **F:** 918-594-0505
www.hallestill.com | my bio | vcard

1

# 19-5094 / 0185

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

**MARK ANTHONY PALZER,**

     **Plaintiff,**

**v.**                                 **Case No. 15-cv-564-GKF-JFJ**

**COXCOM, LLC,**

     **Defendant.**

## DEFENDANT'S UNOPPOSED MOTION
## TO CONTINUE SETTLEMENT CONFERENCE

Defendant CoxCom, LLC ("Cox") respectfully submits this Unopposed Motion to Continue Settlement Conference until such time as the Court has ruled on Cox's Motion to Compel (Doc. No. 63) and Cox has taken Plaintiff Mark Anthony Palzer's ("Plaintiff") deposition.[1] Plaintiff does not oppose the requested extension. In further support of this Unopposed Motion, Cox states as follows:

1.     On November 21, 2017, the Court scheduled a Settlement Conference in this case for March 9, 2018, at 9:30 AM. (Doc. No. 57).

2.     Cox respectfully requests that the Court continue the scheduled Settlement Conference until such time as the Court has ruled on Cox's Motion to Compel and Cox has taken Plaintiff's deposition. (Doc. No. 63). To date, Cox has received no documents or written discovery responses from Plaintiff and has not deposed Plaintiff. Cox noticed Plaintiff's

---

[1] Concurrent with the filing of this Motion, Plaintiff is filing a motion to extend the remaining Scheduling Order deadlines. Cox has agreed to a limited 45-day extension of the discovery period for the sole purpose of Plaintiff's deposition and Cox's 30(b)(6) deposition (the breadth and scope of which are subject to the Court's ultimate determination on Cox's Motion to Compel (Doc. No. 63)) and no additional discovery. Should the Court grant Plaintiff's Motion and extend deadlines, Cox respectfully requests that the Court continue the Settlement Conference until after the expiration of the discovery period to allow the Parties to conclude the necessary discovery.

deposition for February 27, 2018, but Plaintiff's counsel advised that Plaintiff was unable to appear that day.  This limited continuance will allow Cox to proceed with obtaining discovery from Plaintiff which will enable Cox and Plaintiff to meaningfully participate in the Settlement Conference.

3.      This is Cox's first request for a continuance of the Settlement Conference.  The request for a continuance is not made for purposes of delay, but to facilitate a productive and effective Settlement Conference.

4.      Plaintiff does not oppose the requested extension.

5.      The continuance of the Settlement Conference will not impact any other scheduled deadlines.

## CONCLUSION

Based on the foregoing, Defendant CoxCom, LLC respectfully requests that the Court continue the Settlement Conference, currently set for March 9, 2018, until such time as the Court has ruled on Cox's Motion to Compel, and Cox has taken the deposition of Plaintiff.

Dated:      February 27, 2018                Respectfully submitted,

                                              **HALL, ESTILL, HARDWICK, GABLE,**
                                              **GOLDEN & NELSON, P.C.**

                          By:    *s/William W. O'Connor*
                                 William W. O'Connor, OBA No. 13200
                                 Margo E. Shipley, OBA No. 32118
                                 320 South Boston Avenue, Suite 200
                                 Tulsa, OK  74103-3706
                                 Telephone:  (918) 594-0400
                                 Facsimile:  (918) 594-0505
                                 Email:  boconnor@hallestill.com
                                 Email: mshipley@hallestill.com

                                 **ATTORNEYS FOR DEFENDANT,**
                                 **COXCOM, LLC**

# 19-5094 / 0187

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of February, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Christopher L. Camp

**ATTORNEY FOR PLAINTIFF**

s/William W. O'Connor
William W. O'Connor

3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

MARK ANTHONY PALZER,

       **Plaintiff,**

v.                                                    **Case No. 15-cv-564-GKF-JFJ**

COXCOM, LLC,

       **Defendant.**

### DEFENDANT'S PARTIALLY OPPOSED MOTION TO EXTEND DEADLINES

Defendant CoxCom, LLC ("Cox") respectfully submits this Partially Opposed Motion to Extend Deadlines.[1]

Defendant respectfully seeks a 60-day continuance of the Scheduling Order deadlines for the limited purpose of conducting Plaintiff's deposition and Cox's Rule 30(b)(6) deposition, as required by the Court pursuant to Cox's pending Motion to Compel.  (Doc. No. 63).  Plaintiff agrees to a 60-day continuance of the remaining Scheduling Order deadlines but does not agree that discovery should be limited to the two outstanding depositions.  In support of this Motion, Cox states as follows:

1.      On September 6, 2017, the Court entered a Scheduling Order.  (Doc. No. 55).

2.      In accordance with the Court's September 6, 2017 Scheduling Order, the remaining Scheduling Order deadlines are as follows.  The discovery cutoff is March 1, 2018.  Dispositive and *Daubert* motions and motions in limine are due March 15, 2018.

---

[1] Counsel for Plaintiff agreed to file a partially opposed motion to extend the remaining Scheduling Order deadlines by March 1, 2018, the discovery cutoff.  At the time of this filing, Plaintiff's counsel had not filed for the requested relief and did not respond to Cox's counsel's repeated telephone calls and email correspondence requesting an update on the agreed filing.  Thus, Cox files this Motion.

Deposition/videotaped/interrogatory designations are due June 1, 2018, and counter-designations are due June 8, 2018. Transcripts annotated with objections and briefs on unusual objections must be filed by June 15, 2018. A dispositive motions hearing is set for June 12, 2018. Pretrial disclosures are due by June 18, 2018, and an Agreed Proposed Pretrial Order is due by June 25, 2018. A pretrial conference is set for July 2, 2018, at 1:30 PM. Requested jury instructions, requested voir dire, and trial briefs are due by July 9, 2018. Trial is scheduled for July 16, 2018, at 9:30 AM.

3.      On February 19, 2018, Cox noticed Plaintiff's deposition for February 27, 2018 (although Plaintiff's counsel subsequently indicated on February 23, 2018 that Plaintiff was unable to appear for his deposition on that date and that counsel was unable to present Plaintiff until after the discovery cutoff). On February 21, 2018, Cox filed a Motion to Compel, based on Plaintiff's complete failure to supply a Preliminary Witness and Exhibit List, as well as his complete failure to respond to Cox's interrogatories and requests for production of documents served on December 7, 2017, and to respond to Cox's good-faith inquiries regarding those failures. (Doc. No. 63). As part of its Motion, Cox also sought sanctions against Plaintiff and his counsel, including that the Court preclude Plaintiff from conducting additional discovery. Cox's Motion to Compel remains pending. On February 20, 2018, Plaintiff noticed the deposition of Cox's Rule 30(b)(6) corporate representative for February 28, 2018—the final day of discovery—leaving Cox with insufficient time to identify and prepare one or more corporate representatives. Plaintiff's 30(b)(6) deposition notice failed to comply with the Rule's reasonable-particularity requirement, and was otherwise grossly overbroad and objectionable in multiple respects. Cox's counsel has been engaging in good faith discussions with Plaintiff's counsel in order to evaluate whether the parties can reach an agreement on the deposition topics. The Parties, however, have been unable to resolve these

issues prior to the discovery cutoff.

4.      Therefore, Cox respectfully requests that the Court extend the remaining Scheduling Order deadlines by 60 days so the Court may rule on Cox's Motion to Compel (Doc. No. 63), Cox may take Plaintiff's deposition, and Cox can present a 30(b)(6) witness (subject to the parties' good faith efforts and the Court's ruling on any motion for protective order).  Cox respectfully submits that an extension of 60 days will enable the Parties to conduct the two depositions notice prior to the expiration of the original discovery period, and to prepare dispositive, *Daubert*, and *limine* motions, as well as to prepare for trial.

5.      This is Cox's first request for an extension of Scheduling Order deadlines.

6.      Plaintiff agrees with a 60-day continuance of the remaining Scheduling Order deadlines, but opposes Cox's request that the extended discovery period be limited to the two depositions.

7.      This extension is not sought for purposes of delay, but to allow the Parties to complete meaningful and necessary document and deposition discovery and for the preparation of comprehensive dispositive, *Daubert*, and limine motions.

## CONCLUSION

For the foregoing reasons, Cox respectfully asks that the Court extend the remaining Scheduling Order deadlines by 60 days, including the discovery cutoff and the deadlines for dispositive and *Daubert* motions, motions in limine, deposition/videotaped/interrogatory designations and counter-designations, transcripts annotated with objections and briefs on unusual objections, the dispositive motions hearing, pretrial disclosures, the Agreed Proposed Pretrial Order, a pretrial conference, requested jury instructions, requested voir dire, trial briefs, and the trial date.

# 19-5094 / 0191

Dated:        March 1, 2018                    Respectfully submitted,

                                               **HALL, ESTILL, HARDWICK, GABLE,**
                                               **GOLDEN & NELSON, P.C.**

                               By:     _s/William W. O'Connor_
                                       William W. O'Connor, OBA No. 13200
                                       Margo E. Shipley, OBA No. 32118
                                       320 South Boston Avenue, Suite 200
                                       Tulsa, OK  74103-3706
                                       Telephone:  (918) 594-0400
                                       Facsimile:  (918) 594-0505
                                       boconnor@hallestill.com
                                       mshipley@hallestill.com


                                       -AND-


                                       William D. Deveney
                                       Admitted _Pro Hac Vice_
                                       ELARBEE, THOMPSON, SAPP & WILSON, LLP
                                       800 International Tower
                                       229 Peachtree Street, N.E.
                                       Atlanta, GA  30303
                                       Telephone: (404) 659-6700
                                       Facsimile: (404) 222-9718
                                       deveney@elarbeethompson.com

                                       **ATTORNEYS FOR DEFENDANT,**
                                       **COXCOM, LLC**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 1st day of March, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Christopher L. Camp

**ATTORNEY FOR PLAINTIFF**

*s/William W. O'Connor*
William W. O'Connor

5

**U.S. District Court**

**U.S. District Court for the Northern District of Oklahoma**

**Notice of Electronic Filing**

The following transaction was entered on 3/2/2018 at 11:04 AM CST and filed on 3/2/2018
**Case Name:**      Palzer v. Cox Oklahoma Telcom, LLC et al
**Case Number:**      4:15-cv-00564-GKF-JFJ
**Filer:**
**Document Number:** 69(No document attached)

**Docket Text:**

**MINUTE ORDER by Chief Judge Gregory K Frizzell** *Plaintiff's counsel is directed to respond to Defendant's Partially Opposed Motion to Extend Deadlines on or before 3/6/2018*, **setting/resetting deadline(s)/hearing(s): ( Responses due by 3/6/2018) (Re: [68] MOTION to Accelerate/Extend/Reset Hearing(s)/Deadline(s)** *Defendant's Partially Opposed Motion to Extend Deadlines* **) (This entry is the Official Order of the Court. No document is attached.) (lah, Chambers)**

**4:15-cv-00564-GKF-JFJ Notice has been electronically mailed to:**

Christopher Lincoln Camp      camplawfirm@gmail.com

Keith A
Wilkes      kwilkes@newtonoconnor.com, eandrew@newtonoconnor.com, lwilliams@newtonoconnor.com, sbaccus@newtonoconnor.com

Margo Elizabeth
Shipley      mshipley@hallestill.com, lwilliams@hallestill.com, margoshipley@gmail.com, twallace@hallestill.com

N Kay Bridger-Riley      kay@bridger-riley.com

William Drummond Deveney      deveney@elarbeethompson.com, susan@elarbeethompson.com

William Walker
O'Connor      boconnor@hallestill.com, lwilliams@hallestill.com, twallace@hallestill.com

**4:15-cv-00564-GKF-JFJ Notice has not been electronically mailed to:**

## U.S. District Court

### U.S. District Court for the Northern District of Oklahoma

### Notice of Electronic Filing

The following transaction was entered on 3/5/2018 at 10:32 AM CST and filed on 3/5/2018
**Case Name:**      Palzer v. Cox Oklahoma Telcom, LLC et al
**Case Number:**    4:15-cv-00564-GKF-JFJ
**Filer:**
**Document Number:** 70(No document attached)

**Docket Text:**

**MINUTE ORDER by Magistrate Judge Paul J Cleary *striking Settlement Conference, to be reset at a later date* ; striking/terminating deadline(s)/Hearing(s); granting     [66]    Motion     to     Accelerate/Extend/Reset     Settlement Deadline(s)/Conference (This entry is the Official Order of the Court. No document is attached.) (sdc, Dpty Clk)**


**4:15-cv-00564-GKF-JFJ Notice has been electronically mailed to:**

Christopher Lincoln Camp      camplawfirm@gmail.com

Keith A
Wilkes      kwilkes@newtonoconnor.com, eandrew@newtonoconnor.com, lwilliams@newtonoconnor.com, sbaccus@newtonoconnor.com

Margo Elizabeth
Shipley      mshipley@hallestill.com, lwilliams@hallestill.com, margoshipley@gmail.com, twallace@hallestill.com

N Kay Bridger-Riley      kay@bridger-riley.com

William Drummond Deveney      deveney@elarbeethompson.com, susan@elarbeethompson.com

William Walker
O'Connor      boconnor@hallestill.com, lwilliams@hallestill.com, twallace@hallestill.com

**4:15-cv-00564-GKF-JFJ Notice has not been electronically mailed to:**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OKLAHOMA**

MARK ANTHONY PALZER,                    )
                                        )
                          Plaintiff,    )
                                        )        **Case No. 15-CV-564-GKF-JFJ**
v.                                      )
                                        )
COXCOM, LLC,                            )
                                        )
                                        )
                          Defendant.    )

**PLAINTIFF MARK PALZER'S COMBINED RESPONSE TO**
**DEFENDANT'S PARTIALLY OPPOSED MOTION TO EXTEND DEADLINES**
**AND COUNTER-MOTION TO ENLARGE SCHEDULING ORDER**

Plaintiff Mark Palzer ("Palzer" or "Plaintiff") hereby responds to *Defendant's Partially Opposed Motion to Extend Deadlines* **[Dkt. #68]** and, pursuant to LCvR 7.2(g), hereby respectfully requests that the Court enlarge by sixty (60) days all deadlines its original *Scheduling Order* **[Dkt. #55]** filed in September 2017.   In support hereof, Plaintiff would show the Court as follows:

**STATEMENT OF COMPLIANCE WITH LCvR 7.2(g)**

On February 23, 2018, Plaintiff's attorney, Christopher L. Camp ("Camp"), personally met with Margo Shipley ("Shipley"), co-counsel for Defendant CoxCom, LLC ("Cox" or "Defendant"), regarding the relief sought by way of this *Counter-Motion*.   On February 28, 2018, Camp again communicated (via e-mail and telephone) with Shipley and co-counsel for Cox, William O'Connor.   Cox's counsel originally informed Camp that Cox agrees to a 45-day enlargement of the *Scheduling Order* (as opposed to the sixty (60) days sought by Plaintiff), and that Cox will be asking the Court to enlarge discovery for the benefit of Cox alone (*i.e.*, to prohibit Plaintiff from conducting any discovery after

Appellate Case: 19-5094   Document: 010110302479   Date Filed: 02/10/2020   Page: 203

March 1). **[Ex. A]**  Cox's counsel later e-mailed Camp and stated that it would agree to the 60-day extension.   After asking for a copy of Palzer's motion to enlarge the scheduling order prior to its filing, Cox then prepared and filed its own *Motion to Extend Deadlines* without notifying or discussing the same with Camp. **[*See* Ex. B]**

Accordingly, the undersigned is filing the instant *Motion* as partially opposed.

### FACTS

1. On September 6, 2017, the Court entered its original *Scheduling Order*, setting a discovery cutoff of March 1, 2018 **[Dkt. #55, ¶ 6]**, and scheduling this matter for trial on July 16, 2018. **[Dkt. #55, ¶ 18]**   The remaining dates set forth on the *Scheduling Order* are incorporated herein by reference.

2. Additionally, on November 21, 2017, the Court entered its *Settlement Conference Order*, scheduling a settlement conference for March 9, 2018. **[Dkt. #57]**

3. On or about February 19, 2018, Cox noticed Plaintiff for deposition the following week, on February 27, 2018. **[Ex. B]**  On February 20, 2018, Plaintiff served Cox with a notice for the deposition of its corporate designee(s) pursuant to FED.R.CIV.P. 30(b)(6). **[Ex. C]**

4. When counsel for the parties personally met on February 23, 2018, they both discussed scheduling conflicts and other issues that would prevent the depositions from taking place on the dates originally noticed.   At that time, the parties tentatively agreed to postpone the two depositions and to work on rescheduling those depositions for a later, mutually agreeable time.

5.   In the meantime, on February 27, 2018, Cox filed its *Motion to Continue Settlement Conference* [**Dkt. #66**] based on the above-referenced agreements and in anticipation of the instant *Application.* [***See* Dkt. #66, p. 1, ¶ 1**]

6.   During and immediately following this same period of time, Camp, the undersigned counsel for Plaintiff and solo practitioner, was almost exclusively engaged in taking a lengthy, consecutive series of depositions that resulted in extensive, daily, out-of-town travel, followed by an unusually crushing workload that severely limited Camp's activities in the instant matter.[1]

7.   This application is made to allow adequate time to conduct and complete discovery, including key depositions and other follow-up discovery that may thereafter become necessary, and to make necessary adjustments to the post-discovery deadlines and trial date.   Among other things, the parties and their counsel need additional time to coordinate their schedules so that key party witnesses can be deposed.   This lawsuit, in which the amount in controversy is a six-figure number, contains complex factual and legal issues that require additional time for the aforementioned discovery and testimony.

---

[1]      Specifically, beginning the last week of August and continuing for the next 3½ weeks, Upon his return, Camp's time was almost entirely, if not exclusively, consumed handling another federal matter (involving a death by homicide) in which Camp was required to prepare responses to seven summary judgment motions collectively consisting of 172 pages of briefing, 234 "undisputed, material facts," and 193 separately-numbered exhibits.   On October 23rd and 24th, Camp filed a joint appendix of exhibits in that case consisting of over 6,000 pages of records and, one week later, filed the seven response briefs, totaling approximately 245 pages and addressing 779 additional material and/or disputed facts (with extensive citations to the voluminous record).   Camp then spent the next two weeks preparing for and conducting a summary jury trial in the U.S. District Court for the Eastern District of Oklahoma, followed by a flurry of backlogged work, including, without limitation, additional extensive briefing in the federal matter and, up to and beyond the Christmas break, regular out of town court appearances, additional heavy briefing, and the review and production of nearly 25,000 pages of records in two other state court matters.

8.   As addressed in Palzer's forthcoming *Response to Motion to Compel*, Cox is incorrect in its assertion that Palzer has not provided discovery responses.

9.   Accordingly, Plaintiff respectfully makes this request for an enlargement of the current scheduling order by sixty (60) days.

10.  No previous motions to enlarge the scheduling order have been filed by either party during this case.

11.  A proposed *Amended Scheduling Order* is submitted herewith, and the proposed dates set forth upon the same are incorporated herein by reference.

12.  This *Application* is not made to unduly delay the progress of this litigation, but rather, for reasons including those set forth in Footnote 1, *supra*, is made in the utmost good faith and is necessary to the complete and fair resolution of this dispute.

