Case No. 19-5094

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT

| | | |
|---|---|---|
| Mark Anthony Palzer, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| vs. | ) | No. 19-5094 |
| | ) | |
| CoxCom, LLC, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

On Appeal from the United States District Court
for the Northern District of Oklahoma
Case No. 15-CV-0564-GKF-JFJ
The Honorable Gregory K. Frizzell

## APPELLEE'S OPENING BRIEF

March 11, 2020

William W. O'Connor, OBA No. 13200
Keith A. Wilkes, OBA No. 16750
HALL, ESTILL, HARDWICK, GABLE,
GOLDEN AND NELSON, P.C.
320 South Boston Avenue, Suite 200
Tulsa, Oklahoma 74103
(918) 594-0400 Telephone
(918) 594-0505 Facsimile
boconnor@hallestill.com
kwilkes@hallestill.com

William D. Deveney, GA No. 219744
ELARBEE, THOMPSON SAPP &
WILSON, LLP
800 International Tower
229 Peachtree Street, NE
Atlanta, Georgia 30303
(404) 659-6700 Telephone
(404) 222-9718 Facsimile
deveney@elarbeethompson.com

**ATTORNEYS FOR APPELLEE
COXCOM, LLC**

**Oral Argument Not Requested.**

## CORPORATE DISCLOSURE STATEMENT

CoxCom, LLC (more correctly described as CoxCom, LLC d/b/a Cox Communications Tulsa) is a wholly-owned subsidiary of Cox Communications, Inc., a privately-held corporation. CoxCom, LLC d/b/a Cox Communications Tulsa is not a trade association.

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .....................................................................iv

STATEMENT OF RELATED CASES ....................................................1

STATEMENT OF THE ISSUES............................................................2

STATEMENT OF THE CASE................................................................4

    I.    FACTS RELEVANT TO THE ISSUES ..........................................7

    II.   RELEVANT PROCEDURAL HISTORY .....................................16

SUMMARY OF THE ARGUMENT ....................................................20

ARGUMENTS AND AUTHORITIES ..................................................25

    I.    STANDARD OF REVIEW ......................................................25

        A.    Motion to Strike .......................................................25

        B.    Motion for Summary Judgment................................25

        C.    Plaintiff's Objections to the Magistrate Judge's Order Denying His Motion to Compel Additional Deposition...........26

    II.   THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION BY STRIKING PLAINTIFF'S UNTIMELY RESPONSE TO COX'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 6(b)(1)(B) .........................27

    III.  THE DISTRICT COURT PROPERLY DEEMED ADMITTED ALL FACTS IN COX'S MOTION FOR SUMMARY JUDGMENT AS A SANCTION FOR PLAINTIFF'S FAILURE TO RESPOND TO THE MOTION FOR SUMMARY JUDGMENT..........................................................37

IV.    THE DISTRICT COURT CORRECTLY FOUND THE FACTS ASSERTED IN COX'S MOTION FOR SUMMARY JUDGMENT WERE PROPERLY SUPPORTED AND THAT COX WAS ENTITLED TO JUDGMENT AS A MATTER OF LAW ON PLAINTIFF'S DISCRIMINATORY DISCHARGE CLAIMS .........40

      A.    The District Court Correctly Found the Facts Asserted in Cox's Motion for Summary Judgment Were Properly Supported and that Cox is Entitled to Judgment as a Matter of Law on Plaintiff's ADEA Discriminatory Discharge Claim ...................................43

      B.    The District Court Correctly Found the Facts Asserted in Cox's Motion for Summary Judgment Were Properly Supported and that Cox Was Entitled to Judgment as a Matter of Law on Plaintiff's Title VII Race-Based Discriminatory Discharge Claim ..........................46

V.    THE DISTRICT COURT CORRECTLY OVERRULED PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S OCTOBER 3, 2018, ORDER DENYING PLAINTIFF'S MOTION TO COMPEL FURTHER TESTIMONY UNDER FED. R. CIV. P. 30(b)(6) .....................................................................................48

CONCLUSION ........................................................................................49

CERTIFICATE OF COMPLIANCE WITH RULE 32(a) ......................................53

CERTIFICATE OF DIGITAL SUBMISSION & PRIVACY REDACTIONS ......54

CERTIFICATE OF SERVICE .................................................................................55

## TABLE OF AUTHORITIES

Page(s)

## CASES

*Accord Waller v. Waller*,
    656 F. App'x 901 (10th Cir. 2016) ................................................................39

*Ames v. Brown*,
    No. 05-6389, 2006 WL 1875374 (10th Cir. July 7, 2006) .............7, 40, 42, 46

*Ballard v. Geo Group, Inc.*,
    553 F. App'x 79 (10th Cir. 2014) ..................................................................39

*Bishop v. Corsentino*,
    371 F.3d 1203 (10th Cir. 2004) .....................................................................28

*Bolton v. Scrivner, Inc.*,
    36 F.3d 939 (10th Cir. 1994) .........................................................................46

*Broitman v. Kirkland (in re Kirkland)*,
    86 F.3d 172 (10th Cir. 1996) .........................................................................28

*Capital Development Affiliates, LLC v. Thigpen*,
    744 F. App'x 594 (10th Cir. 2018) ................................................................49

*Cillo v. City of Greenwood Vill.*,
    739 F.3d 451 (10th Cir. 2013) .......................................................................25

*Concrete Works of Colo., Inc. v. City & Cnty. of Denver*,
    36 F.3d 1513 (10th Cir. 1994) .......................................................................25

*Conroy v. Vilsack*,
    707 F.3d 1163 (10th Cir. 2013) .....................................................................40

*Danville v. Reg'l Lab Corp.*,
    292 F.3d 1246 (10th Cir. 2002) .....................................................................41

*Davis v. Simon Property Group*,
    9 F. App'x 876 (10th Cir. May 24, 2001) ..................................22, 25, 37, 38

iv

*DePaula v. Easter Seals El Mirado*,
    859 F.3d 957 (10th Cir. 2017) ......................................................41, 42, 43, 47

*Ehrenhaus v. Reynolds*,
    965 F.2d 916 (10th Cir. 1992) .........................................................................36

*Ghamrawi v. Case & Assocs. Props. Inc.*,
    116 F. App'x 206 (10th Cir. 2004)...........................................................29, 42

*Gross v. FBL Fin. Servs.*,
    557 U.S. 167 (2009)........................................................................................41

*Hinsdale v. City of Liberal*,
    19 F. App'x 749 (10th Cir. 2001) ..................................................................40

*Lee v. Max Intern., LLC*,
    638 F.3d 1318 (10th Cir. 2011) ......................................................................36

*Lujan v. Nat'l Wildlife Fed.*,
    457 U.S. 871 (1990).......................................................................27, 29, 36

*McDonnell Douglas Corp. v. Green*,
    411 U.S. 792 (1973)................................................................................41, 43

*McKnight v. Kimberly Clark Corp.*,
    149 F.3d 1125 (10th Cir. 1998) ......................................................................26

*Murray v. City of Tahlequah, Okl.*,
    312 F.3d 1196 (10th Cir. 2002) ...........................................7, 26, 39, 40, 42, 46

*Nealis v. CoxCom, LLC*,
    16-CV-0078-CVE-TLW, 2017 WL 1091786,
    (N.D. Okla. Mar. 22, 2017) .....................................................................33, 34

*Nelson v. City of Albuquerque*,
    925 F.3d 1187 (10th Cir. 2019) ......................................................................26

*Perez v. El Tequila, LLC*,
    847 F.3d 1247 (10th Cir. 2017) ................................................................28, 36

v

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*,
  507 U.S. 380 (1993)....................................................................28, 35

*Reed v. Nellcor Puritan Bennett*,
  312 F.3d 1190 (10th Cir. 2002) .................................. 7, 26, 38, 39, 40, 42, 46

*Regan-Touhy v. Walgreen Co.*,
  526 F.3d 631 (10th Cir. 2008) ................................................26, 49

*Roberts v. Int'l Bus. Machs. Corp.*,
  733 F.3d 1306 (10th Cir. 2013) ......................................................45

*SEC v. Chenery Corp.*,
  318 U.S. 80, 63 S. Ct. 454, 87 L. Ed. 626 (1943) ........................................26

*Simmons v. Sykes Enters., Inc.*,
  64 F.3d 943 (10th Cir. 2011) ..........................................................44

*Sizemore v. State of New Mexico Dep't of Labor*,
  182 F. App'x 848 (10th Cir. 2006)............................................32, 42

*United States v. Hernandez-Herrera*,
  952 F.2d 342 (10th Cir. 1991) ..............................................22, 25

*United States v. Mitchell*,
  464 F.3d 1149 (10th Cir. 2006) ......................................................31

*Utah Republican Party v. Herbert*,
  678 F. App'x 697 (10th Cir. 2017)......................................28, 29, 31

*Wagener-Harding v. Farmland Indus. Inc. Emp. Ret. Plan*,
  26 F. App'x 811 (10th Cir. 2001)....................................................39

*Wilson v. Reid*,
  781 F. App'x 789 (10th Cir. 2019)..................................................49

## **STATUTES**

29 U.S.C. 621 ......................................... 2, 4, 6, 15, 19, 23, 40, 41, 42, 43, 44, 46, 50

42 U.S.C. 2000e ................................................ 2, 4, 6, 15, 19, 23, 40, 41, 42, 46, 50

## **OTHER AUTHORITIES**

Fed. R. App. P. 28 ................................................................................................24, 49

Fed. R. Civ. P. 6 ........................................... 5, 20, 21, 25, 27, 28, 29, 30, 35, 36, 37

Fed. R. Civ. P. 30 ...................................................................................3, 16, 24, 42, 48

Fed. R. Civ. P. 37 ................................................................................................36

Fed. R. Civ. P. 56 ................................................ 2, 19, 25, 34, 39, 43, 48

Bankruptcy Rule 9006 ...........................................................................28, 35

10th Cir. R. 28.2 ................................................................................................1

10th Cir. R. 28.3 ...........................................................................24, 49, 51

LCvR7.2 ................................................................................................30

LCvR56.1 ................................................................................................38

## STATEMENT OF RELATED CASES

Pursuant to 10th Cir. R. 28.2(C)(3), there has been one prior appeal in this matter: *Mark Anthony Palzer v. Cox Oklahoma Telecom, LLC*, *et al*., Case Number 16-5021.

