# CASE NO. 19-5094
## UNITED STATES COURT OF APPEALS
## THE TENTH CIRCUIT

---

**MARK ANTHONY PALZER,**

Plaintiff/Appellant,

v.

**COXCOM, LLC,**

Defendant/Appellee.

---

On Appeal from the United States District Court
for the Northern District of Oklahoma
Honorable Gregory K. Frizzell, District Judge
District Court Case No. 15-CV-564-GKF-JFJ

---

### APPELLANT'S REPLY BRIEF

---

Christopher Lincoln Camp, OBA #18541
CAMP LAW FIRM
7122 South Sheridan Road, Suite #2-382
Tulsa, Oklahoma  74133
Telephone: (918) 200-4871
E-mail: camplawfirm@gmail.com

---

### STATEMENT AS TO ORAL ARGUMENTS
Oral arguments are not requested.

# TABLE OF CONTENTS

Table of Contents ................................................................................. i

Table of Authorities ............................................................................ ii

Arguments and Authority .................................................................... 1

Table "A" ............................................................................................. 8

Certificate of Compliance with Type-Volume Limit ........................ 11

Certificate of Digital Submission ...................................................... 12

Certificate of Service ......................................................................... 13

# TABLE OF AUTHORITIES

## CASES

*Adickes v. S.H. Kress & Co.*
398 U.S. 144 (1970) ............................................................................................ 3

*Broadcast Music, Inc. v. TLM Investments, P.L.C.*
2010 WL 2891524 (D.Ariz.) ................................................................................ 6

*Celotex Corp. v. Catrett*
477 U.S. 317 (1986) ............................................................................................ 2

*Collins v. Graham Co.*
134 F.3d 376, 1998 WL 22128 (9th Cir.) ............................................................ 3

*Henry v. Gill Industries, Inc.*
983 F.2d 943 (9th Cir. 1993) ........................................................................ 4 & 5

*Marshall v. Gates*
44 F.3d 722 (9th Cir. 1995) ................................................................................. 3

*Reed v. Bennett*
312 F.3d 1190 (10th Cir. 2002) ..................................................................... 1 & 2

*Westbrook v. GES Exposition Svc., Inc.*
2007 WL 1288812 (D.Nev.) ................................................................................ 6

## STATUTES & COURT RULES

FED.R.APP.P. 28 .................................................................................................. 1

FED.R.CIV.P. 56 ............................................................................................. 2 - 5

FED.R.CIV.P. 83 .................................................................................................. 2

## APPELLANT'S REPLY BRIEF

Plaintiff/Appellant Mark Palzer ("Palzer" or "Appellant"), pursuant to Fed. R. App. P. 28(c), hereby submits the following reply to *Opening Brief* filed by Defendant/Appellee CoxCom, LLC ("Cox" or "Appellee"), and would show the Court as follows:

## ARGUMENTS AND AUTHORITY

In its *Opening Brief*, Cox argues that "the district court properly deemed admitted all facts in Cox's *Motion for Summary Judgment* as a **sanction** for Plaintiff's failure to respond to the *Motion for Summary Judgment*," and that it properly "determin[ed] that those undisputed material facts entitled Cox to summary judgment as a matter of law." **[*Response*, pp. 37-39]**  In support of its position, Cox quotes part of this Court's decision in *Reed v. Bennett*, 312 F.3d 1190 (10th Cir. 2002):

> [A] party's failure to file a response to a summary judgment motion is not, by itself, a sufficient basis on which to enter judgment against the party.  The district court must make the additional determination that judgment for the moving party is "appropriate" under Rule 56.  Summary judgment is appropriate only if the moving party demonstrates that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law.  By failing to file a response within the time specified by the local rule, the nonmoving party waives the right to respond or to controvert the facts asserted in the summary judgment motion.  The court should accept as true all material facts asserted and properly supported in the summary

judgment motion.  **But only if those facts entitle the moving party to judgment as a matter of law should the court grant summary judgment.**

*Id.* at 1195.  The *Reed* decision also contains language (which Cox's response does not address) explaining the proper application of the above-quoted standard:

> [While] the court was free to consider and decide the summary judgment motion as an uncontested motion pursuant to its local rule[, it was still obligated to] construe and apply the local rules in a manner consistent with FED.R.CIV.P. 56.  *See* FED.R.CIV.P. 83.  Under Rule 56(c), the moving party:
>
>> **always** bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.
>
> *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *quoting* FED.R.CIV.P. 56(c).  Summary judgment is not proper merely because [the non-movant] failed to file a response.  Before the burden shifts to the non-moving party to demonstrate a genuine issue, the moving party must meet its "initial responsibility" of demonstrating that **no genuine issue of material fact exists and that it is entitled to summary judgment as a matter of law**. *Id.*
>
> FED.R.CIV.P. 56(e) specifically contemplates the consequences of failing to oppose a summary judgment motion:
>
>> When a motion for summary judgment is made **and supported** as provided in this rule … [and] the [non-movant] does not so respond, summary judgment, **if appropriate**, shall be entered against the adverse party.

> As explained by the Supreme Court in *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160–61, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970), the burden on the nonmovant to respond arises only if the summary judgment motion is properly "supported" as required by Rule 56(c). Accordingly, summary judgment is "appropriate" under Rule 56(e) only when the moving party has met its initial burden of production under Rule 56(c). If the evidence produced in support of the summary judgment motion does not meet this burden, "summary judgment must be denied **even if no opposing evidentiary matter is presented**." *Id.* at 160, 90 S.Ct. 1598; *quoting* FED.R.CIV.P. 56, Advisory Committee Notes (1963 Amendments). If the nonmoving party fails to respond, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its **initial burden of demonstrating that no material issues of fact remain for trial** and [that] the moving party is entitled to judgment as a matter of law. **If it has not, <u>summary judgment is not appropriate</u>, for "[n]o defense to an insufficient showing is required."** *Id.* at 161, 90 S.Ct. 1598.

*Id.* at 1194-95.

"If the movant's papers do not address the allegations that give rise to the complaint, the movant has failed to satisfy its burden" under Rule 56(c). *Collins v. Graham Co.*, 134 F.3d 376, 1998 WL 22128 (9th Cir.) (holding that district court -- which had previously struck the plaintiff's untimely opposition to summary judgment under a local rule -- abused its discretion in granting summary judgment because the **defendant, by not addressing all of the facts material to plaintiff's cause of action, failed to establish an absence of triable issues**"); *citing Marshall v. Gates,* 44 F.3d 722, 725 (9th Cir. 1995). Explaining further, the *Marshall* court held:

3

> [A] motion for summary judgment cannot be granted simply because the opposing party violated a local rule. … [T]he party opposing the motion is under no obligation to offer affidavits or any other materials in support of its opposition. Summary judgment may be resisted and must be denied on no other grounds than that the movant has failed to meet its burden of demonstrating the absence of triable issues.
>
> \*   \*   \*
>
> Here the district court's refusal to consider [the non-movant's] papers led it to conclude that the case "contains no factual evidence other than those facts presented by defendants." This conclusion resulted in summary judgment for [the defendant]. The practical effect, therefore, was to grant summary judgment as a sanction for the late filing, a result inconsistent with [legal precedent construing a movant's burden under Rule 56(c)]. [The defendant's] papers did not even address the allegations of racism and retaliation that gave rise to [the plaintiff's] complaint. He did not, therefore, meet his burden of demonstrating an absence of genuine issues for trial.

*Id.*; citing *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 950 (9th Cir. 1993).

Applying this principle was the court in *Martinez v. Stanford*, 323 F.3d 1178 (9th Cir. 2003), which found that in moving for summary judgment, the defendants failed to meet their burden under Rule 56(c) "because **their motion papers <u>specifically referenced materials in the record</u> … which showed that … material facts remained in dispute**." Recognizing that "the grant of summary judgment cannot stand on this ground, because it would improperly serve as a sanction for non-compliance with the local rule," the Ninth Circuit reversed the trial court, holding:

> The district court erred in granting summary judgment in favor of the officers because the moving papers were insufficient to support it. … The district court … instead resolved all material disputes in favor of the [defendants], based on their declarations alone. The [defendants] contend that the district court correctly considered their declarations to be uncontradicted in light of [the plaintiff's] failure to submit evidence in opposition. We have held, however, that **Rule 56 requires a district court to consider the motion papers <u>as well as such other papers in the record to which they refer.</u>** Here, much of the evidence supporting [the plaintiff's] version of the facts, which directly contradicted the [defendants] on the critical [claim] elements, was contained in his deposition, originally attached to his opposition to the [defendants'] earlier summary judgment motion. In their renewed motion, the [defendants'] moving papers specifically referred to this deposition numerous times. Thus, the very evidence that the [defendants' cited in their moving papers demonstrates that there were genuine issues of material fact. If the district court had resolved the material factual disputes in favor of [the plaintiff], as it should have, it would have been required to deny summary judgment -- even absent any opposition.
>
> \*   \*   \*
>
> Granting the motion without determining whether the defendants' moving papers, **including "the papers and pleadings on file herein,"** showed that no genuine issues of material fact exist was error[.]

*Id.* at 1184-85; *citing Henry v. Gill Indus., Inc.*, 983 F.2d 943 (9th Cir. 1993) (holding that a district court's discretion "is necessarily abused when exercised to grant a motion for summary judgment **where the movant's papers** are insufficient to support that motion <u>**or on their face reveal a genuine issue of material fact**</u>"). Moreover, in ruling on a motion for summary judgment, a court cannot limit its review to only those materials

submitted with the movant's motion.  Rather, in order to satisfy itself that the moving party is entitled to judgment as a matter of law, "the court [i]s required to consider the merits of the case **by considering <u>all evidence available to it</u>**, including [a] plaintiff's verified complaint" and anything else in the record determinative of whether a genuine issue of material fact exists that would preclude summary judgment. *Westbrook v. GES Exposition Svc., Inc.*, 2007 WL 1288812 (D.Nev.).

In summation, "[w]hen a district court grants summary judgment [solely] due to the opposing party not filing a timely response, the district court is, in effect, imposing a sanction for the opposing party's" late or nonexistent filing.  This type of sanction is improper because the moving party must meet its burden of demonstrating an absence of issues for trial rather than relying on the opposing party not filing a response." *Broadcast Music, Inc. v. TLM Investments, P.L.C.*, 2010 WL 2891524 (D.Ariz.).

In the instant matter, irrespective of whether this Court affirms the district court's order striking Plaintiff's summary judgment response, summary judgment was nevertheless inappropriate because the very exhibits submitted by **<u>Cox</u>** in support of its *Motion* -- including, without limitation, Palzer's EEOC Intake Questionnaire **[Appx., 926-92, 1020-31,**

**1034-45 & 1061-69]**, which was sworn, based on Palzer's personal knowledge, and set forth specific facts admissible in evidence -- revealed the existence of genuine issues of material fact. By and large, the *Affidavit of Mark Palzer* **[Appx., 2087-99]** (which, in turn, provides evidentiary support for Plaintiff's Additional Fact Nos. 26, 32, 34 - 40, 42, 54, 59, 64, 66, 67 & 87) simply repeats these facts.

Likewise, as part of its response to Palzer's *Motion to Compel Compliance with Fed.R.Civ.P. 30(b)(6)*, Cox itself filed, in its entirety, the deposition transcript of its 30(b)(6) designee **[*see* Appx. 1261-1321 & 1786 - 2024]** (which, in turn, was the primary evidentiary basis for the majority of Palzer's "Additional Material and Disputed Facts," including Fact Nos. 8, 9, 12 - 28, 36, 44, 46, 48, 51, 58, 59, 64 – 74, 77, 78, 80, 81, 84, 87 & 88). These materials should be considered upon *de novo* review. *Westbrook*, 2007 WL 1288812.

Finally, as reflected on Table "A", below, many of the exhibits that Palzer submitted for the purpose of showing that triable issues exist were themselves submitted by Cox in support of its *Motion for Summary Judgment:*