**WHEREFORE**, premises considered, Plaintiff Mark Palzer, with the partial agreement of Defendant CoxCom, LLC, hereby respectfully requests that this Court enter an order enlarging by sixty (60) days the original *Scheduling Order* previously filed in September 2017, along with an award of all other relief (whether legal, equitable, or both) to which Plaintiff may be entitled or that the Court deems just and proper.

Respectfully submitted:

CAMP LAW FIRM

By: *Christopher L. Camp*
Christopher L. Camp, OBA #18541
7122 South Sheridan Road, Suite #2-382
Tulsa, Oklahoma  74133
Telephone: (918) 200-4871
Facsimile: (888) 397-3643
E-mail: camplawfirm@gmail.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 6, 2018, I electronically transmitted the foregoing instrument to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

William W. O'Connor, Esq.
Margo Shipley, Esq.
William Deveney, Esq.

**Christopher L. Camp, OBA #18540**

# U.S. District Court

## U.S. District Court for the Northern District of Oklahoma

## Notice of Electronic Filing

The following transaction was entered on 3/7/2018 at 10:13 AM CST and filed on 3/7/2018
**Case Name:**      Palzer v. Cox Oklahoma Telcom, LLC et al
**Case Number:**      4:15-cv-00564-GKF-JFJ
**Filer:**
**Document Number:** 72(No document attached)

**Docket Text:**

**MINUTE ORDER by Chief Judge Gregory K Frizzell  *Defendant's Motion to Extend Deadlines by 60 days for the purpose of conducting Plaintiff's deposition and Cox's Rule 30(b)(6) deposition is granted. The Court reserves a decision on Plaintiff's "Counter-Motion" to permit additional depositions pending a response from Cox, which shall be filed on or before Monday, March 12, 2018* ; granting [68] Motion to Accelerate/Extend/Reset Hearing(s)/Deadline(s)** (This entry is the Official Order of the Court. No document is attached.) (GKFJ, Judge)

**4:15-cv-00564-GKF-JFJ Notice has been electronically mailed to:**

Christopher Lincoln Camp      camplawfirm@gmail.com

Keith A
Wilkes      kwilkes@newtonoconnor.com, eandrew@newtonoconnor.com, lwilliams@newtonoconnor.com, sbaccus@newtonoconnor.com

Margo Elizabeth
Shipley      mshipley@hallestill.com, lwilliams@hallestill.com, margoshipley@gmail.com, twallace@hallestill.com

N Kay Bridger-Riley      kay@bridger-riley.com

William Drummond Deveney      deveney@elarbeethompson.com, susan@elarbeethompson.com

William Walker
O'Connor      boconnor@hallestill.com, lwilliams@hallestill.com, twallace@hallestill.com

**4:15-cv-00564-GKF-JFJ Notice has not been electronically mailed to:**

**U.S. District Court**

**U.S. District Court for the Northern District of Oklahoma**

## Notice of Electronic Filing

The following transaction was entered on 3/7/2018 at 10:44 AM CST and filed on 3/6/2018
**Case Name:**        Palzer v. Cox Oklahoma Telcom, LLC et al
**Case Number:**     4:15-cv-00564-GKF-JFJ
**Filer:**            Mark Anthony Palzer
**Document Number:** 73(No document attached)

**Docket Text:**

**MOTION to Enlarge Scheduling Order *(COUNTER)* by Mark Anthony Palzer (srt, Dpty Clk)**

**4:15-cv-00564-GKF-JFJ Notice has been electronically mailed to:**

Christopher Lincoln Camp     camplawfirm@gmail.com

Keith A
Wilkes     kwilkes@newtonoconnor.com, eandrew@newtonoconnor.com, lwilliams@newtonoconnor.com, sbaccus@newtonoconnor.com

Margo Elizabeth
Shipley     mshipley@hallestill.com, lwilliams@hallestill.com, margoshipley@gmail.com, twallace@hallestill.com

N Kay Bridger-Riley     kay@bridger-riley.com

William Drummond Deveney     deveney@elarbeethompson.com, susan@elarbeethompson.com

William Walker
O'Connor     boconnor@hallestill.com, lwilliams@hallestill.com, twallace@hallestill.com

**4:15-cv-00564-GKF-JFJ Notice has not been electronically mailed to:**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OKLAHOMA

MARK ANTHONY PALZER,

Plaintiff,

vs.                                           Case Number: 15-CV-564-GKF-JFJ

COX OKLAHOMA TELCOM, LLC, et al.,

Defendants.

<b>AMENDED SCHEDULING ORDER</b>

| | | |
|---|---|---|
| **1.** | -- | INITIAL DISCLOSURE Under Federal Procedure 26(a)(1) (Not Filed of Record) |
| 2. | -- | MOTIONS FOR JOINDER OF ADDITIONAL PARTIES &/OR AMENDMENT TO THE PLEADINGS |
| 3. | -- | EXCHANGE OF PRELIMINARY WITNESS LISTS AND EXHIBITS (Not Filed of Record) |
| 4. | -- | PLAINTIFF'S EXPERT IDENTIFICATION & REPORTS Under Federal Rule Civil Procedure 26(a)(2) (Not Filed of Record) |
| 5. | -- | DEFENDANT'S EXPERT IDENTIFICATION & REPORTS Under Federal Rule Civil Procedure 26(a)(2) (Not Filed of Record) |
| 6. | 5-1-2018 | DISCOVERY CUTOFF **PURSUANT TO MINUTE ORDER DOC. #72** |
| **7.** | x | SETTLEMENT CONFERENCE TO BE RESET BY MAGISTRATE |
| 8. | 5-15-2018 | DISPOSITIVE MOTIONS AND DAUBERT MOTIONS |
| 9. | 5-15-2018 | MOTIONS IN LIMINE (Attorney meeting to resolve issues required before filing) |
| 10. | 8-1-2018 | DEPOSITION/VIDEOTAPED/INTERROGATORY DESIGNATIONS (File pleading with deponent name, page and line designations) |
| 11. | 8-8-2018 | COUNTER-DESIGNATIONS (File pleading with deponent name, page and line designations) |
| 12. | 8-15-2018 | TRANSCRIPTS ANNOTATED WITH OBJECTIONS & BRIEFS ON UNUSUAL OBJECTIONS FILED (Attorney Meeting to resolve objections required before filing) |
| **13.** | **8-14-2018** | **HEARING ON DISPOSITIVE MOTIONS at ___9:30 a.m.___** |
| 14. | 8-20-2018 | PRETRIAL DISCLOSURE Under Federal Rule Civil Procedure 26(a)(3) |
| 15. | 8-27-2018 | AGREED PROPOSED PRETRIAL ORDER - Including Final Witness & Exhibit Lists with Objections |
| **16.** | **9-4-2018** | **PRETRIAL CONFERENCE at ___10:30 a.m.___** |
| 17. | 9-10-2018 | REQUESTED JURY INSTRUCTIONS, REQUESTED VOIR DIRE & TRIAL BRIEFS |
| **18.** | **9-17-2018** | **TRIAL DATE: [x] JURY at 9:30 a.m. *** |

IT IS ORDERED that no date set by this Order can be changed except for good cause and upon written Order of this Court.

This Order is entered this 7th day of March, 2018.

_Gregory K. Frizzell_
_____
Gregory K. Frizzell, U.S. Chief District Judge
United States District Court

* Scheduling conflicts must be resolved in accordance with General Order M-128-Q dated September 30, 1998, available on the Court's website in the General Orders section at www.oknd.uscourts.gov.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **MARK ANTHONY PALZER,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 15-cv-564-GKF-JFJ** |
| **COXCOM, LLC,** | |
| **Defendant.** | |

**DEFENDANT COXCOM, LLC'S RESPONSE TO PLAINTIFF MARK
PALZER'S "COUNTER-MOTION TO ENLARGE SCHEDULING ORDER"**

      Defendant CoxCom, LLC ("Cox") respectfully submits this Response to Plaintiff Mark

Palzer's ("Plaintiff") "Counter-Motion to Enlarge Scheduling Order." (Doc. No. 73)[1]  On March

1, 2018, Cox filed a motion (Doc. No. 68) requesting a 60-day continuance of the remaining

deadlines contained in the Court's September 6, 2017 Scheduling Order (Doc. No. 55).  Given

Plaintiff's failure to supply a Preliminary Witness and Exhibit List, respond to Cox's discovery

requests, produce a single document, or serve any discovery requests, Cox respectfully asked that

the Court extend discovery for the sole purpose of Plaintiff's deposition and the deposition of

Cox's corporate representative pursuant to FED. R. CIV. P. 30(b)(6)—subject to the Court's ruling

on the sanctions requested in Cox's Motion to Compel (Doc. No. 63)—and no other discovery.

On March 6, 2018, Plaintiff filed a pleading styled as a "Combined Response to Defendant's

Partially Opposed Motion to Extend Deadlines and Counter-Motion to Enlarge Scheduling Order."

---

[1] Plaintiff improperly combined his response to Cox's Partially Opposed Motion to Extend
Scheduling Order Deadlines (Doc. No. 68) with his own "counter-motion" to extend deadlines, in
derogation of LCvR 7.2(e) ("A response to a motion may not also include a motion or a cross-
motion made by the responding party").  On March 6, 2018, the Court re-docketed Plaintiff's
"counter-motion" as Doc. No. 73.  Cox's present filing is in response to Plaintiff's "counter-
motion" (Doc. No. 73).

(Doc. No. 71).   Plaintiff agrees with Cox's request for a 60-day extension of all remaining Scheduling Order deadlines, but requests that the Court not limit discovery to the two depositions.

Cox respectfully submits that due to Plaintiff's failure to participate in discovery or supply a Preliminary Witness List, a limited discovery extension for the sole purpose of Plaintiff's deposition and a deposition of Cox's witness pursuant to Rule 30(b)(6), subject to the Court's ruling on Cox's Motion to Compel, is appropriate.   Consistent with this Court's decision in *McAlister v. State Farm Fire & Casualty Co.*, Case No. 11-CV-161-GKF-FHM, 2012 WL 12887935 (N.D. Okla. June 6, 2012) (attached as Exhibit 1), Cox respectfully requests that the Court deny Plaintiff's "counter-motion" and limit discovery as requested by Cox.

In further support of this Response, Cox states as follows:

### BACKGROUND

Plaintiff and his counsel have continually displayed no regard for the federal rules and the Orders of this Court.   On December 7, 2017, Cox served its First Interrogatories and Requests for Production of Documents on Plaintiff.   Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Plaintiff's discovery responses and document production were due on January 9, 2018. As of the filing of this Response, Plaintiff has never responded to Cox's discovery requests and has not produced a single responsive document.[2]   Plaintiff's counsel never contacted counsel for Cox to request an extension or to articulate any objections to the requested discovery, and did not respond to Cox's counsel's repeated inquiries concerning the deficient discovery.   (*See* Doc. No. 63, Cox's Motion to Compel).   Plaintiff also failed to supply a Preliminary Witness and Exhibit

---

[2] Plaintiff confusingly asserts in his Counter-Motion that "Cox is incorrect in its assertion that Palzer has not provided discovery responses."  (Doc. No. 73 at p. 4).  Cox repeats that over three months after serving its discovery requests, it has yet to receive any discovery responses or documents from Plaintiff.  (Plaintiff did not attach any discovery responses to his Counter-Motion).

2

List which, according to the Court's original Scheduling Order, was due January 5, 2018.  (Doc. No. 55).  Plaintiff further failed to serve any written discovery requests on Cox before the March 1, 2018 discovery cutoff.  (*See* Doc. No. 55).

On February 19, 2018, Cox filed a Motion to Compel with respect to Plaintiff's deficient discovery responses and document production.  (Doc. No. 63).  Cox also requested that the Court assess sanctions against Plaintiff and his counsel.  Specifically, Cox seeks its fees and costs incurred in the preparation and prosecution of its Motion to Compel, an Order prohibiting Plaintiff from introducing into evidence witnesses or exhibits Plaintiff failed to timely disclose, and an Order prohibiting Plaintiff from seeking any further written or deposition discovery.   Cox's Motion to Compel remains pending.

On February 19, 2018, having exhausted all efforts to obtain the necessary discovery responses and document production, Cox noticed Plaintiff's deposition for February 27, 2018.  In spite of the prejudice inherent in conducting Plaintiff's deposition without first receiving his discovery responses and document production, Cox noticed Plaintiff's deposition in an effort to comply with the March 1, 2018 discovery cutoff imposed by the Court's original Scheduling Order.  (Doc. No. 55).  The following day, February 20, 2018, Plaintiff noticed the deposition of Cox's corporate representative pursuant to Rule 30(b)(6) for February 28, 2018, the final day of discovery.  The deposition notice contains 29 grossly overbroad topics and sub-topics that far exceed the scope of this litigation.

On February 23, 2018, counsel for Cox conferred with Plaintiff's counsel regarding the scope of the Rule 30(b)(6) deposition notice.  Plaintiff's counsel has offered to limit some, but not all, of the objectionable deposition topics.  Cox and its counsel remain engaged in good faith efforts to reach an agreement on the Rule 30(b)(6) deposition topics and shall, if necessary, seek relief

from the Court.  During the February 23 meet and confer, Plaintiff's counsel also indicated he was unwilling to present Plaintiff for deposition on February 27 as requested by Cox.

During the February 23 meet and confer, Plaintiff's counsel also requested Cox to agree to a 60-day extension of all remaining Scheduling Order deadlines and, later that day, sent a follow-up email confirming that he was preparing a motion for extension of time.  (*See* February 23, 2018 Email from C. Camp to M. Shipley, attached as Exhibit 2).  On February 28, 2018, Plaintiff's counsel emailed Cox's counsel a draft Application to Enlarge Scheduling Order.  (*See* February 28, 2018 Email from C. Camp to M. Shipley, attached as Exhibit 3).  Counsel for Cox responded the same day, indicating that Cox consented to a 60-day extension and confirming that Plaintiff had Cox's permission to file his Application, noting the limited deposition discovery to which Cox agreed.  (*See* February 28, 2018 Email from M. Shipley to C. Camp, attached as Exhibit 4).  Cox's counsel sent Plaintiff's counsel an additional email on March 1, 2018—the discovery cutoff—at 4:37 PM to inquire whether Plaintiff was still filing his Application.  (*See* March 1, 2018 Email from M. Shipley to C. Camp, attached as Exhibit 5).  When Plaintiff failed to respond or to file his Application to Enlarge Scheduling Order by 5:00 PM on the March 1 discovery cutoff, Cox prepared and filed its Partially Opposed Motion to Extend Deadlines.  (Doc. No. 68).

Cox respectfully submits that limiting discovery to Plaintiff's deposition and Cox's Rule 30(b)(6) deposition (subject to the Court's ultimate ruling on Cox's Motion to Compel) is certainly appropriate given Plaintiff and his counsel's complete disregard for the discovery process and this Court's orders and the resulting prejudice to Cox.  Plaintiff's failure to supply a Preliminary Witness and Exhibit List, discovery responses, and documents has severely prejudiced Cox's ability to defend against Plaintiff's claims in this litigation.  Moreover, Plaintiff had nearly six (6) months to serve discovery requests yet he simply failed to do so.  Consequently, Cox respectfully

# 19-5094 / 0207

requests that the Court deny Plaintiff's Counter-Motion and limit any further discovery in this matter to Plaintiff's deposition and Cox's Rule 30(b)(6) corporate representative deposition, subject to the Court's ruling on Cox's Motion to Compel.

## ARGUMENT AND AUTHORITY

I.     **Limiting Further Discovery to Plaintiff's Deposition and a Rule 30(b)(6) Deposition of Cox's Witness is Appropriate Given Plaintiff's Conduct and This Court's Prior Rulings.**

Cox respectfully submits that limiting any further discovery to Plaintiff's deposition and Cox's Rule 30(b)(6) corporate representative deposition—subject to the Court's decision on Cox's Motion to Compel—is appropriate given Plaintiff's conduct and this Court's prior rulings.  As discussed above, Plaintiff has failed to respond to Cox's discovery requests, produce documents, or supply a Preliminary Witness and Exhibit List by this Court's January 5, 2018 deadline.  Over two months after Plaintiff's discovery responses, document production, and Preliminary Witness List were due, Plaintiff has supplied nothing and has offered no justification for his blatant disregard for the federal rules and this Court's Scheduling Order.  (Doc. No. 55).  Nor did Plaintiff's counsel ever respond to Cox's counsel's multiple communications seeking the deficient discovery and Preliminary Witness and Exhibit List.  (*See* Doc. No. 63, Cox's Motion to Compel). In addition to failing to comply with these fundamental discovery obligations, Plaintiff also failed to serve any written discovery requests before the March 1 discovery cutoff.

In *McAlister v. State Farm Fire & Cas. Co.*, this Court considered similar facts.  2012 WL 12887935.  In *McAlister*, the plaintiffs waited until February 24, 2012, the final day of discovery, to serve written discovery requests, issue a deposition subpoena for defendant's employee and an improper document subpoena for the relevant insurance claim file, and move to extend the discovery deadline by sixty days.  *Id.* at *1.  This Court allowed the plaintiffs to depose the

# 19-5094 / 0208

defendant's employee but "denied plaintiffs' motion to otherwise extend the discovery cut-off." *Id.* This Court reasoned, "Plaintiffs did not avail themselves of the opportunity to file interrogatories or request documents as required by the Scheduling Order." *Id.* at *2.

The Tenth Circuit has recognized that a trial court has broad discretion over discovery. *See, e.g., S.E.C. v. Merrill Scott & Associates, Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010) ("The district court has broad discretion over the control of discovery, and we will not set aside discovery rulings absent an abuse of that discretion.") (internal quotation marks and citation omitted); *Motley v. Marathon Oil Co.*, 71 F.3d 1547, 1550 (10th Cir. 1995) ("Generally, '[c]ontrol of discovery is entrusted to the sound discretion of the trial courts . . . .'") (quoting *Martinez v. Schock Transfer and Warehouse Co.*, 789 F.2d 848, 850 (10th Cir. 1986)).

Cox respectfully requests, as in *McAlister*, that the Court limit any additional discovery in this matter to Plaintiff's deposition and, subject to the Court's ruling on Cox's Motion to Compel, a Rule 30(b)(6) deposition of Cox's corporate representative. Cox respectfully submits that prohibiting Plaintiff from serving discovery at this point in the case is appropriate. As in *McAlister*, Plaintiff's unjustified failure to timely serve any written discovery requests prior to the close of discovery warrants the discovery limitations requested by Cox.

Therefore, Cox respectfully requests that the Court deny Plaintiff's Counter-Motion to Enlarge Scheduling Order.

## **CONCLUSION**

For the foregoing reasons, Defendant CoxCom, LLC respectfully requests that the Court deny Plaintiff Mark Anthony Palzer's Counter-Motion to Enlarge Scheduling Order.