## STATEMENT OF THE ISSUES

1.     The district court did not abuse its discretion in striking, as untimely, Plaintiff's response to Cox's Motion for Summary Judgment and, as a sanction for the same, deeming admitted the statement of material facts set forth in Cox's Motion. The district court granted Plaintiff two previous extensions of time to file his response to Cox's Motion for Summary Judgment, however, Plaintiff did not move for either an additional extension of time or leave to file out of time before filing a response nine days after the last deadline, or nine days after that late filing to file a purported "Errata/Correction" and "Supplement" to his already untimely response. Plaintiff likewise failed to file a timely response to Cox's Motion to Strike.

2.     The district court made specific findings under FED. R. CIV. P. 56 that the material facts asserted in Cox's Motion for Summary Judgment, including those setting forth Cox's legitimate, nondiscriminatory reason for the termination of Plaintiff's employment, were properly supported by the record evidence and that Cox was entitled to judgment as a matter of law on Plaintiff's discriminatory discharge claims under the Age Discrimination in Employment Act, 29 U.S.C. 621 ("ADEA"), and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e ("Title VII"), and that Plaintiff abandoned all other claims.

3.     The district court correctly held that Plaintiff failed to satisfy his burden of production to demonstrate that Cox's undisputed evidence of its legitimate, non-

discriminatory reason for the termination of Plaintiff's employment was a pretext for either age or race-based discrimination.

    4.    The district court did not abuse its discretion in overruling Plaintiff's objection to a Magistrate Judge's Order denying his post discovery motion to compel Cox to provide additional testimony under FED. R. CIV. P. 30(b)(6), and Plaintiff has waived any such argument on appeal by relying solely on his incorporation by reference to his district court briefing.

## STATEMENT OF THE CASE

Plaintiff filed this action claiming that his former employer, Cox, discriminated and retaliated against him in violation of the ADEA and Title VII, including terminating his employment and breaching an alleged employment contract, in violation of state law. On September 18, 2018, following an extended discovery period, Cox timely filed a Motion for Summary Judgment on each of Plaintiff's claims. The district court granted Plaintiff two extensions of time in which to respond to Cox's summary judgment motion. At 11:56 p.m. on the date of the second extended deadline, Plaintiff filed a motion to exceed the local page limitation, which the district court granted the next morning.

Plaintiff, however, did not file his response until nine days after the second extended due date, and did so without moving for an extension of time or leave to file his response out of time. Then, nine days after filing his untimely response, Plaintiff filed a purported "Correction/Errata" to allegedly correct "certain typographical omissions and errors" in his response, and—later the same day—filed a "supplement[]" to his response by purportedly "correcting its omission" of six exhibits from his response, half of which were affidavits dated *after* Plaintiff filed his October 31, 2018, response.

Cox moved to strike Plaintiff's summary judgment response and related filings as untimely. In consideration of Cox's Motion to Strike, as well as Plaintiff's

4

objections to the Magistrate Judge's denial of a Motion to Compel, which Plaintiff filed after the discovery deadline and one day before the court's deadline for dispositive motions, the district court struck the remaining case deadlines in the Scheduling Order.

Under the Northern District of Oklahoma local rules, Plaintiff's response to Cox's Motion to Strike was due on December 4, 2018. Two days after that deadline, at 10:51 p.m. on December 6, Plaintiff moved to extend the already expired deadline to December 14. The district court granted Plaintiff the requested extension, reset a date for Cox to file a reply brief, but specifically warned that "[n]o further extension shall be granted" to the parties.  (Emphasis added.)

Despite the warning, on December 14, Plaintiff moved for a second extension of time, through December 17, to respond to Cox's Motion to Strike. At 4:07 p.m. on December 17, the district court denied Plaintiff's requested second extension. Despite the order, Plaintiff filed a response to the Motion to Strike at 11:58 p.m. that night. The district court struck the untimely response the following day.

On May 1, 2019, the district court granted Cox's Motion to Strike Plaintiff's summary judgment response and related papers. In the Order, the district court analyzed each of the factors appropriate to a post-deadline request for an extension of time to file an untimely document under FED. R. CIV. P. 6(b)(1)(B), even though Plaintiff did not file a motion under that rule, or any other rule, before filing his

response nine days late. The district court found, *inter alia*, that Plaintiff "offer[ed] no reason for his failure to file a complete response brief by the October 22, 2018 deadline, despite the court having granted him two extensions to do so."

On September 17, 2019, the district court granted Cox's Motion for Summary Judgment. Because the district court struck Plaintiff's response to Cox's summary judgment motion as untimely, the district court applied the Local Rules and accepted as true all material facts asserted in and properly supported by Cox's motion. The district court additionally determined that Cox was entitled to judgment as a matter of law on Plaintiff's discriminatory discharge claims under the ADEA and Title VII because, *inter alia*, Cox "provide[d] undisputed evidence of a 'legitimate, non-discriminatory' reason for terminating plaintiff that plaintiff fail[ed] to show [was] pretextual." The district court also held that, even taking into consideration Plaintiff's stricken response, Plaintiff did not respond to Cox's motion regarding his ADEA and Title VII claims that allegedly accrued before May 18, 2013; his retaliatory discharge claims under those same statues; or his state law breach of contact claim. The district court held that those claims were abandoned, and—as applied to those claims—Cox was entitled to summary judgment "on that basis alone had the response not been stricken."

## I.    FACTS RELEVANT TO THE ISSUES.[1]

Plaintiff is a Caucasian male, born in 1962. (1 Aplt. App. at 25; 3 Aplt. App. 487 at (14:8-11)). He was hired by Cox in September 2005 as an Account Service Representative, and, in March 2008, moved to an Outside Sales Representative (or Account Executive) position. (3 Aplt. App. at 488-491 (30:9-11, 32:1-3; 36:19-37:24)).

The principal duty of a Cox Business Account Executive is to sell, re-sell, or up-sell telephone, data, and/or video products to new or existing commercial business customers. (4 Aplt. App. at 757; *see also* 3 Aplt. App. at 495 (41:15-42:8)). Account Executives are subject to a Sales Compensation Plan, which provides that "[p]articipation in this plan is not a guarantee of employment for a specified period of time, and the company reserves the right to dismiss or discharge any participant

---

[1] The purported statement of facts in pages 5 through 38 of Plaintiff's appellate brief are an all but verbatim recital of his "ADDITIONAL MATERIAL AND/OR DISPUTED FACTS" from Plaintiff's stricken response to Cox's summary judgment motion. (*See* 7 Aplt. App. at 1403-1425). As discussed in the argument, by failing to timely respond to Cox's motion, Plaintiff "waive[d] the right to controvert the facts asserted in" the Company's motion, *Reed v. Nellcor Puritan Bennett*, 312 F.3d 1190, 1195, 1196 (10th Cir. 2002), and "confesse[d] all facts asserted and properly supported in the motion." *Murray v. City of Tahlequah, Okl*., 312 F.3d 1196, 1199 (10th Cir. 2002); *accord id*. at 1200. This Court should "disregard [Plaintiff's] attempt on appeal to put [those alleged additional and/or disputed facts] into dispute" now. *See Ames v. Brown*, No. 05-6389, 2006 WL 1875374, at *1 n.1 (10th Cir. July 7, 2006).

at any time for any lawful reason." (3 Aplt. App. at 516 (106:7-109:7); 3 Aplt. App. at 620-621).

Once an Account Executive completes training, his performance is generally measured against two benchmarks: (1) sold quota attainment, which is measured by the dollar amount of contracts signed by then then-potential Cox customer; and (2) installed quota attainment, which is measured by the actual dollar amount of services ultimately installed and billed to the customer. (4 Aplt. App. at 758). Account Executives are expected to meet 100 percent of their monthly sales quotas, but their performance is regularly evaluated using a rolling three-month average, which is expected to be maintained at a minimum of 80 percent to quota attainment. *Id*. On May 25, 2010, Plaintiff's then-manager issued Plaintiff a documented verbal warning and 30-day performance improvement plan ("PIP") because his attained sales quota over the prior four months was 51%. (3 Aplt. App. at 515-516 (105:19-106:6)).

Effective February 4, 2012, Cox's then-Business Sales Director Tim Jenney, a Caucasian who was then 37 years old, hired Shelley Stauffer as the new Small-Medium Business Team Manager. (3 Aplt. App. at 749; 4 Aplt. App. at 757; 3 Aplt. App. at 713). Stauffer is a Caucasian female who was 51 years old at the time of her hire. (4 Aplt. App. at 757). Existing members of the Small-Medium Business Team ("Team") on the date of Stauffer's hire were Plaintiff, who was then 49 years old;

8

Larry Scroggins, a Caucasian male who was then 44 years old; Edwards (Hunter) Harris, a Caucasian male who was then 28 years old; and Chuck Watson, a Caucasian male who was then 29 years old. (3 Aplt. App. at 713-714; *see also* 3 Aplt. App. at 496-497 (42:9-17, 43:3-4, 9-10), 503 (57:2-19)).

In 2011, each Account Executive on the Team had a monthly sales quota of $1,700. (4 Aplt. App. at 758). In 2012, the Team's monthly sales quota was increased to $1,800. *Id*. Plaintiff failed to meet his monthly sales quota in December 2011, as well as in January 2012 and February 2012, resulting in a three-month average below the minimum 80%. (4 Aplt. App. at 758; *see also* 3 Aplt. App. at 537-538 (238:6-8, 238:19-239:4)). During that same period, Harris and Scroggins had three-month averages of 52% and 39%, respectively. (4 Aplt. App. at 758). On March 9, 2012, Stauffer placed both Plaintiff and Scroggins on a 90-day PIP to run through May 2012, and placed Harris on a 30-day PIP through the end of March 2012. (4 Aplt. App. at 759, 768-776; 3 Aplt. App. at 528-529 (161:22-162:2), 537 (238:6-8), 704-706). Watson exceeded his sales quota with a three-month average of 110%. (4 Aplt. App. at 759; 3 Aplt. App. at 715, 719-723).

In February 2012, at Jenney's direction, Stauffer began developing a module sales territory strategy for the Team. (3 Aplt. App. at 750; *see also* 3 Aplt. App. at 520-525 (142:12-143:17, 144:11-147:4), 688). Under this module strategy, team Account Executives would prospect for and cultivate customers in assigned zip

codes. (4 Aplt. App. at 759; *see also* 3 Aplt. App. at 750; 3 Aplt. App. at 520-525 (142:12-143:17, 144:11-147:4), 688). Prior to its implementation, Account Executives could sell in any zip code within the Tulsa marketplace. (4 Aplt. App. at 759; *see also* 3 Aplt. App. at 750; 3 Aplt. App. at 520-525 (142:12-143:17, 144:11-147:4), 688).