7

# TABLE "A"

| Tab | Dist. Ct. Dkt. # | | Title / Description | Page | Corresponding Document Submitted by Cox |
|---|---|---|---|---|---|
| **135** | 135 | | *Plaintiff Mark Palzer's Response to Defendant CoxCom, LLC's Motion for Summary Judgment* | 1390 | 2142-2184 (Dkt. #141-1) |
| | 135-1 | Ex. 1 | 30(b)(6) Deposition Notice & Designee's Notes Summarizing Documents Produced | 1435 | 1242-1259 (Dkt. #119-5) |
| | 135-2 | Ex. 2 | Cox Code of Excellence | 1462 | -- |
| | 135-3 | Ex. 3 | Cox "Open Door" Reporting Policy | 1468 | -- |
| | 135-4 | Ex. 4 | Cox Corrective Action Policy | 1470 | **1129-1133** *See also* 1306-1307 (179:17 – 182:3) |
| | 135-5 | Ex. 6 | Cox Equal Employment Opportunity Policy | 1481 | -- |
| | 135-6 | Ex. 12 | Outline – 2/29/2012 Meeting – Transition to Modules | 1483 | **1074-1075** *See also* 1266 (19:1 – 21:6) |
| **140** | 140-1 | Ex. 14 | Map – Zip Code Module Assignments | 2086 | ***See* 788** |
| **135** | 135-7 | Ex. 15 | 12/20/2012 Letter from Jeff Nix to Heather Romeike | 1485 | **1001** |
| | 135-8 | Ex. 18 | Palzer Deposition Exhibit 13 | 1494 | **1008-1094** |
| | 135-9 | Ex. 19 | 7/09/2014 Letter from Melissa Cruts to EEOC | 1560 | *See* 1305-1306 (175:13 – 178:5) |
| | 135-10 | Ex. 20 | Cox Business – Stauffer Sales Team Demographics | 1562 | ***See* 712-18** |
| | 135-11 | Ex. 26 | Cox 2011 Salesperson of the Month Plaque | 1563 | *See* 1279 (71:18 – 72:19) & 1281 (78:6-13) *See also* **1106-1107** |
| | 135-12 | Ex. 27 | "Sold Results for April 2012" | 1564 | *See* 1291-1292 (121:10 – 124:1) *See also* **1106-1107** |
| | 135-13 | Ex. 28 | Stauffer E-mails | 1566 | **1056-1058** |
| | 135-14 | Ex. 31 | Stauffer E-mails | 1568 | **1001** |
| | 135-15 | Ex. 38 | 03/09/2012 Memorandum to Mark Palzer from Shelley Stauffer | 1571 | **1070-1071, 1090-1092 & 1147-1148** |
| | 135-16 | Ex. 43 | Palzer Deposition Exhibit 21 | 1574 | -- |
| | 135-17 | Ex. 45 | 01/08/2013 Memorandum to Mark Palzer from Shelley Stauffer | 1578 | **1095-1096** |

| Tab | Dist. Ct. Dkt. # | | Title / Description | Page | Corresponding Document Submitted by Cox |
|---|---|---|---|---|---|
| | 135-18 | Ex. 46 | Palzer Notes | 1580 | **See 950-951, 1018-1019 & 1025-1027** *See also* 1299-1300 (152:15 – 154:10) |
| | 135-19 | Ex. 47 | Customer Account Summaries | 1581 | -- |
| | 135-20 | Ex. 48 | Notes Regarding Meetings with Nealis, Stauffer, and Palzer | 1608 | **1111-1114** |
| | 135-21 | Ex. 49 | 6/08/2014 Letter from Melissa Cruts to EEOC | 1611 | -- |
| | 135-22 | Ex. 50 | Performance Appraisals (Palzer) | 1612 | -- |
| | 135-23 | Ex. 55 | Cox Human Resources Policies and Code of Excellence (Excerpts) | 1639 | -- |
| | 135-24 | Ex. 56 | Cox Code of Excellence | 1642 | -- |
| | 135-25 | Ex. 58 | Stauffer Module Assignments | 1649 | **1156-1161** |
| | 135-26 | Ex. 62 | E-mail to Stauffer Re: Zip Code Request | 1656 | **1174** |
| | 135-27 | Ex. 63 | E-mail to Stauffer Re: Zip Code Request | 1657 | **1176-1179** |
| | 135-27 | Ex. 64 | Stauffer Module Assignments | 1661 | **1164** |
| | 135-29 | Ex. 65 | Stauffer Module Assignments | 1663 | **1181-1182 & 1184** |
| | 135-30 | Ex. 68 | Performance Appraisals | 1666 | *See* 1311 (198:14 – 201:11) |
| | 135-31 | Ex. 69 | Performance Appraisals (Palzer) | 1705 | ***See* 1028-30** |
| | 135-32 | Ex. 72 | 01/08/2013 Memorandum to Mark Palzer from Shelley Stauffer | 1736 | **1049-1050 & 1202-1203** |
| | 135-33 | Ex. 73 | 06/10/2013 Memorandum – Termination of Palzer's Employment | 1738 | **1122;** *see also* **1119-1120** |
| 140 | 140-2 | Ex. 75 | Affidavit of Mark Palzer | 2087 | ***See* 926-992, 1020-1031, 1034-1045 & 1061-1069** |
| | 140-3 | Ex. 79 | Affidavit of Carissa (Nealis) Paquette | 2106 | -- |
| | 140-4 | Ex. 80 | Affidavit of Matt Hughes | 2110 | -- |
| 135 | 135-34 | Ex. 81 | Deposition of Melissa Cruts - 2/14/2017 (taken in *Nealis v. CoxCom, LLC*) | 1747 | -- |
| | 135-35 | Ex. 82 | Deposition of Melissa Cruts - 8/23/2017) | 1786 | 1261-1321 (Dkt. #119-6) |
| 140 | 140-5 | Ex. 83 | Affidavit of Melissa Cruts | 2112 | **712-718** |
| | 140-6 | Ex. 85 | Affidavit of Steve Fulps | 2123 | -- |
| 135 | 135-36 | Ex. 86 | Affidavit of Shelley Stauffer | 2025 | **1135-1145** |
| | 135-37 | Ex. 93 | Sales Associate Customer List | 2036 | -- |