6

Dated:         March 12, 2018                Respectfully submitted,


                                  By:    *s/William W. O'Connor*
                                         William W. O'Connor, OBA No. 13200
                                         Margo E. Shipley, OBA No. 32118
                                         **HALL, ESTILL, HARDWICK, GABLE,**
                                         **GOLDEN & NELSON, P.C.**
                                         320 South Boston Avenue, Suite 200
                                         Tulsa, OK  74103-3706
                                         Telephone:  (918) 594-0400
                                         Facsimile:  (918) 594-0505
                                         Email: boconnor@hallestill.com
                                         Email: mshipley@hallestill.com

                                         **ATTORNEYS FOR DEFENDANT,**
                                         **COXCOM, LLC**


                                           -AND-


                                         William D. Deveney
                                         Admitted *Pro Hac Vice*
                                         **ELARBEE, THOMPSON, SAPP &**
                                         **WILSON, LLP**
                                         800 International Tower
                                         229 Peachtree Street, N.E.
                                         Atlanta, GA  30303
                                         Telephone: (404) 659-6700
                                         Facsimile: (404) 222-9718
                                         deveney@elarbeethompson.com

                                         **ATTORNEYS FOR DEFENDANT,**
                                         **COXCOM, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of March, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Christopher L. Camp

**ATTORNEY FOR PLAINTIFF**

*s/William W. O'Connor*
William W. O'Connor

# EXHIBIT 1

McAlister v. State Farm Fire & Casualty Co., Not Reported in F.Supp.2d (2012)

---

2012 WL 12887935
Only the Westlaw citation is currently available.
United States District Court,
N.D. Oklahoma.

Tracy McAlister, and Mary E. McAlister, Plaintiffs,
v.
State Farm Fire & Casualty Co., Defendant.

Case No. 11–CV–161–GKF–FHM
|
Signed 06/06/2012

**Attorneys and Law Firms**

Amber Nicole Garrett, Tulsa, OK, for Plaintiff.

David V. Jones, Holly Deanne Shull, Jones Andrews &
Ortiz, Oklahoma City, OK, Virginia Cathcart Holleman,
William R Cathcart, Cathcart & Dooley, Oklahoma City,
OK, for Defendant.

**Opinion**

**ORDER**

GREGORY K. FRIZZELL, CHIEF JUDGE UNITED
STATES DISTRICT COURT

*1 This matter comes before the court upon the Motion
for Summary Judgment [Dkt. #23] of defendant State
Farm Fire & Casualty Co. ("State Farm"). This suit arises
out of State Farm's treatment of the insurance claim of
plaintiffs Tracy McAlister and Mary E. McAlister, after
their rented residence burned as a result of arson. State
Farm seeks summary judgment on plaintiffs' claims for
breach of contract and bad faith. [1]

**I. Procedural Background**

The court entered a Scheduling Order in this case on
September 23, 2011. [Dkt. #12]. On September 30, 2011,
State Farm timely provided initial disclosures to the
McAlisters. [Dkt. #30–7]. The initial disclosures described
a number of potential witnesses, and documents which
State Farm might rely upon to support its defenses. Under
the Scheduling Order, the discovery cut-off was set for
February 24, 2012, and all interrogatories and Rule 34

requests were to be made 30 days in advance of that
date. [Dkt. #12]. Plaintiffs did not submit interrogatories
until February 24, 2012. That same day, plaintiffs issued
a subpoena for State Farm's adjustor Dee Wayne Hugo
("Mr. Hugo") to appear for a deposition, and to produce
State Farm's claim file.

Additionally, on February 24, 2012, plaintiffs filed a
Motion to Extend the Discovery Deadline [Dkt. #18]
for sixty days. State Farm responded that they would
agree to a thirty day extension for the limited purpose
of conducting a deposition of Mr. Hugo. The court
conducted an informal telephone conference with the
parties on March 8, 2012. The court gave the parties
until March 30, 2012, to take the deposition of Mr.
Hugo, but denied plaintiffs' motion to otherwise extend
the discovery cut-off. The court memorialized its ruling
in a Minute Order [Dkt. #22]. During the telephone
conference, plaintiffs' counsel indicated she had not yet
received some of the documents listed in State Farm's
initial disclosures. The court advised counsel it was
the court's understanding that it is common practice in
this District to provide to opposing counsel documents
identified in initial disclosures. [2] State Farm filed this
Motion for Summary Judgment on March 9, 2012, and
produced "a non-privileged copy" of the claim file to
plaintiffs by overnight delivery on March 13, 2012. [Dkt.
#30–6].

*2 The parties arranged a deposition of Mr. Hugo
on March 22, 2012, however, plaintiffs' counsel did not
appear for the deposition. [Dkt. #30–11]. At 4:58 p.m.
that same day, plaintiffs' counsel filed a Motion to Extend
Time to File Response [Dkt. #26] seeking an additional
fifteen days until April 6, 2012, to respond to State Farm's
Motion for Summary Judgment. The court granted the
motion for an extension of time. [Dkt. #27]. The parties
attended a settlement conference on April 4, 2012, but the
litigation did not settle. On April 6, 2012, plaintiffs filed
a Response to the Motion for Summary Judgment asking
the court to sanction State Farm for belated disclosure of
its claim file, and its failure to produce other, unspecified
portions of its initial disclosures. Plaintiffs ask the court to
strike all State Farm's exhibits to its Motion for Summary
Judgment, and issue an order prohibiting State Farm from
introducing, relying or referencing these exhibits at trial.
The court turns now to the alleged discovery violations in
this case.

---

McAlister v. State Farm Fire & Casualty Co., Not Reported in F.Supp.2d (2012)

## II. Discovery

Under Fed. R. Civ. P. 26(a)(1), parties must, "without awaiting a discovery request, provide to the other parties: ... (ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." These initial disclosures must be supplemented "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A).

State Farm initially disclosed a list of documents, and listed a location for the documents or indicated that they would be produced to plaintiffs' counsel. [Dkt. #30–7, p.6–7]. Because Fed. R. Civ. P. 26(a)(1) requires only that a party initially disclose a copy *or* a description of the documents it anticipates relying on, the court cannot conclude that State Farm committed a discovery violation. Therefore, no sanction is appropriate.

Plaintiffs did not avail themselves of the opportunity to file interrogatories or request documents as required by the Scheduling Order. They improperly subpoenaed defendant State Farm's claim file on the last day of discovery. They did not move to compel discovery pursuant to Rule 37. Remarkably, plaintiffs' counsel failed to depose State Farm's adjustor, despite having requested and obtained an extension of the discovery period in order to do so. In light of these facts, no discovery sanction is appropriate.

In their Response to the Motion for Summary Judgment, plaintiffs request the court to hold the motion in abeyance so that plaintiffs may conduct further discovery. In support, plaintiffs' counsel has submitted an Affidavit [Dkt. #29–5]. Such affidavits must comply with the requirements of Fed. R. Civ. P. 56(d):

> "When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

> (1) defer considering the motion or deny it;

> (2) allow time to obtain affidavits or declarations or to take discovery; or

> (3) issue any other appropriate order."

Counsel's affidavit is insufficient because it does not accurately reflect the requirements of Rule 26. In addition, it fails to specify adequate reasons why plaintiffs cannot present facts essential to justify their opposition. Counsel's request to produce documents was not timely, and the Court's March 8, 2012, conference call dealing with plaintiffs' Motion to Extend Discovery Deadline did not result in an order compelling discovery, but merely permitted the deposition of Mr. Hugo by March 30, 2012. Plaintiffs' request to hold the Motion for Summary Judgment in abeyance and reopen discovery is denied, and the court now turns to the merits of the motion.

## III. Undisputed Material Facts [3]

**\*3** Plaintiffs are the named insureds under State Farm Oklahoma Renter's Policy No. 36–EH–3974–9 ("Policy"), which was in effect on July 20, 2009. The Policy provided for base coverage of $55,500.00, with a $1,000.00 deductible, a $5,000.00 Firearm Endorsement, and a $2,500.00 Jewelry Endorsement. On July 20, 2009, there was a fire at plaintiffs' rented residence. On July 22, 2009, a State Farm representative provided plaintiffs with an inventory form and instructed them on how to fill out the form, and collect replacement cost benefits and additional living expenses. In a report dated July 29, 2009, the fire marshal determined the cause of the fire to have been arson. The fire marshal informed State Farm he expected charges to be filed against Mrs. McAlister.

In a letter dated July 30, 2009, Mr. Hugo requested plaintiffs complete a proof of loss and have their recently retained attorney contact State Farm. Mr. Hugo also quoted to plaintiffs the section of the Policy entitled "Your Duties After Loss," and stated: "[a]fter a loss to which this insurance may apply, you shall see that the following duties are performed: ... submit to us, within 60 days after the loss, your signed, sworn proof of loss which sets forth, to the best of your knowledge and belief: ... an inventory of damaged or stolen property described in 2.c." [Dkt. #23–9, p.1–2; Dkt. #23–3, p.16]. Plaintiffs'

# 19-5094 / 0214

McAlister v. State Farm Fire & Casualty Co., Not Reported in F.Supp.2d (2012)

---

counsel, Mrs. Garrett, contacted State Farm in August 2009 to advise she was representing plaintiffs. Plaintiffs submitted a proof of loss to State Farm on October 5, 2009, including an itemized Personal Property Inventory Form [Dkt. #30–3].[4] On October 13, 2009, State Farm provided plaintiffs' counsel a certified copy of the Policy. On July 16, 2010, plaintiffs filed their breach of contract claim in the District Court in and for Creek County in the State of Oklahoma.

On August 16, 2010, State Farm paid $60,182.00 on the claim, and advised that an additional $318.00 may be available on the Firearms Endorsement. On August 19, 2010, State Farm advised Mrs. Garrett that reimbursement for some additional living expenses may be available. On November 16, 2010, the Creek County District Attorney filed criminal charges against Mrs. McAlister for conspiracy to commit insurance fraud. On January 24, 2011, State Farm paid an additional $318.00 on the Firearms Endorsement and $199.00 in additional living expenses. This case was removed to this court on March 17, 2011. On April 26, 2011, the criminal case against Mrs. McAlister was dismissed without prejudice. On March 14, 2012, Mr. Hugo contacted Mrs. Garrett and informed her that "while reading through portions of the claim file, which have been provided to you through discovery, I realized that there is some additional money available as a result of [the Jewelry Endorsement]." [Dkt. #29–3, p.1]. Mr. Hugo stated that two necklaces were listed in plaintiffs' proof of loss, with a net Actual Cash Value of $985.00. State Farm paid that sum, with 5.25% interest from the date the rest of the claim was paid, for a total of $1,069.14.

In their Response to the Motion for Summary Judgment filed April 6, 2012, plaintiffs submitted an affidavit alleging that Mrs. McAlister owned an additional $660.00 in jewelry at the time of the fire. [Dkt. #29–4, p.1]. State Farm has not reimbursed plaintiffs for any of the additional jewelry. Mr. Hugo states in an affidavit that this jewelry was not included in plaintiffs' proof of loss, and was never mentioned to State Farm prior to the recent affidavit. [Dkt. #30–4, p.1–2]. A review of plaintiffs' Personal Property Inventory Form [Dkt. #30–3] confirms that these jewelry items were not listed in the proof of loss provided to State Farm on October 5, 2009.

## IV. Summary Judgment Standard

*4 A motion for summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Federal Rule of Civil Procedure 56(a) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Adler v. Wal–Mart Stores, Inc.*, 144 F3d 664, 670 (10th Cir. 1998). A court must examine the factual record in the light most favorable to the party opposing summary judgment. *Wolf v. Prudential Ins. Co. of Am.*, 50 F.3d 793, 796 (10th Cir. 1995).

When the moving party has carried its burden, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts ... Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.' " *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986) (citations omitted). "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way. An issue of fact is 'material' if under the substantive law it is essential to the proper disposition of the claim." *Adler*, 144 F.3d at 670. In essence, the inquiry for the court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986).

## V. Breach of Contract

"A breach of contract suit requires three elements be proven: formation of a contract; a breach of that contract; and actual damages suffered from that breach." *Oltman Homes, Inc. v. Mirkes*, 190 P.3d 1182, 1185 (Okla. Civ. App. 2008) (citing *Digital Design Group, Inc. v. Information Builders, Inc.*, 24 P.3d 834, 843 (Okla. 2001)).

Plaintiffs do not dispute that State Farm has paid in full the base insurance policy and Firearms Endorsement.

---

McAlister v. State Farm Fire & Casualty Co., Not Reported in F.Supp.2d (2012)

However, plaintiffs contend State Farm has not paid the full amount owed on the Jewelry Endorsement. The affidavit of Beth McAlister [Dkt. #29–4] does not state that the listed jewelry was lost in the fire, merely that she "owned the following pieces of jewelry" at the time of the fire. There is no evidence before the court that the jewelry was lost in the fire, and therefore there is no disputed issue of material fact as to the breach of contract claim. Moreover, the Policy required plaintiffs to submit a full list of all items allegedly lost within 60 days of the fire. [Dkt. #23–3, p.16]. The alleged loss of additional jewelry was reported only in response to the Motion for Summary Judgment, almost three years after the July 20, 2009 fire. Plaintiffs' recent claim for additional jewelry reimbursement is therefore untimely under the terms of the Policy. The court concludes State Farm is entitled to summary judgment on plaintiffs' claim for breach of contract.

### VI. Bad Faith

As plaintiffs point out, "before the issue of insurer's alleged bad faith may be submitted to the jury, the Trial Court must first determine, under the facts of the particular case and as a matter of law, whether insurer's conduct may be reasonably perceived as tortious." *City Nat. Bank and Trust Co. v. Jackson Nat. Life Ins.*, 804 P.2d 463, 468 (Okla. Civ. App. 1990); *Duckett v. Allstate Ins. Co.*, 606 F. Supp. 728, 731 (W.D. Okla. 1985) (at summary judgment, "the relevant question ... is whether the above stated facts permit a reasonable inference of bad faith on the part of [the insurer] in denying [plaintiffs'] claim"). "The insurer does not breach the duty of good faith by refusing to pay a claim or by litigating a dispute with its insured if there is a 'legitimate dispute' as to coverage or amount of the claim, and the insurer's position is 'reasonable and legitimate.' " *Timberlake Const. Co. v. U.S. Fidelity and Guar. Co.*, 71 F.3d 335, 343 (10th Cir. 1995). "In general, an insurer's litigation tactics and strategy in defending a claim are not relevant to the insurer's decision to deny coverage.... [O]nce litigation has commenced, the actions taken in its defense are not ... probative of whether [an insurer] in bad faith denied the contractual lawsuit." *Id.* at 340. "Where improper litigation conduct is at issue, generally the Federal Rules of Civil Procedure provide adequate means of redress, such as motions to strike, compel discovery, secure protective orders, or impose sanctions." *Id.* at

341. "In light of existing case law and the public policy concerns identified above, we hold that while evidence of an insurer's litigation conduct may, in some rare instances, be admissible on the issue of bad faith, such evidence will generally be inadmissible, as it lacks probative value and carries a high risk of prejudice." *Id.*

**\*5** Here, plaintiffs describe their bad faith claim as predicated upon litigation conduct. Plaintiffs claim that State Farm may be liable for bad faith on two grounds: 1) State Farm "refus[ed] to provide its initial disclosures until the end of discovery and the deadline to file dispositive motions," and 2) "fail[ed] to disclose all policy endorsements by which Plaintiffs were entitled to compensation under their policy."

As discussed above, Fed. R. Civ. P. 26(a)(1)(A)(ii) required State Farm to provide plaintiffs with either a copy—or a description by category and location—of all documents and things State Farm had in its possession, custody, and control that it may use to support its defenses. State Farm provided a description as permitted by the Rule. If plaintiffs believed that a discovery violation occurred, the Federal Rules provided plaintiffs "adequate means of redress" by means of a motion to compel discovery. *See Timberlake*, 71 F.3d at 341. When, in their Reply to their Motion to Extend Discovery filed March 7, 2012 (after discovery had closed), plaintiffs asked for additional time in order to "request that Defendant produce exhibits and documents that it identified in its initial disclosures but never produced," State Farm produced its claim file. The court holds that this conduct cannot reasonably be perceived as tortious.

With regard to disclosure of the Jewelry Endorsement, plaintiffs' counsel had a complete copy of the Policy by October 13, 2009, yet never raised the applicability of the Jewelry Endorsement. State Farm unilaterally raised the issue of plaintiffs' entitlement to additional compensation for jewelry loss after Mr. Hugo reviewed the case file during this litigation. State Farm then paid plaintiffs, with interest, for the jewelry listed in the plaintiffs' proof of loss. Any error in failing to earlier address the Jewelry Endorsement was cured when State Farm paid plaintiffs with interest for the jewelry listed in the proof of loss. The court holds that this conduct cannot reasonably be perceived as tortious. State Farm is entitled to summary judgment on plaintiffs' claim for bad faith.

McAlister v. State Farm Fire & Casualty Co., Not Reported in F.Supp.2d (2012)

---

WHEREFORE, defendant State Farm's Motion for Summary Judgment [Dkt. #23] is granted.

**All Citations**

Not Reported in F.Supp.2d, 2012 WL 12887935

Footnotes

1    Plaintiffs' sole claim set forth in their Petition is for breach of contract. [Dkt. #1–1]. The Joint Status Report [Dkt. #9] filed after removal, lists an additional claim for bad faith although plaintiffs never moved for leave to amend. Following the Joint Status Report, State Farm filed a First Amended Answer [Dkt. #16] which addressed the bad faith claim. State Farm does not argue in the Motion for Summary Judgment [Dkt. #23] that plaintiffs did not amend their Petition, and the court treats the motion as if a bad faith claim had been formally pled.

2    Plaintiffs' counsel characterizes the court's statement as an order. The only order issued by the court on March 8, 2012, pertained to the plaintiffs' Motion to Extend Discovery and was memorialized in the court's Minute Order [Dkt. #22].

3    "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record... or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: ... (2) consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e). Plaintiffs failed to cite to the record to dispute most of the material facts referenced by State Farm. The specific facts cited by the parties and referenced in this section all find support in the record, and the court considers these facts undisputed.

4    Although the Personal Property Inventory Form was not cited in the initial Motion for Summary Judgment, Fed. R. Civ. P. 56(c)(3) permits the court to consider other materials in the record.

---

**End of Document**                                    © 2018 Thomson Reuters. No claim to original U.S. Government Works.

# EXHIBIT 2

| | |
|---|---|
| **From:** | Christopher Camp <camplawfirm@gmail.com> |
| **Sent:** | Friday, February 23, 2018 5:23 PM |
| **To:** | Margo E. Shipley |
| **Subject:** | [EXTERNAL]  Re: Palzer v. Cox |

Thank you for meeting with me this afternoon at your office, and thank you for getting back with me today regarding these issues.

I am agreeable to everything set forth in your e-mail, except for the no additional discovery.  I don't think that will prevent us from formalizing the rest of our agreement.  Unless you tell me otherwise, I can prepare the application to extend the scheduling order and notify the court of the condition that Cox is seeking in connection with the enlargement (and, of course, you all can brief the issue further as you see fit).  I will ask for 60 days (as we discussed during our meeting), but notify the court that Cox has conditionally agreed to 45.

We can talk early next week and start working out new deposition dates that fit with everyone's schedules.  As far as the specific 30(b)(6) topics go, I am assuming that you will contact me once you have visited with your client about the possible revisions that you and I discussed today.

Finally, with respect to the settlement conference, would you mind taking the lead on preparing that motion?

Thank you again, Margo.