On February 29, 2012, Stauffer informed the Team of the planned transition to the new module strategy, and requested the Account Executives to provide her with any specific zip code preferences for her to consider when she made her proposed zip code assignments. (3 Aplt. App. at 520-526 (142:12-143:1; 147:5-148:25), 688; 4 Aplt. App. at 760, 789-790). Amongst their preferences, Plaintiff and Watson both identified the 74012 zip code. (3 Aplt. App. at 525-526 (147:5-148:21), 689-692; 4 Aplt. App, at 760, 795-801).

The final module and zip code assignment plan had seven individual modules, five of which were specifically assigned to Harris, Scroggins, Watson, Plaintiff, and a new hire, Stacy Crawford, an African-American female who was 37 years old at the time. (4 Aplt. App. at 761, 802-804). Crawford was hired for a newly-authorized Account Executive position effective March 26, 2012. (4 Aplt. App. at 762; 3 Aplt. App. at 714). Each of the seven modules had a projected annual value of at least $4,000,000. (4 Aplt. App. at 761, 802-804). Watson's module included the 74012 zip code. *Id.* Stauffer provided her recommendations to Jenney, who then reviewed

10

and approved the final proposed modules and zip codes for each Account Executive. (3 Aplt. App. at 750; 4 Aplt. App. at 760, 791-801).

On March 5, 2012, Stauffer sent an email to her team announcing the assigned modules and zip codes. (4 Aplt. App. at 761, 805-806). In the email, Stauffer stated that she used the following methodology to assign the zip codes: "[r]equests first"; "[o]der in which [she had] received the requests"; "[t]ie breakers based on performance"; and "[e]quality among all team members – balancing total weighted value with the number of zip codes assigned." *Id*. The module strategy was to take effect on May 15, 2012, but was delayed until May 31, 2012. (4 Aplt. App. at 761). Until the effective date, Account Executives could sell in any zip code, but were supposed to be developing their newly assigned zip codes. *Id*.

Plaintiff exceeded his monthly quota attainment during March and April 2012, and sold 87% to quota attainment in May, completing his PIP with a rolling three-month average of 117%. (4 Aplt. App. at 761; 3 Aplt. App. at 715, 719-723). Scroggins also successfully completed his PIP with a rolling three-month average of 85%. (4 Aplt. App. at 762; 3 Aplt. App. at 715, 719-723). Harris, however, only reached 64.6% in April; 22.5% in May; and 11.7% in June 2012, and, so, was discharged. *Id*.

Effective May 26, 2012, Stauffer hired Brian Campbell, an African American male born in 1986, who was 26 years old at the time, for a new Account Executive

position. (4 Aplt. App. at 762; 3 Aplt. App. at 714). Additionally, effective May 29, 2012, Stauffer hired Jakobe Young, an African American male who was 36 years old when hired, for another new Account Executive position. (4 Aplt. App. at 762; 3 Aplt. App. at 714). And, effective August 20, 2012, Stauffer hired Jeannette Barr, a Caucasian female who was then 43 years old, to fill Harris's vacant position. (4 Aplt. App. at 762; 3 Aplt. App. at 714). The Account Executives hired in 2012 also had a required sold and installed quota attainment of $1,800 per month, but were given an initial "ramp" period: 0% to quota for the first full month while in training; 25% during the second month; 50% during the third month; 75% during the fourth month; and 100% thereafter. (4 Aplt. App. at 763).

In the first three months of the new module strategy, June, July, and August 2012, Plaintiff and Scoggins each exceeded the minimum rolling three-month average requirement. (4 Aplt. App. at 764; 3 Aplt. App. at 715, 719-723). On August 9, 2012, Watson transferred to a position with Cox Business's Mid-Market Sales Team. (4 Aplt. App. at 764-765; 3 Aplt. App. at 714). On August 18, 2012, Stauffer hired Andrew Finnefrock, a Caucasian male who was then 29 years old. (4 Aplt. App. at 765; 3 Aplt. App. at 715).

Plaintiff sold 49% to quota attainment in September 2012, and 22% the next month, sending his three-month average below 80%. (4 Aplt. App. at 765; 3 Aplt. App. at 715, 719-723). As such, on October 24, 2012, Stauffer placed Plaintiff on a

60-day PIP to run through December 2012. (4 Aplt. App. at 765; 3 Aplt. App. at 537-538 (238:9-14, 238:19-239:13), 707-708). The PIP noted that Plaintiff "ha[d] only made quota 4 of 9 months." (3 Aplt. App. at 707-708). Plaintiff's November sold to quota attainment was 106%, and his sold to quota attainment for December was 90%. (4 Aplt. App. at 765; 3 Aplt. App. at 715, 719-723).

On or about December 21, 2012, Plaintiff submitted an intake questionnaire to the Equal Employment Opportunity Commission ("EEOC"), for the period February 2, 2012, to December 20, 2012, alleging he was being discriminated against because of his age, race, and sex. (3 Aplt. App. at 485-486 (10:22-11:5), 505-506 (62:8-63:12), 607-614). The intake questionnaire was assigned EEOC charge number 564-2013-0034. On December 27, 2012, the EEOC sent Cox a Notice of Charge of Discrimination, stating, "The Commission has received an unperfected charge. The Commission is working to perfect the writing of this charge. Upon completion, as regulations allow, we will mail you a copy of the charge." (3 Aplt. App. at 717, 729-731). On January 29, the EEOC informed Cox that the charge had been withdrawn by the EEOC because Plaintiff failed to respond to communications from the EEOC, and that the EEOC was "terminat[ing] any further processing of this matter." *Id.*

13

For 2013, the monthly sales quota for Plaintiff and the other Team members increased to $1,900. (4 Aplt. App. at 766). On January 8, 2013, Stauffer placed Plaintiff on a 30-day PIP extension. The PIP extension requested that Plaintiff note:

- In the past three months your cumulative installed quota attainment is 27 percent.
- In the past three months your cumulative sold quota attainment is 66 percent.

(4 Aplt. App. at 765; 3 Aplt. App. at 537-538 (238:15-239:13), 709-710). Plaintiff completed his PIP in January 2013, selling $2,451, well above his $1,900 quota. (4 Aplt. App. at 766; 3 Aplt. App. at 715, 719-723).

Unfortunately, over the next four months, Plaintiff only sold 42% to quota in February, 29% in March, 47% in April, and 46% to quota in May 2013. *Id*. On June 6, 2013, Melissa Cruts, Cox's Human Resources Manager for the Tulsa, Oklahoma City, and Northwest Arkansas markets, prepared and sent an email and Termination Review Form regarding Plaintiff to Heather Romeike, Cox's Oklahoma Human Resources Director; Keith Means, Manager of the Cox Business Large Sales Team; and Randy Chandler, Vice President of Cox Business. (3 Aplt. App. at 717, 732-736). Romeike is a Caucasian female who was then 41 years old. (3 Aplt. App. at 713, 718, 732-736; 4 Aplt. App. at 766). Means is a Caucasian male who was then 55 years old. *Id*. And, Chandler is a Caucasian male who was then 56 years old. *Id*.

The Termination Review Form stated as follows:

14

> [Plaintiff] has continually failed to meet his sales quota. During the last 29 months, [Plaintiff] has only made his quota 11 months (38%). He has been on multiple Performance Improvement Plans within the last year. The expectation was communicated verbally and in the PIP's that [Plaintiff] must make and sustain improved performance. However, [Plaintiff] fails to sustain any improvement in his performance.

(3 Aplt. App. at 717, 732-736). Plaintiff's termination was approved by Means and Chandler, as well as by Romeike and her Director, Becky Ordoyne, a Caucasian female who was then 53 years old. (3 Aplt. App. at 713, 718, 732-736; 4 Aplt. App. at 766). Plaintiff was discharged on June 10, 2013. (3 Aplt. App. at 503-504 (57:24-58:24), 540-606).

In March 2014, Plaintiff filed a second EEOC Intake Questionnaire, which was assigned EEOC charge number 564-2014-00643, alleging discrimination based on age, race, and sex, and in retaliation for alleged protected activity under the ADEA and Title VII. (3 Aplt. App. at 503-504 (57:24-58:24), 540-606). In June 2014, Plaintiff filed a perfected charge, purporting to cover a period from February 2, 2012, to June 10, 2013. (3 Aplt. App. at 718, 737-739). In October 2014, the EEOC dismissed EEOC charge 564-2014-00643, and issued Plaintiff a notice of right to sue on that charge number. Plaintiff timely filed this action in state court on January 20, 2015. (3 Aplt. App. at 718, 740-741).

## II.     RELEVANT PROCEDURAL HISTORY.

On July 3, 2018, the district court entered its Fourth Amended Scheduling Order setting September 4, 2018, as the discovery deadline, and September 18, 2018, as the deadline to file dispositive motions. (2 Aplt. App. at 322-323).

On September 17, 2018, after the discovery deadline passed, Plaintiff filed a Motion to Compel further testimony pursuant to a Rule 30(b)(6) deposition taken by Plaintiff on August 23, 2018. (2 Aplt. App. at 347-440). The following day, Cox timely filed its Motion for Summary Judgment. (2 Aplt. App. at 0443-0481; 3 Aplt. App. at 0483-0755, 4 Aplt. App. at 0756-0825).

The Court granted Plaintiff two extensions of time to file a response in opposition to the summary judgment motion, with the second and last deadline of October 22, 2018. (Aplee. Supp. App. at 020, 022).[2/] At 11:58 p.m. on October 22, Plaintiff's counsel filed a motion to exceed the page limit for his response brief, and represented in the motion that he already "finished preparing Plaintiff's response." (Aplee. Supp. App. at 024). The district court granted Plaintiff's motion the following morning. (Aplee. Supp. App. at 027).

Plaintiff, however, did not file his response to Cox's Motion for Summary Judgment until October 31, 2018, nine days after the last set deadline. (7 Aplt. App.

---

[2/] On October 18, 2018, Plaintiff filed an objection to an October 3, 2018, Order issued from the bench by a Magistrate Judge, denying Plaintiff's Rule 30(b)(6) based Motion to Compel. (6 Aplt. App. at 1332-1341).