| Tab | Dist. Ct. Dkt. # | | Title / Description | Page | Corresponding Document Submitted by Cox |
|---|---|---|---|---|---|
| | *135-38* | Ex. 94 | Palzer Notes Re: Sales and Business Development | 2058 | -- |
| | *135-39* | Ex. 95 | 03/22/2012 E-mail from Mark Palzer to Tim Jenney | 2069 | **754-755** |

As these materials in the record demonstrate, Cox was not entitled to judgment as a matter of law under Rule 56(c).

Accordingly, the district court erred in granting summary judgment and should be reversed.

                                        **Respectfully submitted,**

                                        /s/ Christopher L. Camp
                                        **Christopher Lincoln Camp, OBA #18541**
                                        CAMP LAW FIRM
                                        **7122 South Sheridan Road, Suite #2-382**
                                        **Tulsa, Oklahoma  74133**
                                        **Telephone: (918) 200-4871**
                                        **E-mail: camplawfirm@gmail.com**

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT

**Certificate of Compliance with Type-Volume Limit,
Typeface Requirements, and Type Style Requirements**

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

   ■ this document contains <u>2,770</u> words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), or

   ☐ this brief uses a monospaced typeface and contains _____ lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

   ■ this document has been prepared in a proportionally spaced typeface using <u>Microsoft Word (Version 16.15)</u> in <u>14-point</u> font size of the <u>Book Antiqua</u> type style, or

   ☐ this document has been prepared in a monospaced typeface using _____ with _____ characters per inch in the _____ type style.

**Date:** <u>April 6, 2020</u>     /s/ Christopher L. Camp
                                **Christopher L. Camp, OBA #18541**
                                **CAMP LAW FIRM**
                                **7122 South Sheridan Road, Suite #2-382**
                                **Tulsa, Oklahoma  74133**
                                **Telephone: (918) 200-4871**
                                **E-mail: camplawfirm@gmail.com**

                                **Attorney for Appellant Mark Palzer**

## CERTIFICATE OF DIGITAL SUBMISSION

I hereby certify that with respect to the foregoing:

(1) all required privacy redactions have been made per 10th Cir. R. 25.5;

(2) if required to file additional hard copies, that the ECF submission is an exact copy of those documents;

(3) the digital submissions have been scanned for viruses with the most recent version of a commercial virus scanning program, <u>Sophos Anti-Virus for Mac OS X (Version 9.9.6 – Updated November 2019)</u>, and according to the program are free of viruses.

                                          /s/ Christopher L. Camp  
                                          **Christopher L. Camp, OBA #18541**

## **CERTIFICATE OF SERVICE**

I, Christopher L. Camp, hereby certify that on April 6, 2020, I electronically transmitted the foregoing *Appellant's Reply Brief* to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

William W. O'Connor, Esq.
Keith Wilkes, Esq.
Margo Shipley, Esq.
William Deveney, Esq.

/s/ Christopher L. Camp
**Christopher L. Camp**