Chris

CAMP I LAW            **Christopher L. Camp** • Attorney
320 Philtower     •     427 South Boston Avenue     •   Tulsa, Oklahoma  74103
Mailing: 7122 South Sheridan Road, Suite #2-382 • Tulsa, Oklahoma  74133
P: 918.200.4871      •      F: 888.397.3643      •      camplawfirm@gmail.com

www.camplawtulsa.com

**CONFIDENTIALITY NOTICE:** THIS ELECTRONIC MAIL TRANSMISSION MAY BE SUBJECT TO AN ATTORNEY-CLIENT PRIVILEGE AND/OR AN ATTORNEY WORK PRODUCT PRIVILEGE, OR MAY CONTAIN PATIENT HEALTHCARE INFORMATION THAT IS CONFIDENTIAL AND PRIVILEGED BY LAW.  THE SENDER DID NOT INTEND THIS TRANSMISSION TO BE SENT TO OR RECEIVED BY ANY UNAUTHORIZED PERSONS, AND THE SENDER IS NOT THEREBY WAIVING SUCH CONFIDENTIALITY OR PRIVILEGE.  IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS ELECTRONIC MAIL TRANSMISSION AND THEREBY RECEIVED THIS ELECTRONIC MAIL TRANSMISSION IN ERROR, PLEASE IMMEDIATELY DELETE IT FROM YOUR COMPUTER SYSTEM WITHOUT COPYING IT.  IN ADDITION, PLEASE NOTIFY THE SENDER (BY REPLY E-MAIL OR BY CALLING THE LAW OFFICE OF CHRISTOPHER L. CAMP AT (918) 200-4871) THAT YOU RECEIVED THIS ELECTRONIC MAIL TRANSMISSION IN ERROR SO THAT THE SENDER MAY RE-ROUTE IT TO ITS INTENDED RECIPIENT(S).

On Feb 23, 2018, at 5:11 PM, <mshipley@HallEstill.com> <mshipley@HallEstill.com> wrote:

Chris,

We can agree to a 45-day extension of the remaining Scheduling Order deadlines, for the sole purpose of Plaintiff's deposition and the 30(b)(6) Cox deposition (as would be required pursuant to Cox's pending Motions), and no other additional discovery.  We would also agree to withdraw Plaintiff's deposition notice for Tuesday, February 27 and reschedule it for a later date.

Are you agreeable to us also moving to continue the Settlement Conference?

Regards,

Margo Shipley


<image001.gif>

**Margo E. Shipley | Attorney**
320 S. Boston Ave., Suite 200
Tulsa, OK 74103
**T:** 918-594-0590 | **F:** 918-594-0505
**www.hallestill.com | my bio | vcard**

Any tax advice contained in this communication is not intended to be used, and cannot be used, to avoid tax penalties.
This e-mail message and any attachment thereto is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law.
If the recipient or reader of this message is not the intended recipient, you are hereby notified that any dissemination , distribution or copying of this communication is strictly prohibited. If you have received this e-mail communication in error, please notify us immediately by sending a reply e-mail message to the sender. Thank you.
Hall Estill
320 S. Boston Ave.
Suite 200
Tulsa, Oklahoma 74103
(918) 594-0400
www.hallestill.com

# 19-5094 / 0220

# EXHIBIT 3

**From:**        Christopher Camp <camplawfirm@gmail.com>
**Sent:**        Wednesday, February 28, 2018 3:50 PM
**To:**          Margo Shipley
**Subject:**     [EXTERNAL]  Plaintiff's forthcoming Application to Enlarge Scheduling Order
**Attachments:** 2018-02-28 Application to Enlarge Scheduling Order.pdf

Margo -

Per your request, attached hereto please find a copy of the Application that I have prepared for filing on behalf of Plaintiff.  Please call or e-mail me if you have any questions or concerns about the same.  I will wait until after hours tonight to get this on file.

Regards -

Chris

CAMP  I  LAW              **Christopher L. Camp** • Attorney
320 Philtower    •    427 South Boston Avenue    •    Tulsa, Oklahoma  74103
Mailing: 7122 South Sheridan Road, Suite #2-382 • Tulsa, Oklahoma  74133
P: 918.200.4871        •        F: 888.397.3643        •        camplawfirm@gmail.com

www.camplawtulsa.com

**CONFIDENTIALITY NOTICE:** THIS ELECTRONIC MAIL TRANSMISSION MAY BE SUBJECT TO AN ATTORNEY-CLIENT PRIVILEGE AND/OR AN ATTORNEY WORK PRODUCT PRIVILEGE, OR MAY CONTAIN PATIENT HEALTHCARE INFORMATION THAT IS CONFIDENTIAL AND PRIVILEGED BY LAW.  THE SENDER DID NOT INTEND THIS TRANSMISSION TO BE SENT TO OR RECEIVED BY ANY UNAUTHORIZED PERSONS, AND THE SENDER IS NOT THEREBY WAIVING SUCH CONFIDENTIALITY OR PRIVILEGE.  IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS ELECTRONIC MAIL TRANSMISSION AND THEREBY RECEIVED THIS ELECTRONIC MAIL TRANSMISSION IN ERROR, PLEASE IMMEDIATELY DELETE IT FROM YOUR COMPUTER SYSTEM WITHOUT COPYING IT.  IN ADDITION, PLEASE NOTIFY THE SENDER (BY REPLY E-MAIL OR BY CALLING THE LAW OFFICE OF CHRISTOPHER L. CAMP AT (918) 200-4871) THAT YOU RECEIVED THIS ELECTRONIC MAIL TRANSMISSION IN ERROR SO THAT THE SENDER MAY RE-ROUTE IT TO ITS INTENDED RECIPIENT(S).

# 19-5094 / 0222

# EXHIBIT 4

| | |
|---|---|
| **From:** | Margo E. Shipley |
| **Sent:** | Wednesday, February 28, 2018 5:17 PM |
| **To:** | Christopher Camp |
| **Cc:** | William D. Deveney; William W. O'Connor |
| **Subject:** | RE: [EXTERNAL]  Plaintiff's forthcoming Application to Enlarge Scheduling Order |

Chris,

Thank you.  We will agree to 60 rather than 45 days (again, for the sole purpose of the two depositions, subject to the Court's determination on the Motion to Compel).  Please go ahead and file your Application with that change and we will file a Response advising the Court of Cox's position, as well.

Regards,
Margo

**From:** Christopher Camp [mailto:camplawfirm@gmail.com]
**Sent:** Wednesday, February 28, 2018 3:50 PM
**To:** Margo Shipley <MShipley@newtonoconnor.com>
**Subject:** [EXTERNAL] Plaintiff's forthcoming Application to Enlarge Scheduling Order

Margo -

Per your request, attached hereto please find a copy of the Application that I have prepared for filing on behalf of Plaintiff.  Please call or e-mail me if you have any questions or concerns about the same.  I will wait until after hours tonight to get this on file.

Regards -

Chris

CAMP I LAW          **Christopher L. Camp** • Attorney
320 Philtower   •   427 South Boston Avenue   •   Tulsa, Oklahoma  74103
Mailing: 7122 South Sheridan Road, Suite #2-382 • Tulsa, Oklahoma  74133
P: 918.200.4871     •     F: 888.397.3643     •     camplawfirm@gmail.com

www.camplawtulsa.com

**CONFIDENTIALITY NOTICE:** THIS ELECTRONIC MAIL TRANSMISSION MAY BE SUBJECT TO AN ATTORNEY-CLIENT PRIVILEGE AND/OR AN ATTORNEY WORK PRODUCT PRIVILEGE, OR MAY CONTAIN PATIENT HEALTHCARE INFORMATION THAT IS CONFIDENTIAL AND PRIVILEGED BY LAW.  THE SENDER DID NOT INTEND THIS TRANSMISSION TO BE SENT TO OR RECEIVED BY ANY UNAUTHORIZED PERSONS, AND THE SENDER IS NOT THEREBY WAIVING SUCH CONFIDENTIALITY OR PRIVILEGE.  IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS ELECTRONIC MAIL TRANSMISSION AND THEREBY RECEIVED THIS ELECTRONIC MAIL TRANSMISSION IN ERROR, PLEASE IMMEDIATELY DELETE IT FROM YOUR COMPUTER SYSTEM WITHOUT COPYING IT.  IN ADDITION, PLEASE NOTIFY THE SENDER (BY REPLY E-MAIL OR BY CALLING THE LAW OFFICE OF CHRISTOPHER L. CAMP AT (918) 200-4871) THAT YOU RECEIVED THIS ELECTRONIC MAIL TRANSMISSION IN ERROR SO THAT THE SENDER MAY RE-ROUTE IT TO ITS INTENDED RECIPIENT(S).

# EXHIBIT 5

**From:**          Margo E. Shipley
**Sent:**          Thursday, March 01, 2018 4:37 PM
**To:**            Christopher Camp
**Subject:**       Cox/Palzer

Chris,

Are you filing your motion to extend deadlines today?  I need to know ASAP.

Margo



**Margo E. Shipley | Attorney**
320 S. Boston Ave., Suite 200
Tulsa, OK 74103
**T:** 918-594-0590 | **F:** 918-594-0505
**www.hallestill.com** | **my bio** | **vcard**

1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

MARK ANTHONY PALZER,

       Plaintiff,

v.                             Case No. 15-cv-564-GKF-JFJ

COXCOM, LLC,

       Defendant.

## DEFENDANT COXCOM, LLC'S UNOPPOSED MOTION TO CONTINUE THE MARCH 16, 2018 HEARING ON DEFENDANT'S MOTION TO COMPEL

Defendant CoxCom, LLC ("Cox") respectfully submits this Unopposed Motion to Continue the March 16, 2018 Hearing on Defendant's Motion to Compel. Cox respectfully seeks a continuance of the hearing to March 26 or 28 due to long scheduled depositions involving multiple parties and out of state witnesses. Plaintiff's counsel has no objection, but advised that he cannot attend a hearing during the week of March 19. In further support of this Unopposed Motion, Cox states as follows:

1.      On February 19, 2018, Cox filed a Motion to Compel. (Doc. No. 63).

2.      On March 7, 2018, the Court entered an Order setting Defendant's Motion to Compel for hearing on March 16, 2018, at 9:30 AM. (Doc. No. 74).

3.      Cox respectfully requests that the Court continue the Motion to Compel hearing to March 26 or 28. Cox's counsel has a conflict on March 16 due to previously scheduled depositions involving out of state witnesses.

4.      This is Cox's first request for a continuance of the hearing on its Motion to Compel. The request for a continuance is not made for purposes of delay, but rather to allow Cox's counsel to attend the previously scheduled depositions of out-of-state witnesses involving numerous

counsel and parties.

5.      Plaintiff does not oppose the requested extension.

6.      The continuance of the hearing on Cox's Motion to Compel will not impact any other scheduled deadlines.

## **CONCLUSION**

Based on the foregoing, Defendant CoxCom, LLC respectfully requests that the Court continue the hearing on its Motion to Compel, currently set for March 16 at 9:30 AM, to March 26 or 28.

Dated:          March 12, 2018                       Respectfully submitted,

                                          By:    *s/William W. O'Connor*
                                                 William W. O'Connor, OBA No. 13200
                                                 Margo E. Shipley, OBA No. 32118
                                                 **HALL, ESTILL, HARDWICK, GABLE,**
                                                 **GOLDEN & NELSON, P.C.**
                                                 320 South Boston Avenue, Suite 200
                                                 Tulsa, OK  74103-3706
                                                 Telephone:  (918) 594-0400
                                                 Facsimile:  (918) 594-0505
                                                 boconnor@hallestill.com
                                                 mshipley@hallestill.com

                                                 -and-

                                                 William D. Deveney, Admitted *Pro Hac Vice*
                                                 **ELARBEE, THOMPSON, SAPP &**
                                                 **WILSON, LLP**
                                                 800 International Tower
                                                 229 Peachtree Street, N.E.
                                                 Atlanta, GA  30303
                                                 Telephone: (404) 659-6700
                                                 Facsimile: (404) 222-9718
                                                 deveney@elarbeethompson.com

                                                 **ATTORNEYS FOR DEFENDANT,**
                                                 **COXCOM, LLC**

# 19-5094 / 0228

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 12th day of March, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Christopher L. Camp

**ATTORNEY FOR PLAINTIFF**

*s/William W. O'Connor*
William W. O'Connor

3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **MARK ANTHONY PALZER,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 15-cv-564-GKF-JFJ** |
| **COXCOM, LLC,** | |
| **Defendant.** | |

## ORDER

The Court has for its consideration Defendant CoxCom, LLC's Unopposed Motion to Continue the March 16, 2018 Hearing on Defendant's Motion to Compel.  (Doc. No. 77).  Having reviewed the Motion, noting it is unopposed and for good cause shown, the Court GRANTS the Motion.

IT IS THEREFORE ORDERED that the hearing on Defendant's Motion to Compel currently scheduled for March 16, 2018 is re-set for the 28th day of March 2018 at 9:30 a.m. before Magistrate Jayne in Magistrate Courtroom No. 2., third floor

**SO ORDERED** on this 13th day of March, 2018.

**JODI F. JAYNE, MAGISTRATE JUDGE**
**UNITED STATES DISTRICT COURT**

**U.S. District Court**

**U.S. District Court for the Northern District of Oklahoma**

**Notice of Electronic Filing**

The following transaction was entered on 3/13/2018 at 11:15 AM CDT and filed on 3/13/2018
**Case Name:**    Palzer v. Cox Oklahoma Telcom, LLC et al
**Case Number:**    4:15-cv-00564-GKF-JFJ
**Filer:**
**Document Number:** 81(No document attached)

**Docket Text:**

**MINUTE ORDER by Chief Judge Gregory K Frizzell** *Plaintiff's "Counter-Motion to Enlarge Scheduling Order" is denied for the reasons set forth in defendant's response* **; denying [73] Motion for Miscellaneous Relief** (This entry is the Official Order of the Court. No document is attached.) **(GKFJ, Judge)**

**4:15-cv-00564-GKF-JFJ Notice has been electronically mailed to:**

Christopher Lincoln Camp    camplawfirm@gmail.com

Keith A
Wilkes    kwilkes@newtonoconnor.com, eandrew@newtonoconnor.com, lwilliams@newtonoconnor.com, sbaccus@newtonoconnor.com

Margo Elizabeth
Shipley    mshipley@hallestill.com, lwilliams@hallestill.com, margoshipley@gmail.com, twallace@hallestill.com

N Kay Bridger-Riley    kay@bridger-riley.com

William Drummond Deveney    deveney@elarbeethompson.com, susan@elarbeethompson.com

William Walker
O'Connor    boconnor@hallestill.com, lwilliams@hallestill.com, twallace@hallestill.com

**4:15-cv-00564-GKF-JFJ Notice has not been electronically mailed to:**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OKLAHOMA**

MARK ANTHONY PALZER,      )
                          )
              **Plaintiff,**    )
                          )     **Case No. 15-CV-564-GKF-JFJ**
**v.**                        )
                          )
**COXCOM, LLC,**          )
                          )
                          )
             **Defendant.**   )

**PLAINTIFF MARK PALZER'S RESPONSE IN OPPOSITION**
**TO DEFENDANT'S COXCOM, LLC'S MOTION TO COMPEL**

Plaintiff Mark Palzer ("Palzer" or "Plaintiff"), for his response in opposition to

the *Motion to Compel* **[Dkt. #63]** filed by Defendant CoxCom, LLC ("Cox" or

"Defendant"), would hereby show the Court as follows:

**ARGUMENTS AND AUTHORITIES**

I.    **Pursuant to Fed.R.Civ.P. 37(a) and LCvR 37.1, the Court should strike**
    **Defendant's *Motion to Compel* as procedurally defective and/or**
    **refuse to hear the same.**

    A.    **Applicable Law**

Fed.R.Civ.P. 37 provides, in pertinent part:

    **(a)**    **Motion for an Order Compelling Disclosure or Discovery.**

        (1)    *In General.*  On notice to other parties and all affected persons, a
            party may move for an order compelling disclosure or discovery.
            **The motion <u>must</u> include a certification that the movant has in**
            **good faith conferred or attempted to confer with the person or**
            **party failing to make disclosure or discovery in an effort to**
            **obtain it without court action.**

                      *    *    *

        (3)    *Specific Motions.*

                      *    *    *

(B) *To Compel a Discovery Response.* A party seeking discovery may move for an order compelling an answer, designation, production, or inspection.  This motion may be made if:

\* \* \*

(iii) a party fails to answer an interrogatory submitted under Rule 33; or

(iv) a party fails to produce documents or fails to respond that inspection will be permitted -- or fails to permit inspection -- as requested under Rule 34.

\* \* \*

**(b)   Failure to Comply <u>with a Court Order</u>.**

\* \* \*

(2) *Sanctions Sought in the District Where the Action Is Pending.*

(A) *For Not Obeying a Discovery Order.*  If a party … **fails to <u>obey an order</u> to provide or permit discovery, including an order under … 37(a)**, the court where the action is pending may issue further just orders.  They may include the following:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iii) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

       (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

*   *   *

**(d)**    **Party's Failure to … Serve Answers to Interrogatories, or Respond to a Request for Inspection.**

    (1)   *In General.*

        (A)   *Motion; Grounds for Sanctions.* The court where the action is pending may, on motion, order sanctions if:

*   *   *

        (ii)   a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response.

        (B)   *Certification.* **A motion for sanctions for failing to answer or respond <u>must</u> include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action.** (Emphasis added)

Similarly, the Local Civil Rules of the U.S. District Court for the Northern District of Oklahoma also address the pre-filing requirements that must be met by a movant before bringing a discovery dispute before the Court.  In particular, LCvR37.1 provides, in pertinent part:

> **With respect to <u>all</u> motions … relating to discovery pursuant to F<span style="font-variant:small-caps">ED</span>.R.C<span style="font-variant:small-caps">IV</span>.P. … 37 …, this Court <u>shall</u> refuse to hear any such motion … unless counsel for the movant first advises the Court in writing that counsel personally have met and conferred <u>in good faith</u> and, after a sincere attempt to resolve differences, have been unable to reach an accord. However, no personal conference shall be required where the movant's counsel represents to the Court in writing that movant's counsel <u>has</u> conferred with opposing counsel by telephone and (1) the motion or objection arises from failure to timely make a discovery response, or (2) distance between counsel's offices renders a personal conference infeasible.**

(Emphasis added). The duty to confer generally requires counsel to "converse, confer,

compare views, consult, and deliberate." *VNA Plus, Inc. v. Apria Healthcare Group, Inc.*, 1999 WL 386949 at *2 (D.Kan) (construing FED.R.CIV.P. 37); *quoting Agustine v. Adams*, 1997 WL 260016, at *2 (D.Kan.); *Lenihan v. B&E Rock Corporation*, 1999 WL 10920 (S.D.N.Y.).   As applied, "conferring" consists of a personal or telephonic consultation during which the parties engage in meaningful negotiations. *Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 172 (D.Nev. 1996); *see also Lenihan*, 1999 WL 10920 (S.D.N.Y.) (a preliminary exchange of faxes is fine, but before writing to the Court about a dispute, the attorneys must confer with each other intensively and in good faith).