1390. Plaintiff did not move for an additional extension of time to respond or to file his response out of time. On November 9, nine days after his late filing, Plaintiff filed a purported "Correction/Errata," to allegedly correct "certain typographical omissions and errors" in his response, and—later the same day—filed a "supplement[]" to his response, purportedly "correcting its omission" of six exhibits that were cited by number but not otherwise identified or included with his October 31, 2018, response. Notably, however, three of these so-called omitted exhibits were affidavits dated *after* the response was filed. (10 Aplt. App. 2077-2083, 2084-2125).

On November 13, Cox moved to strike Plaintiff's summary judgment response, and the "correction/errata" and so-called omitted exhibits, as untimely. (10 Aplt. App. 2126-2197).  The next day, in consideration of Cox's Motion to Strike, and the post-discovery Motion to Compel filed by Plaintiff the day before the dispositive motion deadline, the district court struck the remaining case deadlines. (10 Aplt. App. 2198).

Under the NDOK Local Rules, Plaintiff's deadline to file a response to Cox's Motion to Strike was December 4, 2018. (11 Aplt. App. 2433 (citing LCvR7.2)).  At 10:51 p.m. on December 6, 2018, two days after the deadline, Plaintiff moved to extend the expired deadline to December 14. (Aplee. Supp. App. at 029). The district court granted the requested extension, reset the date for Cox's reply, and then

17

notified and warned counsel that "[n]o further extension shall be granted" to the parties. (Aplee. Supp. App. at 032. (emphasis added)).

Despite this warning, on the date of the extended deadline, December 14, 2018, Plaintiff moved for another extension to December 17. (Aplee. Supp. App. at 034). At 4:07 p.m. on December 17, 2018, the district court denied Plaintiff's requested second extension. (10 Aplt. App. 2288-2289). Despite being denied leave, at 11:58 p.m. that night, Plaintiff filed his unauthorized response, which the district court struck the following day. (11 Aplt. App. 2290-2408, 2409).

On April 26, 2019, the district court entered an Order denying Plaintiff's objections to the Magistrate Judge's October 3, 2018, ruling from the bench denying his Motion to Compel. (11 Aplt. App. 2413-2428). In its April 26, 2019, Order, the district court addressed each of Plaintiff's six objections to the witness's testimony; nine objections related to subject matters; and, Plaintiff's objections to documents and outlines, generally. *Id.*

On May 1, 2019, the district court granted Cox's Motion to Strike Plaintiff's summary judgment response, and the "correction/errata" and so-called omitted exhibits, as untimely. (11 Aplt. App. at 2429-2439). The district court found that, because Plaintiff failed to move to file his summary judgment response out of time, and had failed to file a timely response to Cox's Motion to Strike, Plaintiff "offer[ed] no reason for his failure to file a complete response brief by the October 22, 2018

deadline, despite the court having granted him two extension to do so." (11 Aplt. App. at 2436 (emphasis in original)).

On September 17, 2019, the district court granted Cox's Motion for Summary Judgment on each of Plaintiff's counts, and made specific findings under FED. R. CIV. P. 56 that the material facts asserted in Cox's summary judgment motion were properly supported, and additionally determined that Cox was entitled to judgment as a matter of law on Plaintiff's discriminatory discharge claims under the ADEA and Title VII. 11 (Aplt. App. at 2490-2519). The district court also found that, even taking into consideration Plaintiff's stricken response, he abandoned his remaining claims under the ADEA, Title VII, and state law by failing to offer any argument in opposition. Thus, "on that basis alone had the response not been stricken," Cox would be entitled to summary judgment on those claims. (11 Aplt. App. At 2501 n.8).

## SUMMARY OF THE ARGUMENT

The district court did not abuse its discretion by striking Plaintiff's untimely response and related papers to Cox's Motion for Summary Judgment. Rule 6(b)(1)(B) provides that "[w]hen an act may or must be done within a specified time, the [district] court may, for good cause, extend the time: … on motion made after the time has expired if the party failed to act because of excusable neglect." *Id.* Here, Plaintiff did not move to extend the final court-authorized deadline to file his response to Cox's motion for summary judgment; a deadline the district court already twice extended at Plaintiff's request. Instead, without moving for an extension, without moving to file out of time, and without otherwise seeking leave or forgiveness, Plaintiff simply filed a summary judgment response nine days late, on October 31, 2018, and, nine days after that, filed a purported "Errata/Correction," and a supplement of exhibit "omissions," to include affidavits dated *after* the late response was filed.

Cox moved to strike the late filings, to which Plaintiff was required under the local rules to file a response by December 4, 2018. Two days after that deadline passed, at 10:51 p.m. on December 6, Plaintiff moved to extend the missed deadline to December 14. The district court granted the requested extension, set a new date for Cox's reply brief, and then notified and warned counsel that "[n]o further extension shall be granted" to the parties.  (Emphasis added.)

Despite the express warning from the district court, on the new December 14 deadline, Plaintiff moved for yet another extension of time to December 17, 2018. On December 17, the district court denied Plaintiff's requested second extension. Notwithstanding this denial, Plaintiff filed his forbidden response anyway, at 11:58 p.m., which the court struck the following day.

The plain language of Rule 6(b)(1)(B) requires a party to file a motion to extend to show both good cause for the untimely filing and excusable neglect on the part of the movant. However, as the district court observed, here Plaintiff "offer[ed] <u>no reason</u> for his failure to file a complete response brief by the October 22, 2018 deadline, despite the court having granted him two extensions to do so."

Plaintiff also failed to file a timely response to Cox's Motion to Strike, despite having been granted one extension sought by Plaintiff two days late, and notwithstanding the clear warning from the district court that no further extension would be granted. The district court nevertheless analyzed Cox's Motion to Strike Plaintiff's summary judgment response and related papers, under the recognized factors for Rule 6(b)(1)(B): the danger of prejudice to the non-moving party; the length of the delay and the potential impact on judicial proceedings; the reason for the delay, including whether it was within the reasonable control of the movant; and whether the movant acted in good faith.

21

Correctly noting that the most important factor is the reason for the delay, the district court found that "factor weigh[ed] strongly in favor of striking plaintiff's [summary judgment] response brief," concluding that "the procedural history of this matter suggest[ed] a pattern and practice by plaintiff's counsel of disregarding the Federal Rules of Civil Procedure and the Local Civil Rules." The district court found that the question of whether Plaintiff acted in good faith "weigh[ed] in favor of striking plaintiff's response" as well, concluding that the "circumstances strongly suggest[ed] that plaintiff's counsel engaged in questionable, if not bad faith conduct." Finally, the district court "note[d] that plaintiff's delinquencies ha[d] resulted in prejudice to the defendant and effected the judicial proceedings, as the court found it necessary to strike all remaining scheduling order deadlines a month prior to the hearing on dispositive motions."

"An abuse of discretion will be found only where the trial court makes 'an arbitrary, capricious, whimsical, or manifestly unreasonable judgment.'" *Davis v. Simon Property Group*, 9 F. App'x 876, 879 (10th Cir. May 24, 2001) (quoting *United States v. Hernandez-Herrera*, 952 F.2d 342, 343 (10th Cir. 1991)). The district court's detailed 11 page Order, striking Plaintiff's summary judgment response as untimely, was not an "arbitrary, capricious, whimsical, or manifestly unreasonable judgment."

The district court also did not abuse its discretion to deem all facts in Cox's summary judgment motion admitted as a sanction for Plaintiff's failure to file a timely summary judgment response. The applicable Local Rule authorizes the district court to sanction Plaintiff in precisely that fashion. This Court has observed that other district courts in this circuit employ similar rules, and this Court has not questioned their application.

Following this Court's direction, the district court did not grant summary judgment against Plaintiff for his untimely response, but, rather, made the additional determination that Cox was entitled to judgment as a matter of law on Plaintiff's discriminatory discharge claims under the ADEA and Title VII because, *inter alia*, Cox had "provide[d] undisputed evidence of a 'legitimate, non-discriminatory' reason for terminating plaintiff that plaintiff fail[ed] to show [was] pretextual." The district court held that, even taking into consideration Plaintiff's stricken response, he failed to address Cox's argument regarding his ADEA and Title VII claims that accrued before May 18, 2013; his retaliatory discharge claims under those same statues; or his state law breach of contact claim. The district court concluded that Plaintiff abandoned those claims, and—with respect to those claims--that Cox would have been entitled to summary judgment "on that basis alone had the response not been stricken."

Finally, Plaintiff appeals the district court's Order of April 26, 2019, overruling Plaintiff's Objection to a Magistrate Judge's Order of October 3, 2018, denying Plaintiff's post-discovery Motion to Compel further testimony under FED. R. CIV. P. 30(b)(6). Plaintiff's sole support for this proposition, however, is: "*See* arguments and authorities in 0347-0440 and 1342-1354, which Palzer incorporates by reference." The Tenth Circuit Rules state that "[i]ncorporating by reference portions of lower court or agency briefs or pleadings is disapproved and does not satisfy the requirements of Federal Rules of Appellate Procedure 28(a) and (b)." 10th Cir. R. 28.3(B). Plaintiff's tactic leaves this Court without any detail of exactly how or why Plaintiff alleges the district court abused its discretion in denying his lower court objection, and should decline to otherwise guess at Plaintiff's appellate argument based upon an incorporated district court brief.

## ARGUMENTS AND AUTHORITIES

### I.     STANDARD OF REVIEW.

#### A.     Motion to Strike.

This Court reviews the district court's Order striking Plaintiff's untimely response to Cox's Motion for Summary Judgment for an abuse of discretion under FED. R. CIV. P. 6(b)(1)(B). "An abuse of discretion will be found only where the trial court makes an arbitrary, capricious, whimsical, or manifestly unreasonable judgment." *Davis*, 9 F. App'x at 879 (quoting *Hernandez-Herrera*, 952 F.2d 342, 343 (10th Cir. 1991)).

#### B.     Motion for Summary Judgment.

This Court reviews a grant of summary judgment *de novo. Concrete Works of Colo., Inc. v. City & Cnty. of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994). Rule 56(a) provides that "[t]he Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Applying this standard, a court generally views the evidence in the light most favorable to the non-moving party, resolving all factual disputes and reasonable inference in his favor. *Cillo v. City of Greenwood Vill.*, 739 F.3d 451, 461 (10th Cir. 2013). However, "where the non-moving party will bear the burden of proof at trial on a dispositive issue that party must go beyond the pleadings and designate specific facts so as to make a showing

sufficient to establish the existence of an element essential to that party's case in order to survive summary judgment." *McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1128 (10th Cir. 1998).