"E-mail correspondence alone does **not** constitute sufficient conference." *Adcox v. U.S. Postal Service*, 2016 WL 6905707 *2 (D.Kan.) (emphasis in original); *Lohmann & Rauscher, Inc. v. YKK (U.S.A.)*, 2007 U.S. DIst. LEXIS 15820 *56 (D.Kan.) (overruling motion to compel preceded only by two e-mails for movant's failure to adequately meet good faith conference requirement); *see also In re Autozone, Inc.*, 2016 WL 4136520 *2 (N.D.Cal.) (holding that "good faith meet and confer efforts … must at a minimum include telephone communications -- e-mail alone is **never** sufficient") (emphasis added); *In re Orlando Gateway Partners, LLC*, 2016 WL 2640533 *2 (M.D.Fla.) (same).   Likewise, leaving a voice-mail message does not satisfy the "personal consultation" requirement, nor does it constitute a "serious attempt to resolve the issue." *See, e.g., Estate of Fields v. Nawotka*, 2008 WL 746704 *1 (E.D.Wis.); *U.S. v. Persaud*, 229 F.R.D. 686, 690 (M.D.Fla.) (discovery motion denied on grounds that movant failed to satisfy "good faith" certification requirement where motion stated that movant left "a detailed voice mail … attempt[ing] to confer" with the non-movant's

counsel, who "did not respond to the telephone call"); *Eby v. Target Corp.*, 2013 WL 6858828 (E.D.Mich.) (statement in motion to compel regarding non-movant's "failure to respond to telephone message" did not satisfy good faith conference requirement); *Traylor v. Kohl's Dept. Store*, 2010 WL 2697069 *1 (D.Nev.) (holding that "a few demand letters and [leaving] two phone messages to call back … do[es] not fulfill [Rule 37's good faith conference] requirement"); *citing Shuffle Master*, 170 F.R.D. 166.

Courts applying FED.R.CIV.P. 37's good faith conference requirement uniformly recognize that an attorney's pre-filing duty to confer "is not merely a formalistic requirement," but was in fact "intended to reduce the unnecessary burden on the Court" and opposing counsel. *Crown Cork & Seal Co., Inc. v. Chemed Corp.*, 101 F.R.D. 105, 106-07 (E.D.Pa. 1984). Indeed, the requirement of a pre-filing conference was designed to "deter the abuse implicit in carrying or forcing a discovery dispute to court when no genuine dispute exists." FED.R.CIV.P. 37, Advisory Committee Notes, 1970 Amendment, Subdivision (a)(4). Where a discovery motion, including a motion to compel, is filed without the movant certifying that the lawyers first conferred in a good faith effort to resolve the dispute, the motion will be "subject to being rejected without further consideration for failure to comply with [the] rules." *Rice v. U.S.*, 164 F.R.D. 556, 558 (N.D.Okla. 1995); Rule CV 21; *see also Switzer v. Much, Shelist, Freed, Denenberg, Ament, Bell & Rubenstein*, 214 F.R.D. 682, 691 (W.D.Okla. 2003); *Holloway v. Averitt Exp., Inc.*, 2006 WL 2981219 *1 (E.D.Tenn.).

Here, Defendant's *Motion to Compel* indicates that it was preceded by just a single e-mail **[Dkt. #63-2]** and single voicemail (which the undersigned recently learned both occurred within a single 12-minutes period). **[*See* Dkt. #63, pp. 2-3]** Hence, on its

face, the *Motion* acknowledges that prior to filing, Cox's counsel did not conduct a personal meeting or, alternatively, an actual telephonic conference that would satisfy the plain mandate of LCvR37.1.  Likewise, pursuant to the express holdings of the above-cited cases that have applied and construed the language of FED.R.CIV.P. 37(a)(1) & (d)(1)(b), it is abundantly clear that Defendant's *Motion* fails to satisfy the "good faith" effort/"sincere attempt" pre-filing requirements.

Furthermore, not apparent from Cox's *Motion* is the additional fact that as of January 22, 2018 [*see* **Dkt. ##58 & 59**], defense counsel's office is now a single city block away -- and literally across the street -- from the building where Plaintiff's attorney practices.  Indeed, on or about February 22nd, when defense counsel notified the undersigned that she had some objections to the deposition notice issued by Plaintiff to Cox pursuant to FED.R.CIV.P. 30(b)(6), the undersigned simply walked across the street later that afternoon and personally met with opposing counsel in a **genuine** attempt to resolve the various disputes, staying as long as necessary to work through each of the 30(b)(6) examination topics to which Cox objected. **[Ex. C]**  Had defense counsel taken the same, simple step with respect to Cox's present claim that it never received Plaintiff's written discovery responses, preliminary witness and exhibit list, and accompanying CD-ROM (containing PDF files of those records responsive to Cox's Rule 34 requests), a staff member at the office of Plaintiff's attorney could have immediately gotten to the bottom of the issue, cleared up any confusion, and, if necessary, prepared a new copy of the aforementioned materials for defense counsel), thus eliminating any need at all to involve the Court.

Accordingly, in light of Defendant CoxCom, LLC's failure to comply with the

pre-filing mandate of LCvR37.1 and FED.R.CIV.P. 37(a)(1), Cox's *Motion to Compel* should be stricken or, in the alternative, denied.

## II.   DEFENDANT'S MOTION FOR AN ORDER COMPELLING RESPONSES TO ITS WRITTEN DISCOVERY REQUESTS SHOULD BE DENIED AS MOOT SINCE PLAINTIFF HAS FULLY RESPONDED TO SUCH REQUESTS.

Cox's *Motion to Compel* asks the Court (a) to "order Plaintiff to supply the discovery responses and document production" it claims not to have received, and, perhaps more important to Cox, (b) "to award Cox its reasonable fees and costs incurred with respect to this Motion," (c) to "preclude Plaintiff from presenting at trial any witnesses and exhibits" that Cox claims Plaintiff did not timely disclose, and (d) to prevent Plaintiff from conducting further discovery." **[Dkt. #63, p. 3]**  Cox, however, is not entitled to any of the relief it seek because, contrary to Cox's claim, on Friday, January 5, 2018, Plaintiff's discovery responses, along with his preliminary list of witnesses and exhibits, were hand-delivered to the offices of defense counsel at 15 West Sixth Street.  Plaintiff has fully responded to all twenty (20) interrogatories propounded by Defendant, along with all thirty (30) requests for production. **[*See* Ex. A & Ex. B]**

Accordingly, inasmuch as it relates to Plaintiff's alleged failure to respond to Defendant's written discovery requests and/or to furnish defense counsel with Plaintiff's preliminary list of witnesses and exhibits, Defendant's *Motion to Compel* should be denied as moot.

## III.   SANCTIONING PLAINTIFF UNDER FED.R.CIV.P. 37(b)(2)(A)(i)-(vi) WOULD IN NO WAY BE APPROPRIATE IN THIS CASE.

### A.   Applicable Law

As previously noted, Rule 37(d) provides that, if "a party, after being properly

served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written responses," the court where the action is pending may order sanctions," including:

> (i)      directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii)     prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii)    striking pleadings in whole or in part;
>
> (iv)     staying further proceedings until the order is obeyed;
>
> (v)      dismissing the action or proceeding in whole or in part; or
>
> (vi)     rendering a default judgment against the disobedient party.

FED.R.CIV.P. 37(d)(1)(A)(ii) & 37(d)(3). The express language of Rule 37(d), however, expressly states that "instead of" utilizing one of the six options enumerated above, the court may appropriately limit sanctions to the reimbursement of expenses reasonably incurred by the moving party (and even then, only provided there are no circumstances that would make an award of expenses unjust). FED.R.CIV.P. 33(d).  Further, although it has discretion to choose an appropriate sanction, the court must at all times be just in exercising such discretion. *ABQ Uptown, LLC v. Davide Enterprises, LLC*, 2015 WL 2225783 *16 (D.N.M.); *citing The Procter & Gamble Co. v. Haugen,* 427 F.3d 727, 738 (10th Cir.2005) (citation omitted).

Clearly, no sanction is warranted here for the reasons set forth in the previous section.  Even if sanctions had somehow been warranted, it remains that not all sanctions are appropriate in every circumstance.  For example, courts addressing the issue have stressed that the exclusion of evidence is an "extreme" discovery sanction typically used

only where necessary to prevent "surprise" information and evidence from prejudicing the opposing party (particularly where that party in unable to cure such prejudice), and "not normally imposed absent a showing of willful deception or flagrant disregard of a court order by the proponent." *See, e.g., Seltzer v. I.C. Optics, Ltd.*, 339 F.Supp.2d 601 (D.N.J. 2004); *quoting Meyers v. Pennypacl Woods Home Ownership Ass'n*, 559 F.2d 894, 904-05 (3rd Cir. 1977); *cited with approval in Perry v. Winspur*, 782 F.2d 893, 894 (10th Cir. 1986).

Similarly, because dismissal with prejudice forecloses a litigant's access to the court, it should be used as a last resort. *Procter & Gamble,* 427 F.3d at 738; *citing Ehrenhaus,* 965 F.2d at 920. It is appropriate only "when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits[.]" *Ehrenhaus,* 965 F.2d at 921. As such, the Tenth Circuit has held that a district court may not take such drastic measures as a sanction for failing to obey a discovery order without considering the non-exhaustive factors listed in *Ehrenhaus v. Reynolds*:

> [A] district court should ... evaluate the following factors on the record:
>
> (1)   the degree of actual prejudice to the [other party];
> (2)   the amount of interference with the judicial process; ...
> (3)   the culpability of the litigant;
> (4)   whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and
> (5)   the efficacy of lesser sanctions.

*ABQ Uptown*, 2015 WL 2225783 at *17; *quoting Procter & Gamble,* 427 F.3d at 738. These factors are equally applicable to a court's determination regarding the appropriateness of any of the first three options enumerated in FED.R.CIV.P. 37(b)(2)(A)(i)-(iii), since such sanctions would often prove to be "tantamount to the dismissal" of a party's claims. *See Carbajal v. Warner*, 2014 WL 1257058 *5 (D.Colo.).

**B.** **Sanctions under Rule 37(d) are appropriate only where there has been a willful violation of a court's discovery order.**

Although "Rule 37, on its face, does not require that a court formally issue an order compelling discovery before sanctions are authorized," the court's discretion to fashion appropriate sanctions under Rule 37 [is nevertheless] guided by judicial interpretation of the rule. *U.S. v. Certain Real Property Located at Rt. 1,* 126 F.3d 1314, 1317 (11th Cir. 1997) (noting the lack of any decisional law upholding Rule 37 sanctions in the absence of a court order compelling discovery); *citing Malautea v. Suzuki Motor Co., Ltd.,* 987 F.2d 1536, 1542 (11th Cir. 1993). Those cases uniformly recognize that sanctions under Rule 37 are inappropriate where – as here -- there has been no disobedience, and certainly no **willful** disobedience, of a court's discovery order. *Id.* at 1317-18.

**WHEREFORE, premises considered,** Plaintiff Mark Palzer respectfully requests that this Court enter an order denying Defendant CoxCom, LLC's *Motion to Compel* in its entirety, and granting Plaintiff all other relief (whether legal, equitable, or both) to which he may be entitled or that the Court deems just and proper.

Respectfully submitted:

CAMP LAW FIRM

By: _____
Christopher L. Camp, OBA #18541
7122 South Sheridan Road, Suite #2-382
Tulsa, Oklahoma  74133
Telephone: (918) 200-4871
Facsimile: (888) 397-3643
E-mail: camplawfirm@gmail.com

**Attorney for Plaintiff Mark Palzer**

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2018, I electronically transmitted the foregoing instrument to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

    Keith A. Wilkes, Esq.
    William W. O'Connor, Esq.
    Margo E. Shipley, Esq.
    William D. Deveney, Esq.
    N. Kay Bridger-Riley, Esq.

_____
**Christopher L. Camp, OBA #18540**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

MARK ANTHONY PALZER,

      Plaintiff,

v.                              Case No. 15-cv-564-GKF-JFJ

COXCOM, LLC,

      Defendant.

## DEFENDANT COXCOM, LLC'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL

Defendant CoxCom, LLC ("Cox") respectfully submits this Reply in Support of its Motion to Compel.

Plaintiff Mark Anthony Palzer's ("Plaintiff") arguments in his Response to Cox's Motion to Compel are disingenuous at best.  Plaintiff's request that the Court "strike" Cox's Motion to Compel for Cox's alleged "failure" to meet and confer with opposing counsel is unsupportable and unreasonable, given Cox's repeated and unsuccessful attempts to meet and confer.  Plaintiff's bald assertions that he has supplied the deficient discovery, documents, and Preliminary Witness and Exhibit List are insincere, as Cox has never received a single discovery response or a single page of document production, nor has it ever received a copy of Plaintiff's Preliminary Witness and Exhibit List.  Even since the filing of Cox's Motion to Compel, Plaintiff has not supplied the deficient discovery, documents, or disclosures, nor has he taken the simple step of attaching these papers to his responsive pleading.[1]

Therefore, due to Plaintiff's continued and unjustifiable refusal to cooperate with the

---

[1] In his Response to Cox's Motion to Compel, Plaintiff represented that his discovery responses were attached as Exhibit A and B thereto.  (Doc. No. 82, at p. 7).  However, the referenced exhibits were not attached to Plaintiff's filing and have never been supplied to Cox.

discovery process, Cox respectfully submits that sanctions are appropriate.  Accordingly, Cox respectfully asks the Court to grant its Motion to Compel, order Plaintiff to supply the deficient discovery, documents, and Preliminary Witness and Exhibit List, and assess sanctions against Plaintiff and his counsel as set forth in Cox's Motion to Compel.

<u>**ARGUMENT AND AUTHORITY**</u>

**I.      Cox's Counsel's Repeated Efforts to Confer With Plaintiff's Counsel Certainly Comply With FED. R. CIV. P. 37 and LCvR 37.1.**

In his Response to Cox's Motion to Compel, Plaintiff baldly asserts the Court should "strike" Cox's Motion to Compel as "procedurally deficient" because counsel for Cox did not meet and confer with Plaintiff's counsel prior to filing its Motion to Compel.  Plaintiff disregards Cox's repeated good faith efforts to meet and confer.  As set forth in Cox's Motion to Compel, Cox's counsel reached out to Plaintiff's counsel regarding the discovery deficiencies on three occasions, offered Plaintiff several additional weeks to supply the missing discovery responses, documents, and Preliminary Witness and Exhibit List, and advised that Cox would file a Motion to Compel if the deficiencies were not corrected.  These communications were *completely* ignored by Plaintiff's counsel.  As a result, Cox filed its Motion to Compel on February 19, 2018, over one month after its counsel first reached out to Plaintiff's counsel regarding the deficient discovery.  Cox respectfully submits that its extensive efforts to confer with Plaintiff prior to filing its Motion to Compel certainly comply with FED. R. CIV. P. 37 and LCvR 37.1 and, therefore, the Court should not "strike" Cox's Motion to Compel.

Plaintiff's request that the Court "strike" Cox's Motion to Compel defies logic and is unsupportable under the Federal Rules of Civil Procedure and related case law.  Significantly, Rule 37(a)(1) provides that the proponent of a motion to compel must certify that it "has in good faith conferred **or attempted to confer** with the person or party failing to make disclosure or discovery

. . . ." (emphasis added).  Oklahoma courts have held that a litigant fulfills the requirements of Rule 37(a)(1) by **attempting to confer** in good faith, even where opposing counsel is unable or unwilling to participate in a personal or telephonic conference.  *See, e.g., Christopher v. Tulsa Ambassador Hotel, L.L.C.*, 2006 WL 3626761, *6 (N.D. Okla. Dec. 11, 2006) (holding that the defendant complied with the meet and confer requirement where defense counsel telephoned opposing counsel, who stated he would not be available to confer until nearly two weeks later); *Daniels v. Safeco Ins. Co. of America*, 2016 WL 7028945, *1 (W.D. Okla. Dec. 1, 2016) (holding that a party satisfied the meet and confer requirement where counsel stated he "left phone messages which were not returned and sent letters to no avail").

Plaintiff cites voluminous case law in support of the fundamental principal contained in FED. R. CIV. P. 37 and LCvR 37.1 that a party's attorney is required to confer or attempt to confer with opposing counsel prior to filing a motion to compel.  Plaintiff's cited authorities are unavailing.  All but two of the opinions Plaintiff cites originate from other jurisdictions and, as such, are inapplicable here.  Plaintiff does not cite a single opinion that is factually analogous here. If anything, several of Plaintiff's cited authorities imply that where, as here, a litigant seeking to meet and confer is met with a "wall of silence," an inability to meet and confer is excusable.  *See, e.g., Traylor v. Kohl's Department Store*, 2010 WL 2697069, *1 (D. Nev. July 6, 2010) (denying a motion to compel where the defendants failed to meet and confer with plaintiff but indicating, "Nor is this a situation where plaintiffs faced a wall of silence from defendant such that a meet and confer was impossible").  Indeed, were this Court to adopt Plaintiff's arguments, a litigant could blatantly refuse to participate in discovery, ignore opposing counsel's attempts to obtain the deficient discovery, and then avoid being compelled to produce the requested discovery by disingenuously arguing that the requesting party "failed" to meet and confer.  Such a result would

violate both the letter and spirit of the Federal Rules and Local Rules.

In his Response, Plaintiff makes much of the fact that his counsel's office is "now a single city block away" from Cox's counsel's firm. (Doc. No. 82, p. 6). Plaintiff points to the fact that on February 23, 2018, Plaintiff's counsel "simply walked across the street" to confer with Cox's counsel regarding Cox's objections to the FED. R. CIV. P. 30(b)(6) corporate representative deposition notice that Plaintiff served on Cox.[2] Cox respectfully submits that the obligation to cooperate in discovery pursuant to the Federal Rules of Civil Procedure and this Court's Orders is a two-way street. Indeed, Plaintiff's counsel's eagerness to "simply walk across the street" to resolve a dispute involving discovery he seeks to obtain from Cox contrasts sharply with his complete refusal to respond to emails and telephone calls where Cox is the party seeking discovery.

Based on the foregoing, Cox submits it has fully complied with FED. R. CIV. P. 37 and LCvR 37.1 and respectfully requests that the Court grant its Motion to Compel.

## II.   Contrary to Plaintiff's Representations, Plaintiff Has Never Responded to Discovery, Produced Documents, or Supplied a Preliminary Witness and Exhibit List.

Remarkably, in his Response brief, Plaintiff argues that Cox's Motion to Compel is "moot" because Plaintiff's counsel allegedly hand-delivered the discovery responses and Preliminary Witness and Exhibit List to defense counsel's former law firm, Newton, O'Connor, Turner and Ketchum, on January 5, 2018. The undersigned counsel certify that Cox has never received a single discovery response, a single page of document production, or any disclosure of witnesses or exhibits. The undersigned counsel further certify that following receipt of Plaintiff's Response brief, Cox's counsel reached out to their former law firm and confirmed that no one ever received

---

[2] Plaintiff's counsel did not "walk across the street" to opposing counsel's office spontaneously; rather, he did so in response to a telephone call from Cox's attorney who was seeking to meet and confer regarding Plaintiff's overbroad Rule 30(b)(6) deposition notice.

# 19-5094 / 0246

the papers that Plaintiff's counsel claims to have hand-delivered on January 5.

Cox respectfully submits that Plaintiff and his counsel continue to frustrate and obstruct the discovery process and the progress of this litigation.  Plaintiff's counsel could have easily supplied the missing documents following Cox's counsel's January 16 email correspondence, January 16 voicemail message, or January 31 telephone call.  After Cox filed its Motion to Compel on February 19, Plaintiff could have mailed or emailed the documents or attached them to his Response brief.  Instead, over two months have passed since Cox informed Plaintiff that it lacked Plaintiff's discovery responses, document production, and Preliminary Witness and Exhibit List, and Plaintiff's counsel has taken none of these simple steps, causing unnecessary delays, expense, and general prejudice to Cox.  Cox respectfully submits that Plaintiff and his counsel's gamesmanship and obstruction of the discovery process should not be tolerated, and respectfully asks the Court to grant its Motion to Compel.