Moreover, where the non-moving party does not respond to the summary judgment motion, consistent with the applicable local rules, he confesses and otherwise waives the right to controvert all material facts asserted and properly supported by the moving party. *Reed v. Nellcor Puritan Bennett*, 312 F.3d 1190, 1195, 1196 (10th Cir. 2002); *Murray v. City of Tahlequah, Okl.*, 312 F.3d 1196, 1199, 1200 (10th Cir. 2002). The district court must then make the additional determination that the moving party is entitled to judgement as a matter of law. *Reed*, 312 F.3d at 1195. Furthermore, although the district court properly got it right, it is a "settled rule that, in reviewing the decision of a lower court, it must be affirmed if the result is correct although the lower court relied upon a wrong ground or gave a wrong reason." *Nelson v. City of Albuquerque*, 925 F.3d 1187, 1195 (10th Cir. 2019) (citing *SEC v. Chenery Corp.*, 318 U.S. 80, 88, 63 S. Ct. 454, 87 L. Ed. 626 (1943)).

### C.    Plaintiff's Objections to the Magistrate Judge's Order Denying His Motion to Compel Additional Deposition.

Finally, this Court reviews the district court's "discovery rulings, including the denial of a motion to compel, for abuse of discretion." *See Regan-Touhy v. Walgreen Co.*, 526 F.3d 631 (10th Cir. 2008).

## II.    THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION BY STRIKING PLAINTIFF'S UNTIMELY RESPONSE TO COX'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 6(b)(1)(B).

The district court acted within its discretion by striking Plaintiff's indisputably untimely response to Cox's Motion for Summary Judgment. Rule 6(b)(1)(B) provides as follows: "[w]hen an act may or must be done within a specified time, the court may, <u>for good cause shown</u>, extend the time: … <u>on motion</u> after the time has expired if the party failed to act <u>because of excusable neglect</u>."[3] FED. R. CIV. P. 6(b)(1)(B) (emphasis added). The plain language of the rule therefore requires the filing of a motion showing both good cause for the untimely filing, and excusable neglect on the part of the movant. *See also Lujan*, 457 U.S. at 896 (addressing former Rule 6(b)(2)).

Although Plaintiff contends the district court "abused its discretion, and committed reversible error" by striking his untimely summary judgment response, this Court will not find any mention (much less analysis) of Rule 6(b) or either of its operative terms—"good cause" and "excusable neglect"—in Plaintiff's appellate brief. This, of course, is because Plaintiff failed to seek an extension of the last

---

[3] *See also Lujan v. Nat'l Wildlife Fed.*, 457 U.S. 871, 895-97 (1990) (addressing former Rule 6(b)(2), which read, in relevant part, "When … by order of court an act is required or allowed to be at or within a specified time, the court <u>for cause shown</u> may at any time in its discretion … (2) <u>upon motion made</u> after the expiration of the specified period permit the act to be done where the failure to act <u>was the result of excusable neglect</u>."). (Emphasis added.)

deadline before filing his response nine days late. There is simply nothing in the record from the Plaintiff to examine those elements.

"'Good cause comes into play in situations in which there is no fault—excusable or otherwise,'" and "'is usually occasioned by something that is not within the control of the movant.'" *Utah Republican Party v. Herbert*, 678 F. App'x 697, 700-701 (10th Cir. 2017) (quoting *Bishop v. Corsentino*, 371 F.3d 1203, 1207 (10th Cir. 2004)). This Court has not adopted "a rigid or all-encompassing definition" of good cause under the Rule 6(b)(1)(B), but has held that it "'requires a greater showing than 'excusable neglect.'" *See Utah Republican Party*, 678 F. App'x at 700 (quoting *Broitman v. Kirkland (in re Kirkland)*, 86 F.3d 172, 175 (10th Cir. 1996)).

Typically, "[a] finding of excusable neglect depends on four factors: '[1] the danger of prejudice to the [non-moving party]', [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Perez v. El Tequila, LLC*, 847 F.3d 1247, 1253 (10th Cir. 2017) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).[4] "The most important factor is the third." *Perez*, 847 F.3d at 1253.

---

[4] *See also Pioneer Inv. Serv.*, 507 U.S. at 395 ("taking account of all relevant circumstances surrounding the party's omission" in analyzing excusable neglect for untimely filings under Bankruptcy Rule 9006(b)(1)).

The good cause and excusable neglect standards are "'interrelated,'" although "not identical." *Utah Republican Party*, 678 F. App'x at 700 (quoting *In re Kirkland*, 86 F.3d at 175). This Court has held that "[a]bsent a showing of excusable neglect, a district court does not abuse its discretion by prohibiting a party from filing an untimely document." *Ghamrawi v. Case & Assocs. Props. Inc.*, 116 F. App'x 206, 210 (10th Cir. 2004). The same has been held true for the required showing of good cause. *See Utah Republican Party*, 678 F. App'x at 702 (holding that the movant "failed to show good cause for an extension" under Rule 6(b)(1)(B), and, thus, the circuit court did not need to address the additional argument that movant had "show[n] excusable neglect in filing untimely extension requests").

Here, of course, Plaintiff did not comply with Rule 6(b)(1)(B)'s requirement that he file a motion to permit the filing of his untimely summary judgment response. *Compare* FED. R. CIV. P. 6(b)(1)(A) (authorizing the court to extend the time to file "with or without motion if the court acts, or if a request is made, before the original time or its extension expires") (emphasis added).[5/] Logically, then, the district court could not look to any such motion "to determine the reason" or "understand the basis" for Plaintiff's late filings. (11 Aplt. App. at 2435). Therefore, the district court could only conclude, as it did, that Plaintiff "offer[ed] no reason for his failure to file

---

[5/] *See also Lujan*, 497 U.S. at 896 ("any postdeadline extension must be 'upon motion made'") (quoting former FED. R. CIV. P. 6(b)(2)) (emphasis in *Lujan*).

a complete response brief by the October 22, 2018 deadline, despite the court having granted him two extensions to do so." (11 Aplt. App. at 2436 (emphasis in original)).[6]

Notwithstanding Plaintiffs failure to file the required motion, the district court analyzed Cox's Motion to Strike Plaintiff's untimely summary judgment response under the Rule 6(b)(1)(B) standard, with particular focus on excusable neglect. (11 Aplt. App. at 2434-2438). The district court granted Plaintiff two requests to extend the original deadline, the first by ten days and the second by three days, to October 22, 2018. (Aplee. Supp. App. at 020, 022). At 11:56 p.m. on October 22, Plaintiff moved for a page extension—representing that he had "finished preparing Plaintiff's response"—which the district court granted the following morning. (Aplee. Supp. App. at 024, 027).[7] Plaintiff, however, failed to file his summary judgment response until October 31, and did so without seeking leave. (*See* 7 Aplt. App. 1390). On

---

[6] Regarding Cox's Motion to Strike, two days after the deadline to file his response, Plaintiff filed a motion to extend the expired deadline to December 14. (Aplee. Supp. App. at 029). The district court granted the extension, and reset the date for Cox's reply, but advised and warned both parties that "[n]o further extension shall be granted." (Aplee. Supp. App. at 032. (emphasis added)). Plaintiff ignored this warning and moved for yet another extension. (Aplee. Supp. App. at 034). The district court denied the motion, as forewarned, but Plaintiff filed his unauthorized response, nonetheless. (10 Aplt. App. at 2288-2289, 11 Aplt. App. at 2290-2408). The district court struck the response as untimely the following day. (11 Aplt. App. at 2409).

[7] Plaintiff's motion for leave to exceed the page limitation was also filed out of time. The Local Rules require that such a motion "shall be filed no later than 1 day prior to the date the brief is due." LCvR7.2(c).

November 9, nine days after his late filing, and acting again without leave, Plaintiff filed a purported "Correction/Errata" to allegedly correct "certain typographical omissions and errors" in his response, and—later the same day—filed a "supplement[]" to his response by purportedly "correcting its omission" of six exhibits that were cited by number but not otherwise identified or included with his October 31, 2018, response. However, three of these so-called omitted exhibits were affidavits signed *after* the response was filed. (10 Aplt. App. 2077-2083, 2084-2125).

The district court noted that the two previous extensions were granted based on Plaintiff counsel's representations as to his "voluminous workload." (*See* 11 Aplt. App. at 2436; *see also* Aplee. Supp. App. at 022, 024)). The district court correctly observed, however, that "[t]he usual excuse that the lawyer is too busy . . . can be used, perhaps truthfully, in almost every case.'" (11 Aplt. App. 2436 (internal quotation marks and citations omitted)). This Court has likewise "held that the fact that the movant's counsel is professionally engaged in other matters is not sufficient, as a matter of law, to show excusable neglect" (and "most certainly is not sufficient to show good cause, which requires a greater showing than excusable neglect"). *See Utah Republican Party*, 678 F. App'x at 701 (citing *United States v. Mitchell*, 464 F.3d 1149, 1152 (10th Cir. 2006)). Therefore, the district court found that Plaintiff

31

"offer[ed] nothing to suggest that the circumstances of this case [were] so unique to render his failure to timely respond excusable." (11 Aplt. App. 2436).