### III.    An Award of Sanctions is More Than Justified Given Plaintiff's Continued Blatant Refusal to Participate in Discovery or Supply a Witness and Exhibit List.

Finally, Cox respectfully submits that an award of sanctions against Plaintiff and his counsel is more than justified given Plaintiff's continued blatant refusal to respond to discovery, produce documents, or supply a Preliminary Witness and Exhibit List.  In its Motion to Compel, Cox asked the Court to award Cox its reasonable fees and costs incurred with respect to its Motion, preclude Plaintiff from presenting at trial any witnesses or exhibits not timely disclosed to Cox, and prevent Plaintiff from conducting any further discovery.  In his Response, Plaintiff supplies no argument or authority actually supportive of his opposition to Cox's reasonable request for sanctions.

In his Response, Plaintiff makes no attempt to rebut or even address the numerous relevant Tenth Circuit and United States Supreme Court cases cited by Cox in support of its request for

sanctions. Plaintiff's purported arguments opposing an award of sanctions should be disregarded for this reason alone. *See Phillips v. Calhoun,* 956 F.2d 949, 953-54 (10th Cir. 1992) (dismissing an argument unsupported by cogent authority); *Moore v. Gibson*, 195 F.3d 1152, 1180 n. 17 (10th Cir. 1999) ("We do not consider unsupported and undeveloped issues").

Plaintiff yet again cites a plethora of factually inapposite cases, largely from other jurisdictions, which are inapplicable to the case at hand.[3] Plaintiff cites Eleventh Circuit case law for the proposition that "sanctions under Rule 37 are inappropriate where—as here—there has been no disobedience, and certainly no **willful** disobedience, of a court's discovery order." (Doc. No. 82, p. 10). Cox sought sanctions under both Rule 37(a)(5)(A) and Rule 37(d). Contrary to Plaintiff's assertions, **neither provision requires disobedience of a discovery order as a prerequisite to an award of sanctions**.[4] Even if the Rule required disobedience of a discovery order, which it does not, Plaintiff's continuing failure to supply a Preliminary Witness and Exhibit List as required by the Court's Order of September 6, 2017 (Doc. No. 55) warrants sanctions.

Notably absent from Plaintiff's arguments opposing sanctions is any justification or explanation for his complete failure to participate in discovery. Nor does Plaintiff supply any

---

[3] Plaintiff also cites *Perry v. Winspur*, 782 F.2d 893 (10th Cir. 1986). There, the Tenth Circuit held it was not error to allow testimony from three expert witnesses who had previously been disclosed in pretrial papers. *Id.* at 894-896. Here, Plaintiff has never supplied his discovery responses, documents, or disclosures of witnesses and exhibits. As such, *Perry* is inapplicable. Additionally, Plaintiff's citation to *Ehrenhaus v. Reynolds* actually **supports** Cox's position. 965 F.2d 916 (10th Cir. 1992). There, the Tenth Circuit held that a district court acted within its discretion by dismissing a case where a litigant repeatedly failed to attend his deposition even after the court ordered him to do so, prejudicing defendants "by causing delay and mounting attorney's fees." *Id.* at 921.

[4] Confusingly, Plaintiff also devotes significant argument in his Response brief to the contention that dismissal is a sanction of "last resort," even though Cox did not seek the sanction of dismissal. Moreover, in one of the cases cited by Plaintiff, *Malautea v. Suzuki Motor Co., Ltd.*, the Eleventh Circuit actually found that the offending party "richly deserved the sanction of a default judgment" due to willful violation of discovery orders and also upheld an award of costs and attorney fees. 987 F.2d 1536, 1542-47 (11th Cir. 1993).

cogent argument or authority explaining why a sanctions award would somehow be "unjust" within the meaning of Rule 37(a)(5). Rather, Plaintiff conclusorily asserts that "not all sanctions are appropriate in every circumstance" without supplying any explanation as to how Cox's requested sanctions are not appropriate in **this** circumstance, and without responding to Cox's assertions that it has suffered prejudice, undue delay, and unnecessary expense due to Plaintiff's conduct.

This Court has the broad and inherent power to impose sanctions. *See, e.g., In re Baker*, 744 F.2d 1438, 1440 (10th Cir. 1984) (district courts have "very broad discretion to use sanctions where necessary to insure not only that lawyers and parties refrain from contumacious behavior . . . but that they fulfill their high duty to insure the expeditious and sound management of the preparation of cases for trial"); *Sun River Energy, Inc. v. Nelson*, 800 F.3d 1219, 1227 (10th Cir. 2015) (internal citation and quotation marks omitted) ("A court's inherent power gives it the authority to impose a sanction for abuse of the judicial process, or, in other words, for bad faith conduct in litigation"). Cox respectfully requests that the Court grant its Motion to Compel and assess sanctions against Plaintiff and his counsel. Specifically, Cox asks the Court to award Cox its reasonable fees and costs incurred with respect to its Motion to Compel, preclude Plaintiff from presenting at trial any witnesses and exhibits not timely disclosed to Cox, and prevent Plaintiff from conducting any further discovery.

## CONCLUSION

Based on the foregoing, Defendant CoxCom, LLC respectfully requests that the Court grant its Motion to Compel, order Plaintiff to supply his discovery responses, document production, and Preliminary Witness and Exhibit List, and assess sanctions against Plaintiff and his counsel.

# 19-5094 / 0249

Appellate Case: 19-5094   Document: 010110302479   Date Filed: 02/10/2020   Page: 256

Dated:      March 26, 2018                          Respectfully submitted,

                                          By:   *s/William W. O'Connor*
                                                William W. O'Connor, OBA No. 13200
                                                Margo E. Shipley, OBA No. 32118
                                                **HALL, ESTILL, HARDWICK, GABLE,
                                                GOLDEN & NELSON, P.C.**
                                                320 South Boston Avenue, Suite 200
                                                Tulsa, OK  74103-3706
                                                Telephone:  (918) 594-0400
                                                Facsimile:  (918) 594-0505
                                                boconnor@hallestill.com
                                                mshipley@hallestill.com

                                                -and-

                                                William D. Deveney, Admitted *Pro Hac Vice*
                                                **ELARBEE, THOMPSON, SAPP &
                                                WILSON, LLP**
                                                800 International Tower
                                                229 Peachtree Street, N.E.
                                                Atlanta, GA  30303
                                                Telephone: (404) 659-6700
                                                Facsimile: (404) 222-9718
                                                deveney@elarbeethompson.com

                                                **ATTORNEYS FOR DEFENDANT,
                                                COXCOM, LLC**

# 19-5094 / 0250

Appellate Case: 19-5094   Document: 010110302479   Date Filed: 02/10/2020   Page: 257

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of March, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Christopher L. Camp

**ATTORNEY FOR PLAINTIFF**

*s/William W. O'Connor*
William W. O'Connor

# 19-5094 / 0251

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OKLAHOMA

Mark Anthony Palzer,

                    Plaintiff(s),

vs.

Cox Oklahoma Telcom, LLC, et al.,

                    Defendant(s).

Case Number: 15-cv-564-GKF JFJ
Proceeding: Motion Hearing
Date: 3-28-2018
Court Time: 9:30 a.m.

### MINUTE SHEET

Jodi F. Jayne, U.S. Magistrate Judge      C. Portilloz, Deputy Clerk      C2, Reporter

Counsel for Plaintiff: Christopher Camp

Counsel for Defendant: William O'Connor, Margo Shipley

Minutes:  Case called for hearing regarding Motion to Compel (ECF No. 63). Argument heard. The Motion to Compel (ECF No. 63) is granted, and all discovery responses must be produced by close of business today.  The requested sanction of prohibiting Plaintiff from conducting the noticed Rule 30(b)(6) deposition is denied.  The requests for monetary sanctions under Rule 37(a)(5)(A), and request for the sanction of precluding witnesses and exhibits at trial under Rule 37(d)(1)(A)(ii) are taken under advisement.

---

### Court Time

9:43 - 10:21

```
 1              UNITED STATES DISTRICT COURT FOR THE

 2                  NORTHERN DISTRICT OF OKLAHOMA

 3

 4   MARK ANTHONY PALZER,            )
                                     )
 5              Plaintiff,           )
                                     )
 6   vs.                             ) CASE NO. 15-CV-564-GKF-JFJ
                                     )
 7   COXCOM, LLC,                    )
                                     )
 8              Defendant.           )

 9

10

11            TRANSCRIPT OF RECORDED PROCEEDINGS
                        MARCH 28, 2018
12        BEFORE THE HONORABLE JUDGE JODI F. JAYNE,
                  MAGISTRATE JUDGE PRESIDING
13
                        MOTION HEARING
14

15

16

17

18                A P P E A R A N C E S
19
     FOR THE PLAINTIFF:            MR. CHRISTOPHER LINCOLN CAMP
20                                 Camp Law Firm
                                   7122 S. Sheridan Rd.
21                                 Suite #2-382
                                   Tulsa, OK 74133
22
     FOR THE DEFENDANT:            MR. WILLIAM WALKER O'CONNOR
23                                 MS. MARGO ELIZABETH SHIPLEY
                                   Hall Estill Hardwick Gable
24                                 Golden & Nelson (Tulsa)
                                   320 S. Boston, Ste. 200
25                                 Tulsa, OK 74103
```

*Greg Bloxom, RMR, CRR*
United States Court Reporter
Northern District of Oklahoma

Palzer v CoxCom (03-28-2018 Motion Hearing)                                2

```
 1   PROCEEDINGS:

 2   ---------------------------------------------------------------

 3            THE DEPUTY COURT CLERK:  This is case number 15-CV-

 4   564-GKF-JFJ, Mark Anthony Palzer vs. Cox Oklahoma Telecom, LLC,

 5   et al.

 6       Counsel, please enter your appearance for the record.

 7            MR. CAMP:  Christopher Camp representing plaintiff

 8   Mark Palzer.

 9            MR. O'CONNOR:  Bill O'Connor and Margo Shipley for the

10   defendant.

11            THE COURT:  Okay.  We are here today on defendant's

12   motion to compel, and it also requests sanctions, which is

13   docket 63.  Plaintiff -- well, first of all, Mr. O'Connor, have

14   you received the discovery responses yet?

15            MR. CAMP:  We have received nothing, no preliminary

16   witness and exhibit lists, no documents, no discovery

17   responses.

18            THE COURT:  Okay.  Thank you.

19       Mr. Camp, let's start with that.  I am very baffled by the

20   briefing that's in front of me.  You say, "I've produced, I

21   tried to produce the documents on January 5th."  Plaintiff

22   responds and says, "We still haven't received the

23   documents."  Is it your position that you've produced the

24   documents --

25            MR. CAMP:  Yes.
```

Palzer v CoxCom (03-28-2018 Motion Hearing)                                    3

1          **THE COURT:**  -- or not?

2          **MR. CAMP:**  The documents were produ- -- I also brought

3    a paper copy today but they were produced in CD form on the 5th

4    of January along with the responses to the discovery -- written

5    responses to the discovery and the preliminary witness and

6    exhibit lists.

7          **THE COURT:**  When are you saying that was done?

8          **MR. CAMP:**  The 5th of January.

9          **THE COURT:**  And you're saying it was hand-delivered to

10   --

11         **MR. CAMP:**  To Newton O'Connor.

12         **THE COURT:**  Once you received the e-mails and the

13   voice mails indicating that they had not received it, why

14   didn't you give it to them at this point?  Why do they still

15   not have it?

16         **MR. CAMP:**  Well, I didn't even see the motion to

17   compel or I guess get into the substance of it until, to be

18   candid with you, about a week or more after it was filed.  I

19   had something else I was out of the office on.  And the first

20   time it ever really came up is when I went across the street

21   and talked to Ms. Shipley and that's when I'm getting the

22   understanding that they're saying that they never received it.

23   Okay?  That's what I put in my response and I put the

24   particulars of it.

25       There was a reason also -- you know, normally in that case

Palzer v CoxCom (03-28-2018 Motion Hearing)                                    4

```
 1   I would e-mail something like that, this doesn't have to be
 2   filed of record, but this is the second case that I've had
 3   against this defendant, against this firm, and in that case,
 4   and that was the Nealis vs. Cox case, everything that I
 5   e-mailed to them, even the counsel in Atlanta that just entered
 6   his appearance a couple of weeks ago, I was blocked on that.  I
 7   brought a couple of e-mails from where that happened.  So I
 8   would send things over, they would say they didn't get them,
 9   and so that's why this was hand-delivered on that date.
10        THE COURT:  I'm just having a hard time understanding
11   how we're sitting here today and they still don't have your
12   discovery request.  To me, if someone -- or your discovery
13   responses.  If someone says, "We didn't get them, we file a
14   motion to compel, you're going to go to federal court," what
15   efforts have you made to now get them to them?  Any?
16        MR. CAMP:  Well, I brought paper copies of them today.
17   I have the full document production year and copies of the
18   written discovery responses and the preliminary witness and
19   exhibit lists.
20        THE COURT:  Okay.  So you have them today for the
21   first time; at least, according to them, they will receive them
22   for the first time today?  I understand your contention is that
23   you --
24        MR. CAMP:  Right, yes, Your Honor.
25        THE COURT:  -- submitted them.
```

Palzer v CoxCom (03-28-2018 Motion Hearing)                                      5

1          **MR. CAMP:**  Yes.

2          **THE COURT:**  But you've known since January at least --

3    at least February 19th when they filed their motion to compel

4    that they were contending they did not receive those.

5          **MR. CAMP:**  Right.  And can I make one other point?

6          **THE COURT:**  Sure.

7          **MR. CAMP:**  I mean, it may not make a difference to

8    you, but in reviewing the reply brief that was just filed, and

9    I can't remember if it was yesterday or the day before

10   yesterday, --

11         **THE COURT:**  Uh-huh.

12         **MR. CAMP:**  -- it says something to the effect that

13   they resent it to the old firm and they said they didn't have

14   them, or couldn't find them, or never got them, or something

15   along those lines.  You know what I'm referring to?

16         **THE COURT:**  Yes.

17         **MR. CAMP:**  What didn't happen is they call back --

18   call me back and say, "Hey, we talked to them and they said

19   they didn't get it," or misplaced it or whatever the contention

20   is.

21         **THE COURT:**  Well, I could be wrong, but I thought I

22   saw a letter to you dated January 16th from Ms. Shipley, but

23   this is an e-mail.

24         **MR. CAMP:**  I meant after I filed my response, Your

25   Honor.

# 19-5094 / 0257

1          THE COURT:  Okay.  Okay.  Also in your response you

2   mention or purport to attach certain things as exhibits A and

3   B, but those were not attached.

4          MR. CAMP:  Right.

5          THE COURT:  Was that an oversight?

6          MR. CAMP:  I guess you could characterize it as that.

7   What happened was I filed that brief right before -- the night

8   before I left town, I filed it like at midnight.  I didn't have

9   the electronic versions of those records to where I could

10   access them, they were only at my office, and so I was only

11   able to get back to them this week when I returned to the

12   office.

13          THE COURT:  Okay.

14          MR. CAMP:  I mean with the exception of C, which is

15   the e-mail exchange between me and Ms. Shipley.

16          THE COURT:  Well, it would have gone a long way for me

17   had your discovery responses been attached to your response as

18   indicated.  That would have shown me that these existed at that

19   time --

20          MR. CAMP:  I understand, Your Honor.

21          THE COURT:  -- they were produced.  You understand

22   that, as I sit here today, it appears -- I can't understand why

23   if someone tells you they don't have your discovery responses,

24   you don't go give them to them within a month-and-a-half, if

25   they exist.  It seems like something you would take care of

1    right away and say, "Oh, well, I produced those to you.  Let's

2    not go fight about it in federal court.  How about I just give

3    them to you since they're already done."  Wouldn't that make

4    sense?

5            **MR. CAMP:**  I think in normal circumstances it would

6    make sense.  If you want to be perfectly candid, my experience

7    with -- and I don't know if it's the defendant or the firm or

8    whatever, I think the idea is, "It doesn't matter, we've got

9    you and we're going to capitalize on it."  So it wouldn't

10   matter if I took it over to them; they would still be here

11   arguing for the same sanctions.

12           **THE COURT:**  They'd have a much weaker position had

13   they received the documents immediately, quickly, after they

14   filed their motion to compel.

15           **MR. CAMP:**  That is a good point, Your Honor.  I'm not

16   going to argue with you on that.

17           **THE COURT:**  Okay.  All right.  Well, thank you,

18   Mr. Camp.  I appreciate it.

19           **MR. CAMP:**  Thank you, Judge.

20           **THE COURT:**  Mr. O'Connor, it sounds like he has the

21   documents here today --

22           **MR. O'CONNOR:**  Right.

23           **THE COURT:**  -- for purposes of your motion to compel.

24           **MR. O'CONNOR:**  Uh-huh.

25           **THE COURT:**  So obviously I'm going to grant the motion

1   to compel and compel him to produce that to you.  And I think

2   the issue that we're going to be talking about is sanctions and

3   what it is that you're asking for in response.  But please

4   correct me if I'm wrong, if there's anything you want to back

5   up about with respect to the motion to compel.

6          **MR. O'CONNOR:**  I don't think there is.

7          **THE COURT:**  Okay.

8          **MR. O'CONNOR:**  I think we've covered, generally, the

9   issues there.

10          **THE COURT:**  But your contention is they were never --

11   what is your contention with respect to the production that

12   allegedly occurred on January 5th?

13          **MR. O'CONNOR:**  Well, this all starts -- I mean, one of

14   the reasons -- and I have -- I certainly disagree that had we

15   been supplied these, what we might have done.  It's hard to go

16   back in time, but it just happened with Margo -- or Ms. Shipley

17   and I down in Oklahoma City, and there, we were able to reach

18   an agreement short of court because they produced everything.

19      So, you know, here, we're in a situation where they went up

20   on appeal, they came back, and they've done absolutely nothing.

21   And so -- I mean, we're talking -- I mean the reason we sought

22   the sanction of no witnesses, no evidence, basically you can

23   cross-examine our witness or witnesses and you can use our

24   evidence, is based on this *Oklahoma Federated* case which was

25   affirmed in the circuit from Judge Brett, but almost identical

Palzer v CoxCom (03-28-2018 Motion Hearing)                                9

1   facts.

2      We're sitting here, Your Honor, respectfully, they never

3   supplied initial disclosures, so it's not as if we were on

4   notice of some exhibits or some witnesses at any time in this

5   case.  And so we're sitting here now on, you know, March 28th,

6   where we're getting now a preliminary witness and exhibit list,

7   we're getting these discovery responses, and whether we have to

8   come back on those is another issue, but we have never -- I

9   have never been in a case where you never received anything.

10      And with all due respect, he elects to communicate --

11   Mr. Camp elects to communicate with us when it's to his

12   benefit.  When we noticed the plaintiff's deposition, we heard

13   pretty quickly that the plaintiff wasn't available.  When he

14   served a 30(b)(6) on the last hour of the last day, we heard

15   pretty quickly from him.  In fact, walking across the street

16   seemed pretty easy, he came over and there was a meet-and-

17   confer on those issues.