Plaintiff mischaracterizes the district court's Order as accusing him of "some long-standing pattern and practice" of disregarding the Federal Rules of Civil Procedure and the Local Civil Rules. (*See* Appellant's Brief, p. 41). The district court, however, stated that Plaintiff had done so in "this matter." (11 Aplt. App. at 2436). As shown above, this observation finds substantial support in Plaintiff's failure to file timely responses to either Cox's Motion for Summary Judgment or its Motion to Strike, as well as in the Magistrate Judge's earlier imposition of sanctions for Plaintiff's failure to serve timely responses to Cox's written discovery requests. (*See* 1 Aplt. App. at 252-282). The district court also noted that, logically, the late filing of his summary judgment response—and still later filings of other related papers—was inconsistent with Plaintiff counsel's representation to the district court in his October 22 page limit motion that he already "**finished preparing** Plaintiff's response." (11 Aplt. App. at 2436. 2437 & n. 7; *see also* Aplee. Supp. App. at 024 (boldface in original)).[8]

---

[8] The district court also found unpersuasive the reasons articulated in Plaintiff's untimely (and, therefore, stricken) response to Cox's Motion to Strike. (*See* 11 Aplt. App. at 2436 n. 6). First, the district court rejected Plaintiff's apparent argument that he did not file his summary judgment response because the Minute Order granting the page limit extension "did not set a date or time certain for filing," noting that a "deadline existed—October 22." *Id*.; *see also Sizemore v. State of New Mexico Dep't of Labor*, 182 F. App'x 848, 851 n.5 (10th Cir. 2006). Second, the district court found

In a related argument, Plaintiff objects to the citation to District Judge Claire Eagan's order in *Nealis v. CoxCom, LLC*, 16-CV-0078-CVE-TLW, 2017 WL 1091786, at *1 n.1 (N.D. Okla. Mar. 22, 2017), in the district court's consideration of the third factor in the Order here. (*See* Appellant's Brief, pp. 43-44; *see also* 11 Aplt. App. at 2436 n.5). Plaintiff mischaracterizes the *Nealis* order as addressing only "formatting errors" (although Judge Eagan did find Plaintiff's counsel had "violate[d] nearly every aspect" of the local rules' page and type limitations" in that case). *See Nealis*, 2017 WL 1091786, *1 n.1. This is a misstatement by Plaintiff's counsel. Judge Eagan found that, contrary to Plaintiff's counsel's representation in that case,

> Plaintiff's second [summary judgment] response brief [was] not a <u>corrected</u> version of her original response; it [was] a completed version of her original response. Plaintiff's first response was filed as a placeholder three minutes before the deadline, and plaintiff's actual response was filed a day late. Plaintiff does not get to circumvent the deadline by filing a draft and then updating her response with a completed version when plaintiff's counsel has gotten around to filing it.

---

that Plaintiff "offer[ed] nothing to explain why [after the district court called him regarding his failure to file a response] he required almost two full business days to finalize and file the briefing and attachments" that he previously represented to the district court were "finished." (*See* 11 Aplt. App. at 2436 n. 6). Third, the district court found that Plaintiff provided no explanation for "why he required until November 9, 2018 to provide the court and opposing counsel with a complete response brief," including the three affidavits dated *after* the late filing of his response on October 31. *Id.*

*Id.* (emphasis in original). Indeed, it is that same kind of conduct by counsel for Plaintiff here that the district court cited to Judge Eagan's *Nealis* order. (*See* 11 Aplt. App. at 2436 n. 5).[9/]

Plaintiff also contends the district court erred in holding that his untimely summary judgment response failed to comply with the procedural requirements of Rule 56(c). (*See* Appellant's Brief, pp. 44-46.). But, the district court did not order Plaintiff's untimely response stricken on those grounds; the observations upon which Plaintiff's argument relies on appeal were made in the district court's separate Order granting summary judgment to Cox. (*See* 11 Aplt. App. at 2492-2493 n.3).

Regarding the fourth factor, whether the movant acted in good faith, the district court found the "circumstances strongly suggest[ed] that **plaintiff's counsel engaged in questionable, if not bad faith conduct**, and delayed filing his response brief in order to obtain additional time to complete the brief and exhibits without leave of this court." (11 Aplt. App. at 2437 (emphasis added)). The district court found especially "problematic" the three affidavits "dated *after* October 31, considering counsel represented to the court on October 22 that Plaintiff's response

---

[9/]Plaintiff's counsel similarly ignored the January 2, 2020, deadline for filing his Appellant's Brief with this Court, and did not act until after the circuit clerk provided him with notice of the non-filing on January 8, 2020. *See also* Case No. 16-5108, Doc. 01019774856 (Appellant's [5 day post deadline] Motion to File Appellant's Opening Brief and Appendix Out of Time); Case No. 16-5021, Doc. 01019631961 (Notice to Appellant of missed deadline to file Appellant's Opening Brief).

was already "finished." (Aplee. Supp. App. at 024). Further, the district court made the additional finding that, even if it were to consider Plaintiff's untimely response to Cox's Motion to Strike, that stricken response still did "not explain or address the late-dated exhibits." (11 Aplt. App. at 2438 n.7). Notably, Plaintiff's appellate brief also fails to address those late-dated exhibits—or even acknowledge the concern expressed by the district court.

As the above discussion demonstrates, the district court's conclusions that the third and fourth excusable neglect factors weighed in Cox's favor are fully supported, and certainly do not constitute an abuse of discretion. The district court found that the first and second factors also weighed in Cox's favor, observing that Plaintiff's delinquencies "resulted in prejudice to the defendant and affected the judicial proceedings, as the court had found it necessary to strike all remaining scheduling order deadlines a month prior to the hearing on dispositive motions." (11 Aplt. App. at 2438). Plaintiff baldly attacks that statement here as insufficient, particularly as to its finding of prejudice. (*See* Appellant's Brief, pp. 48-49).

The excusable neglect determination under Rule 6(b)(1)(B), however, is a balancing test, "taking account of all relevant circumstances surrounding the party's omission." *See Pioneer Inv. Serv.*, 507 U.S. at 395 (analyzing excusable neglect under Bankruptcy Rule 9006(b)(1)). While courts weigh each factor, some factors are considered more "important" than others. By example, "an inadequate

explanation for delay may, <u>by itself</u>, be sufficient to reject a finding of excusable neglect." *See, e.g.*, *Perez*, 847 F.3d at 1253 (emphasis added). Again, the district court's Rule 6(b)(1)(B) consideration of "all relevant circumstances" here, including each of the appropriate factors, did not constitute an abuse of discretion.[10/]

Finally, Plaintiff complains that the district court treated him unfairly overall, or at least less favorably than Cox, for what he contends is similar, if not worse, conduct. (Appellant's Brief, pp. 47-53.) Cox adamantly denies Plaintiff scattershot allegations, many of which were addressed—and rejected—by the district court and the magistrate judge in ruling upon the parties' discovery motions. (1 Aplt. App. at 253-283). Moreover, none of those allegations explain or excuse Plaintiff's failure

---

[10/] In *Lee v. Max Intern., LLC*, 638 F.3d 1318 (10th Cir. 2011), cited by Plaintiff here (*see* Appellant's Brief, p. 52), this Court affirmed the dismissal of a plaintiff's complaint as a discovery sanction under Rule 37(b). *Id.* at 1319, 1324. There, the plaintiff argued that the district court had not considered each of the five factors under the rule previously identified in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). *Lee*, 638 F.3d at 1323. The Court in *Lee*, however, explained that "[t]he *Ehrenhaus* factors are simply a non-exclusive list of sometimes-helpful 'criteria' or guide posts the district court may wish to consider in the exercise of what must always remain a discretionary function," and that this Court would uphold a sanction of dismissal "despite the fact that not all the factors are satisfied in particular case—so long as our independent review of the records confirms that the district court didn't abuse its discretion." *Id.* This Court, in *Lee*, held that "[t]he dispositive question on appeal thus isn't whether the district court's order could or did touch every *Ehrenhaus* base." *Id.* at 1323-24; *see also Lujan*, 497 U.S. at 873 (holding that even if the district court could have "overcome" the plaintiff's failure to move for an extension or show cause to admit the affidavits at issue, "it was not <u>compelled</u>, in exercising its discretion, to do so" under the former Rule 6(b) (emphasis added)).

to file a timely response to the Cox's summary judgment motion. Indeed, the district court granted him two extensions of time to file his response, as well as an untimely motion to exceed the page limitation that effectively extended the deadline by yet another day. Then, without seeking leave, Plaintiff finally filed his untimely response nine day later. And, although Plaintiff represented to the court on October 22 that he already "finished preparing Plaintiff's response," three of the exhibits attached to his purported "omission" from his late response were affidavits signed *after* October 31.

As shown above, Plaintiff failed to make a motion under FED. R. CIV. P. 6(b)(1)(B) to permit the filing of his indisputably untimely summary judgment response, or failed to make the required showings thereunder, and also failed to address those requirements on appeal. The district court did not abuse its discretion by striking Plaintiff' untimely response and later filed papers.

### III.    THE DISTRICT COURT PROPERLY DEEMED ADMITTED ALL FACTS IN COX'S MOTION FOR SUMMARY JUDGMENT AS A SANCTION FOR PLAINTIFF'S FAILURE TO RESPOND TO THE MOTION FOR SUMMARY JUDGMENT.

The district court did not abuse its discretion in deeming all facts in Cox's Motion for Summary Judgment admitted as a sanction for Plaintiff's failure to file a timely summary judgment response. (11 Aplt. App. at 2492 & n.3). In "conclud[ing] that the district court did not abuse its discretion in deeming the facts contained in [the defendant's summary judgment] motion admitted," after the plaintiff in *Davis*

failed to file a timely response, this Court found that the Western District of Oklahoma's local rule 56 "plainly authorized the court to sanction [the plaintiff] in precisely the fashion it did," and, moreover, that "[o]ther courts within this circuit employ similar rules, and we have not questioned their application." *See* 9 F. App'x at 880-81 (citing cases). The Northern District of Oklahoma's local rules provide for the same general relief. *See* LCvR56.1(c) ("All material facts set forth in the statement of the material facts of the movant shall be deemed admitted for the purpose of summary judgment unless specifically controverted by the statement of material facts of the opposing party.").

The district court explained this in its separate Order granting summary judgment to Cox, quoting from the Tenth Circuit's opinion in *Reed v. Nellcor Puritan Bennett*, *supra*:

> a party's failure to file a response to a summary judgment motion is not, by itself a sufficient basis on which to enter judgment against the party. The district court must make the additional determination that judgment for the moving party is "appropriate" under Rule 56.   Summary judgment is appropriate only if the moving party demonstrates that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law.  By failing to file a response within the time specified by the local rule, <u>the nonmoving party waives the right to respond or to controvert the facts asserted in the summary judgment motion</u>.  <u>The court should accept as true all material facts asserted and properly supported in the summary judgment motion</u>.  But only if those facts entitle the moving party to judgment as a matter of law should the court granted summary judgment.