18      So, I think this disrespect, this disregard, whatever, you

19   know, this election to not comply with the court's scheduling

20   order, not comply from initial disclosures forward could not be

21   more compelling for the imposition of a sanction here.

22      We have -- you know, even when there was a discussion about

23   the scheduling order, there was an assurance of some relief

24   that the plaintiff intended to seek that never was filed.  So

25   then we came in and we said we don't -- because we had advised,

Palzer v CoxCom (03-28-2018 Motion Hearing)                    10

```
 1    "We're not agreeable to reopening discovery for the purpose of
 2    you serving document requests now and doing everything else
 3    that we waited on."  But, you know, in essence, we've sought to
 4    preclude him from presenting any evidence.  We've also sought a
 5    monetary sanction obviously for the persecution of this motion,
 6    the preparation for this hearing, and we've sought as a third
 7    sanction that they not be allowed to conduct any written or
 8    deposition discovery given the misconduct in the case.
 9        I don't do this lightly.  This is not my hallmark of
10    practice.  I'm very agreeable, I get along with counsel.  I
11    don't like wasting energy or the court's resources or anybody
12    else's.  But here, this is extreme.
13        When we ultimately had to preserve some issues on the
14    scheduling issues, we filed a motion, which Judge Frizzell
15    granted, and they filed a counter-motion which was denied.  The
16    frustration, I think, has been our inability -- I mean, if
17    we're talking about prejudice, we've seen every opportunity
18    come and go without any -- without the identification of one
19    witness, without the disclosure of one document, without -- you
20    know, with a settlement conference that had been set and reset
21    that had to go away again with, you know, just our
22    proceeding -- we firmly believe this is a summary judgment case
23    and we've had to do everything we can just to get the bare
24    minimum.  So that's why we come here today.
25            THE COURT:  Okay.  So you're requesting three
```

Palzer v CoxCom (03-28-2018 Motion Hearing)                    11

```
 1   sanctions, if I understand it correctly.  The first is monetary

 2   under Rule 37 --

 3            MR. O'CONNOR:  (a)(5).

 4            THE COURT:  -- (a)(5).

 5            MR. O'CONNOR:  Yes.

 6            THE COURT:  Under Rule 37(a)(5) based on having to

 7   file this motion and prepare for the hearing?

 8            MR. O'CONNOR:  Correct.

 9            THE COURT:  Second, you're requesting, under

10   37(d)(1)(A)(ii), that I prohibit plaintiff from introducing

11   into evidence witnesses or exhibits not timely disclosed?

12            MR. O'CONNOR:  Correct.

13            THE COURT:  And third, that plaintiff be precluded

14   from seeking any further discovery.  And to me, on the third

15   issue, Judge Frizzell has largely taken care of that by

16   preventing -- I mean, he's limited what's going to happen --

17            MR. O'CONNOR:  That's right.

18            THE COURT:  -- in that discovery and he denied

19   plaintiff's motion --

20            MR. O'CONNOR:  Yes.

21            THE COURT:  -- to get anymore discovery.  So the issue

22   is really just about whether plaintiff is going to be able to

23   take your 30(b)(6) --

24            MR. O'CONNOR:  That's correct.

25            THE COURT:  -- depo; is that correct?
```

Palzer v CoxCom (03-28-2018 Motion Hearing)                    12

1          MR. O'CONNOR:  That's right.

2          THE COURT:  Okay.

3          MR. O'CONNOR:  Yes.

4          THE COURT:  Tell me this.  Is it a little -- in your

5    view, do you think it's premature for me to rule on whether he

6    should be able to introduce things at trial?  Is that -- to me,

7    that almost -- the injury -- your injury from that almost flows

8    more directly from the failure to produce the preliminary

9    witness and exhibit list --

10         MR. O'CONNOR:  Uh-huh.

11         THE COURT:  -- than failure to respond to discovery.

12   And that is more of a violation of Judge Frizzell's scheduling

13   order --

14         MR. O'CONNOR:  Uh-huh.

15         THE COURT:  -- than a violation of discovery.  I'm

16   just struggling with whether that's -- I'm not saying it's not

17   appropriate relief at some point in this case, possibly.  I'm

18   just struggling with whether now is the right time and whether

19   Rule 37(d) -- (d)(A)(ii) is the right vehicle.  I understand

20   that that rule authorizes sanctions just based purely on a

21   failure to respond to Rule 33 or Rule 34, interrogatories and

22   document requests.  It certainly does authorize those

23   sanctions.

24         MR. O'CONNOR:  Uh-huh.

25         THE COURT:  I'm just struggling with whether that's

Palzer v CoxCom (03-28-2018 Motion Hearing)                    13

 1   better directed to Judge Frizzell in some sort of motion in

 2   limine --

 3          **MR. O'CONNOR:**  Uh-huh.

 4          **THE COURT:**  -- or whether it might be a little

 5   premature and it would be more appropriate, once I have a

 6   discovery order in place, if that's ever violated.  So, those

 7   are my thoughts on that.

 8          **MR. O'CONNOR:**  Yeah.

 9          **THE COURT:**  Do you have any thoughts on the timing of

10   that?

11          **MR. O'CONNOR:**  I guess my -- you know, my concern --

12   and the reason we urged it, obviously we didn't seek dismissal,

13   we didn't seek --

14          **THE COURT:**  Uh-huh.

15          **MR. O'CONNOR:**  -- the other four or five enumerated

16   potential sanctions, but, you know, we're sitting here now, we

17   know that we can take the plaintiff's deposition.  We now are

18   going to have some documents apparently, and there may be

19   discovery issues arising from this production.  We'll see who

20   their other witnesses are.  And we know that there's a

21   potential that they would potentially take one of our corporate

22   representatives.  So, you know, I just think that the prejudice

23   is there.  I think it's compelling to allow plaintiff to cross-

24   examine our witnesses, obviously the plaintiff can testify, and

25   that would be consistent with what the remaining discovery

*Greg Bloxom, RMR, CRR*
United States Court Reporter
Northern District of Oklahoma

Palzer v CoxCom (03-28-2018 Motion Hearing)                    14

1   Judge Frizzell ordered, versus them coming in now with a lot of

2   witnesses we don't know about, that we've never heard about,

3   that we haven't had a chance to do any investigation, discovery

4   or anything else, you know, direct any other discovery towards

5   them.

6       So, I think it would be consistent with that discovery

7   order to limit the presentation or the parties' presentation of

8   evidence at trial given that order.

9            **THE COURT:**  Okay.  Thank you.

10           **MR. O'CONNOR:**  Thank you.

11           **THE COURT:**  Do you have anything further?

12           **MR. O'CONNOR:**  No.  Thank you.

13           **THE COURT:**  Thanks.

14      Mr. Camp, I'll hear you in response to the motions for

15   sanctions, and you heard the three different sanctions they're

16   requesting, so I would like to hear your response to all three.

17           **MR. CAMP:**  Should I go to the lectern, Your Honor?

18           **THE COURT:**  You should.  Thank you.

19           **MR. CAMP:**  Okay.  Your Honor, I know that you're

20   familiar with the briefing that's been filed, so I won't

21   belabor all of that.  I would just kind of summarily say that

22   the sanction, if they're asking for -- they're asking for

23   monetary sanctions for having to file the motion to compel --

24   I'll make sure I've got this right -- a prohibition on

25   plaintiff presenting any evidence of their own, and I'm trying

Palzer v CoxCom (03-28-2018 Motion Hearing)                     15

 1  to remember what the last one was.

 2          **THE COURT:**  The last one is essentially based on what

 3  Judge Frizzell has already ruled.  This issue -- the third

 4  issue is now limited to whether you'll be able to take the

 5  30(b)(6) depo --

 6          **MR. CAMP:**  That's right.

 7          **THE COURT:**  -- deposition.

 8          **MR. CAMP:**  Thank you, Your Honor.

 9      A couple of quick points.

10      And I'm just going to write that down before I forget it,

11  because I will.

12      With respect to a couple of things that were said that I

13  just think need to be cleared up for the purposes of the

14  record, the 30(b)(6) notice was served within the discovery

15  period, a day -- I think it was a day but it certainly wasn't

16  more than two days after they noticed plaintiff for deposition.

17  Okay?  And it was within discovery.  And the date for that

18  deposition, there was sufficient time to where it could have

19  been conducted before the close of discovery.

20      Also, with respect to the motion, the counter-motion that

21  was filed, the way that went down was I went across the street

22  to visit with Ms. Shipley and I tried to go through all of the

23  issues that they had or that she was prepared to talk about

24  regarding the 30(b)(6) and any other issues that we had, told

25  her my thoughts on scheduling since we were going to -- both

Palzer v CoxCom (03-28-2018 Motion Hearing)                    16

 1   depos would be after the discovery cutoff, and told her I would
 2   prepare the motion for the enlargement.  I did, I prepared it,
 3   and she sent me an e-mail and said, "Would you please send it
 4   over to me first so we can look at it before you file it."  And
 5   I did.  I was out of the office the next day.  And then when I
 6   returned, then they filed a motion kind of just -- I don't
 7   know -- it felt kind of like a sucker punch, and I don't think
 8   it was really in conformity with what we agreed with,
 9   especially since I was trying to make sure that, at their
10   request, whatever it said regarding their objections or
11   tweaking the relief that was asked for in the motion on the
12   scheduling order, that's how that went down.  So, what I did is
13   I just turned it into a counter-motion at that point.  Anyway,
14   I just wanted to clear that up.
15       Your Honor, sanctions for -- I'm going to kind of take
16   these out of order.  I think I've addressed the 30(b)(6) just
17   as far as -- and I think I can kind of take that hand in hand
18   with the presentation of evidence.
19           **THE COURT:**  You've adequately addressed the 30(b)(6).
20           **MR. CAMP:**  Okay.
21           **THE COURT:**  I don't need to hear anymore on that.
22   Thank you.
23           **MR. CAMP:**  Thanks.
24       As far as presentation of evidence, and I know I'm going
25   backwards from what we did, but that's the most drastic

1    sanction according to the authorities that I provided to you.

2    Okay?  And there's a list of -- a nonexclusive list of factors

3    that you can take into consideration when you're talking about

4    excluding discovery or excluding the presentation of evidence.

5    The fact is, is that the defendants in this case have now gone

6    and said, "Okay, yeah, we want two more months for discovery,"

7    and so everything has been pushed back accordingly.  So there

8    is no -- there is no prejudice, and so that's the first factor.

9    It's not going to interfere with the judicial --

10             THE COURT:  Well, let me stop you --

11             MR. CAMP:  -- process.

12             THE COURT:  -- real quickly.  Hasn't Judge Frizzell

13   limited what can happen in these next two months to -- and

14   correct me if I'm wrong -- to them taking plaintiff's

15   deposition and you taking their 30(b)(6) deposition?  Is that

16   correct?

17             MR. CAMP:  I think what it said, to be real precise,

18   --

19             THE COURT:  No, I want to make sure I understand what

20   he has ordered.

21             MR. CAMP:  Well, it does say that, but I think he may

22   have left wiggle room on the 30(b)(6), in other words, to say

23   we'll see how it goes.  I think it says something like that.  I

24   could be wrong, but it seemed like --

25             THE COURT:  I guess what I'm asking you is do you view

1   what can happen in the next few months as you -- so now they're

2   going to have your preliminary witness and exhibit list, right,

3   you're --

4           MR. CAMP:  Right.

5           THE COURT:  -- going to give that to them today?  So,

6   at that point, do you view what they can do going forward as

7   take any other depositions in this period of time, --

8           MR. CAMP:  Well, --

9           THE COURT:  -- if they choose to?

10          MR. CAMP:  -- I think that's what they've done, is

11  they've asked for -- I can't remember if they asked for

12  discovery -- I know this, that they don't want me to do any

13  discovery.  Okay?

14          THE COURT:  Right.

15          MR. CAMP:  I can tell you that part for sure.

16          THE COURT:  Right.

17          MR. CAMP:  I don't know if they said, "We only want

18  this extra time for discovery just to take the plaintiff's

19  depo," or if they want to do other discovery, but I know that

20  whatever it is, --

21          THE COURT:  Mr. O'Connor, could you clarify that for

22  me, if you know?

23          MR. O'CONNOR:  Your Honor, given the status of things

24  at that time, we asked to take plaintiff's deposition and we

25  opposed any other discovery, and at the time he had noticed the

1  30(b)(6), so, you know, that was at play.  But there wasn't

2  any -- we didn't want to reopen discovery with other witnesses,

3  anything else, and at the time there had been no disclosure of

4  any.  So that was the scope of our motion.  And then Judge

5  Frizzell's minute order, he simply denied theirs for the

6  reasons -- he said for the reasons set forth in our response.

7  So, that was kind of where that landed.

8          THE COURT:  So, I'm not trying to pin you down on a

9  motion on that, but as of now, if you get his witness list, you

10  may ask -- would you feel like you had to ask Judge Frizzell to

11  do anything other than take the plaintiff's deposition at this

12  point?

13          MR. O'CONNOR:  Not if they're not allowed to testify.

14  I mean, if they're in the case, then I think we probably are --

15          THE COURT:  Sure.

16          MR. O'CONNOR:  -- required to do, you know, something.

17  But if -- and the thought was we had never received any witness

18  or exhibit or anything else, so what we knew we had was

19  plaintiff and he had noticed the 30(b)(6) for the last day of

20  discovery, and so that was -- I'm not trying to foreclose.  I

21  mean, if they're allowed to proceed with however many or

22  whoever they've identified today, then I think we probably have

23  to explore whether we need to take all their -- you know, serve

24  subpoenas, do depositions, and do all that with respect to

25  those witnesses.  But that's not where we were at the time we

Palzer v CoxCom (03-28-2018 Motion Hearing)                    20

```
 1  were seeking --

 2            THE COURT:  I understand.

 3            MR. O'CONNOR:  Okay.

 4            THE COURT:  Thank you.

 5            MR. O'CONNOR:  Thank you.

 6            THE COURT:  Okay.  Thank you.  Please continue on your

 7  argument regarding the trial witnesses and exhibits and

 8  precluding that.

 9            MR. CAMP:  Well, I understand that probably in this

10  room I'm probably the slowest on the uptake among all of us,

11  but I think what I heard Mr. O'Connor say was that as we sit

12  here today the intention is to do plaintiff's depo from their

13  standpoint and then, I guess, kind of call an audible, if you

14  will, if they think there's anything that arises out of that,

15  then they would go back.  Is that what he just said?  Because

16  I'm still kind of unclear -- I guess maybe it doesn't matter.

17  I'll just go with if they're just doing the plaintiff, then as

18  far as, again, interference with judicial process, then they

19  can do the plaintiff's deposition, and I don't see how that

20  would slow things down.

21       The other, I guess it's called the *Ehrenhaus* factor number

22  4, is whether the court warned the party in advance that

23  dismissal of the action would be a likely sanction for

24  noncompliance, and the efficacy of lesser sanctions, those are

25  the other two factors.
```

Palzer v CoxCom (03-28-2018 Motion Hearing)                               21

1         Your Honor, for those reasons, I think that some kind of

2    order prohibiting the presentation of evidence or prohibiting

3    me from taking a timely noticed 30(b)(6), which I mean I know

4    it sounds nasty, it was served on the last day, it was the day

5    after they noticed the plaintiff for the deposition, so...

6         As far as the monetary sanctions go, Your Honor, I don't

7    know if you're inclined to do that, but I would really, really

8    urge you -- and I know you're your own operation, but we were

9    in front of Judge Lane several times in the previous case, and

10   I had to come back and back and back on discovery that was --

11             **THE COURT:**  You mean Judge Wilson?

12             **MR. CAMP:**  Judge Wilson.

13             **THE COURT:**  It's okay.  I'm just making sure.

14             **MR. CAMP:**  I did.  Sorry.

15             **THE COURT:**  That's okay.  Uh-huh.

16             **MR. CAMP:**  Thank you.

17             **THE COURT:**  Sure.

18             **MR. CAMP:**  But it was in the *Nealis* case, and the

19   docket shows that on a 30(b)(6) we had to come back two or

20   three different times.  Time and again it was like pulling

21   teeth trying to get the discovery from the other side, and

22   there were a couple of times like on the 30(b)(6) when he

23   compelled them to produce one, then they didn't produce one

24   that was there that could testify, by their own testimony,

25   until all the topics that they were supposed to be there on.

Palzer v CoxCom (03-28-2018 Motion Hearing)                    22

```
 1   Things like that every time.  I said, "Well, you know, it costs

 2   money for me to come in here and do this," and every time Judge

 3   Wilson said, "No, we're not going to do the sanctions."

 4       I understand it's a different case, I understand that's a

 5   different judge, but when you're looking at the issue of

 6   sanctions, I would really urge you to go back and review that

 7   before you make a ruling on the sanctions and tell me if you

 8   think that -- or I would ask that your ruling reflect some kind

 9   of balance in the handling of the parties, because I had lots

10   of frustrations and there were violations of a court's order in

11   that case by the other side and I was never permitted any

12   sanctions; I had to bear the whole cost of bringing it to court

13   every time.  So, again, I don't know if that's something you're

14   inclined to do but --

15           THE COURT:  Well, I'm inclined to try to follow Rule

16   37(a)(5) and what it says, and it says, "If the motion is

17   granted, the court must, after giving an opportunity to be

18   heard, require the party or deponent whose conduct necessitated

19   the motion to pay the movant's reasonable expenses incurred in

20   making the motion, including attorney fees," and then there's

21   "unless" and then there's three things --

22           MR. CAMP:  Substantial justification is the --

23           THE COURT:  -- to address.

24           MR. CAMP:  Right.

25           THE COURT:  "Substantial justification, other
```

*Greg Bloxom, RMR, CRR*
United States Court Reporter
Northern District of Oklahoma

 1   circumstances that make an award of expenses unjust, or that

 2   the movant filed a motion before attempting in good faith to

 3   obtain the disclosure of discovery without court action."  So

 4   your argument would be best addressed to those three things --

 5          **MR. CAMP:**  And --

 6          **THE COURT:**  -- as opposed to another case or another

 7   judge.

 8          **MR. CAMP:**  Well, I think, as far as the number 3, I

 9   told you --

10          **THE COURT:**  You told me some circumstances.

11          **MR. CAMP:**  Right.

12     As far as number 1 goes, substantial justification, again,

13   I don't see -- we talked about substantially justified in

14   bringing the motion or filing the motion, I think --

15          **THE COURT:**  "The opposing party's nondisclosure

16   response or objection was substantially justified."  So I'm

17   guessing your position --

18          **MR. CAMP:**  Well, the lang- -- yeah, the language

19   before that is the party bringing the motion is entitled to a

20   reasonable fee for bringing the motion, or something along

21   those lines; right?

22          **THE COURT:**  Yes.

23          **MR. CAMP:**  Okay.  And what I'm saying is these

24   responses were served personally to the office.  That's the

25   substantial -- that's my substantial justification argument,

1   that it preceded the filing of the motion, they had it.  As far

2   as the --

3       THE COURT:  Why didn't they get it between then and

4   now?  That's what I'm really struggling with.  Obviously, you

5   know, if they received the documents or should have received

6   the documents or could have received the documents on January

7   5th, I don't see any reason that they did not subsequently

8   receive them between now and then.  I'm just struggling with

9   that, with that concept.  Do you understand what I'm saying?