(*See* 11 Aplt. App. at 2492 & n.3. (quoting *Reed*, 312 F.3d at 1195)); *see also Reed*, 312 F.3d at 1196 (same); *Murray*, 312 F.3d at 1200 ("By failing to file a response within the time specified by the local rule, Murray waived the right to file a response and confessed all facts asserted and properly supported in the summary judgment motion.").[11/]

Therefore, by failing to file a response to Cox's summary judgment motion within the time allowed by the local rule—or by the twice-extended due date authorized by the district court—Plaintiff waived his right "to controvert the facts asserted in [Cox's] summary judgment motion," *Reed*, 312 F.3d at 1195, and "confessed all facts asserted and properly supported" therein. *Murray*, 312 F.3d at 1200. Tellingly, Plaintiff's appellate brief does not address *Reed* or *Murray* in any manner, or even acknowledge the district court's proceeding thereunder in this case. Nevertheless, as discussed below, the district court fully complied with this Court's direction in those cases by making specific findings under FED. R. CIV. P. 56(c), that the facts set forth in Cox's summary judgment were properly supported, and by additionally determining that those undisputed material facts entitled Cox to summary judgment, as a matter of law. (11 Aplt. App. at 2492-2500 & n.3).[12/]

---

[11/] *Accord Waller v. Waller*, 656 F. App'x 901, 905-906 (10th Cir. 2016); *Ballard v. Geo Group, Inc.*, 553 F. App'x 79, 802 (10th Cir. 2014); *Wagener-Harding v. Farmland Indus. Inc. Emp. Ret. Plan*, 26 F. App'x 811, 814 (10th Cir. 2001).

[12/] The district court observed that Plaintiff stricken response failed to contest Cox's motion for summary judgment on his state law contract claim. (11 Aplt. App.

**IV. THE DISTRICT COURT CORRECTLY FOUND THE FACTS ASSERTED IN COX'S MOTION FOR SUMMARY JUDGMENT WERE PROPERLY SUPPORTED AND THAT COX WAS ENTITLED TO JUDGMENT AS A MATTER OF LAW ON PLAINTIFF'S DISCRIMINATORY DISCHARGE CLAIMS.**

Plaintiff's appellate brief improperly sets forth numerous factual assertions with citations to his stricken summary judgment response papers. Consistent with *Reed* and *Murray*, however, Plaintiff waived his right to "controvert the facts asserted in [Cox's] summary judgment motion," *Reed*, 312 F.3d at 1195, by failing to file a timely response under the local rules, and thereby "confessed all facts asserted and properly supported in the summary judgment motion." *Murray*, 312 F.3d at 1200. Therefore, this Court should "disregard [Plaintiff's] attempt on appeal to put these facts into dispute" now. *See Ames v. Brown*, 2006 WL 18753374, at *1 n.1 (10th Cir. July 7, 2006). Indeed, the only issue remaining on appeal is whether the undisputed facts set forth in Cox's summary judgment motion "entitle [Cox] to judgment as a matter of law." *Reed*, 312 F.3d at 1195. As the district court correctly held, they do.

---

at 2501 n.8, 2517-2518). Likewise, Plaintiff's stricken response did not address Cox's argument regarding the ADEA and Title VII claims that accrued before May 18, 2013, or his retaliatory discharge claims under those statues. (11 Aplt. App. at 2501-2504 & n.8). The district court correctly found that Plaintiff therefore abandoned those claims, and that Cox was entitled to summary judgment on those claims "on that basis alone had the response not been stricken." (11 Aplt. App. at 2501 n.8 (citing *Hinsdale v. City of Liberal*, 19 F. App'x 749, 769 (10th Cir. 2001))). Plaintiff does not appeal those holdings and has therefore abandoned those claims on appeal. *See Conroy v. Vilsack*, 707 F.3d 1163, 1170 (10th Cir. 2013).

As noted above, Plaintiff contests only his discriminatory discharge claims under the ADEA and Title VII. The ADEA and Title VII have different standards of liability for discrimination claims.[13/] In this circuit, a plaintiff can prove intentional discrimination under either statute by offering direct evidence or circumstantial evidence, including the three-part burden-shifting analysis first set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-804 (1973).[14/] As the district court explained, under *McDonnell Douglas*, a plaintiff must first state a *prima facie* case of discrimination. *Id*. at 802. If a plaintiff does so, the burden of production shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its action. *Id*. at 802-803. If the defendant articulates such a reason, the burden typically shifts back to the plaintiff to show, if possible, that the defendant's stated reason is mere pretext from which discrimination might be inferred. *Id*. at 804.

Summary judgment is appropriate where there are no material facts in dispute as over the pretext of the employer's legitimate, nondiscriminatory reason. *DePaula*

---

[13/] *See Gross v. FBL Fin. Servs.*, 557 U.S. 167, 173 (2009) (holding that "Title VII is materially different [from the ADEA] with respect to the relevant burden of persuasion").

[14/] The district court correctly found that Plaintiff's stricken brief had sought to satisfy only the circumstantial evidence test. (*See* 11 Aplt. App. at 2505 n.13). Plaintiff's reference to direct evidence here is unsupported by the record. "Direct evidence" is evidence that, on its face, demonstrates that the specific employment decision at issue was reached for discriminatory reasons. *Danville v. Reg'l Lab Corp.*, 292 F.3d 1246, 1249 (10th Cir. 2002). Therefore, even if Plaintiff's stricken response had asserted that there was direct evidence of discrimination—which it did not—there is no direct evidence here as a matter of law.

*v. Easter Seals El Mirado*, 859 F.3d 957, 971 (10th Cir. 2017). Because Plaintiff failed to file his summary judgment response by the twice-extended deadline, Plaintiff confessed and otherwise waived his right to controvert all facts asserted and properly supported by Cox's motion. *See Reed*, 312 F.3d at 119; *Murray*, 312 F.3d at 1200. This Court should therefore "disregard [Plaintiff's] attempt on appeal to put these facts into dispute" now. *See Ames*, 2006 WL 18753374, at *1 n.1 (discussing *Reed*).

Furthermore, to the extent Plaintiff seeks to rely upon the Rule 30(b)(6) testimony of Cox's corporate witness, the district court correctly noted that Plaintiff sought to support his factual assertions with what was only a <u>rough draft</u> of the deposition transcript, rather than with the official deposition transcript. (11 Aplt. App. at 2509 n.17; *see also* 9 Aplt. App. at 1786 (noting "*ROUGH DRAFT* NOT OFFICIAL TRANSCRIPT")). Because no genuine dispute exists as to the facts supporting Cox's legitimate, nondiscriminatory reason, this Court should therefore affirm the Order granting summary judgment for Cox on Plaintiff's ADEA and Title VII discriminatory discharge claims. *See Sizemore*, 182 F. App'x at 853; *Ghamrawi*, 116 F. App'x at 207-209.

A. **The District Court Correctly Found the Facts Asserted in Cox's Motion for Summary Judgment Were Properly Supported and that Cox is Entitled to Judgment as a Matter of Law on Plaintiff's ADEA Discriminatory Discharge Claim.**

In its Motion for Summary Judgment, Cox asserted that Plaintiff was not performing "satisfactory work" and was not replaced after his termination, and, thus, Plaintiff could not state a *prima facie* case of discriminatory discharge under the ADEA. (2 Aplt. App. at 0471-0472). The district court, however, found it did not have to "decide the propriety of considering evidence of plaintiff's job performance to establish a prima facie claim in this case because … [Cox] provide[d] undisputed evidence of a 'legitimate, non-discriminatory' reason for terminating plaintiff that plaintiff fails to show is pretextual." (11 Aplt. App. at 2506-2507); *see also DePaula*, 859 F.3d at 973 (holding that problems with the plaintiff's performance was a legitimate, nondiscriminatory reason for his discharge). In particular, the district court made specific findings under Rule 56(c) that Cox satisfied its burden of production under *McDonnell Douglas* by presenting properly-supported "evidence of plaintiff's continued failure to meet his sales quota or to sustain performance improvement" during 2012 and 2013. (11 Aplt. App. at 2507; *see also id*. at 2492-2498).[15/]

---

[15/] Under FED. R. CIV. P. 56(c)(1), the movant may support an assertion either by:

(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations,

Even taking into consideration the contentions in Plaintiff's stricken response, the district court further found that Cox was entitled to summary judgment on Plaintiff's ADEA discriminatory discharge claim. (11 Aplt. App. at 2508-2512). "*First*," the district court found that although Plaintiff contended Cox's decision-makers "misrepresented and/or willfully exaggerated" his low sales numbers, Plaintiff "nevertheless failed to satisfy his quota in eleven of the [last] seventeen months" of his employment. (11 Aplt. App. at 2508 (emphasis in original; internal quotation marks omitted); *see also id.* at 2494-2499). The district court also recognized that, as a matter of law, it was required to "'look at the facts as they appear[ed] to the person making the decision to terminate,'" and that "[e]vidence that the employer was mistaken in its reason for termination is insufficient to create a genuine dispute as to the credibility of defendant's asserted reason." (11 Aplt. App. 2508-2509 (quoting *Simmons v. Sykes Enters., Inc*., 64 F.3d 943, 948 (10th Cir. 2011) (additional citation and quotation marks omitted))).

"*Second*," the district court found unpersuasive Plaintiff's contention that Cox violated its internal written policy by failing to place him on yet another PIP immediately before his termination. The district court noted that Cox's Corrective

---

stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Action Policy "specifically provide[s]" that the "policy may not be followed '[w]hen management is of the opinion that remedial efforts are unlikely to be successful.'" (11 Aplt. App. at 2509 (emphasis in original; citing record evidence)). In addition, the district court found Plaintiff's criticism of Cox's reliance upon his monthly sales quota to be "contrary to the undisputed evidence, including the evidence cited by [him]." *Id*. (citing record evidence). And, the district court found, as a matter of law, that Plaintiff's evidence of prior good performance or evaluations could not establish "'that later unsatisfactory evaluations [were] pretextual.'" *Id*. (quoting *Roberts v. Int'l Bus. Machs. Corp.*, 733 F.3d 1306, 1309 (10th Cir. 2013)).

"*Third*," the district court found that Plaintiff's contentions that he "received less favorable treatment" than younger co-workers were unsubstantiated because those co-workers were not similarly situated. (11 Aplt. App. 2510 (emphasis in original)). Further, one of the youngest, 30-year old Harris, was terminated in May 2012 for failing to make quota. Another, 36-year old Young, was terminated in September 2013 for failing to meet performance. (*Id*. at 2510). And, as the district court correctly found, at least four younger co-workers were not hired until 2012, which entitled them to an initial "ramp period" until they were required to meet the same standard quotas as Plaintiff and 44-year old Scroggins, who met his performance goals and was not terminated. (*Id.* at 2510-2511). The district court also correctly observed that Stauffer, who recommended Plaintiff's discharge, was 51

45

years old, and all four persons who approved the termination were over 40 years old, further belying any charge of age-based pretext. (*Id.* at 2511 (citing cases)).