10      MR. CAMP:  I do understand.

11      THE COURT:  And what's your answer to that?  You

12  didn't want to send an e-mail?  You didn't want to -- I mean,

13  you went and met with them, you talked about your 30(b)(6), you

14  know, --

15      MR. CAMP:  Right.

16      THE COURT:  -- at some point.  Why didn't you walk

17  over this notebook or say, "Hey, I know you're saying you

18  didn't get my discovery responses.  Here they are."

19      MR. CAMP:  Well, I think when I -- that was the day

20  that I realized they were saying they didn't get any discovery.

21  When I went over there, I hadn't even gone through the motion

22  yet, the motion to compel, to see what they were saying, and

23  then Ms. Shipley said something along the lines of not giving

24  any discovery, and so that's kind of where we were.  And then

25  things just went on from there.

1      The second factor, which is other circumstances make an

2   award of expenses unjust, Your Honor, I think those

3   circumstances that make it unjust -- I mean, justice, at least

4   my concept of it, is kind of akin to some scales, okay, and I

5   think what we have to look at is how to keep a balance on the

6   scales.  And when the tables were turned last time I was here,

7   you know, I walked out of the court empty handed, no sanctions,

8   even though the court's previous orders weren't followed, and I

9   think to drop the hammer on me shows an imbalance, and I think

10  that goes to the second factor as far as making it unjust,

11  so...

12         **THE COURT:**  How many -- okay.  Now I'm going back to

13  the trial witnesses and exhibits, the sanction that they're

14  asking for on that.  How many witnesses are on your preliminary

15  witness and exhibit list besides plaintiff?

16         **MR. CAMP:**  There's approximately 16 specifically named

17  and then some catch-alls.  And aside from plaintiff and the

18  plaintiff in the earlier action, Ms. Nealis, I'm 95 percent

19  sure that the rest of them are Cox employees or were Cox

20  employees, I don't know if they're still employed there or not.

21  And then there's some catch-all categories that say -- in the

22  document production, there's journals of, you know, what

23  happened and a lot of that was sent to the EEOC, and we got

24  those through FOIA, you know, requests, as well.  And then

25  there's some more information.  But basically the folks that

1   are identified in there have been known to us for a long time.

2   So that's what the catch-all categories are.  And then, of

3   course, there's a catch-all, you know, everybody listed by

4   defendant that plaintiff doesn't object to.

5           **THE COURT:**  Okay.

6           **MR. CAMP:**  But, yeah, there's two -- look, let's just

7   not do the "think."  Let me just look at it and I'll tell you

8   to a certainty.  Actually, I'll give -- may I approach the

9   bench, Your Honor?

10          **THE COURT:**  Yes.

11          **MR. CAMP:**  Here you go, Mr. O'Connor.

12      The two people that -- number 1 is plaintiff, and number 2

13  is the plaintiff in the other case, and then 3, 4, 5, 6, 7, 8,

14  9, 10, 11, 13 -- okay, see, I knew there would be one on

15  there -- 12 is Jeff Nix, another attorney.  Okay?  But all the

16  other specifically named were -- are or, if they've left since

17  then, former Cox employees, and then there's the catch-all

18  categories at the end.

19          **THE COURT:**  Thank you.

20          **MR. CAMP:**  Thank you, Judge.

21          **THE COURT:**  Mr. O'Connor, would you like to respond to

22  any of that?

23          **MR. O'CONNOR:**  May I?  Thank you.

24      I think, Your Honor, what we were just handed establishes

25  the prejudice, 17 witnesses plus the catch-all categories.  I

Palzer v CoxCom (03-28-2018 Motion Hearing)                    27

```
 1  mean, we're now in a situation where Judge Frizzell has allowed
 2  discovery of the plaintiff's deposition and our corporate
 3  representative, and we get this, many of whom we've never heard
 4  of before, many of whom we don't recognize.  We noticed the
 5  plaintiff's deposition when we did because we had no discovery
 6  responses or documents.  And these Ehrenhaus factors relate to
 7  a --
 8          THE COURT:  Dismissal.
 9          MR. O'CONNOR:  -- sanction that we didn't seek:
10  dismissal.  So, you know, I think it's perfectly consistent,
11  respectfully, that we proceed with our second sanction request
12  regarding the presentation of witnesses and exhibits.  We
13  haven't obviously seen the exhibits.
14     I can tell Your Honor that we had a lot of overlapping
15  staff at our former firm, many of whom are joining on Monday,
16  and we were in contact every day, so there wasn't -- this
17  wasn't sitting on my desk over there or anyone else's desk.
18  Everything that was delivered was delivered to us or we
19  retrieved on a daily basis.  So, I think -- I don't know how
20  anything could be justified substantially or otherwise when we
21  received this today.
22          THE COURT:  Okay.  Thank you.
23          MR. CAMP:  Your Honor, one quick point, if I may, --
24          THE COURT:  Yes.
25          MR. CAMP:  -- just to follow up on that?
```

1    Your Honor, like I said, all but three of those witnesses

2  are Cox employees.  And as far as this is a surprise, there was

3  a motion for judgment on the pleadings filed in this case --

4        **THE COURT:**  I saw that.

5        **MR. CAMP:**  -- and both of us have obtained

6  independently, and I also produced it in the *Nealis* litigation,

7  the EEOC investigative records for Mr. Palzer.  Okay?  Every

8  one of these folks are listed in there.  And my point of

9  bringing up the judgment -- the motion for judgment on the

10  pleadings is because they have it, they've seen it, they've

11  been through it, they know about these people, their employees.

12  The only prejudice is going to be me because I won't get to

13  depose their employees, and they can go talk to them any time

14  they want.  And they have known about them for literally years

15  because that was produced at least in early 2016.  I'm talking

16  about the EEOC file with all these people listed out, and what

17  they're going to say, and what they add to the case.  So I want

18  to make that point clear, Your Honor.

19        Thank you.

20        **THE COURT:**  Thank you.

21        Defendant's motion to compel, docket 63, will be granted.

22  All discovery must be produced by today, close of business

23  today, and it sounds like Mr. Camp is prepared to do that.

24        With respect to the requested sanction of cost and fees

25  under Rule 37(a)(5), and the requested sanction of excluding or

Palzer v CoxCom (03-28-2018 Motion Hearing)                    29

1   precluding introduction of certain witnesses and exhibits,

2   those two things will be taken under advisement.

3       The third requested sanction related to plaintiff being

4   precluded from seeking any further discovery, as I mentioned,

5   that has been largely taken care of by Judge Frizzell's order.

6   The only remaining question on that is the 30(b)(6) deposition.

7   I'm going to deny the motion with respect to the 30(b)(6)

8   deposition.  That means that deposition will be allowed to take

9   place.  That was noticed during the discovery period

10  immediately following the plaintiff's deposition being noticed,

11  so I see no reason to preclude that deposition.  So those two

12  things will be permitted.  You all can go forth and complete

13  that.

14      I will get you rulings quickly, obviously, on particularly

15  the second aspect of the sanction because that could impact the

16  way that defendant chooses to proceed with discovery going

17  forward.

18      So that's my ruling for today.  You'll get those other two

19  issues.  I'll either issue a written order or I'll set up a

20  phone conference and give it to you orally.

21      Anything further from the plaintiff?

22          **MR. CAMP:**  No, Your Honor.

23          **THE COURT:**  Anything further from the defendant?

24          **MR. O'CONNOR:**  No.  Thank you, Your Honor.

25          **THE COURT:**  Thank you.

1          **MR. O'CONNOR:**  Thank you.

2          **THE DEPUTY COURT CLERK:**  All rise.

3      (PROCEEDINGS CLOSED)

4                    **REPORTER'S CERTIFICATION**

5      WHILE NOT PRESENT TO STENOGRAPHICALLY REPORT THE FOREGOING

6  PROCEEDINGS, I CERTIFY THAT IT WAS TRANSCRIBED TO THE BEST OF

7  MY ABILITY FROM A DIGITAL AUDIO RECORDING.

8
                     **REPORTER'S CERTIFICATION**
9
       I CERTIFY THAT THE FOREGOING IS A TRUE AND CORRECT
10
   TRANSCRIPT OF THE PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.
11

12                    CERTIFIED:    *s/Greg Bloxom*
                                    Greg Bloxom, RMR, CRR
13                                  United States Court Reporter
                                    333 W. 4th Street, RM 4-548
14                                  Tulsa, OK 74103
                                    (918)699-4878
15                                  greg_bloxom@oknd.uscourts.gov

16

17

18

19

20

21

22

23

24

25

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OKLAHOMA

Mark Anthony Palzer,

                         Plaintiff(s),

vs.

Cox Oklahoma Telcom, LLC, et al.,

                         Defendant(s).

Case Number: 15-cv-564-GKF-JFJ
Proceeding: Discovery Hearing
Date: 4-5-2018
Court Time: 11:30 a.m.

### MINUTE SHEET

Jodi F. Jayne, U.S. Magistrate Judge      C. Portilloz, Deputy Clerk      FHM Conference Room

Counsel for Plaintiff: Christopher Camp

Counsel for Defendant: Margo Shipley, William O'Connor

Minutes: Telephone conference held for the purpose of the Court to issue rulings on issues taken under advisement during the March 28, 2018, hearing. Defendants CoxCom, LLC's request for a Rule 37(a)(5) sanction is granted in the amount of its reasonable attorney's fees incurred for preparation of the reply brief in support of Defendant's Motion to Compel and for preparing for and attending the March 28, 2018, hearing.  Defendant's request for a Rule 37(d)(1)(A)(ii) sanction prohibiting Plaintiff from introducing witnesses or exhibits into evidence at trial is denied.  Defendant must seek leave to conduct any discovery beyond that expressly permitted by Judge Frizzell's Order (ECF No. 72.)

Court Time

10 minutes

**U.S. District Court**

**U.S. District Court for the Northern District of Oklahoma**

**Notice of Electronic Filing**

The following transaction was entered on 4/25/2018 at 10:42 AM CDT and filed on 4/25/2018
**Case Name:**       Palzer v. Cox Oklahoma Telcom, LLC et al
**Case Number:**     4:15-cv-00564-GKF-JFJ
**Filer:**
**Document Number:** 88(No document attached)

**Docket Text:**

**MINUTE ORDER by Magistrate Judge Paul J Cleary *parties are directed to file a Status Report by 5/9/2018 as to weather setting a Settlement Conference in this matter is appropiate at this time and, if so, provide potential dates for the conference to be set*, setting/resetting deadline(s)/hearing(s): ( Status Report due by 5/9/2018)** (This entry is the Official Order of the Court. No document is attached.) (sdc, Dpty Clk)

**4:15-cv-00564-GKF-JFJ Notice has been electronically mailed to:**

Christopher Lincoln Camp      camplawfirm@gmail.com

Keith A Wilkes      kwilkes@hallestill.com, eandrew@hallestill.com

Margo Elizabeth
Shipley      mshipley@hallestill.com, lwilliams@hallestill.com, margoshipley@gmail.com, twallace@hallestill.com

N Kay Bridger-Riley      kay@bridger-riley.com

William Drummond Deveney      deveney@elarbeethompson.com, susan@elarbeethompson.com

William Walker
O'Connor      boconnor@hallestill.com, lwilliams@hallestill.com, twallace@hallestill.com

**4:15-cv-00564-GKF-JFJ Notice has not been electronically mailed to:**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

MARK ANTHONY PALZER,

      **Plaintiff,**

v.                                     **Case No. 15-cv-564-GKF-JFJ**

COXCOM, LLC,

      **Defendant.**

### DEFENDANT'S UNOPPOSED MOTION TO EXTEND DEADLINES

Defendant CoxCom, LLC ("Cox") respectfully submits this Unopposed Motion to Extend Deadlines and enter a Second Amended Scheduling Order.

1.      Pursuant to LCvR 7.2(g)(4), counsel for Plaintiff does not oppose the relief requested herein.

2.      The Court entered an Amended Scheduling Order on March 7, 2018 (Doc. 75), which includes a May 1, 2018, "Discovery Cutoff Pursuant to Minute Order Doc. #72." *Id.*

3.      The referenced Minute Order Doc. #72 granted Cox's Motion to Extend Deadlines for the purpose of conducting Plaintiff's deposition and Cox's Rule 30(b)(6) deposition, and reserved ruling on Plaintiff's "Counter-Motion" (Doc. 71) to permit Plaintiff to take additional depositions beyond the Cox Rule 30(b)(6) deposition. On March 13, 2018, the Court issued a Minute Order (Doc. 81) denying Plaintiff's "Counter-Motion" (Doc. 71).

4.      During Plaintiff's April 23, 2018, deposition, Plaintiff disclosed the existence of an additional box of responsive discovery documents which were previously unknown to both counsel for Plaintiff and, of course, counsel for Cox.

5.      At and in the days subsequent to Plaintiff's deposition this week, Plaintiff produced hundreds of pages of documents, but has yet to produce the newly disclosed box of documents.

# 19-5094 / 0285

6.      Counsel for both parties are working together to ensure Cox is provided with all discovery documents from Plaintiff, however, this process is not complete.

7.      This Unopposed Motion is not for the purpose of delay, but to allow for the proper completion of the remaining discovery limited by the Court, and to permit Cox the opportunity to obtain the newly disclosed documents from Plaintiff so it can review and analyze those documents, together with the just produced documents, before preparing comprehensive dispositive, *Daubert*, and *limine* motions.

## CONCLUSION

For the foregoing reasons, Cox respectfully moves the Court to extend the remaining deadlines by 30 days, including the discovery cutoff, as limited by the Court, and deadlines for dispositive, *Daubert* and in *limine* motions, deposition/videotaped/interrogatory designations and counter-designations, transcripts annotated with objections and briefs on unusual objections, the dispositive motions hearing, pretrial disclosures, the Agreed Proposed Pretrial Order, a pretrial conference, requested jury instructions, requested voir dire, trial briefs, and the trial date.

Dated:      April 26, 2018                        Respectfully submitted,

                                                  **HALL, ESTILL, HARDWICK, GABLE,**
                                                  **GOLDEN & NELSON, P.C.**

                              By:    *s/William W. O'Connor*
                                     William W. O'Connor, OBA No. 13200
                                     Keith A. Wilkes, OBA No. 16750
                                     Margo E. Shipley, OBA No. 32118
                                     320 South Boston Avenue, Suite 200
                                     Tulsa, OK  74103-3706
                                     Telephone:  (918) 594-0400
                                     Facsimile:  (918) 594-0505
                                     boconnor@hallestill.com
                                     kwilkes@hallestill.com
                                     mshipley@hallestill.com

                                     **-AND-**

# 19-5094 / 0286

William D. Deveney
Admitted *Pro Hac Vice*
ELARBEE, THOMPSON, SAPP & WILSON, LLP
800 International Tower
229 Peachtree Street, N.E.
Atlanta, GA  30303
Telephone: (404) 659-6700
Facsimile: (404) 222-9718
deveney@elarbeethompson.com

**ATTORNEYS FOR DEFENDANT,
COXCOM, LLC**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 26th day of April, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Christopher L. Camp

**ATTORNEY FOR PLAINTIFF**

*s/William W. O'Connor*
William W. O'Connor

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

**MARK ANTHONY PALZER,**

      **Plaintiff,**

**v.**                                  **Case No. 15-cv-564-GKF-JFJ**

**COXCOM, LLC,**

      **Defendant.**

### SECOND AMENDED SCHEDULING ORDER

      The Court has considered Defendant's Unopposed Motion to Extend Deadlines [Doc. #89], which seeks to extend the remaining deadlines by thirty (30) days.  For good cause shown, the Court finds that the Motion should be and hereby is granted.

      The Scheduling Order entered on March 7, 2018, is hereby amended as follows:

1.      Discovery Cutoff:    May 31, 2018[1]

2.      Dispositive Motions and Daubert Motions:   June 14, 2018

3.      Motions in Limine:    June 14, 2018

4.      Deposition/videotaped/interrogatory designations:   August 31, 2018

5.      Counter-designations:  September 7, 2018

6.      Transcripts annotated with objections & briefs on unusual objections filed:

      September 14, 2018

7.      Hearing on Dispositive Motions: **September 11, 2018 at 1:30 p.m.**

8.      Pretrial Disclosure:    September 17, 2018

9.      Agreed Proposed Pretrial Order:    September 24, 2018

---

[1] Discovery is limited pursuant to the Court's Minute Order [Doc. No. 72].

10.     Pretrial Conference: **October 1, 2018 at 1:30 p.m.**

11.     Requested Jury Instructions, Requested Voir Dire & Trial Briefs:

October 9, 2018

12.     Jury Trial Date: **October 15, 2018 at 9:30 a.m.**

IT IS ORDERED that no date set by this Order can be changed except for good cause and upon written Order of this Court.

This Order is entered this 27th day of April, 2018.

GREGORY K. FRIZZELL, CHIEF JUDGE

# 19-5094 / 0290

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

**MARK ANTHONY PALZER,**

      **Plaintiff,**

**v.**                                                                 **Case No. 15-cv-564-GKF-JFJ**

**COXCOM, LLC,**

      **Defendant.**

### STATUS REPORT REGARDING SETTLEMENT CONFERENCE

Defendant CoxCom, LLC ("Cox") respectfully submits this Status Report Regarding Settlement Conference and states as follows:

1.      On April 25, 2018, the Court entered an Order directing the parties to file a Status Report by May 9, 2018, as to whether setting a Settlement Conference in this matter is appropriate and to provide potential dates for the conference to be set.  (Doc. No. 88).

2.      Cox respectfully requests that the Court schedule a Settlement Conference following the June 14, 2018 deadline for dispositive motions.  Specifically, Cox and its counsel are available on June 19, 20, or 21.  Cox's counsel conferred with Plaintiff's counsel, Christopher Camp, who is in agreement with scheduling a Settlement Conference following the dispositive motions deadline.  Mr. Camp also confirmed that he and Plaintiff are available on June 19, 20, or 21.

Therefore, Defendant CoxCom, LLC respectfully requests that the Court schedule a Settlement Conference on a day following the June 14, 2018 deadline for the filing of dispositive motions, and specifically states the parties are available on June 19, 20, or 21.

Dated:        May 9, 2018                         Respectfully submitted,

                                        By:   _s/William W. O'Connor_____
                                              William W. O'Connor, OBA No. 13200
                                              Margo E. Shipley, OBA No. 32118
                                              **HALL, ESTILL, HARDWICK, GABLE,**
                                              **GOLDEN & NELSON, P.C.**
                                              320 South Boston Avenue, Suite 200
                                              Tulsa, OK  74103-3706
                                              Telephone:  (918) 594-0400
                                              Facsimile:  (918) 594-0505
                                              boconnor@hallestill.com
                                              mshipley@hallestill.com

                                              -and-

                                              William D. Deveney, Admitted *Pro Hac Vice*
                                              **ELARBEE, THOMPSON, SAPP &**
                                              **WILSON, LLP**
                                              800 International Tower
                                              229 Peachtree Street, N.E.
                                              Atlanta, GA  30303
                                              Telephone: (404) 659-6700
                                              Facsimile: (404) 222-9718
                                              deveney@elarbeethompson.com

                                              **ATTORNEYS FOR DEFENDANT,**
                                              **COXCOM, LLC**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 9th day of May, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Christopher L. Camp

**ATTORNEY FOR PLAINTIFF**

*s/William W. O'Connor*
William W. O'Connor