"*Finally,*" the district court held that Plaintiff's contentions as to certain age-based comments and other alleged anecdotal events in June 2012, or earlier, did not show a causal nexus with his termination in June 2013, and, thus, did not create a genuine issue of material fact. (*Id.* at 2512 (citing *Bolton v. Scrivner, Inc.*, 36 F.3d 939, 944 (10th Cir. 1994))).

The district court therefore applied the correct law to Cox's properly-supported statement of material facts and, as a result, rightly granted summary judgment under Rule 56 to the Cox on Plaintiff's ADEA discriminatory discharge claim. *See Reed*, 312 F.3d at 119; *Murray*, 312 F.3d at 1200. Again, this Court should "disregard [Plaintiff's] attempt on appeal to put these facts into dispute" now. *See Ames*, 2006 WL 18753374, at *1 n.1 (10th Cir. July 7, 2006).

> **B.   The District Court Correctly Found the Facts Asserted in Cox's Motion for Summary Judgment Were Properly Supported and that Cox Was Entitled to Judgment as a Matter of Law on Plaintiff's Title VII Race-Based Discriminatory Discharge Claim.**

In analyzing Plaintiff's Title VII race-based discriminatory discharge claim, the district court again elected to not address Cox's argument that Plaintiff failed to state a *prima facie* case of discriminatory discharge. (*See* 2 Aplt. App. at 0474-0475). But, as with Plaintiff's ADEA claim, the district court held that Cox "satisfied its

burden to produce evidence of a 'legitimate, non-discriminatory reason' for [his] discharge." (*See* 11 Aplt. App. at 2512-13); *see also DePaula*, 859 F.3d at 973 (holding that problems with plaintiff's performance was a legitimate, non-discriminatory reason for his discharge).

The district court made the additional finding (albeit one that was not required given Plaintiff's untimely response) that even taking into consideration the contentions in his stricken response, Cox was entitled to summary judgment on Plaintiff's racially-discriminatory discharge claim. (11 Aplt. App. at 2513-2514). Referring, at least in part, to its analysis of Plaintiff's age claim, the district court found that Plaintiff's stricken response failed to demonstrate a genuine issue of material fact as to whether Cox acted contrary to its written policy, or to establish pretext based on "differential treatment." With regard to the latter, the district court noted that Plaintiff's alleged comparators "did not have similar work histories to plaintiff and were not subject to the same sales quota attainment requirement as plaintiff throughout 2012." (*Id*. at 2513).

The district court likewise found that Plaintiff's contentions of alleged comments by Stauffer, in February, April, and June 2012, were more than a year before Plaintiff's 2013 discharge. Plaintiff, thus, "fail[ed] to show a sufficient causal connection between the comments and the adverse employment action." *Id*. Therefore, even if Plaintiff's untimely response had not been stricken, the district

47

court found that summary judgment on his race-based discharge claim was proper under Rule 56. *Id*.

### V. THE DISTRICT COURT CORRECTLY OVERRULED PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S OCTOBER 3, 2018, ORDER DENYING PLAINTIFF'S MOTION TO COMPEL FURTHER TESTIMONY UNDER FED. R. CIV. P. 30(b)(6).

Plaintiff appeals the district court's Order of April 26, 2019, denying Plaintiff's Objection to a Magistrate Judge's Order of October 3, 2018, which denied Plaintiff's post-discovery Motion to Compel further testimony under FED. R. CIV. P. 30(b)(6). (Appellant's Brief, p. 66; 11 Aplt. App. 2413-2428.) As noted above, in his motion, Plaintiff made six objections related to the witness's testimony, nine objections related to subject matters, and other assorted objections to documents and outlines. (11 Aplt. App. 2413-2428). In his appeal, however, Plaintiff offers this Court nothing to understand why or how Plaintiff thinks the district court abused its discretion in rejecting the arguments in his denied objection.

Indeed, Plaintiff's sole support for his appellate argument on this issue is the following:

> *See* **arguments and authorities in 0347-0440 and 1342-1354, which Palzer incorporates by reference.**

*Id*. (Emphasis added). Plaintiff's internal record citations in this incorporation by reference are to his district court brief and Cox's response.

The Tenth Circuit Rules state that "[i]ncorporating by reference portions of lower court or agency briefs or pleadings is disapproved and does not satisfy the requirements of Federal Rules of Appellate Procedure 28(a) and (b)." 10th Cir. R 28.3(B). *See also Wilson v. Reid*, 781 F. App'x 789, 792-93 (10th Cir. 2019) (holding that appellant's arguments that "relied solely on his incorporation of a motion that he filed in the district court" was "waived for inadequate briefing"). This rule exists for a reason. "Simply incorporating a district court brief does not explain why an appellant thinks the district court erred in rejecting the arguments set out in that brief." *Capital Development Affiliates, LLC v. Thigpen*, 744 F. App'x 594, 596 (10th Cir. 2018). This is especially so where, as here, the standard of review is an abuse of discretion. *See Regan-Touhy v. Walgreen Co.*, 526 F.3d 631 (10th Cir. 2008) ("We review a district court's discovery rulings, including the denial of a motion to compel, for abuse of discretion.").

Accordingly, the Court should decline to consider the arguments Plaintiff attempts to incorporate by reference from his district court brief. *Wilson*, 781 F. App'x at 792-93.

## CONCLUSION

The district court did not abuse its discretion by striking Plaintiff's untimely response and related papers to Cox's Motion for Summary Judgment. Plaintiff did not file a motion to extend the final court-authorized deadline for filing his response

to Cox's motion, a deadline the district court previously extended twice at Plaintiff's request. And, by failing to seek a post-deadline extension of the passed deadline, Plaintiff failed to make any showing of either good cause or excusable neglect for his failure to file timely.

The district court also acted within its discretion by deeming all facts in Cox's summary judgment motion admitted as a sanction for Plaintiff's failure to file a timely summary judgment response. The Northern District of Oklahoma local rules authorize the district court to sanction Plaintiff in precisely that fashion. This Court has observed other districts in this circuit with substantially similar rules, and has not questioned their application by the district courts.

The district court made the additional determination that Cox was entitled to judgment as a matter of law on Plaintiff's discriminatory discharge claims under the ADEA and Title VII because, *inter alia*, Cox "provide[d] undisputed evidence of a 'legitimate, non-discriminatory' reason for terminating plaintiff that plaintiff fail[ed] to show [was] pretextual." And, the district court also held that even taking into consideration Plaintiff's stricken response, he did not respond to Cox's motion on Plaintiff's ADEA and Title VII claims that accrued before May 18, 2013; his retaliatory discharge claims under those statues; or his state law contact claim. As such, the court properly concluded that Plaintiff abandoned those claims, and—with

respect to those claims—that Cox would have been entitled to summary judgment "on that basis alone had the response not been stricken."

Finally, although Plaintiff appeals the district court's Order of April 26, 2019, denying Plaintiff's Objection to a Magistrate Judge's Order of October 3, 2018, he wholly fails on appeal to explain how or why the district court abused its discretion. Instead, Plaintiff offers a throw away one sentence incorporation by reference to his district court briefing, in violation of 10th Cir. R. 28.3(B). Accordingly, the Court should not consider Plaintiff's appeal of this Order.

Respectfully submitted,

**HALL, ESTILL, HARDWICK, GABLE,
  GOLDEN & NELSON, P.C.**

*s/Keith A. Wilkes*
William W. O'Connor, OBA No. 13200
Keith A. Wilkes, OBA No. 16750
320 South Boston Avenue, Suite 200
Tulsa, Oklahoma  74103-3708
T: (918) 594-0400
F: (910) 594-0505
boconnor@hallestill.com
kwilkes@hallestill.com

-and-

**ELARBEE, THOMPSON, SAPP & WARD, LLP**

William D. Deveney, GA No. 219744
800 International Tower
229 Peachtree Street, N.E.
Atlanta, Georgia  30303
T: (404) 659-6700
F: (404) 222-2718
deveney@elarbeethompson.com

**ATTORNEYS FOR APPELLEE**

## CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

1.    This brief complies with the type-volume limitation of FED. R. APP. P. 32(a)(7)(B) because it contains 12,141 words, excluding the parts of the brief exempted by FED. R. APP. P. 32(f).  I have relied upon my word processor, Microsoft Word 2013, to obtain the count.

2.    This brief complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type style requirements of FED. R. APP. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2013 in 14-point type and Times New Roman font.

I certify that the information on this form is true and correct to the best of my knowledge and belief formed after a reasonable inquiry.

Date:  March 11, 2020

*s/Keith A. Wilkes*
Keith A. Wilkes, OBA No. 16750
HALL, ESTILL, HARDWICK, GABLE,
  GOLDEN & NELSON, P.C.
320 South Boston Avenue, Suite 200
Tulsa, Oklahoma  74103-3708
T: (918) 594-0400
F: (910) 594-0505
kwilkes@hallestill.com

**Attorney for Appellee**

**CERTIFICATE OF DIGITAL SUBMISSION & PRIVACY REDACTIONS**

I hereby certify that the foregoing Appellee's Opening Brief, as submitted in digital form via the circuit court's ECF system, is an exact copy of the written document submitted to the Circuit Clerk.  I further certify that the foregoing Appellee's Opening Brief has been scanned for viruses with the most recent version of a commercial virus scanning software (McAfee Agent Version 5.6.3.157/McAfee Endpoint Security 10.6) which was updated on March 11, 2020 at approximately 3:45 p.m., and according to the program is free of viruses.  In addition, I certify all required privacy redactions have been made.

<div style="margin-left:40%;">

*s/Keith A. Wilkes*

Keith A. Wilkes, OBA No. 16750
HALL, ESTILL, HARDWICK, GABLE,
 GOLDEN & NELSON, P.C.
320 South Boston Avenue, Suite 200
Tulsa, Oklahoma  74103-3708
T: (918) 594-0400
F: (910) 594-0505
kwilkes@hallestill.com

**Attorney for Appellee**

</div>

54

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of March, 2020, I electronically filed the foregoing Appellee's Opening Brief with the Clerk of Court using the CM/ECF system, which sent notification of such filing to the following recipients:

Christopher L. Camp
ATTORNEY FOR APPELLANT

*s/Keith A. Wilkes*
Keith A. Wilkes, OBA No. 16750
HALL, ESTILL, HARDWICK, GABLE,
 GOLDEN & NELSON, P.C.
320 South Boston Avenue, Suite 200
Tulsa, Oklahoma  74103-3708
T: (918) 594-0400
F: (910) 594-0505
kwilkes@hallestill.com

**Attorney for Appellee**